THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*
vs.

CIVIL ACTION
C.A. NO. 1:24-CV-06290

**PLAINTIFF'S RESPONSE
TO ORDER TO SHOW CAUSE**

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,

    *Defendant's.*
_____/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

**INTRODUCTION**

Plaintiff by and through undersigned counsel, respond to the Court's September 11, 2024 Order, which orders the Plaintiff "must properly refile its original and amended complaints no later than September 13, 2024," and "that plaintiff show cause, in writing, no later than September 13, 2024, why the case should not be dismissed for lack of subject-

**THE ORDER TO SHOW CAUSE HAS BEEN ADDRESSED**

To address the first Order, Plaintiff has properly refiled its original and amended complaint today September 13, 2024.

Addressing the second Order, Plaintiff requests the case should not be dismissed

because based on the amended complaint, the subject matter jurisdiction is no longer lacking. The reason subject matter jurisdiction is no longer lacking in the amended complaint is because now there are Federal questions of law cited in the introduction section to the complaint which explain the impact of the two statutory Federal causes of action which feature in the amended complaint. (see below and paragraph 3 on page 1 of amended complaint).

> "3. Federal questions include whether the Plaintiff and its CEO were victims of harassment and discrimination after the defendants decided to retaliate for protected actions under §78u–6(h)(1). In addition, the Plaintiff was the victim of several types of tortious interference instigated by the defendants to harm its relations with Paramount including the unauthorized accessing of Paramount's computer system which violated 8 U.S.C. § 1030 – The Computer Fraud and Abuse Act. "

Further the "Nature Of The Claims" section on page 2 now features the Federal statutory causes of action appropriately which supports the fact subject matter jurisdiction exists.[1] Finally, the "Jurisdiction and Venue" section (page 2 at 5) has been revised and corrected to state the fact that the Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C 1331 (Federal Question).[2]

**CONCLUSION**

---

[1] 4. This action seeks relief under §78u–6(h)(1), declaratory and monetary damages for U.S.C. §1030 violations, while also redressing tortious interference and unfair competition torts.

[2] 5. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question). 28 U.S.C. § 1367 provides supplemental jurisdiction over the state law tort claims that arose from the same common nuclei of facts. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful practices and actions alleged herein, occurred in or around the City of Manhattan, New York. Upon information and belief, Defendants respectively have ongoing and systematic contacts with this District, maintain offices in, reside in, and/or have committed wrongful acts which occurred within this District, and which impacted this District.

Petitioner requests this honorable Court accept the Plaintiff's response after reviewing the manner of how the issues raised have been addressed and confirms subject-matter jurisdiction is no longer lacking.

Dated: September 13, 2024

Respectfully submitted

By /s/ Alfred C. Constants III

Alfred C. Constants III, Esq.

Constants Law Offices, LLC.