USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP.,

        Plaintiff,

-against-

SHARI REDSTONE, et al.,

        Defendants.

24-CV-6290 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On September 17, 2024, plaintiff Livevideo.AI Corp. (LiveVideo) filed its First Amended Complaint (FAC) (Dkt. 35), thereby exercising its option to "amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a). Now before the Court is plaintiff's letter dated September 24, 2024 (Dkt. 45), seeking "permission to file" the document at Dkt. 44, which the Court construes as its proposed second amended complaint (SAC).

In the proposed SAC, as in the FAC, plaintiff attempts to assert four claims under New York law (for unfair competition, tortious interference with business relations, aiding and abetting breach of fiduciary duty, and unjust enrichment), see Prop. SAC ¶¶ 60-109, and two claims under federal law, pleaded under the "whistleblower" provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6(h)(1)(B)(i), see SAC ¶¶ 110-24,[1] and the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030. See Prop. SAC ¶¶ 125-38.[2] Plaintiff

---

[1] The whistleblower provisions of the Dodd-Frank Act permit a claim by an "individual" whose "employer" retaliated against him or her "providing information to the [Securities and Exchange] Commission" or making protected disclosures. 15 U.S.C. § 78u-6(h)(1). Plaintiff LiveVideo is neither an individual nor an employee of any of the named defendants.

[2] To state a private civil claim under CFAA a plaintiff must plead that the defendant "(1) accessed a protected computer; (2) without any authorization or exceeding its authorized access and (3) caused loss in excess of $5,000." *Collins v. MCA Receivables, LLC*, 2024 WL 246111, at *8 (S.D.N.Y. Jan. 23, 2024) (quoting *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 511 (S.D.N.Y. 2015)). The only losses compensable under CAFA are those related to "the victim's computer system." *Id.* (quoting *LivePerson*, 83 F. Supp. 3d at 514). Thus, for example, the cost of repairing a computer or "restoring the data, program, system, or information to its condition prior

invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, premised on its two purported federal claims, *see* FAC ¶ 3; Prop. SAC ¶ 7, and asserts that the Court may exercise supplemental jurisdiction over its state law claims pursuant to 28 U.S.C. § 1367(a). Prop. SAC ¶ 7.

Because plaintiff has not obtained "the opposing party's written consent or the Court's leave" to file its proposed SAC, *see* Fed. R. Civ. P. 15(a)(2), it must either (i) withdraw the proposed SAC, without prejudice to a later motion for leave to amend, or (ii) file a properly-supported motion for leave to amend pursuant to Rule 15(a) no later than **October 3, 2024**. Any such motion will be subject to the "good cause" standard set forth in Fed. R. Civ. P. 16(b)(4), and must affirmatively demonstrate that the amendment would not be "futile." *See Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted) (an amendment is futile if it "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)"). The Court reminds plaintiff and its counsel that significant sanctions may be imposed if, *inter alia*, the "claims . . . and other legal contentions" made in a pleading are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Plaintiff 's counsel must discuss this Order with his client, and must serve this Order on any defendant previously served with summons and complaint.

Dated: New York, New York  
       September 26, 2024

**SO ORDERED.**

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

to the offense" is recoverable, but "costs associated with lost competitive advantages, profits or revenue are not compensable under the CFAA." *Redcell Corp. v. A.J. Trucco, Inc.*, 2022 WL 683007, at *6 (S.D.N.Y. Mar. 8, 2022). Plaintiff LiveVideo does not allege any compensable damages to its computer system.