

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

December 18, 2024

Peter L. Welsh
T +1 617 951 7865
peter.welsh@ropesgray.com

**BY ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Livevideo.AI Corp. v. Redstone, et al.*, C.A. No. 1:24-cv-06290-DEH-BCM (S.D.N.Y.)

Dear Judge Moses:

Pursuant to Section 2(e) of Your Honor's Individual Practices, we submit this reply in further support of defendant National Amusements, Inc.'s ("NAI") December 11 request to set aside the default entered at the request of plaintiff Livevideo.AI Corp. ("Livevideo"). *See* Dkt. Nos. 63, 65.

As we stated in our December 11 submission, Livevideo attempted to serve NAI with a Second Amended Complaint ("SAC"). That SAC was filed with the Court as Docket No. 32, despite Livevideo having never received leave to file it. *See* Dkt. No. 47. NAI therefore had no obligation to respond to that complaint. Indeed, on October 11, Your Honor ordered that the First Amended Complaint (Dkt. No. 35) ("FAC") "remains the operative complaint" in this action. Dkt. No. 47. Livevideo has never served that complaint on NAI.

On December 11, Your Honor ordered Livevideo to "submit admissible evidence . . . identifying exactly what was served on NAI and in what manner." Dkt. No. 66. Livevideo's responsive submission concedes that NAI was served with "Document 32." Dkt. No. 67 at 2, 4. That is the "Second Amended Complaint and Jury Demand" (Dkt. No. 32 at 1), which has never been the operative complaint in this action. Livevideo has thereby admitted that it attempted to serve NAI with a complaint that it did not have leave to file.

This was not an inadvertent error. More than a month before Livevideo attempted to serve NAI, Your Honor issued an order requiring Livevideo to withdraw another SAC or file a Rule 15(a) motion seeking leave to file that further amended complaint. *See* Dkt. No. 46 at 2. That order specifically noted that any such motion for leave would be "subject to the 'good cause' standard set forth in Fed. R. Civ. P. 16(b)(4), and must affirmatively demonstrate that the amendment would not be 'futile.'" *Id.* (citation omitted). Livevideo ignored that order. It did not withdraw its SAC or file a Rule 15(a) motion. Your Honor denied leave to amend and expressly identified the FAC as the

ROPES & GRAY LLP

The Honorable Barbara Moses - 2 - December 18, 2024

operative version of the complaint. Dkt. No. 47. Nonetheless, Livevideo attempted to serve NAI with Docket No. 32—a complaint that it knew had been filed improperly—and then used that defective "service" to support a knowingly false motion seeking a default.[1]

Even now, Livevideo refuses to admit that it served the incorrect document. It first attempted to hide the ball by repeatedly referring to service of "***an*** amended complaint" in its filings in support of a default. *See, e.g.*, Dkt. No. 58 ¶ 4; Dkt. No 60 at 2 (emphasis added). Now, it claims that the SAC was somehow the "appropriate document in this matter" because Livevideo quoted from it in its response to an earlier show cause order. Dkt. No. 67 at 2 ("National was served with the exact amended complaint (Dkt. No. 32) cited in the PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (Dkt. No. 33) docketed on September 13, 2024. In the Response on page 2 (Ex. 2) (Dkt. 33), revised Sections 4 and 5 of the amended complaint (Dkt. 32, page 2) appear."). This all shows that Livevideo is deliberately flouting this Court's orders.

Given Livevideo's admission that it did not serve the operative complaint, the default should be set aside under Federal Rule of Civil Procedure 55(c). If there are any further filings that the Court requires, NAI will make those filings promptly[2] and its counsel is happy to appear for a conference to discuss any issues the Court would find helpful. Additionally, NAI respectfully requests that the Court exercise its authority under Federal Rule of Civil Procedure 4(m) to dismiss this action, as Livevideo has not served a properly filed complaint within 90 days of commencing this action. *See* Fed. R. Civ. P. 4(m). If the Court dismisses this action, we respectfully request that the Court retain jurisdiction over this action, as NAI intends to seek sanctions against and other appropriate relief from Livevideo and its counsel for intentionally and frivolously burdening NAI and this Court with meritless pleadings and vexatious conduct.

---

[1] Livevideo then sought to leverage that manufactured "default" to support its objection to the pending merger between Paramount Global and Skydance Media. Yesterday, Livevideo's CEO filed a petition and declaration with the Federal Communications Commission that attached the SAC and claimed that NAI's supposed default in responding to the SAC somehow supports Livevideo's objection to that transaction. *See* Livevideo.AI Corp. Petition to Deny Transfer of FCC Licenses, *In the Matter of Skydance Media and Paramount Global*, MB Docket No. 24-275 (Dec. 17, 2024), *available at* https://www.fcc.gov/ecfs/search/search-filings/results?q=(proceedings.name:(%2224-275%22)).

[2] Given the guidance offered by Section 1(d) of Your Honor's Individual Practices, and given Livevideo's own admission that it served the SAC, NAI has not submitted copies of the documents served on CT Corp. or an affidavit in support of the same. For the avoidance of doubt, NAI represents that those documents confirm Livevideo's concession that it attempted to serve the SAC filed as Docket No. 32, captioned "Second Amended Complaint and Jury Demand." NAI is prepared to file a supporting affidavit attaching those documents, if helpful to the Court.

ROPES & GRAY LLP

The Honorable Barbara Moses — - 3 - — December 18, 2024

Respectfully submitted,

s\ *Peter L. Welsh*

Peter L. Welsh

cc:     Counsel of record