UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/2024

LIVEVIDEO.AI CORP,

            Plaintiff,

  -against-

SHARI REDSTONE, et al.,

            Defendants.

24-CV-6290 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated December 11, 2024, defendant National Amusements, Inc. (NAI) asked the Court to set aside the Certificate of Default entered against it on December 9, 2024 (Dkt. 63), pursuant to Fed. R. Civ. P. 55(c), because it "has never been properly served in this action." NAI Ltr. (Dkt. 65) at 2. In response, plaintiff submitted a declaration from its process server, Bob Roberts, attesting that on November 6, 2024, he hand-delivered "the summons and amended complaint" to a receptionist at The Corporation Trust Incorporated (NAI's agent for service of process), thereby effecting service of process on NAI. *See* Roberts Decl. (Dkt. 67 at ECF pp. 3-6) ¶¶ 4-6. He goes on to state, however, that the "amended complaint" he delivered that day was the 51-page pleading that appears on this Court's electronic docket at Dkt. 32. *Id.* ¶¶ 9-10.

The document that Roberts served on NAI is titled "*Second* Amended Complaint and Jury Demand." (Emphasis added.) Although it was uploaded to the Court's electronic docket on September 13, 2024, it was never accepted for filing. A quick check through PACER reveals the following notice at Dkt. 32:

**FILING ERROR - DEFICIENT DOCKET ENTRY - FILED AGAINST PARTY ERROR -** AMENDED COMPLAINT amending 31 Amended Complaint, against National Amusements Inc with JURY DEMAND. Document filed by Livevideo.AI Corp. Related document: 31 Amended Complaint (Attachments: # 1 Exhibit support the complaint, # 2 Exhibit support the complaint). (Constants, Alfred) Modified on 9/16/2024 (pc). (Entered: 09/13/2024)

Plaintiff appeared to understand, at the time, that Dkt. 32 was deficient, as it made additional filing attempts over the next few days. On September 17, 2024, plaintiff successfully filed a pleading entitled "*First* Amended Complaint and Jury Demand" (emphasis added), which appears on the Court's electronic docket at Dkt. 35. Only thereafter were amended summonses issued. (Dkts. 40-44.) Thus, plaintiff's operative complaint is (and was, on November 6, 2024) the First Amended Complaint and Jury Demand at Dkt. 35. The Court has explained this to plaintiff. *See* 9/26/24 Order (Dkt. 46) at 1 (noting that plaintiff exercised its "option to 'amend its pleading once as a matter of course,'" pursuant to Fed. R. Civ. P. 15(a), by filing Dkt. 35).

In its reply letter-brief, dated December 18, 2024, NAI argues that "Livevideo's admission that it did not serve the operative complaint" supports its motion to set aside the default pursuant to Rule 55(c). NAI Reply (Dkt. 68) at 2. Additionally, NAI requests that the Court "exercise its authority under Federal Rule of Civil Procedure 4(m) to dismiss this action," but that it "retain jurisdiction over this action, as NAI intends to seek sanctions[.]" *Id.*

Pursuant to Rule 55(c), the Court "may set aside an entry of default for good cause." As noted in *Wilson v. WalMart Store, Inc.*, 2016 WL 11481723, at *4 (E.D.N.Y. Aug. 22, 2016), *adopted*, 2016 WL 5338543 (E.D.N.Y. Sept. 23, 2016), "ineffective service of process, standing alone, satisfies the 'good cause' requirement of Rule 55(c), warranting vacatur of an entry of default." Here, plaintiff has conceded that the pleading it served upon NAI was never its operative complaint. The entry of default against NAI was therefore improper and should be set aside.

I reach the same result after considering the three traditional "good cause" factors under Rule 55(c): "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Kenyatta v. Combs*, 2024 WL 4859028, at *1 (S.D.N.Y. Nov. 21, 2024) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). First, there is no evidence that NAI's default was willful. Second, there

is no showing that any prejudice has resulted from "the brief period of delay in the case." *Id.* Plaintiff obtained the Certificate of Default as to NAI only a few days after NAI's response to the First Amended Complaint would have been due (had plaintiff properly served it), and NAI moved to vacate just two days later. Third, NAI clearly has meritorious defenses. As this Court noted in September, plaintiff has not pleaded any cognizable federal claim. *See* 9/26/24 Order at 1 nn.1-2. Moreover, the parties to this action are not diverse, as plaintiff, defendant NAI, and at least one of the individual defendants are citizens of New York. *See* First Am. Compl. ¶¶ 4, 6, 8.

For these reasons, NAI's letter- motion is GRANTED and the Clerk's Certificate of Default as to NAI (Dkt. 63) is VACATED.[1]

However, the Court declines NAI's request, made only in its reply letter, to dismiss this action on the present record pursuant to Rule 4(m). Although the 90-day period within which plaintiff was required to effect service of process expired on December 16, 2024, *see* Fed. R. Civ. P. 4(m), the Court must, on a showing of "good cause for the failure," extend the time for service "for a reasonable period." *Id.* Any motion to extend the time for service must be filed no later than **January 3, 2025**, and must demonstrate good cause for plaintiff's failure to effect service of process within the time allotted by Rule 4(m).

Dated: New York, New York
      December 18, 2024                    **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] "A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." *Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018) (quoting *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 335 n.1 (S.D.N.Y. 2013)), *aff'd*, 800 F. App'x 18 (2d Cir. 2020); *accord Li v. Fleet New York Metro. Reg'l Center LLC*, 2022 WL 1666963, at *2 n.2 (E.D.N.Y. May 25, 2022) (collecting cases).