USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/28/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP,

    Plaintiff,

-against-

SHARI REDSTONE, et al.,

    Defendants.

24-CV-6290 (DEH) (BCM)

**ORDER DENYING RECONSIDERATION AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated December 18, 2024 (12/18/24 Order) (Dkt. 69), I set aside the Certificate of Default entered nine days earlier against defendant National Amusements, Inc. (NAI), pursuant to Fed. R. Civ. P. 55(c), in part because it was clear from plaintiff's own filings that it never served NAI with the operative complaint in this action. *See* 12/18/24 Order at 1-2 (noting that plaintiff's process server delivered a copy of the "*Second* Amended Complaint and Jury Demand" uploaded via ECF on September 13, 2024, at Dkt. 32, rather than the "*First* Amended Complaint and Jury Demand" uploaded via ECF on September 17, 2024, at Dkt. 35, which is plaintiff's operative pleading). I also found vacatur of the default appropriate after considering the three traditional "good cause" factors used under Rule 55(c). *Id*. at 2-3 (finding "no evidence that NAI's default was willful," noting that plaintiff made no showing of any prejudice, and observing that "NAI clearly has meritorious defenses"). Although the 90-day period within which plaintiff was required to effect service of process expired on December 16, 2024, I concluded that it would be premature to dismiss the action under Fed. R. Civ. P. 4(m), as NAI requested, and instead directed plaintiff to file any motion to extend its time for service by January 3, 2025. *Id*. at 3.

Plaintiff did not object to the 12/18/24 Order within the 14-day period prescribed by Fed. R. Civ. P. 72(a). It did not seek reconsideration within the 14-day period prescribed by Local Civ. R. 6.3. Nor did it move for an extension of its time to effect service on NAI by January 3, 2025,

as directed (or at all). Instead, on January 13, 2025, plaintiff filed a "Notice of Motion to Modify or Alter the December 18, 2024 Order Under FRCP Rule 59e" (Dkt. 70), accompanied by a declaration in which its attorney, Alfred C. Constants III, attests on "personal knowledge" that "the complaint was properly served on National Amusements Inc. on the date of November 6, 2024." Constants Decl. (Dkt. 70-1) ¶¶ 1, 3.[1] Plaintiff also submitted a 24-page memorandum of law, asking this Court to "alter or amend" its "judgment," pursuant to Fed. R. Civ. P. 59(e), based on "New Evidence Revealing Manifest Injustice Errors," Pl. Mem. (Dkt. 70-2) at 7-8, and an 86-page Request for Judicial Notice (Dkt. 70-3), asking this Court to take judicial notice of a November 15, 2024 press release issued by the Attorney General of New York, regarding a settlement with NAI in a data breach case, and an assortment of other documents related to that case. Plaintiff does not explain the relevance of any of this "new evidence" to the vacatur of the NAI default.

On January 17, 2025, NAI filed a letter (NAI Ltr.) (Dkt. 71), which the Court (and plaintiff) took to be its opposition to plaintiff's motion. In the letter, NAI argues that plaintiff's motion is untimely and "facially improper," and renews its request that this action be dismissed pursuant to Rule 4(m). NAI Ltr. at 1-2. On January 24, 2025, plaintiff filed an "Unopposed Reply" (Pl. Reply) (Dkt. 72), in which it argues that its "Motion 59e" should be granted because NAI's opposition letter "did not deny" various points that it made in its moving papers, Pl. Reply at ECF pp. 1-2, and because NAI's opposition letter "is void since according to the defendant it is not a party to the current matter." *Id*. at ECF p. 2.

---

[1] Attorney Constants was not the process server and discloses no other basis for his claim to have "personal knowledge" of what was served on NAI, or when. Bob Roberts, the professional process server engaged by plaintiff for this task, attested on December 13, 2024, that he personally "served legal process of the amended complaint" by delivering an amended complaint to NAI's agent for service of process, in Maryland, on November 6, 2024. Roberts Decl. (Dkt. 67) ¶¶ 4-7. Roberts further attested that the "amended complaint" he delivered that day bore this Court's "docketing imprint showing '1:24-cv-06290-DEH-BCM Document 32 Filed 09/13/24'." *Id*. ¶ 10.

