# THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP

    *Plaintiff,*

vs.

SHARI REDSTONE,

NATIONAL AMUSEMENTS,
INC., CHRISTINE VARNEY,

MONICA SELIGMAN,

Defendant's.

_____/

CIVIL ACTION

C.A. NO. 1:24-CV-06290

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF L.R.
MOTION 6.3

# TABLE OF CONTENTS

INTRODUCTION ........................................................................ 3

STANDARD OF REVIEW ...................................................... 3

ARGUMENT. ......................................................................... 3

CONCLUSION.................................................................... 10

## INTRODUCTION

The following clear errors resulting from the magistrate overlooking controlling law and factual matters put before it are worthy of relief available under L.R. 6.3 to reconsider the January 28, 2025 Order (Dkt 74 Ex. 1)

## STANDARD OF REVIEW

An SDNY L.R. 6.3 request for reconsideration must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

## ARGUMENT

### A. New Evidence Delaware State Judge Provides Requires Reconsideration

Reconsideration is necessary in light of new evidence emerging on January 29, 2025. A Delaware State Judge's ruling has shed light on the character, intent, and motivations of Shari Redstone and National Amusements, Inc., the key defendants in this case. This court must now take the Judge's findings into account, particularly as they cast a negative inference on the claims and statements made by the defendants and their attorneys. Given that Ropes Law was involved in the transactions and actions both before and during the disputed events, they could share liability as a co-tortfeasor if the defendants are found guilty of wrongdoing. (Refer to Motion For Leave to Supplement and the full Judgment included as Ex. #1 for further details.)

### B. Non-ECF Rule 13.1 Compliant Letters Not Supported By Controlling Law

Pointing to her own authority[1] to usurp the presiding Judge's standing orders, the magistrate has missed controlling "Committee 2024" rule stating:

> "The subsection on letter-motions, subsection (d), was revised to specify the types of motions that may be brought by letter-motion and *to make explicit that other motions may not be brought by letter-motion unless authorized by the presiding judge's individual practices* or by an order in a particular case. *Counsel should consult the presiding judge's individual practices, a*vailable on the court web sites, to confirm whether any specific type of motion".....*such as a 55a, 55c, 4(m) or vacate default* "may be brought via letter-motion."

Defendant use of an informational ecf letter a compliant magistrate waivers into a legitimate letter-motion is the very act the Federal SDNY L.R., ECF, and presiding Judge Ho created rules specifically designed to neutralize.

i. The Dec 11 ecf letter is not a legal motion as it fails to qualify as a letter-motion under the magistrates' own individual rule 1(b) requiring a valid letter-motion be "filed using the "letter-motion" option, listed under "motion". The magistrate's attempt to transform what is clearly an informational ecf letter into a letter-motion violates due process, is unconscionable, and does not comport with any concept of fair play because none of these types of letter-motion is available under SDNY local rules, Judge Ho individual practice, and ECF Rule 13.1

ii. The Dec 11 letter cannot possibly be a 55,55c,or 55a letter-motion because it is not a "type" that "appears" in the ECF "list" and the magistrate's permissive 1(b) suggestion "requets for other types of non-dispositive relief listed in ecf 13.1 may also be made by letter-motion" fails because 55, 55c, or 55a relief is not on the list, nor "authorized by the presiding judge's individual practices."

iii. ECF Rule 13.1 outlaws motion 55, 55c, 55a, because none appear in ECF

[1] "Plaintiff apparently missed the Court's August 26, 2024 Order" (Dkt. 15)

4

allowable list and "If the Filing User is making a type of motion that does not appear in this list, the motion may not be made by letter." Under ECF Rule 13.1 which according to magistrate's rules in effect as of December 11 or 18, 2024, the list of ECF letter motions did not include a Motion for relief under FRCP 55.

iv. The magistrate lacks authority to recognize novel letter-motion ecf types.

vi. Both Defendant's ecf letters failed to use ECF filing event MOTION.

vii. Any letter-motion "requesting relief" requires a two step ecf type selection process, and the defendant's motion was created in just a single step.

viii. The Dec 11 ecf letter contravened L.R. 7.1(a)(1) for lack of a notice of motion, contravened L.R. 7.1(a)(2) for a lack of memorandum of law, contravened L.R. 7.1(a)(3) lacking supporting affidavit.

ix. The Dec 11 ecf letter also contravened L.R. 7.1(a)(4) because the defendant filed a reply that failed to comply with (a)(2), (3), and (1).

