UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP,

        Plaintiff,

-against-

SHARI REDSTONE, et al.,

        Defendants.

24-CV-6290 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed at today's show-cause hearing:

1. Plaintiff's oral motion for an extension of its time to serve process on defendants, made (for the first time) during today's hearing pursuant to Fed. R. Civ. P. 4(m), is DENIED.

2. In light of plaintiff's overnight filings, three of which appear to be proofs of service of process on individual defendants Redstone, Seligman, and Varney (Dkts. 79, 80, 81), the Court reserves on the question whether this action should be dismissed in its entirety pursuant to Rule 4(m).

3. Likewise, the Court reserves on the question whether plaintiff's counsel, Alfred C. Constants III, should be sanctioned pursuant to Fed. R. Civ. P. 16(f) for failing, without excuse, either to obey this Court's January 28, 2025 Order (Dkt. 74),[1] or to seek an adjournment in advance of the scheduled hearing. The Court notes that, during today's hearing, attorney Constants acknowledged that he received the January 28 order, but failed to calendar the February 6 show-cause hearing, and that this was his fault.

---

[1] The January 28 Order (i) denied plaintiff's motion (Dkt. 70) for reconsideration of my December 18, 2024 Order (Dkt. 69), which vacated the default previously entered against defendant National Amusements Incorporated (NAI); (ii) noted that the 90-day period for service of process had expired and that plaintiff had not (despite prompting from the Court, *see* Dkt. 69 at 3) requested an extension of that period; (iii) scheduled a show-case hearing for February 6, 2025; and (iv) directed attorney Constants to appear at that show-cause hearing in person.

4.       Defendant NAI may file its planned motion for sanctions pursuant to Fed. R. Civ. P. 11 no later than **February 26, 2025**. Opposition papers are due no later than **March 12, 2025**. Reply papers are due no later than **March 19, 2025**. *See* Local Civ. R. 6.1(b).

5.       Plaintiff's newly filed motions: (i) for leave to file a supplemental pleading (Dkt. 82), and (ii) for reconsideration of my January 28 Order (Dkt. 85) are STAYED pending the outcome of the Rule 11 motion.[2] Notwithstanding this stay, plaintiff may withdraw one or both of these motions, but must do so no later than **February 14, 2025**.

Attorney Constants is reminded that, pursuant to Rule 11(b), his signature on a motion or other Court filing (including the use of his ECF credentials to upload such a filing) constitutes his certification that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing "is not being presented for any improper purpose"; the legal contentions put forth therein "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and that the "factual contentions" set forth therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." It is a violation of this rule for an attorney to permit other persons to use his name or his ECF credentials to file documents that the attorney has not written or reviewed, or that he has not authorized. *See, e.g.*, *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*,

---

[2] The Notice of Motion at Dkt. 85, which is supported by the memorandum of law at Dkt. 86, seeks reconsideration of my January 28 Order, which – as noted above – denied plaintiff's *previous* motion for reconsideration of my December 18, 2024 Order. In substance, therefore, plaintiff appears to have made an unauthorized second motion for reconsideration of my December 18, 2024 Order after its first such motion was denied. Even more troubling is attorney Constants' admission, made during today's conference, that he did not write, review, or authorize plaintiff's newest set of motion papers, which were prepared by "a paralegal" and uploaded to this Court's ECF system between 8:46 and 8:49 this morning.

2

498 U.S. 533, 547 (1991) (individual signer has a "personal, nondelegable responsibility… to validate the truth and legal reasonableness of the papers filed"); *Amorosa v. General Electric Company*, 2022 WL 3577838, at *1 (S.D.N.Y. Aug. 19, 2022) (attorneys have a "personal non-delegable responsibility under Rule 11 to validate the truth and legal reasonableness of the papers filed").

Attorney Constants is directed to promptly provide a copy of this Order to his paralegal and to his client and to discuss its contents with them. Should attorney Constants once again permit the use of his name or ECF credentials to file documents that he did not personally write or review, or that he did not authorize, this Court will not hesitate to refer the matter to the Grievance Committee.

Dated: New York, New York
       February 12, 2025          SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**