

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

February 19, 2025

Peter L. Welsh
T +1 617 951 7865
peter.welsh@ropesgray.com

**BY ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Livevideo.AI Corp. v. Redstone, et al.*, C.A. No. 1:24-cv-06290-DEH-BCM (S.D.N.Y.)

Dear Judge Moses:

We represent Defendants National Amusements, Inc. ("NAI") and Shari Redstone. We write regarding the requests for a default purportedly filed yesterday by Alfred Constants on behalf of Livevideo.AI Corp. ("Livevideo"). Dkt. Nos. 92-100. Livevideo has again ignored this Court's clear instructions and again harassed the defendants. This time, Livevideo ignored your Honor's clear statements at the February 12, 2025 show cause hearing that the purported service Livevideo allegedly made on Ms. Redstone on November 6, 2024 was improper, and instead now seeks a default based on that ineffective service. Dkt. Nos. 94-96.

During the show cause hearing, your Honor could not have been clearer that the November 6, 2024 service attempt on Ms. Redstone, which is the sole basis for Livevideo's requested default, was not effective. Mr. Constants, agreed, and also conceded that he had "no idea" as to the circumstances of that attempted service:

> THE COURT: All right. And that purported proof of service said that Ms. Redstone had been served personally at the offices of Corporation Trust in Maryland. Now, you know and I know that she doesn't live there or work there, so that's not good service, is it?
>
> MR. CONSTANTS: No.
>
> THE COURT: That is not good service.
>
> MR. CONSTANTS: No, your Honor, it is not.
>
> THE COURT: Who sent that to me, Mr. Constants?

ROPES & GRAY LLP

The Honorable Barbara Moses                    - 2 -                              February 19, 2025

MR. CONSTANTS: I have no idea.[1]

Feb. 12, 2025 Tr, (Dkt. No. 90) at 7; *see also id.* at 9 ("THE COURT: . . . [L]et's gloss over for a moment the question of which complaint was served, which is a separate issue; but under what federal or state provision can you serve, individually, an officer of a corporation by delivering [a] summons and complaint to Corporation Trust, the agent for service of process for the corporation?  That's not good service, Mr. Constants. . . . So there's no evidence in the file of good service on Ms. Redstone within the 90-day period; . . . neither of these defendants has been served properly . . . .").

Your Honor also made clear that Your Honor was taking the proofs of service filed on February 11, 2025, which Livevideo now seeks to leverage to support another defective request for default, under advisement in connection with the determination of whether this action should be dismissed under Rule 4(m).  *See id.* at 18; Dkt. No. 87 ¶ 2.  All of Plaintiff's other filings were stayed pending the Court's decision on NAI's forthcoming motion for sanctions.  Dkt. No. 87 ¶ 5.

Livevideo's most recent barrage of filings, which were filed using Mr. Constants' ECF credentials,[2] once again defy this Court's clear guidance and have needlessly caused the defendants and this Court to waste time and resources.

The documents supporting Livevideo's request for entries of default also raise serious concerns given Mr. Constants' admission that he did not draft, review, or authorize certain documents that were filed in this case using his ECF credentials, *see* Dkt. No. 90 at 22-23, and that he "did not know" about the service attempts on Ms. Varney and Ms. Seligman until the day before the show cause hearing, and "ha[d] no idea" who submitted the proof of service for Ms. Redstone, *id.* at 6-7.  This admission refutes Mr. Constants' repeated claims of "first-hand, personal knowledge" that the

---

[1]  While we do not represent defendants Monica Seligman or Christine Varney, we note the service attempts on Ms. Seligman and Ms. Varney allegedly occurred on December 30, 2024 and were therefore well after Livevideo's deadline to serve the defendants under Rule 4(m).  *See* Dkt. Nos. 92-93.  We also note that "Monica" Seligman was not a director of Paramount Global during the events alleged in any version of the complaint.  *See* Paramount Global Feb. 13, 2025 Schedule 14C Information at 105, available at https://ir.paramount.com/static-files/e67e9926-541c-4d02-bceb-bd4007c3ced9.  Nicole Seligman served as a director of Paramount Global, but did not stand for reelection to the board months before this action was filed.  *See id.* at 122, 136.

[2]  After the February 12 conference, we learned that, in an action filed by an entity affiliated with Livevideo's CEO, Mr. Greenspan, in the United States District Court for the District of New Jersey, Mr. Constants' ECF credentials were used to file proofs of service ***despite the fact that Mr. Constants had not, and has not since, appeared as an attorney representing Mr. Greenspan's company in that case***.  *See* Letter Response to Order to Show Cause at 10, Dkt. No. 104, *LiveUniverse, Inc. v. Muijrers, et al.*, C.A. No. 2:22-cv-4918-ES-JBC (D.N.J. Dec. 11, 2024) (discussing proofs of service purportedly filed by Mr. Constants at Dkt. Nos. 73-79 in that case).

ROPES & GRAY LLP

The Honorable Barbara Moses — - 3 - — February 19, 2025

defendants were properly served in the declarations in support of default that he allegedly signed and filed. *See, e.g.,* Dkt. No. 92 ¶ 1. There are also a number of facial irregularities in many of these new filings, which include a variety of signature dates, hand-written and e-signatures, and signature blocks with different contact information for Mr. Constants. *See, e.g.* Dkt. No. 92 (e-signed February 11, listing a protonmail.com address); Dkt. No. 92-1 (signed by hand February 17 with no email address); Dkt. No., 94 (e-signed on February 13, listing a gmail.com address); Dkt No. 94-1 (unsigned and undated with no email address). These irregularities and Livevideo's obvious disregard for Your Honor's warnings at the show cause hearing raise serious concerns that Mr. Constants has violated this Court's instruction not to "permit the use of his name or ECF credentials to file documents that he did not personally write or review, or that he did not authorize" or that someone is filing documents in this action without Mr. Constants' knowledge. *See* Dkt. No. 87 at 3.

Accordingly, we respectfully request that the Court direct the Clerk of Court not to enter a default against any of the defendants, at least until your Honor has ruled on dismissal under Rule 4(m). We also respectfully request that Your Honor hold a conference, where Mr. Constants, as well as the principal of Livevideo, Brad Greenspan, are required to attend in-person, in order to explain these most recent filings and ensure the efficient and professional conduct of this case going forward.

We are available at your Honor's convenience to attend such a conference, or to make any further filings the Court would find helpful.

Respectfully submitted,

*s\Peter L. Welsh*

Peter L. Welsh

cc:   Counsel of record