THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
　　　　*Plaintiff*

vs.

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
　　　　　　　CHRISTINE VARNEY,
　　　　　　　MONICA SELIGMAN,

　　　*Defendant&*

CIVIL ACTION
C.A. NO. 1:24-CV-06290

**PLAINTIFF'S DECLARATION
IN SUPPORT OF DEFAULT**

**PLAINTIFF'S DECLARATION IN SUPPORT OF DEFAULT**

I, Alfred Constants III, declares under penalty of perjury, that the following is true and correct:

　　　1.　　　I have first-hand, personal knowledge of the facts set forth below and, if

called as a witness, I could and would testify competently thereto.

　　　2.　　　Plaintiff has complied with the requirements of Local Civil Rule 55.1. (a) A par

seeking entry of default under Fed. R. Civ. P. 55(a) by filing a "Request to Enter Default," in

form prescribed by the clerk' and part (b).[2]

---

[1] https://www.nysd.uscourts.govnornskierks-certificate-default

 (b) Electronically file an AFFIDAVIT or DECLARATION in support of the Clerk's Certificate
Default separately. The Request for a Clerk's Certificate of Default should be attached to your affida
or declaration. Demonstrating that:
　　(1) the party against whom a notation of default is sought is not an infant, in the military, o
an incompetent person;
　　(2) the party has failed to plead or otherwise defend the action; and
　　(3) the pleading to which no response has been made was properly served2

3    Defendant Shari Redstone    the party against whom a notation of defau

...must be an infant, not in the military, and not an incompetent person.

4.    An Amended Complaint signed on September 3, 2024 was properly served on

November 6, 2024 under FRCP Rule 4 prior to the service of the original complaint.

5.    **Defendant Shari Redstone** has failed to plead or otherwise defend the

September 3, 2024 complaint action; and the Amended complaint was properly served on

Defendant National Amusements.

6.    Attached as Exhibit #*1* to this Declaration is a Request For Default using the form

proscribed by this Court.[3]

Dated: February 13, 2025

Respectfully submitted,

By */s/ Alfred C. Constants III*
Alfred C. Constants III, Esq.
CONSTANTS LAW Offices, LLC
115 Forest Ave, #331
Locust Valley, NY 11560
Email: ConstantsLaw49@gmail.com

---

[3] https://www.nysd.uscourts.gov/forms/clerks-certificate-default

EXHIBIT #1

SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO AI CORP

Plaintiffs

VS.

SHARI REDSTONE. NATIONAL AMUSEMENTS
INC CHRISTINE VARNEY, NAOMI SELIGMAN

Defendants)

Request for Clerk
Certificate of
Default

Civil Case No. 1:24-CV-06290

Pursuant to Fed. R. Civ. P. 55(a) and L.R. 55.1, the Plaintiff

LiveVideo.A1 Corp requests a Clerk's certificate of entry of default. Within an accompanying affidavit. I affirm that the party against whom the judgment is

sought, Defendant Shari Redstone

1) is not an infant or incompetent person:

2) is not in the military service;

3) was properly served under Fed. R. C. P. 4 and proof of service having been filed with the court;

4) has defaulted in appearance in the above captioned action.

Per Local Civil Rule 55.1(a) A party seeking entry of default under Fed. R. Civ. P. 55(a) must file: (1) a "Request to Enter Default," in a form prescribed by the clerk;'

Per FRCP Rule 3. "A civil action is commenced by filing a complaint with the court." Plaintiff's filing a complaint on August 20, 2024 was the commencement

https://www.nysd.uscourts.gov/forms/clerks-certificate-default

1

commenced."

An amended complaint signed on Sep 9, 2024 was served prior to the service of the complaint and summons for the amended complaint was issued on September 18, 2024. A copy of the summons and Amended complaint was served on defendant Shari Redstone President of National Amusements thru The Corporation Trust Incorporated, which is authorized to accept personal service on behalf of a registered company President when suit complains about acts done in an official capacity which is the case in this suit. Further, MD Corporations and Associations Code § 1-401(a),(b)(1)&(2) allows for service on the resident agent of any Maryland corporation and officer of any Maryland corporation "equivalent to personal service" confirming an "amended" complaint was served November 6, 2024 on

Defendant Shari Redstone along with the September 18, 2024 issued summons.

Further the standard under Maryland law requires an affidavit is prima facie evidence. A return of service filed with the court is prima facie evidence of proper service that, if unrebutted is sufficient grounds for exercising personal jurisdiction over the servee. Maryland courts recognize that "a proper official return of service is presumed to be true and accurate until the presumption is overcome[.]" *Weinreich v. Walker*, 236 Md. 290, 296 (1964); *see also Wilson v. Md. Dep't of Env't*, 217 Md.App. 271, 285 (2014) (stating that "[a] proper return of service is *prima facie* evidence of valid service of process"). Significantly, "the mere denial of personal service by him who was summoned will not avail to defeat the sworn

---

[1] 'Note: If an Amended Complaint was filed and served on this defendant you must prepare a new form using our sample and include the original information for the filing of the complaint/service and filing of the amended complaint/service in your form. Repeat the information listed above for both filings on the same form. If the Amended Complaint was served prior to the service of the original complaint, state that information in the form and the affidavit or declaration."

2

return of the official process server." *Weinreich*, 236 Md. at 296; *see Wilson*, 217
Md. App. at 285 (stating that "[t]he denial of service is not sufficient to overcome"
"the presumption of validity" arising from a return of service). When a denial of
service "'is not supported by corrob[or]ative testimony or circumstances . . . the
attempted impeachment of the official return must fail.'" *Weinreich*, 236 Md. at
296 (quoting *Weisman v. Davitz*, 174 Md. 447, 451 (1938)). Consequently, "the
return of service of process is presumed to be true and accurate and a mere denial
by a defendant, unsupported by corroborative evidence or circumstances, is not
enough to impeach the return of the official process server[.]" *Ashe v. Spears*, 263
Md. 622, 627-28 (1971). *Vasilakopoulos v. Thomas & Libowitz, P.A*, No. 1961-2017,
11-12 (Md. Ct. Spec. App. Jul. 18, 2024).

Date: 02/13/2024


_/s/_  *Alfred C. Constants III*

Counsel for Plaintiff LiveVideo.AI Corp

Alfred C. Constants III, Esq.

CONSTANTS LAW Offices, LLC

115 Forest Ave, #331
Locust Valley, NY 11560
Email:

3