**Constants Law Offices, LLC**
**115 Forest Avenue, Unit 331**
**Locust Valley, New York 11560**
(516) 200-9660
Constantslaw49@gmail.com

February 20, 2025

Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

                re: Livevideo.AI Corp,v. Shari Redstone, et al
                Docket No.: 24-cv-6290 (DEH) (BCM)

Dear Judge Moses:

    This law firm represents the Plaintiff, Livevideo.AI Corp., in the above-referenced matter. We submit a response to the Letter Motion filed by Defendants National Amusements, Inc. ("NAI") and Shari Redstone to stay default action relating to Ms. Redstone and to further your Honor's dismissal of the complaint under Rule 4(m).

    On February 12, 2025, the parties had a conference before your Honor beginning at 12:00. During that conference, you did ask me about service to Ms. Redstone personally at the offices of Corporation Trust in Maryland. I answered yes to your question relating to service. Thereafter, your Honor would determine how to proceed.

    In the meantime, I did review Maryland Corporations and Associations Section 1-401 law, which states:

§ 1-401.

    (a)    Service of process on the resident agent of a corporation, partnership, limited partnership, limited liability partnership, limited liability company, or real estate investment trust, or any other person constitutes effective service of process under the Maryland Rules on the corporation, partnership, limited partnership, limited liability partnership, limited liability company, or real estate investment trust, or other person in any action, suit, or proceeding which is pending, filed, or instituted against it under the provisions of this article.

1

(b) (1) Any notice required by law to be served by personal service on a resident agent or other agent or officer of any Maryland or foreign corporation, partnership, limited partnership, limited liability partnership, limited liability company, or real estate investment trust required by statute to have a resident agent in this State may be served on the corporation, partnership, limited partnership, limited liability partnership, limited liability company, or real estate investment trust in the manner provided by the Maryland Rules relating to the service of process on corporations.

*(2) Service under the Maryland Rules is equivalent to personal service on* a resident agent or other agent *or officer of a corporation,* partnership, limited partnership, limited liability partnership, limited liability company, or real estate investment trust mentioned in paragraph (1) of this subsection.

If I had reviewed the Maryland law before the conference, I would have argued to the Court that Maryland law applies for service on Ms. Redstone under § 1-401(b)(2) "equivalent to personal service". Plaintiff's papers are underpinned by a process server's affidavit which under Maryland law creates presumption of valid service. Ms. Redstone has failed to provide any evidence supported by affidavit to rebut the Plaintiff's affidavit backed third party Maryland based process server evidence. In De Curtis the court found "server's sworn statement of service creates a presumption service has been effectuated*. De Curtis v. Ferrandina, 529 Fed.Appx.* 85, 85-86 (2d Cir.2013) (summary order). "To rebut.. Defendants must provide affidavits denying receipt of notice." *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733   F.2d 1087, 1089 (4th Cir. 1984) ("When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process.").

Further, defendants have not met their duty under FRCP 4(d)(1) to avoid unnecessary service expenses. Under FRCP 4(d)(1), defendants have a responsibility to prevent needless costs related to serving the summons. Defendant Redstone breached this duty by neglecting to respond after November 6, 2024, not informing Plaintiff about alleged service defects, and hiding their intent to challenge service while allowing Plaintiff's expenses to increase. Given that Redstone and defendant NAI shared legal representation, Redstone's compliance requires examination

2

through a negative inference. Additionally, Redstone's control over NAI warrants the Court's consideration of the February 19, 2025, untimely improper ecf letter as Redstone's second FRCP 4(d)(1) violation in this case. Even if there had been any technical defects in service, Defendant received actual notice and neglected their duty under FRCP 4(d)(1) to minimize service expenses. They ignored the properly served summons, failed to communicate alleged service flaws with Plaintiff, and delayed addressing these concerns for months. This behavior contravenes both Rule 4(d)(1)'s requirements and its underlying principles. The defendant's actions demonstrate a pattern of behavior that undermines the purpose of FRCP 4(d)(1) and unnecessarily increases litigation costs.

Even more problematic, to date, the defendants, NAI and Ms. Redstone, have failed to comply with their mandatory disclosure obligations under Federal Rule of Civil Procedure 7.1 which provides grounds for denial due to procedural deficiencies. The rule amended in late 2022 requires that "in an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must...file a disclosure statement" that name and identifies the citizenship of every individual or entity whose citizenship is attributed to that party. Defendant has not filed a Rule 7.1 disclosure statement. The information provided by the parties therefore is clearly insufficient to confirm the diversity of citizenship necessary to establish jurisdiction under 28 U.S.C. § 1332(a)." *Hilcorp San Juan, L.P. v. Petro Mex, LLC*, 1:24-cv-00067-DHU-LF, (D.N.M. Mar. 20, 2024). Defendant Redstone directed Defendant NAI's Dec 11 ecf letter stating "Livevideo ignored this Court's concern about diversity" while Redstone directed defendant NAI's willful violation of its FRCP 7.1 filing obligations.

Despite making multiple appearances and filings in this action, Defendant NAI never filed the required Rule 7.1 disclosure statement or mandatory FRCP Rule 7.1(a)(2) diversity disclosure statement. This continuing violation is particularly egregious given NAI, through the same counsel representing Defendant Redstone, controller of NAI, is seeking sanctions against Plaintiff. Meanwhile Redstone directs NAI to deliberately withhold information necessary for Plaintiff and the Court to establish diversity jurisdiction while simultaneously criticizing Plaintiff's jurisdictional allegations. Redstone knew full well that by establishing NAI intended to argue a lack of jurisdiction based on diversity a separate FRCP 7.1(a)(2) filing obligation was created which Redstone has directed NAI willfully continue to ignore, prejudicing the Plaintiff.

3

The defendants also are in continuing violation of Rule 7.1.(a)(1) violation for failure to file the disclosure certificate a judge requires to be informed of potential conflicts of interest. Lastly, defendant's December 11 ecf letter, the December 18 ecf letter, the untimely sur-reply, the January 2, 2024 ecf letter, and the February 19, 2025 ecf letter each also violated FRCP 7.1 (b)(2) requiring a corporate defendant "promptly file a supplemental statement if any required information changes".

Finally, defendants attempt to discredit the Plaintiff's default entry filings with claims of "irregularities"[1], referencing docket numbers 92-100 in the ecf letter lost all relevance after Plaintiff corrected its filings (see Dkt. Nos. 101-108 and 113) revising the evidence presented to the Court Clerk. Consequently, the ecf letter motion is futile, based on false statements which further warrants the ecf letter be struck or denial. Allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *G-I Holdings, Inc. v. Baron & Budd, 238 F.Supp.2d 521, 555* (S.D.N.Y.2002).

In conclusion, we ask the Court to deny the request to stay entry of default or dismiss under Rule 4(m).[1]

Should the Court request a conference with the undersigned, I would be happy to attend.

> Respectfully submitted,
> Constants Law Offices, LLC
> /s/ Alfred C. Constants III
> Alfred C. Constants III, Esq.

---

1. Such rule seeks termination of the action, dispositive relief that a magistrate lacks authority to grant absent consent of all parties. See 28 U.S.C. § 636(b)(1)(A) (precluding magistrate judges from determining dispositive motions). No party has consented, and such portion of defendant's motion is improperly directed to the magistrate and must be denied. See *New York Chinese TV Programs, Inc. v. U.E. Enterprises, In*c., 996 F.2d 21, 25 (2d Cir. 1993). Absent consent of all parties under § 636(c), review of dispositive matters must lie with the district court. *See Stanley v. Amoco Oil Co.*, 965 F.2d 203, 204 (7th Cir. 1992).