THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*                          CIVIL ACTION
vs.                                     DOCKET NO. 1:24-CV-06290

SHARI REDSTONE,
NATIONAL
AMUSEMENTS, INC.,
CHRISTINE
VARNEY,
MONICA SELIGMAN,

    *Defendants.*

_____

_____/

**OBJECTION TO MAGISTRATE'S FEBRUARY 12, 2025, ORDER**

_____

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiff Livevideo.AI Corp. ("Plaintiff") respectfully objects to the Court's February 12, 2025, Order (the "Order") (Dkt. 86) staying Plaintiff's pending motion for leave to supplement the complaint and permitting the Defendants to proceed with their Rule 11 motion despite their ongoing violations of Federal Rule of Civil Procedure 7.1. This effectively granted defendants a procedural advantage without any showing of good cause or prejudice. The threshold inquiry for supplemental pleadings under Rule 15(d) is whether the supplemental facts of the pending motion to supplement the complaint are connected to the original pleading. The Order stayed Plaintiff's motion that prejudiced Plaintiff's ability to present its claims. The Order improperly stays a critical motion that would expose Defendants' ongoing securities law violations, and fundamentally prejudices Plaintiff by delaying their adjudication while enabling Defendants to perpetuate misleading information in the market, despite their own procedural deficiencies.

Despite making multiple appearances and filings, Defendants have never filed the mandatory corporate disclosure statement required by Rule 7.1(a) or the diversity-related disclosures required by Rule 7.1(a)(2). This violation is particularly egregious given that NAI, through counsel also representing controller Redstone, seeks sanctions while deliberately withholding information necessary to establish diversity jurisdiction. The Order should be modified to lift the stay on Plaintiff's motion for leave to supplement and defer consideration of any Rule 11 motion until Defendants remedy their continuing failure to file mandatory Rule 7.1 disclosures.

2

## BACKGROUND

On February 11, 2025, Plaintiff filed a motion for leave to supplement its complaint (Dkt. 82) to add four new federal securities law causes of action based on Defendants' materially false and misleading SEC filings. These new claims arise from Defendants' failure to disclose the December 9, 2024, entry of default against National Amusements, Inc. ("NAI") in multiple S-4 registration statement amendments filed between December 16, 2024 and February 6, 2025. The proposed supplemental claims would hold Defendants accountable for violating Sections 10(b), 17(a), 14(a) and 20(a) of the Securities Exchange Act through their intentional concealment of material litigation developments from public shareholders.

On February 12, 2025, (Dkt. 87 and attached herein as Ex. 1) following a show cause hearing regarding service of process, the Magistrate Judge issued the Order which:

(1) Stayed Plaintiff's motion to supplement

(2) Set a briefing schedule for NAI's anticipated Rule 11 motion;

The Order failed to address:

(1) Defendants' ongoing violation of Rule 7.1's mandatory disclosure requirements,

(2) The merits of Plaintiff's proposed supplemental claims, which are included in the motion;

(3) The potential impact of the stay on the ongoing litigation.

NAI's continuing FRCP 7.1 violation is particularly egregious given that NAI, through the same counsel representing Defendant Redstone who controls NAI, is now seeking

3

sanctions against Plaintiff while deliberately withholding information necessary for the Court to assess diversity jurisdiction.

## LEGAL STANDARD

A district court must modify or set aside a magistrate judge's order on non-dispositive matters that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A magistrate's ruling is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromart*ie, 532 U.S. 234, 242 (2001). A ruling is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996).

## LEGAL ARGUMENT

### I. STAY OF MOTION FOR LEAVE TO SUPPLEMENT SHOULD BE LIFTED

The Order improperly stays Plaintiff's timely and proper motion to supplement under Rule 15 pending resolution of Defendants' anticipated Rule 11 motion. This stay prejudices Plaintiff's ability to protect shareholder interests by delaying consideration of serious securities law violations while allowing Defendants to pursue sanctions despite their own procedural deficiencies.

The motion to supplement raises substantial claims regarding Defendants' violations of Sections 10(b), 17(a), 14(a) and 20(a) of the Securities Exchange Act through false and misleading SEC filings. These violations include Defendants' failure to disclose the December 9 default against NAI in multiple S-4 amendments, resulting in material misstatements that have harmed Paramount shareholders. The Delaware

Chancery Court's January 29, 2025, decision in State of Rhode Island v. Paramount Global (see Dkt 84, Ex. 1) provides additional support for Plaintiff's claims by finding a "credible basis to suspect that Redstone torpedoed the Company-level Skydance Deal because it would not provide her with the benefits she wanted." This ruling reinforces the materiality of Defendants' disclosure violations and the need for prompt consideration of Plaintiff's supplemental claims.

