UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIVEVIDEO.AI CORP.<br><br>      Plaintiff,<br><br>      v.<br><br>SHARI REDSTONE, NATIONAL AMUSEMENTS, INC., CHRISTINE VARNEY, MONICA SELIGMAN<br><br>      Defendants. | C.A. No. 1:24-CV-6290 (DEH) (BCM) |

**NOTICE OF DEFENDANT NATIONAL AMUSEMENTS, INC.'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11 AND THE COURT'S INHERENT POWERS**

**PLEASE TAKE NOTICE THAT** the undersigned attorneys for Defendant National Amusements Inc. ("NAI") will move before the Honorable Barbara Moses, United States Magistrate Judge, Southern District of New York, at the Daniel Patrick Moynihan United States Court House 500 Pearl Street, New York, New York 10007 at a date and time to be determined by the Court for an Order granting (a) NAI's Motion for Sanctions under Federal Rule of Civil Procedure 11 and the Court's inherent powers to impose sanctions against Plaintiff Livevideo.AI Corp ("Plaintiff"), and its counsel; and (b) such other relief as the Court may deem just and proper.

The Motion is based in principal part on the facts that (a) the claims advanced in the operative complaint in this action (Dkt. No. 35) (the "Complaint") are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and (b) the Complaint and this litigation more generally have been pursued in a way that improperly harasses NAI and furthers Plaintiff's and its principal's litigation campaign arising from unrelated events. The following facts demonstrate Plaintiff and his counsel have violated Rule 11:

1. Count I of the Complaint fails to state a claim for unfair competition.

2. Count II of the Complaint fails to state a claim for tortious interference with business relations.

3. Count III of the Complaint fails to state a claim for aiding and abetting breach of fiduciary duty and Plaintiff does not have standing to pursue such a claim.

4. Count IV of the Complaint fails to state a claim for unjust enrichment.

5. Count V of the Complaint fails to state a claim under the Dodd-Frank Act's Whistleblower Protection provisions.

6. Count VI of the Complaint fails to state a claim under the Computer Fraud and Abuse Act.

7. The Court lacks subject matter jurisdiction over this action because the parties are not diverse and Plaintiff does not plead any colorable federal claims.

Dated: February 26, 2025　　　　　　　　　　**ROPES & GRAY LLP**

　　　　　　　　　　By:　*/s/ Peter L. Welsh*
　　　　　　　　　　　　Peter L. Welsh
　　　　　　　　　　　　800 Boylston Street
　　　　　　　　　　　　Boston, MA 02199-3600
　　　　　　　　　　　　Tel: (617) 951-7000
　　　　　　　　　　　　Fax: (617) 951-7050
　　　　　　　　　　　　peter.welsh@ropesgray.com

　　　　　　　　　　　　*Attorney for Defendant National Amusements, Inc.*