**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIVEVIDEO.AI CORP.<br><br>    Plaintiff,<br><br>    v.<br><br>SHARI REDSTONE, NATIONAL AMUSEMENTS, INC., CHRISTINE VARNEY, MONICA SELIGMAN<br><br>    Defendants. | C.A. No. 1:24-CV-6290 (DEH) (BCM) |

**DEFENDANT NATIONAL AMUSEMENTS, INC.'S RESPONSE**
**TO PLAINTIFF LIVEVIDEO'S OBJECTION TO**
**MAGISTRATE JUDGE MOSES' FEBRUARY 12, 2025 ORDER**

Defendant National Amusements, Inc. ("NAI") opposes Plaintiff Livevideo.AI Corp.'s ("Livevideo") objection (Dkt. 118) (the "Objection") to Magistrate Judge Moses' February 12 Order (Dkt. 87) (the "Order").

After Livevideo spent months blanketing the docket with improper and incomprehensible filings while failing to properly serve any of the defendants, Magistrate Judge Moses ordered Livevideo's counsel to appear on February 12, 2025, to show cause as to why the action should not be dismissed and he should not be sanctioned under Rule 16(f) for having failed to inform the Court that he was unavailable for a previously scheduled conference. Dkt. 77.[1]

In the hours before the February 12 show-cause hearing, Livevideo, as has sadly become standard in this matter, made a flurry of filings—purported proofs of service (Dkts. 79-81); a motion to supplement its pleadings with a new federal claim (Dkts. 82-83); and a motion for reconsideration of the order denying its previous motion for reconsideration (Dkts. 85-86). Then, at the hearing, Livevideo's counsel made a number of astonishing admissions about these late-night filings, including that he did not prepare, review, or file the motion to supplement or the motion for reconsideration, even though they were submitted under his ECF credentials. Dkt. 90 at 22:2-24:11 ("MR. CONSTANTS: I filed the summonses and complaints last night. I believe that the others were filed by the paralegal."). When pressed, counsel for Livevideo could not offer any "procedural justification" for filing the motion to reconsider, and when asked to identify the filing's purpose, he simply said "I do not know, Judge." *Id.* at 23:15-24:1.

---

[1] NAI respectfully refers the Court to Magistrate Judge Moses' February 27 Order, Dkt. 123 at 2-11, for a thorough recitation of the events leading up to the order to show cause, as Livevideo's frivolous litigation has created a tortured record and NAI focuses here on the facts directly relevant to the Objection.

Following the show-cause hearing, Magistrate Judge Moses issued the Order, which memorialized her oral rulings from the hearing. As relevant here, the Order (i) stayed briefing on Livevideo's motion to supplement and motion for reconsideration, pending briefing and judgment on NAI's motion for Rule 11 sanctions; and (ii) given Livevideo's counsel's admission about not having drafted or reviewed those motions before they were filed under his ECF credentials, provided Livevideo's counsel the opportunity to withdraw those motions. Order ¶ 5. Livevideo withdrew the motion for reconsideration but declined the Court's invitation to withdraw the motion to supplement. *See* Dkts. 88-89.

On February 23, 2025, Livevideo filed the Objection pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).

## ARGUMENT[2]

The Court should uphold the Order and overrule Livevideo's Objection. Magistrate judges have "broad discretion in resolving nondispositive disputes." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). A motion to stay litigation is nondispositive, regardless of its scope. *See Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 227 n.1 (S.D.N.Y. 2020), *objs. overruled*, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021). Livevideo has conceded as much by objecting to the Order under Federal Rule 72(a), which governs nondispositive orders. Accordingly, Livevideo's objection to Magistrate Judge Moses' Order "must be overruled unless the ruling of the Magistrate Judge was 'clearly erroneous or contrary to law.'" *Williams*, 236 F. Supp. 3d at 803. "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lenjo v. Lui*, No. 17-cv-7431, 2018 WL 4954101, at *2 (S.D.N.Y. Oct. 12, 2018). And it "is contrary to law if it

---

[2] All internal citations and quotations are omitted and emphases are added unless otherwise noted.

fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* This is a "highly deferential standard." *Williams*, 236 F. Supp. 3d at 803.