For the reasons that follow, plaintiff's motion will be denied.[2]

First, no judgment has been entered in this action. The 12/18/24 Order, issued pursuant to Rule 55(c), merely set aside the default previously entered against NAI by the Clerk pursuant to Rule 55(a). Consequently, notwithstanding the labels on plaintiff's papers, the motion now before me cannot be a motion to alter or amend a judgment pursuant to Rule 59(e). *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 396-97 (S.D.N.Y. 2018) ("Rule 59(e) does not apply because the December 12 Order . . . is neither a judgment nor an order from which an appeal lies."). In substance, plaintiff seeks reconsideration of the 12/18/24 Order. Its motion is therefore governed by Local Civ. R. 6.3. *Id.* at 397; *see also*, *e.g.*, *Hong v. Mommy's Jamaican Mkt. Corp.*, 2024 WL 2214309, at *1 (S.D.N.Y. May 16, 2024) (construing motion seeking modification of a fee award as a motion for reconsideration, rather than a motion to "alter judgment" under Rule 59(e), "because final judgment has not yet been entered in this case"); *In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *3 (S.D.N.Y. May 28, 2015) (construing motion to "vacate" a prior non-final order as a motion for reconsideration).

Second, the motion is untimely, as it was not filed within the 14 days specified in Rule 6.3. "As numerous cases from this Circuit have held, the untimeliness of [such] a motion . . . is reason enough to deny the motion." *Hong*, 2024 WL 2214309, at *1 (quoting *McGraw-Hill Glob. Educ. Holdings*, 293 F. Supp. 3d at 397); *see also In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *4 (motion to "vacate" prior order, construed as a motion for reconsideration, was untimely); *Luv n' Care, Ltd. v. Regent Baby Prods. Corp.*, 986 F. Supp. 2d 400, 411 (S.D.N.Y.

---

[2] At 11:06 p.m. on January 27, 2025, NEI filed a 21-page Memorandum of Law in Support of its Opposition to Plaintiff Livevideo.AI's Motion to Alter Judgment (Dkt. 73), which this Court has disregarded as an unauthorized sur-reply. *See Paravas v. Cerf*, 2022 WL 203168 (S.D.N.Y. 2022) ("Litigation, including motion practice, is an ordered process. Local Civil Rule 6.1 provides for opening papers, opposition papers, and reply papers, in that order.").

2013) (motion challenging district court's prior order granting partial summary judgment, properly construed as a reconsideration motion, was untimely under Rule 6.3 "because plaintiffs filed the motion for reconsideration fifteen days after my initial order and did not seek an extension of the deadline from the Court").[3]

Third, the motion fails on the merits. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d. 613, 614 (S.D.N.Y. 2000)). The rule expressly requires the moving party to identify, in its papers, "the matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3. "This standard is strictly enforced, meaning that 'reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *BDG Gotham Residential, LLC v. W. Waterproofing Co., Inc.*, 2024 WL 5201596, at *1 (S.D.N.Y. Dec. 23, 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The moving party "cannot assert new arguments or claims which were not before the court on the original motion," *Koehler v. Bank of Bermuda, Ltd.,* 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005), because Rule 6.3 "is intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision then plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners, L.P.,* 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). The decision to grant or deny a motion for reconsideration "rests within the

---

[3] Rule 6.3, as in effect on and after January 2, 2025, limits briefs in support of or in opposition to reconsideration motions to 3,500 words (approximately 12 pages) and prohibits supporting affidavits "unless directed by the court." Local Civ. R. 6.3. Plaintiff has violated both of these provisions. NAI's January 27, 2025 opposition brief was also over-length.

sound discretion of the district court." *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Williams v. Rosenblatt Sec. Inc.*, 2016 WL 590232, at *4 (S.D.N.Y. Feb. 11, 2016)).