## C. The Dec. 11 Letter Is Underpinned By Multiple False Claims

(1) Letter Falsely Alleges Plaintiff Acted In Contempt of The Court

Defendant's key trick in misleading the magistrate into the improper OSC is falsely stating that the Plaintiff served Dkt 44 on the Defendant, which is the only denied amended complaint in this case. This false accusation is the crux of the matter at hand. If Plaintiff had indeed served Dkt 44 to the Defendant, then clearly Plaintiff would have been acting in direct contempt of the Court's order and the act would have undoubtedly prejudiced the Defendant's case.

This false proposition by the defendant is contained in the following statement and should also be the limit of what the magistrate confirms was

5

true or not, as it is the key point of contention.

1. Docket No. 47, the magistrate denial order defendant referenced, states:
   "By order dated September 26, 2024 (Dkt. 46), the Court ordered plaintiff to either (i) withdraw its proposed SAC (Dkt. 44) or..."
   "Consequently, leave to file the proposed second amended complaint is hereby DENIED"

2. Docket No. 44 is the DENIED "FRCP RULE 15 NON-COMPLIANCE SECOND AMENDED COMPLAINT", a 30 page complaint submitted Sep 19 (Dkt 44); (Dkt 45). This is the critical document in question.

3. Docket No. 56 consists of Plaintiff's legal process server's "AFFIDAVIT OF SERVICE. Service was accepted by The Corporation Trust Inc.. Document filed by Livevideo.AI Corp." This affidavit attests to proper service.

4. Docket No. 62 is Plaintiff's Dec 9 Declaration Supporting Default stating:
   "4. An Amended Complaint was properly served on November 6, 2024 under FRCP Rule 4 prior to the service of the original complaint."

Thus, the critical issue for the magistrate to determine, based on the order and the defendant's claim in the December 11, 2024 ecf letter, is simply this:

Did the Plaintiff effectively commit contempt of court by serving the Defendant with Docket No. 44 or 45, the 30 page amended complaint that was denied in the court's order? No other amended complaints were attempted after the Sep 18, 2024 summons were issued, making this the singular key question to resolve the defendant's misleading accusation and improper OSC.

(2) The magistrate overlooked key factual matter Dkt 70-2 identifies and the implication for Defendant's relief sought via the Dec. 11 letter: *CT Corp Is Not Corporate Trust Incorporated (Dkt 70-2 at 5,16,20)*

Counsel for the defendant would have the court believe that no proper

service occurred because CT Corporation System—an unrelated entity—claims to have no record of it. This is a merciless misrepresentation. The magistrate's oversight comes into light when we see that the defendant's Dec 11, 2024 letter not only lacked valid evidence permissible by controlling law but also relied heavily on a conclusory statement taken from a foreign-owned company, CT Corp. Not to be confused with Corporation Trust Incorporated, the correctly identified registered agent involved in this case, CT Corp holds no authority or relevance.

It needs to be emphasized that the Dec 11 Order to Show Cause (OSC) was based on a false premise. This reliance on an incorrect source, CT Corp claiming there was no proper service of complaint on the defendant, is not only erroneous but disablingly so. It undermines every subsequent motion filed by the defendant based on this flawed notion. This might well be construed as either fraudulent inducement or gross negligence akin to the type of wrongdoing that the Delaware State Judge found probable in his Jan 29, 2025 ruling concerning the defendants' actions.

The Plaintiff's process server properly served Corporation Trust Incorporation, as corroborated by Plaintiff's affidavit filed in support of entry default granted. The defendants sans Affidavit assertion based on information from CT Corp introduces a disabling defect or plain error in their motions and paints a clear picture of the flawed argument. This isn't just an oversight; it is a deliberate distortion.

The court cannot overlook such an obvious defect in reasoning. The magistrate's OSC should never have been granted on such weak grounds

and the plaintiff should not be improperly coerced to submit entirely new evidence apart from his initially provided affidavit which sufficiently supported his case. The magistrate ought to have made her decision based on this originally submitted evidence for the granted default alone. Controlling law places clear responsibility on the defendant to produce substantial evidence to vacate the default.