### A. Supplemental Claims Are Supported by Concrete Evidence

The proposed supplemental claims are well-pleaded and supported by concrete evidence, including but not limited to:

1. Defendants' December 16, 2024, amended S-4 filing that falsely stated no defendants had been served, when at least one defendant had been properly served during November 2024;
2. NAI's December 11, 2024, court appearance confirming its awareness of service and the default;
3. Multiple subsequent S-4 amendments perpetuating these misrepresentations.
4. Evidence of resulting shareholder losses, including an 8.4% decline in Paramount's stock price (Dkt. 84);
5. The Delaware Chancery Court's finding of "a credible basis to suspect corporate wrongdoing";
6. Defendants' February 6, 2025, amended S-4 that continues to misstate the litigation status.

These are not mere technical violations - they represent a pattern of deliberately misleading SEC filings that have caused actual financial harm to investors. Staying

5

adjudication of these claims while allowing Defendants to pursue sanctions motion practice effectively rewards their misconduct.

The stay should be lifted because it creates unnecessary delay in addressing time sensitive issues that require prompt attention regarding ongoing properly supported securities law violations as evidenced by the Jan 29, 2025, Delaware Chancery Court's decision. Further lifting the stay promotes judicial economy by allowing all related claims to be litigated together.

### B. Improper Delay

The stay of Plaintiff's pending motions should be lifted because it improperly delays consideration of serious securities law violations while enabling Defendants to continue misleading the market. A motion to supplement under Rule 15(d) requires only consideration of whether "the supplemental facts connect the supplemental pleading to the original pleading." In *re Elysium Health-ChromaDex Litig.*, 2021 WL 194994, at *4 (S.D.N.Y. Jan. 19, 2021). Staying consideration of this threshold procedural question pending resolution of sanctions issues unnecessarily delays the proceedings. The proposed supplemental claims arise directly from Defendants' conscious decision to file multiple S-4 amendments that falsely stated "defendants have not been served" when NAI had been properly served on November 6, 2024, and was in default as of December 9, 2024. These material omissions caused Paramount's stock price to drop by 8.4% from Plaintiff's July 2024 purchase price. Given the serious nature of these securities law violations and the ongoing harm to shareholders, Plaintiff's motion to supplement should proceed without delay. The Court should lift the stay to ensure these claims can be properly evaluated on their merits.

## C. The Order Grants the Defendant a Premature Injunction

The Magistrate's stay of Plaintiff's properly filed motion for leave pending resolution of NAI's anticipated Rule 11 motion was contrary to law. Moreover, a magistrate judge's denial of a motion to amend a complaint is treated as dispositive, requiring de novo review after a report and recommendation is made which erroneously did not happen in this instance. *Rivers v. New York City Hous. Auth.,* 2014 WL 12829494, at *2-4 (E.D.N.Y. Nov. 17, 2014). By staying Plaintiff's motion indefinitely, the Order effectively denies Plaintiff the opportunity to amend or supplement a ruling that exceeds the magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A).

Further, nothing in the Federal Rules authorizes automatically staying a party's substantive motion based merely on an opposing party's stated intention to seek sanctions. This effectively grants NAI a premature injunction without the required showing of likelihood of success or irreparable harm. Moreover, the stay improperly prejudices Plaintiff by preventing it from pursuing legitimate legal remedies while allowing NAI to continue violating its own obligations under FRCP 7.1. As detailed in the record, NAI has repeatedly failed to file mandatory corporate disclosure statements despite making multiple appearances. The Magistrate's Order rewards this non-compliance by staying Plaintiff's ability to challenge it.

## D. Order Improperly Restricts Plaintiff's Access to The Court.

The Order's broad stay of all Plaintiff's motions creates a chilling effect on Plaintiff's constitutional right of access to the courts. While the Court may properly supervise attorney conduct, the Order goes too far by effectively preventing Plaintiff from making any filings until NAI's sanctions motion is resolved - a timeline controlled

7

entirely by NAI under the Order's schedule. This restriction is particularly problematic given NAI's own procedural violations, including its continuing failure to file Rule 7.1 disclosures necessary to establish diversity jurisdiction while simultaneously criticizing Plaintiff's jurisdictional allegations. The Order thus creates an asymmetric limitation that unduly advantages the non-compliant party.