Livevideo falls far short of carrying this "heavy burden." *See U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-cv-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007). Far from being clearly erroneous or contrary to law, the Order staying briefing on the motion to supplement was a proper exercise of Magistrate Judge Moses' discretion and inherent power to manage the Court's docket. The Objection fails to cite any relevant rule or precedent to support reversal of Magistrate Judge Moses' decision to stay briefing, and instead offers a series of non sequiturs and mischaracterizations. The Court should reject this baseless attempt to further delay dismissal of this frivolous case.

## I. LIVEVIDEO HAS NOT SHOWN THAT THE ORDER WAS CLEARLY ERRONEOUS OR CONTRARY TO LAW

Livevideo fails to show that the Order's stay of briefing on the motion to supplement was clearly erroneous or contrary to law. Staying briefing is of course well within Magistrate Judge Moses' discretion to manage the Court's docket. Livevideo has not been prejudiced by the Order, which stays briefing for a few weeks in a non-expedited case while the parties brief, and the Court adjudicates, NAI's Rule 11 motion for sanctions. The stay was also reasonable to protect Court resources and manage the defendants' burden in responding to Livevideo's serial and frivolous filings, including filings that Livevideo's counsel admitted that he did not read, review, or file. Accordingly, Livevideo fails to satisfy its heavy burden to show its objection should be sustained.

### A. Magistrate Judge Moses Properly Exercised Her Discretion in Entering the Stay of Briefing

Courts possess the inherent power "to control the disposition of the causes on [their] docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). "The power to stay proceedings is incidental

to the power inherent in every court to control" its dockets. *Id.* Accordingly, the "decision to stay proceedings is one that rests firmly within a district court's discretion." *Leslie v. Thompson Reuters Corp.*, No. 22-cv-07936 (JHR), 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023). Indeed, courts in this Circuit have routinely exercised their discretion *sua sponte* to stay proceedings "when the interests of justice seem to require such action." *UBS Sec. LLC v. Dondero*, 705 F. Supp. 3d 156, 171 (S.D.N.Y. 2023); *see Off-White LLC v. AEUNZN*, No. 1:21-cv-09613 (JLR), 2023 WL 199483, at *1 (S.D.N.Y. Jan. 17, 2023) ("The power to stay proceedings can be exercised *sua sponte*."); *Gonzalez v. Connecticut Dep't of Corr.*, No. 3:20-cv-00736(VAB), 2021 WL 1923785, at *7-8 (D. Conn. May 13, 2021) (noting that the court "*sua sponte* stayed all responses to any other pending motions until resolution of the motions to dismiss" following a barrage of motions filed by plaintiff).

It was well within Magistrate Judge Moses' power—and furthered the interests of justice—to issue a stay here. The Order is narrow, as it stays briefing on a single motion for a brief period of time. Under the schedule set by the Order, briefing of NAI's Rule 11 sanctions motion will be complete on March 19, 2025, only five weeks after the Order was issued. Order ¶ 4. As such, the stay did not prejudice Livevideo by imposing a meaningful delay. *See Leslie*, 2023 WL 6173511, at *2 ("[D]elay does not, without more, result in undue prejudice.").

Additionally, the stay appropriately limited the burden on NAI and the Court, given Livevideo's repeated failure to obey court orders and its incessant littering of the docket with frivolous filings. *See, e.g.*, *Gonzalez* 2021 WL 1923785, at *7-8. Livevideo's counsel admitted he *did not write, file, or even review* the two Livevideo motions that the Order addressed. *See* Dkt. 90 at 22-24. To require NAI to respond to, or the Court to adjudicate, such filings in advance of the Court's ruling on NAI's motion for sanctions makes little sense. *See Cooter & Gell v.*

-4-

*Hartmarx Corp.*, 496 U.S. 384, 398 (1990) ("Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay.").