Plaintiff has failed to meet the standard of Rule 6.3. Insofar as the Court can parse its disorganized, fragmented, and frequently incomprehensible brief, plaintiff argues that NAI's "12(b)(4) motion" should not have been granted because NAI did not support its motion papers with affidavits of its own, and therefore did not "rebut" the Roberts Declaration. Pl. Mem. at 5; *see also* Pl. Reply at ECF p. 2 (NAI "did not deny [that] it failed to provide an affidavit" or that "its decision to file a 12(b)(5) motion followed by a 12(b)(4) motion was unlawful and prejudicial to the Plaintiff"). Not only are these "new arguments," which "were not before the court on the original motion," *Koehler*, 2005 WL 1119371, at *1; they are meritless. NAI did not make any motion pursuant to Rule 12(b)(4) (to dismiss for "insufficient process") or Rule 12(b)(5) (to dismiss for "insufficient service of process"), and was not required to do so before moving under Rule 55(c) to set aside the default entered by the Clerk. A default may be set aside even where service was properly made, if the "good cause" standard set forth in Rule 55(c) is met, as it clearly was here. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (instructing district courts to construe the "good cause" standard "generously," "because defaults are generally disfavored and are reserved for rare occasions," such that "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party"). Nor was NAI required to support its motion with affidavits as to non-service where, as here, plaintiff itself supplied admissible evidence, in the form of the Roberts Declaration, that it served the wrong pleading on NAI. *See* Roberts Decl. ¶ 10 (identifying the "amended complaint" that he delivered to NAI's agent for service of process as "Document 32 Filed 09/13/24").

5

Plaintiff further argues that I improperly issued "dispositive rulings," both prior to December 18, 2024, and in the 12/18/24 Order, *see* Pl. Mem. at 10, in excess of my authority under 28 U.S.C. § 636 and Rule 72(a). However, as I previously explained, "A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." 12/18/24 Order at 3 n.1 (quoting *Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), and citing additional cases). Moreover, plaintiff failed to object to any of my pretrial orders on this ground (or on any other ground) pursuant to Rule 72(a) *or* Rule 72(b)(2) (governing objections to magistrate judge recommendations on dispositive motions) and cannot now resuscitate its right to do so through an untimely reconsideration motion.

Additionally, plaintiff complains that NAI's letter-motion to vacate the default did not comply with the Individual Practices of the Hon. Dale E. Ho, United States District Judge, and that "no explicit notice or disclosure was provided to the Plaintiff that the procedural rules applicable to the case under Judge Ho had transferred to those of the Magistrate Judge." Pl. Mem. at 13-14; *see also* Pl. Reply at ECF p. 2 (NAI "did not dispute" that it violated "the standing orders of Judge Ho"). Plaintiff apparently missed the Court's August 26, 2024 Order (8/26/24 Order) (Dkt. 15), which stated, in the first paragraph on the first page:

> The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

8/26/24 Order at 1; *see also id*. at 2-3, ¶¶ 2, 4, 5 (reminding the parties to comply with "Judge Moses's Individual Practices"). Even if NAI's Rule 55(a) letter-motion failed to comply with this Court's Local Civil Rules or the assigned judge's individual practices, that would not furnish

6

grounds for reconsideration, especially where, as here, plaintiff had a full and fair opportunity to respond to the motion (*see* Dkts. 66, 67), and did not raise any procedural objections at that time. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").

I have carefully reviewed the remaining arguments raised by plaintiff – insofar as they are comprehensible – find that they do not warrant reconsideration of the 12/18/24 Order. For these reasons, it is hereby ORDERED that plaintiff's reconsideration motion (Dkt. 70) is DENIED.

It is further ORDERED that, having failed to effect service of process upon any of the named defendants within the 90-day period set forth in Rule 4(m), and having failed, despite prompting from this Court, to request an extension of its service deadline, plaintiff must SHOW CAUSE on **February 6, 2025 at 11:00 a.m.**, in Courtroom 20A of the United States Courthouse at 500 Pearl Street, New York, NY 10007, why this action should not be dismissed without prejudice pursuant to Rule 4(m). This in an in-person proceeding. Plaintiff's counsel of record must appear.

The Clerk of Court is respectfully directed to close the motion at Dkt. 70.

Dated: New York, New York
January 28, 2025                             SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**