The OSC was inequitable because it wrongly shifted the evidentiary burden for a motion 55 to vacate default, an outcome that is now seen as the result of the court being misled by the defendant. To recap: The magistrate overlooked key facts in granting the OSC order:

1. The defendant's Dec 11 letter lacked evidence admissible under controlling law.  2. The conclusory statement credited by the magistrate was sourced from a foreign-owned company. 3. The Dec 11 Magistrate Order was based on a false statement. 4. The OSC was fraudulently induced or the result of gross negligence.

Overlooked key matters regarding service of process: 1. CT Corp is not Corporation Trust Incorporated - the correct registered agent. 2. Process server successfully served Corporation Trust Incorporation. 3. Defendant's argument was flawed: a. No affidavit provided  b. Based on information from CT Corp, an unrelated company 4. CT Corp is the wrong registered agent for this case. 5. Corporation Trust Incorporated is the correct registered agent, as proven by plaintiff's affidavit. 6. Court failed to recognize a disabling defect or plain error in National's motions. 7. Defendant's evidence relies on conclusory statements from incorrect

registered agent.  In addition, the magistrate overlooked controlling law.[2];[3]

(3)  Defendant January 27, 2025 false claim after the fact:  *"CT Corporation" is the well-known tradename of "The Corporation Trust Incorporated." See CT Corporation, https://www.wolterskluwer.com/en/solutions/ct-corporation. " (Dkt 73 at  17)* must be factored in as negative inference because it is clearly a bad faith last ditch effort to again mislead the court.

## D.  Magistrate Failure To Consider Footnote #35* Is Clear Error

Defendant failed to oppose the Footnote #35 matters, and the magistrate's. overlooking of this failure to oppose is a manifest injustice and clearly erroneous. The magistrate must accept the unopposed matter and as a result, reverse its previous order regarding the Dodd Frank cause of action.

This in turn rightfully results in the defendant's failure to cite and provide a sufficient full defense for the Dodd Frank cause of action, eliminating the 55c good faith finding which was always an over-extension by the magistrate who should not

---

[2] "Rather, "[t]he denial must be supported by 'corroborative evidence by independent, disinterested witnesses.'" Id. (quoting Wilson, 92 A.3d at 587). Corroborative evidence is required "because the agirmative testimony of the ogicial process server acting in the regular routine of duty without a motive to misrepresent must be preferred to the negative evidence of one claiming not to have been served, either for reasons of public policy or as a matter of probability." Id. (quoting Ashe v. Spears, 284 A.2d 207, 210 (Md. 1971)). Thus, by ogering only his own agidavit, Mr. Johnson has failed to rebut the presumption of validity of service of process on him. States, No. GJH-16-3482, 2017 WL 3141914, at *2 n.5 (D. Md. July 24, 2017))."

[3] 6. Magistrate erroneously ignored Enron, MD and NY C.P. 308-312 Legal precedent
"Defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." Enron Oil Corp, 10 F.3d at 98; Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317, 320-21 (2d Cir. 1986) (holding that district court did not abuse its discretion when it denied motion to vacate default because the "moving party on a motion to reopen a default must support its general denials with some underlying facts" and affidavits filed by movant were "no more than sworn conclusory denials [which] were properly held to be insufficient."); Wilcox v. Parkland Dev. Corp., 157 A.D.2d 998, 999 (N.Y. App.Div. 1990) ("To be successful on its motion, defendant is required to establish a meritorious defense."). Further, the test for a meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp, 10 F.3d at 98; New York v. Green, 2004 U.S. Dist. LEXIS 11624 (W.D.N.Y. 2004). (page 11 motion 59e)

be creating the defenses and working for the benefit of the defendants like an extra legal aide.

## CONCLUSION

The court should grant the Plaintiff's request relief under this Motion L.R. 6.3 and reverse its most recent Order and further reverse the vacated default.


Respectfully Submitted,

Dated February 13, 2025


By  /s/ Alfred C. Constants III

Alfred C. Constants III, Esq. Constants Law Offices, LLC. 115 Forest Ave., Unit 331 Locust Valley, NY 11560

Email: Constantslaw49@gmail.com

Attorney For Plaintiff

EXHIBIT #1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1 / 2 8 / 2 0 2 5
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP,

        Plaintiff,

  -against-

SHARI REDSTONE, et al.,

        Defendants.