## II. DEFENDANT'S RULE 11 MOTION IS FUNDAMENTALLY UNFAIR

The Magistrate Judge's asymmetrical stay of proceedings - halting Plaintiff's motion to supplement while permitting Defendants to pursue sanctions - was contrary to law and fundamentally unfair. This one-sided stay effectively prevents Plaintiff from defending against potential sanctions while allowing Defendants to continue their aggressive litigation tactics. The stay is particularly problematic given that Defendants' Rule 11 motion appears to be based largely on service issues that are legitimately disputed under Maryland law. A party should not face sanctions for advancing reasonable legal arguments supported by statute and case law. *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003).

## III.   RULE 11 MOTION MUST BE STAYED UNTIL FRCP 7.1 COMPLIANCE

Rule 7.1 was amended in late 2022 specifically to require that "in an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must...file a disclosure statement" identifying the citizenship of every individual or entity whose citizenship is attributed to that party. Despite making multiple appearances and filings, Defendant NAI has failed to file:

1. The basic corporate disclosure statement required by Rule 7.1(a)(1) that enables judges to evaluate potential conflicts of interest

8

2. The mandatory diversity jurisdiction disclosure under Rule 7.1(a)(2)
3. Supplemental statements required by Rule 7.1(b)(2) when material information changes

These violations are not mere technical defects. They go to the heart of the Court's ability to assess its jurisdiction and potential conflicts. Defendants' December 11 letter claiming "*Livevideo ignored this Court's concern about diversity*" while willfully violating their own Rule 7.1 filing obligations exemplifies their tactical abuse of procedural rules. (Dkt. 65,68)

Defendants' failure to comply with this mandatory requirement while criticizing Plaintiff's jurisdictional allegations demonstrates their bad faith. The Court should not entertain Defendants' Rule 11 motion while they remain in violation of their own disclosure obligations. Doing so would reward their selective compliance with procedural rules and prejudice Plaintiff's ability to establish diversity jurisdiction.

These violations are particularly egregious given that Defendants, through the same counsel now seeking sanctions, have criticized Plaintiff's jurisdictional allegations while deliberately withholding information necessary to establish diversity jurisdiction. Before being permitted to seek sanctions against Plaintiff, Defendants should be required to comply with their own fundamental obligations under Rule 7.1. The Court should stay consideration of any Rule 11 motion until Defendants remedy their continuing violation of Federal Rule of Civil Procedure 7.1.

### IV. THE MAGISTRATE RULINGS LACK AUTHORITY

The Order improperly ventures into dispositive matters that exceed a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). Specifically, the Order's treatment of

9

Rule 4(m) dismissal implications and sanctions that could effectively terminate claims exceeds the scope of non-dispositive matters a magistrate may determine without all parties' consent. As the Second Circuit held in *New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.,* 954 F. 2d 847 (2d Cir. 1992), review of such dispositive matters must lie with the district court absent consent.

### A.   Erroneous Denial of Plaintiff's Rule 4(m) Extension Request Is Dispositive

First, the denial of Plaintiff's Rule 4(m) extension request was effectively dispositive, as it could result in dismissal of claims against defendants. The Second Circuit has held that a motion to dismiss for insufficient service of process is dispositive and cannot be finally determined by a magistrate judge absent consent.

### B.   Rule 11 Sanctions Are Dispositive

Similarly, the authorization of Rule 11 sanctions in these proceedings exceeded the magistrate's authority, as sanctions motions are the "functional equivalent of an independent claim" requiring de novo review by the district court. The Supreme Court has explicitly compared Rule 11 sanctions to criminal contempt charges, characterizing both as "separate and independent proceeding[s] at law that [are] not part of the original action." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). This Circuit follows the reasoning of the Sixth and Seventh Circuits that magistrate judges lack authority to issue orders imposing Rule 11 sanctions absent consent of the parties.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain these objections and modify the February 12 Order to: (1) lift the stay on Plaintiff's pending motions and establish a pending motion schedule; (2) stay consideration of any

Rule 11 motion until Defendants comply with Rule 7.1; and (3) grant such additional relief as the Court deems fit.

Dated: February 23, 2025.