### B.  Livevideo Mischaracterizes the Order

To manufacture error where none exists, the Objection mischaracterizes the Order. To start, contrary to Livevideo's contentions, the Order does not apply to "all" motions. *See* Objection at 7. The Order instead applies to only "Plaintiff's newly filed motions: (i) for leave to file a supplemental pleading (Dkt. 82), and (ii) for reconsideration of my January 28 Order (Dkt. 85)"— the latter of which Livevideo has withdrawn. Order ¶ 5. Clearly, the Order only stayed the briefing and adjudication of those two motions. Nor does the Order prevent Livevideo "from defending against potential sanctions." Objection at 8. Rather, the Order *set a briefing schedule on NAI's Rule 11 motion*. *See* Order ¶ 4 ("Opposition papers [to the motion for sanctions] are due no later than March 12, 2025."). NAI has now filed its sanctions motion, so Livevideo has a full and fair opportunity to respond.[3]

Then, perplexingly, while apparently conceding that the Order was nondispositive by objecting pursuant to Rule 72(a) (as opposed to 72(b), which governs dispositive orders), Livevideo contends that the Order exceeded Magistrate Judge Moses' authority because it was dispositive. Objection at 9-10. Motions to stay (even to stay actions in their entirety) are nondispositive. *See Chen-Oster*, 449 F. Supp. 3d at 227 n.1. Here, Livevideo mischaracterizes the Order as finally deciding whether to dismiss this action pursuant to Rule 4(m) and determining

---

[3]  Attempting to relitigate, once again, the issue of service, Livevideo incorrectly characterizes NAI's motion for sanctions as being premised upon "service issues that are legitimately disputed under Maryland law." Objection at 8. For one, these service issues are not "legitimately disputed," as this Court has already held. *See* Dkt. 123 at 11-17. In any event, NAI's sanctions motion is not premised on Livevideo's repeated inability to effect proper service, but instead on the litany of frivolous claims which it raised and continues press in the complaint, and on its vexatious litigation conduct in subjecting NAI to repeated frivolous motions like this one.

whether to impose sanctions under Rule 11.  Objection at 9-10.  But the Order was clear that Magistrate Judge Moses was reserving on dismissal under Rule 4(m),[3] and that she intends to issue a report and recommendation to the District Judge on that motion, not a final order.  Order ¶ 2; Dkt. 90 at 17:17-18:3 ("[S]hould I determine that the case should be dismissed pursuant to Rule 4(m) . . . I would have to make that recommendation to the district judge, and then there would be a 14-day objection period and so forth.").  As Magistrate Judge Moses explained during the February 12 show-cause hearing, because of ambiguity in Circuit case law,[4] she would write a report and recommendation to the District Judge on NAI's request for sanctions, or the District Court may choose to rule on that motion in the first instance.  Dkt. 90 at 25:15-19 ("So to the extent the Rule 11 motion is deemed to come within my referral, I will write a recommendation rather than an opinion and order.  Should the district judge choose to write on it himself, of course that will be his prerogative.").

## II.    ANY ALLEGED NONCOMPLIANCE WITH RULE 7.1 IS MOOT

Finally, Livevideo argues that the Court should "stay consideration of any Rule 11 motion until Defendants remedy their continuing violation of Federal Rule of Civil Procedure 7.1."  Objection at 9.  That argument, which is without merit and untimely,[5] is, in any case, moot.  As

---

[3]    Even if the Court considers Magistrate Judge Moses' denial of Livevideo's oral request at the hearing for an extension of time to serve the defendants separately from the decision of whether to dismiss the case under Rule 4(m), such rulings are not dispositive.  *See Green v. McKoy*, No. 922-cv-00044 (LEK), 2023 WL 2742143, at *7 (N.D.N.Y. Mar. 31, 2023) (treating a magistrate judge's denial of a motion to extend time to effect service under Rule 4(m) as nondispositive).

[4]    Livevideo quotes from a non-controlling concurrence in *Kiobel v. Millson* for the proposition that a Rule 11 motion for sanctions is dispositive because it "is the functional equivalent of an independent claim."  592 F.3d 78, 86 (2d Cir. 2010) (Cabranes, J., concurring); *see* Objection at 10.  But this concurrence is not the law of this Circuit.  *See, e.g.*, *Lobbin v. Shire LLC*, No. 19-2404, 2019 WL 11790577, at *1 (2d Cir. Dec. 6, 2019) ("The Court need not decide whether the imposition of attorney's fees as a Rule 11 sanction presents a dispositive or nondispositive issue, which the Court left unsettled in [*Kiobel*].").

[5]    Livevideo failed to raise NAI's supposed noncompliance with Rule 7.1 in any other filings—it cannot raise it for the first time in an objection to Magistrate Judge Moses' ruling.  *See*

Judge Moses observed in her February 27 Order, "NAI filed its Rule 7.1 statement on February 26, 2025." Dkt. 123 at 11 n.10; *see* Dkt. 119.