24-CV-6290 (DEH) (BCM)

**ORDER DENYING
RECONSIDERATION AND DIRECTING
PLAINTIFF TO SHOW CAUSE WHY
THIS ACTION SHOULD NOT BE
DISMISSED**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated December 18, 2024 (12/18/24 Order) (Dkt. 69), I set aside the Certificate of Default entered nine days earlier against defendant National Amusements, Inc. (NAI), pursuant to Fed. R. Civ. P. 55(c), in part because it was clear from plaintiff's own filings that it never served NAI with the operative complaint in this action. *See* 12/18/24 Order at 1-2 (noting that plaintiff's process server delivered a copy of the "*Second* Amended Complaint and Jury Demand" uploaded via ECF on September 13, 2024, at Dkt. 32, rather than the "*First* Amended Complaint and Jury Demand" uploaded via ECF on September 17, 2024, at Dkt. 35, which is plaintiff's operative pleading). I also found vacatur of the default appropriate after considering the three traditional "good cause" factors used under Rule 55(c). *Id.* at 2-3 (finding "no evidence that NAI's default was willful," noting that plaintiff made no showing of any prejudice, and observing that "NAI clearly has meritorious defenses"). Although the 90-day period within which plaintiff was required to effect service of process expired on December 16, 2024, I concluded that it would be premature to dismiss the action under Fed. R. Civ. P. 4(m), as NAI requested, and instead directed plaintiff to file any motion to extend its time for service by January 3, 2025. *Id.* at 3.

Plaintiff did not object to the 12/18/24 Order within the 14-day period prescribed by Fed. R. Civ. P. 72(a). It did not seek reconsideration within the 14-day period prescribed by Local Civ. R. 6.3. Nor did it move for an extension of its time to effect service on NAI by January 3, 2025,

as directed (or at all). Instead, on January 13, 2025, plaintiff filed a "Notice of Motion to Modify or Alter the December 18, 2024 Order Under FRCP Rule 59e" (Dkt. 70), accompanied by a declaration in which its attorney, Alfred C. Constants III, attests on "personal knowledge" that "the complaint was properly served on National Amusements Inc. on the date of November 6, 2024." Constants Decl. (Dkt. 70-1) ¶¶ 1, 3.[1] Plaintiff also submitted a 24-page memorandum of law, asking this Court to "alter or amend" its "judgment," pursuant to Fed. R. Civ. P. 59(e), based on "New Evidence Revealing Manifest Injustice Errors," Pl. Mem. (Dkt. 70-2) at 7-8, and an 86-page Request for Judicial Notice (Dkt. 70-3), asking this Court to take judicial notice of a November 15, 2024 press release issued by the Attorney General of New York, regarding a settlement with NAI in a data breach case, and an assortment of other documents related to that case. Plaintiff does not explain the relevance of any of this "new evidence" to the vacatur of the NAI default.

On January 17, 2025, NAI filed a letter (NAI Ltr.) (Dkt. 71), which the Court (and plaintiff) took to be its opposition to plaintiff's motion. In the letter, NAI argues that plaintiff's motion is untimely and "facially improper," and renews its request that this action be dismissed pursuant to Rule 4(m). NAI Ltr. at 1-2. On January 24, 2025, plaintiff filed an "Unopposed Reply" (Pl. Reply) (Dkt. 72), in which it argues that its "Motion 59e" should be granted because NAI's opposition letter "did not deny" various points that it made in its moving papers, Pl. Reply at ECF pp. 1-2, and because NAI's opposition letter "is void since according to the defendant it is not a party to the current matter." *Id*. at ECF p. 2.

---

[1] Attorney Constants was not the process server and discloses no other basis for his claim to have "personal knowledge" of what was served on NAI, or when. Bob Roberts, the professional process server engaged by plaintiff for this task, attested on December 13, 2024, that he personally "served legal process of the amended complaint" by delivering an amended complaint to NAI's agent for service of process, in Maryland, on November 6, 2024. Roberts Decl. (Dkt. 67) ¶¶ 4-7. Roberts further attested that the "amended complaint" he delivered that day bore this Court's "docketing imprint showing '1:24-cv-06290-DEH-BCM Document 32 Filed 09/13/24'." *Id*. ¶ 10.