CONSTANTS LAW OFFICES, LLC

*/s/ Alfred C. Constants III*
Alfred C. Constants III
115 Forest av neu, Unit 331
Locust Valley, NY 11560
516-200-9660
Constantslaw49@gmail.com
Attorneys for Livevideo.AI Corp

EXHIBIT #1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/12/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP.,

        Plaintiff,

-against-

SHARI REDSTONE, et al.,

        Defendants.

24-CV-6290 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed at today's show-cause hearing:

1. Plaintiff's oral motion for an extension of its time to serve process on defendants, made (for the first time) during today's hearing pursuant to Fed. R. Civ. P. 4(m), is DENIED.

2. In light of plaintiff's overnight filings, three of which appear to be proofs of service of process on individual defendants Redstone, Seligman, and Varney (Dkts. 79, 80, 81), the Court reserves on the question whether this action should be dismissed in its entirety pursuant to Rule 4(m).

3. Likewise, the Court reserves on the question whether plaintiff's counsel, Alfred C. Constants III, should be sanctioned pursuant to Fed. R. Civ. P. 16(f) for failing, without excuse, either to obey this Court's January 28, 2025 Order (Dkt. 74),[1] or to seek an adjournment in advance of the scheduled hearing. The Court notes that, during today's hearing, attorney Constants acknowledged that he received the January 28 order, but failed to calendar the February 6 show-cause hearing, and that this was his fault.

---

[1] The January 28 Order (i) denied plaintiff's motion (Dkt. 70) for reconsideration of my December 18, 2024 Order (Dkt. 69), which vacated the default previously entered against defendant National Amusements Incorporated (NAI); (ii) noted that the 90-day period for service of process had expired and that plaintiff had not (despite prompting from the Court, *see* Dkt. 69 at 3) requested an extension of that period; (iii) scheduled a show-case hearing for February 6, 2025; and (iv) directed attorney Constants to appear at that show-cause hearing in person.

4. Defendant NAI may file its planned motion for sanctions pursuant to Fed. R. Civ. P. 11 no later than **February 26, 2025**. Opposition papers are due no later than **March 12, 2025**. Reply papers are due no later than **March 19, 2025**. *See* Local Civ. R. 6.1(b).

5. Plaintiff's newly filed motions: (i) for leave to file a supplemental pleading (Dkt. 82), and (ii) for reconsideration of my January 28 Order (Dkt. 85) are STAYED pending the outcome of the Rule 11 motion.[2] Notwithstanding this stay, plaintiff may withdraw one or both of these motions, but must do so no later than **February 14, 2025**.

Attorney Constants is reminded that, pursuant to Rule 11(b), his signature on a motion or other Court filing (including the use of his ECF credentials to upload such a filing) constitutes his certification that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing "is not being presented for any improper purpose"; the legal contentions put forth therein "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and that the "factual contentions" set forth therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." It is a violation of this rule for an attorney to permit other persons to use his name or his ECF credentials to file documents that the attorney has not written or reviewed, or that he has not authorized. *See, e.g.*, *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*,

---

[2] The Notice of Motion at Dkt. 85, which is supported by the memorandum of law at Dkt. 86, seeks reconsideration of my January 28 Order, which – as noted above – denied plaintiff's *previous* motion for reconsideration of my December 18, 2024 Order. In substance, therefore, plaintiff appears to have made an unauthorized second motion for reconsideration of my December 18, 2024 Order after its first such motion was denied. Even more troubling is attorney Constants' admission, made during today's conference, that he did not write, review, or authorize plaintiff's newest set of motion papers, which were prepared by "a paralegal" and uploaded to this Court's ECF system between 8:46 and 8:49 this morning.

2

498 U.S. 533, 547 (1991) (individual signer has a "personal, nondelegable responsibility… to validate the truth and legal reasonableness of the papers filed"); *Amorosa v. General Electric Company*, 2022 WL 3577838, at *1 (S.D.N.Y. Aug. 19, 2022) (attorneys have a "personal non-delegable responsibility under Rule 11 to validate the truth and legal reasonableness of the papers filed").

Attorney Constants is directed to promptly provide a copy of this Order to his paralegal and to his client and to discuss its contents with them. Should attorney Constants once again permit the use of his name or ECF credentials to file documents that he did not personally write or review, or that he did not authorize, this Court will not hesitate to refer the matter to the Grievance Committee.

Dated: New York, New York
February 12, 2025         **SO ORDERED.**

*[signature]*
**BARBARA MOSES**
**United States Magistrate Judge**