Livevideo claims that NAI or Ms. Redstone's alleged failure to timely file a Rule 7.1 statement impeded the Court's ability to assess whether diversity jurisdiction exists. Objection at 8-9. But Rule 7.1(a)(2) only applies "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)." Since filing its amended complaint, Livevideo has repeatedly claimed federal question jurisdiction alone as its basis for subject matter jurisdiction. *See, e.g.*, Dkt. 24 ¶ 3; Dkt. 32 ¶ 5; Dkt. 33 at 2; Dkt. 123 at 11 n.10 ("The FAC, like the original Complaint, relies entirely on this Court's federal question jurisdiction. *See* FAC ¶ 3. Not only is there no mention of 28 U.S.C. § 1332(a) anywhere in the FAC; plaintiff concedes the parties are not diverse. *See id.* ¶¶ 4, 6, 8."). In addition, the operative complaint already identifies Ms. Redstone—a non-corporate defendant not subject to Rule 7.1(a)(1)—as diverse from Livevideo. *See* Dkt. 35 ¶¶ 4-5; Dkt. 123 at 11 n.10 ("Because this is manifestly not a diversity case, the individual defendants – even if properly served and required to respond to the FAC – would have no obligations under Rule 7.1(a)(2)."); *see also LCF Grp., Inc. v. Columbia Steel, Inc.*, No. 23-cv-7983(JMA), 2024 WL 4393319, at *7 n.13 (E.D.N.Y. Sept. 17, 2024), *R. & R. adopted*, 2024 WL 4390173 (E.D.N.Y. Oct. 3, 2024) ("Corporate Disclosure Statements are not intended to relieve parties of their obligation to properly plead citizenship under applicable caselaw."). The alleged failure to file Rule 7.1 statements has no bearing whatsoever on the Order, or on Livevideo's burden to properly plead that this Court has jurisdiction.

---

*Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 299 (E.D.N.Y. 2013) (in reviewing an objection to a magistrate judge's ruling under Rule 72(a), "[a] district court ordinarily will not consider new arguments, evidence, or case law that could have been but were not presented to the magistrate judge").

-7-

Livevideo identifies no prejudice suffered by NAI's alleged failure to timely file its corporate disclosure statement. Nor could it because "Rule 7.1 is a procedural provision, which does not modify nor enlarge substantive rights or federal jurisdiction." *Knowyourmeme.com Network v. Nizri*, No. 20-cv-9869 (GBD), 2021 WL 4441523, at *2 (S.D.N.Y. Sept. 28, 2021), *aff'd*, 2023 WL 6619165 (2d Cir. Oct. 11, 2023) (cleaned up). Indeed, courts routinely excuse such delays and allow parties to correct any noncompliance with Rule 7.1. *See, e.g.*, *Del Mar TIC I, LLC v. Bancorp Bank*, No. 1:23-cv-08999 (JLR), 2023 WL 6811776, at *1 (S.D.N.Y. Oct. 16, 2023).

## CONCLUSION

For the reasons set forth above, this Court should deny the Objection to the Order.

Dated: March 10, 2025                                    **ROPES & GRAY LLP**

By:  */s/ Peter L. Welsh*
     Peter L. Welsh
     800 Boylston Street
     Boston, MA 02199-3600
     Tel: (617) 951-7000
     Fax: (617) 951-7050
     peter.welsh@ropesgray.com

     Martin J. Crisp
     Ani-Rae Lovell
     1211 Avenue of the Americas
     New York, NY 10036-8704
     Tel: (212) 596-9821
     Fax: (212) 596-9090
     martin.crisp@ropesgray.com
     ani-rae.lovell@ropesgray.com
     *Attorneys for Defendant National Amusements, Inc.*

## CERTIFICATION

The undersigned hereby certifies, pursuant to S.D.N.Y Local Civil Rule 6.3(c), that the foregoing Memorandum of Law contains 2,584 words exclusive of the caption and signature block.

By: /s/ *Ani-Rae Lovell*
Ani-Rae Lovell
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9821
Fax: (212) 596-9090
ani-rae.lovell@ropesgray.com

*Attorney for Defendant National Amusements, Inc.*