For the reasons that follow, plaintiff's motion will be denied.[2]

First, no judgment has been entered in this action. The 12/18/24 Order, issued pursuant to Rule 55(c), merely set aside the default previously entered against NAI by the Clerk pursuant to Rule 55(a). Consequently, notwithstanding the labels on plaintiff's papers, the motion now before me cannot be a motion to alter or amend a judgment pursuant to Rule 59(e). *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 396-97 (S.D.N.Y. 2018) ("Rule 59(e) does not apply because the December 12 Order . . . is neither a judgment nor an order from which an appeal lies."). In substance, plaintiff seeks reconsideration of the 12/18/24 Order. Its motion is therefore governed by Local Civ. R. 6.3. *Id.* at 397; *see also, e.g., Hong v. Mommy's Jamaican Mkt. Corp.*, 2024 WL 2214309, at *1 (S.D.N.Y. May 16, 2024) (construing motion seeking modification of a fee award as a motion for reconsideration, rather than a motion to "alter judgment" under Rule 59(e), "because final judgment has not yet been entered in this case"); *In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *3 (S.D.N.Y. May 28, 2015) (construing motion to "vacate" a prior non-final order as a motion for reconsideration).

Second, the motion is untimely, as it was not filed within the 14 days specified in Rule 6.3. "As numerous cases from this Circuit have held, the untimeliness of [such] a motion . . . is reason enough to deny the motion." *Hong*, 2024 WL 2214309, at *1 (quoting *McGraw-Hill Glob. Educ. Holdings*, 293 F. Supp. 3d at 397); *see also In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *4 (motion to "vacate" prior order, construed as a motion for reconsideration, was untimely); *Luv n' Care, Ltd. v. Regent Baby Prods. Corp.*, 986 F. Supp. 2d 400, 411 (S.D.N.Y.

---

[2] At 11:06 p.m. on January 27, 2025, NEI filed a 21-page Memorandum of Law in Support of its Opposition to Plaintiff Livevideo.AI's Motion to Alter Judgment (Dkt. 73), which this Court has disregarded as an unauthorized sur-reply. *See Paravas v. Cerf*, 2022 WL 203168 (S.D.N.Y. 2022) ("Litigation, including motion practice, is an ordered process. Local Civil Rule 6.1 provides for opening papers, opposition papers, and reply papers, in that order.").

3

2013) (motion challenging district court's prior order granting partial summary judgment, properly construed as a reconsideration motion, was untimely under Rule 6.3 "because plaintiffs filed the motion for reconsideration fifteen days after my initial order and did not seek an extension of the deadline from the Court").[3]

Third, the motion fails on the merits. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d. 613, 614 (S.D.N.Y. 2000)). The rule expressly requires the moving party to identify, in its papers, "the matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3. "This standard is strictly enforced, meaning that 'reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *BDG Gotham Residential, LLC v. W. Waterproofing Co., Inc.*, 2024 WL 5201596, at *1 (S.D.N.Y. Dec. 23, 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The moving party "cannot assert new arguments or claims which were not before the court on the original motion," *Koehler v. Bank of Bermuda, Ltd.*, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005), because Rule 6.3 "is intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision then plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners, L.P.,* 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). The decision to grant or deny a motion for reconsideration "rests within the

---

[3] Rule 6.3, as in effect on and after January 2, 2025, limits briefs in support of or in opposition to reconsideration motions to 3,500 words (approximately 12 pages) and prohibits supporting affidavits "unless directed by the court." Local Civ. R. 6.3. Plaintiff has violated both of these provisions. NAI's January 27, 2025 opposition brief was also over-length.

4

sound discretion of the district court." *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Williams v. Rosenblatt Sec. Inc.*, 2016 WL 590232, at *4 (S.D.N.Y. Feb. 11, 2016)).

Plaintiff has failed to meet the standard of Rule 6.3. Insofar as the Court can parse its disorganized, fragmented, and frequently incomprehensible brief, plaintiff argues that NAI's "12(b)(4) motion" should not have been granted because NAI did not support its motion papers with affidavits of its own, and therefore did not "rebut" the Roberts Declaration. Pl. Mem. at 5; *see also* Pl. Reply at ECF p. 2 (NAI "did not deny [that] it failed to provide an affidavit" or that "its decision to file a 12(b)(5) motion followed by a 12(b)(4) motion was unlawful and prejudicial to the Plaintiff"). Not only are these "new arguments," which "were not before the court on the original motion," *Koehler*, 2005 WL 1119371, at *1; they are meritless. NAI did not make any motion pursuant to Rule 12(b)(4) (to dismiss for "insufficient process") or Rule 12(b)(5) (to dismiss for "insufficient service of process"), and was not required to do so before moving under Rule 55(c) to set aside the default entered by the Clerk. A default may be set aside even where service was properly made, if the "good cause" standard set forth in Rule 55(c) is met, as it clearly was here. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (instructing district courts to construe the "good cause" standard "generously," "because defaults are generally disfavored and are reserved for rare occasions," such that "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party"). Nor was NAI required to support its motion with affidavits as to non-service where, as here, plaintiff itself supplied admissible evidence, in the form of the Roberts Declaration, that it served the wrong pleading on NAI. *See* Roberts Decl. ¶ 10 (identifying the "amended complaint" that he delivered to NAI's agent for service of process as "Document 32 Filed 09/13/24").

5

Plaintiff further argues that I improperly issued "dispositive rulings," both prior to December 18, 2024, and in the 12/18/24 Order, *see* Pl. Mem. at 10, in excess of my authority under 28 U.S.C. § 636 and Rule 72(a). However, as I previously explained, "A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." 12/18/24 Order at 3 n.1 (quoting *Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), and citing additional cases). Moreover, plaintiff failed to object to any of my pretrial orders on this ground (or on any other ground) pursuant to Rule 72(a) *or* Rule 72(b)(2) (governing objections to magistrate judge recommendations on dispositive motions) and cannot now resuscitate its right to do so through an untimely reconsideration motion.

Additionally, plaintiff complains that NAI's letter-motion to vacate the default did not comply with the Individual Practices of the Hon. Dale E. Ho, United States District Judge, and that "no explicit notice or disclosure was provided to the Plaintiff that the procedural rules applicable to the case under Judge Ho had transferred to those of the Magistrate Judge." Pl. Mem. at 13-14; *see also* Pl. Reply at ECF p. 2 (NAI "did not dispute" that it violated "the standing orders of Judge Ho"). Plaintiff apparently missed the Court's August 26, 2024 Order (8/26/24 Order) (Dkt. 15), which stated, in the first paragraph on the first page:

> The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

8/26/24 Order at 1; *see also id*. at 2-3, ¶¶ 2, 4, 5 (reminding the parties to comply with "Judge Moses's Individual Practices"). Even if NAI's Rule 55(a) letter-motion failed to comply with this Court's Local Civil Rules or the assigned judge's individual practices, that would not furnish

6

"Plaintiff apparently missed the Court's August 26, 2024 Order" (Dkt. 15)

grounds for reconsideration, especially where, as here, plaintiff had a full and fair opportunity to respond to the motion (*see* Dkts. 66, 67), and did not raise any procedural objections at that time. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").

I have carefully reviewed the remaining arguments raised by plaintiff   insofar as they are comprehensible   find that they do not warrant reconsideration of the 12/18/24 Order. For these reasons, it is hereby ORDERED that plaintiff's reconsideration motion (Dkt. 70) is DENIED.

It is further ORDERED that, having failed to effect service of process upon any of the named defendants within the 90-day period set forth in Rule 4(m), and having failed, despite prompting from this Court, to request an extension of its service deadline, plaintiff must SHOW CAUSE on **February 6, 2025 at 11:00 a.m.**, in Courtroom 20A of the United States Courthouse at 500 Pearl Street, New York, NY 10007, why this action should not be dismissed without prejudice pursuant to Rule 4(m). This in an in-person proceeding. Plaintiff's counsel of record must appear.

The Clerk of Court is respectfully directed to close the motion at Dkt. 70.

Dated: New York, New York
      January 28, 2025             **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

7

22