THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*

vs.

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,

    *Defendant's.*

CIVIL ACTION
C.A. NO. 1:24-CV-06290

_____/

**OBJECTION TO FEBRUARY 27, 2025 ORDER**

## INTRODUCTION AND SUMMARY

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiff Livevideo.AI Corp. ("Plaintiff") respectfully objects to the Court's February 27, 2025, Order (the "Order") (Dkt. 123) denying Plaintiff's requests for entry of default and which effectively terminates Plaintiff's ability to pursue its claims against these defendants. The Order is part of a pattern of asymmetrical treatment that has systematically disadvantaged Plaintiff while granting procedural advantages to Defendants. This uneven application of the rules violates fundamental principles of fairness and due process.

This objection is necessary because the Magistrate Judge's Order contains several clear errors of law and fact that substantially prejudice Plaintiff's rights. First, the Order improperly treats service of process determinations as non-dispositive matters within a Magistrate Judge's authority, when Second Circuit precedent establishes that such determinations are dispositive and require de novo review. Second, the Order erroneously concludes that service on Shari Redstone through Corporation Trust was ineffective, misapplying both Maryland and federal law. Third, the Order improperly denies Plaintiff's requests for entry of default against the individual defendants while simultaneously allowing defendants to proceed with their Rule 11 motion despite their ongoing violations of Federal Rule of Civil Procedure 7.1.[1] Finally, the Order fails to address Defendants' bad faith conduct

---

[1] The Plaintiff recently pointed out the February 26, 2025 FRCP Rule 7.1 certificate is defective. For instance, the most recent fifth amended defendant SEC S4 admits (i) NAI is controlled by another entity and such percentage ownership is greater then the FRCP 7.1 disclosure statement's 10% threshold  (ii) the existence of the 80% parent of NAI is necessary to make regulatory filings stating:

" Lawrence Ellison, Sumner M. Redstone National Amusements Part B General Trust (also known as NA Part B General Trust), and Skydance filed HSR Act Notification and Report Forms on July 19, 2024 with respect to the Transactions

throughout this litigation, including their deliberate concealment of material information in SEC filings.

## LEGAL STANDARD

A district court must modify or set aside a magistrate judge's order on non-dispositive matters that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A magistrate's ruling is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001). A ruling is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996).

---

that will bring entities controlled by the Ellison family into collective control of NAI and Paramount while merging Skydance into Paramount."

and this court may take judicial notice of the SEC and FCC filings;

NA Administration, LLC's "Commercial Broadcast Stations Non-Biennial Ownership Report (FCC Form 323) File Number: 0000245733 Submit Date: 2024-06-03", NA Administrative Trusts' "Commercial Broadcast Stations Non-Biennial Ownership Report (FCC Form 323) File Number: 0000245734 Submit Date: 2024-06-03", Sumner M. Redstone National Amusements Part B General Trust's "Commercial Broadcast Stations Biennial Ownership Report (FCC Form 323) File Number: 0000227410 Submit Date: 2023-11-21",

"NAI is controlled by the Sumner M. Redstone National Amusements Part B General Trust (also known as the NA Part B General Trust) (the "General Trust"), which owns 80% of the voting interest of NAI. NA Administration, LLC is the corporate trustee of the General Trust, and is governed by a seven member board of directors, which acts by majority vote (subject to certain exceptions), including with respect to the NAI shares held by the General Trust. Ms. Redstone is the Chairperson, CEO and President of NAI, is one of the seven directors of NA Administration, LLC" (page 18 Pluto Global February 12, 2025 54, (AMENDMENT NO. 5 TO FORM S-4 REGISTRATION STATEMENT"). (attached as Exhibit #1 to Memorandum In Opposition To Rule 11 Sanctions)

## BACKGROUND

On December 9, 2024, the Clerk entered default against NAI due to its failure to respond to the complaint (Dkt. 63). However, on December 11, NAI filed a letter-motion seeking to set aside the default (Dkt. 65), arguing it had not been served. Despite the lack of supporting affidavit or declaration, the Magistrate Judge vacated the default against NAI on December 18 (Dkt. 69).

On December 30, Plaintiff served Defendants Varney and Seligman by hand delivery. December 30, Defendants NAI and Redstone send 8 page single spaced Rule 11 Notice to Plaintiff waiving jurisdiction or acting to estop defendants from raising issue.[2] By February 11, 2025, Plaintiff sought leave to supplement its complaint (Dkt. 82) with federal securities law claims relating to Defendants' misleading SEC filings. The Magistrate Judge issued an order on February 12 following a show-cause hearing (Dkt. 87), staying Plaintiff's motion and setting a briefing schedule for NAI's anticipated Rule 11 motion.

Between February 18 and 19, Plaintiff requested Certificates of Default against Defendants Redstone, Varney, and Seligman for their failure to respond (Dkts. 92-108, 113). On February 19, Defendants NAI and Redstone opposed these requests through a letter-motion (Dkt. 109). Finally, on February 27, the Magistrate denied Plaintiff's requests for entry of default against all three individual defendants in the challenged Order.

## LEGAL ARGUMENT

---

[2] "Corp. of Ireland, the U.S. Supreme Court said that "the requirement of personal jurisdiction may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue . . . . The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not." 456 U.S. at 704-0516: see also Northbrook Bank & Trust Co. v. 300 Level, Inc., 37 N.E.3d 857, 863 (Ill. App. 2015) ("[A] defendant can validly waive service, even without filing.)

## I. THE MAGISTRATE JUDGE EXCEEDED HER AUTHORITY BY MAKING DISPOSITIVE DETERMINATIONS REGARDING SERVICE OF PROCESS

The Magistrate Judge's Order exceeds her authority under 28 U.S.C. § 636(b)(1)(A) because determinations regarding the sufficiency of service of process are dispositive matters that require de novo review by the district court. The Second Circuit has recognized that motions to dismiss for insufficient service of process are dispositive because they effectively terminate a claim. See Williams v. Beemiller, Inc., 527 F.3d 259, 266 (2d Cir. 2008).

By denying Plaintiff's requests for entry of default based on determinations that service was ineffective, the Magistrate Judge has effectively dismissed Plaintiff's claims against the individual defendants. This is particularly true given:

1. The Magistrate Judge's prior denial of Plaintiff's oral motion for an extension of time to effect service under Rule 4(m);

2. Her erroneous determination that no defendants may be served with process after the Rule 4(m) deadline unless authorized by the Court;

3. The expiration of the 90-day service period under Rule 4(m); and

4. The denial of Plaintiff's request for an extension.

The combined effect of these rulings is to terminate Plaintiff's ability to pursue its claims against these defendants, a result that exceeds the Magistrate Judge's authority under § 636(b)(1)(A).

Moreover, the Magistrate Judge's Order is inextricably intertwined with her earlier ruling on the Rule 4(m) motion, which itself was dispositive in nature. A Rule 4(m) dismissal is the functional equivalent of a Rule 41(b) involuntary dismissal, which is expressly listed as a dispositive motion under § 636(b)(1)(A).

The proper procedure would have been for the Magistrate to issue a report and recommendation to the District Judge regarding both the Rule 4(m) motion and the

requests for entry of default. By failing to do so, the Magistrate has deprived Plaintiff

of its right to de novo review by the District Judge on these dispositive matters.

## II. THE MAGISTRATE JUDGE'S DETERMINATION THAT SERVICE WAS INEFFECTIVE IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

### A. Service on NAI Was Effective

The Magistrate Judge's finding that service on NAI was ineffective because

Plaintiff served the "wrong pleading" is clearly erroneous. The record shows that on

November 6, 2024, Plaintiff's process server delivered a summons and amended

complaint to Corporation Trust Incorporated, NAI's registered agent in Maryland.

This finding is clearly erroneous for several reasons:

1. The document served on NAI provided adequate notice of the claims against

it, which is the fundamental purpose of service of process. See Henderson v. United

States, 517 U.S. 654, 672 (1996).

2. The Magistrate Judge failed to apply the liberal construction of service rules

required by Federal Rule of Civil Procedure 4(c)(1).

3. NAI had actual notice of this action, as evidenced by its prompt appearance

through counsel on December 11, 2024, just days after the default was entered.

4. Any technical differences between the served document and the operative

complaint were not material to NAI's ability to respond to the claims against it.[3]

On September 13, 2024, the Plaintiff formally submitted its first amended

complaint (Dkt 32), a fact further affirmed by Plaintiff's Reply to the OSC filed on

the same day (Dkt 33). The Court, soon after, requested the Plaintiff to "re-file" Dkt

32 as it lacked the inclusion of all parties in the Electronic Court Filing (ECF).

Notably, on September 16, 2024, three days later, in ordering that Dkt 32 be "re-filed," the Court implicitly acknowledged that owing to a scrivener's error in the document title, which failed to prefix the word "FIRST" before "AMENDED COMPLAINT", it was indeed meant to be "its First Amended Complaint".".

> Plaintiff, LiveVideo.AI Corp., (hereinafter "Plaintiff" or "Live") hereby alleges, for its First Amended Complaint against Defendants, SHARI REDSTONE, NATIONAL AMUSEMENTS, INC., CHRISTINE VARNEY, and MONICA SELIGMAN, and DOES 1-10 (hereinafter collectively the "Defendants"), as follows:
>
> 1. Plaintiff, LiveVideo.AI Corp, is a New York based Artificial Intelligence technology

(Dkt 32 page one image above) The first amended complaint and OSC Reply, Dkt No. 33, were included in this filing. However, the new and different amended complaint filed as Dkt 35 was not served on the defendants, as it was not the same September 3, 2024 signed complaint that was filed to meet the Magistrate's OSC deadline of September 13, 2024. Serving Dkt 35 would have contradicted Plaintiff's OSC Reply, which specifically references three paragraphs from Dkt 32 that were erroneously omitted from the incorrect amended complaint submitted as Dkt 35.

Dkt 32, the amended complaint served on the defendants, establishes jurisdiction under 1367 for supplemental jurisdiction. When the court ordered the re-filing of the September 16, 2024 Dkt 32 to include all defendants' names in the ECF system, Plaintiff mistakenly submitted a new version of Dkt 32. This new version, also titled as a first amended complaint and signed on September 3, 2024 like Dkt 32, had 49 out of 51 pages identical to Dkt 32. However, Dkt 35 failed to

amend the sections that Dkt 32's first amended complaint was intended to address, as promised to the Magistrate in the Reply to OSC filed the same day. These amendments included adding 1367 supplemental jurisdiction, 1391(b) instead of 1391(b)(2), and identifying 1331 jurisdiction for the first time.

Conversely, Dkt 35 reverses the amendments made in Dkt 32, which is the first amended complaint served on the defendants and the exact September 13, 2024 pleading that aligns with Plaintiff's Reply To Magistrate OSC filed on the same day. The Reply explicitly cites the new statutes 1391(b)(2), 1331, and 1367 for the first time, none of which appear in the erroneously filed Dkt 35 that was not served on the defendants.

Docket 35 is not the amended complaint referenced in the Magistrate's findings or the Plaintiff's Reply filed on September 13, 2024. The Plaintiff should benefit from the Magistrate's oversight of this non-conformity and avoid the error of retroactively creating an "operative" complaint through an Order (Dkt 47) concerning the denied Dkt 44 second amended complaint. The Plaintiff never read that Order, assuming Dkt 44's denial wouldn't transform it into a judgment making Dkt 35 the "operative" complaint without verifying compliance with the Court's September 16th Order to re-file Dkt 32, the original first amended complaint. This would make Dkt 47 a dispositive ruling, effectively ending the case. The Magistrate overlooks her own OSC Dkt 33 from September 11, 2024, and ignores the Plaintiff's successful response to the OSC (Dkt 33) before the Court's request to re-file Dkt 32 on September 16, 2024. Dkt 35, filed erroneously and not served, lacks the

jurisdiction basis in its "Jurisdiction And Venue" section. The Magistrate should

adjust or amend the evidence to allow Dkt 32 to be re-filed as Dkt 35, as intended

by both the Court and the Plaintiff. Notably, both Dkt 35's second amended

complaint and Dkt 32 are 51 pages long, signed on September 3, 2024, with the

same defendants and causes of action, differing only in three revised paragraphs on

the first two pages. a *"technical violation of the rule" or a "failure of strict

compliance may not invalidate the service of process" when a defendant has received

actual notice of a case. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d

1087, 1089 (4th Cir. 1984).*

### B. Service on Shari Redstone Was Effective

    The Magistrate Judge's finding that service on Shari Redstone was ineffective

is also clearly erroneous and contrary to law. The Magistrate Judge found that

delivery to Corporation Trust did not constitute good service on Ms. Redstone because

Corporation Trust was not authorized to accept service on her behalf.

    This finding is contrary to Maryland law for the following reasons:

    1. Md. Code Ann., Corps. & Ass'ns § 1-401(b)(2) provides that service on a

corporation's resident agent constitutes service on the corporation's officers and

directors in certain circumstances.

    2. As President of NAI and Chairperson of Paramount Global, Ms. Redstone is

an "officer of a corporation" within the meaning of § 1-401(b)(2).

    3. Service on Ms. Redstone through Corporation Trust was also effective under

Rule 4(e)(2)(C), which permits service on an individual by delivering a copy of the

summons and complaint to an "agent authorized by appointment or by law to receive

service of process."

4. The Magistrate Judge's reliance on Md. Code Ann., Cts. & Jud. Proc. § 6-102.1(b) is misplaced, as it applies specifically to directors, not officers like Ms. Redstone.

### C. Service on Defendants Varney and Seligman Was Effective

The Magistrate Judge's conclusion that service on defendants Varney and Seligman was ineffective is also clearly erroneous. The Order incorrectly states that Plaintiff "failed to follow up with the required mailing" under N.Y.C.P.L.R. § 308(2).

This finding is erroneous for the following reasons:

1. The finding is not supported by the record. Plaintiff's process server attested that she served both defendants by hand delivery to their respective places of business.

2. The Order assumes, without evidence, that Plaintiff did not complete the follow-up mailing required by § 308(2).

3. This assumption is contrary to the presumption of regularity that attaches to a process server's sworn statement. See De Curtis v. Ferrandina, 529 Fed. Appx. 85, 85-86 (2d Cir. 2013).

4. To rebut this presumption, Defendants must provide affidavits denying receipt of the follow-up mailing, which they have not done.

5. Even if there was a technical defect in service, it should not render service ineffective where defendants had actual notice of the action through their counsel's active participation.

### III. THE MAGISTRATE JUDGE'S APPLICATION OF RULE 4(m) WAS CLEARLY ERRONEOUS

The Magistrate Judge's application of Rule 4(m) to deny the validity of service on Defendants Varney and Seligman is clearly erroneous because:

1. The Court never formally dismissed the action under Rule 4(m), making the December 16, 2024 deadline a nullity.

2. Rule 4(m) provides that "if the plaintiff shows good cause for the failure [to serve within 90 days], the court must extend the time for service for an appropriate period."

3. The Magistrate Judge failed to address whether good cause existed for Plaintiff's delay in serving defendants Varney and Seligman.

4. Good cause clearly existed, including:

a. Plaintiff's active engagement in litigation regarding service on NAI

b. Practical difficulties in locating and serving individual defendants

c. Confusion caused by inconsistent rulings regarding the operative complaint

5. Even absent good cause, the Magistrate Judge had discretion to extend the time for service, which she failed to consider.

6. The Magistrate Judge failed to consider the prejudice to Plaintiff from dismissal, as required by Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007).

## IV. THE MAGISTRATE JUDGE'S DENIAL OF DEFAULT ENTRIES IS CONTRARY TO LAW AND CLEARLY ERRONEOUS

The Magistrate Judge's denial of Plaintiff's requests for entry of default against defendants Redstone, Varney, and Seligman is contrary to law and clearly erroneous for the following reasons:

1. Under Federal Rule of Civil Procedure 55(a), the clerk must enter a default when a party has failed to plead or otherwise defend, as demonstrated by affidavit or otherwise.

2. Plaintiff submitted affidavits showing that defendants were properly served but failed to respond within the required timeframe.

3. The Magistrate Judge improperly prejudged potential Rule 55(c) motions by denying the requests based on speculation that defaults would later be set aside.

4. This approach deprived Plaintiff of its right to seek entry of default in the first instance and improperly merged the distinct steps of entry of default under Rule 55(a) and setting aside default under Rule 55(c).

5. The Magistrate Judge's reliance on Local Civil Rule 55.1 to deny the entry of default is misplaced, as it does not provide an independent basis for denial where the substantive requirements of Rule 55(a) are met.

6. The proper procedure under Rule 55 requires the clerk to enter defaults based on affidavits of service and defendants' failure to respond, allowing defendants to move to vacate those defaults if they wish to contest service or raise other defenses.

7. By preemptively denying the requests for entry of default, the Magistrate Judge improperly deprived Plaintiff of critical procedural protections afforded by Rule 55 and violated basic principles of adversarial justice.

## V. THE MAGISTRATE JUDGE'S STAY OF PLAINTIFF'S PENDING MOTIONS EXCEEDS HER AUTHORITY AND PREJUDICES PLAINTIFF

The Magistrate Judge's February 12, 2025 Order staying Plaintiff's pending motions, including its motion for leave to file a supplemental pleading, exceeds her authority and prejudices Plaintiff's ability to pursue its claims for the following reasons:

1. The motion to supplement seeks to add federal securities law claims based on Defendants' allegedly false and misleading SEC filings.

2. These claims are time-sensitive and directly related to the ongoing Paramount-Skydance merger.

3. The stay creates an asymmetrical procedural posture by allowing NAI to proceed with its Rule 11 motion while preventing Plaintiff from pursuing potentially meritorious federal claims.

4. The determination to stay Plaintiff's motion for leave to supplement is effectively dispositive, as it prevents Plaintiff from amending its pleading to add claims that may be subject to statutes of limitations or other time constraints.

5. This exceeds the Magistrate Judge's authority under § 636(b)(1)(A).

### CONCLUSION

These errors have fundamentally prejudiced Plaintiff's ability to pursue its claims against defendants who have engaged in a coordinated strategy to evade service while continuing to make public misrepresentations about the status of this litigation in SEC filings and FCC proceedings. The threshold inquiry for proper service under Rule 4 is whether the defendants received actual notice of the proceedings. The evidence clearly demonstrates that all defendants had actual notice of this action, including defendant Redstone sending Plaintiff a Rule 11 Sanctions Safe Harbor Letter on December 30, 2024 which confirms her indepth reviews of the "allegations and claims asserted against the NAI Defendants in the Complaint and every version of the complaint filed to date are frivolous." yet they have engaged in procedural gamesmanship to avoid addressing the merits of Plaintiff's claims. The Order rewards this conduct while prejudicing Plaintiff's ability to present its case. The Order should be modified to lift the denial of default entries, reinstate the default against NAI, and permit Plaintiff to proceed with its claims against all defendants.

Dated this 12th day of March, 2025.

CONSTANTS LAW OFFICES, LLC

By /s/ Alfred C. Constants III

Alfred C. Constants III, Esq.
Constants Law Offices, LLC.
115 Forest Ave., Unit 331
Locust Valley, NY 11560
Email: Constantslaw49@gmail.com
Attorney For Plaintiff

Exhibit
1

EH-BCM    Document 126    Filed 03/

and enhanced change of control severance benefits on certain qualifying terminations following the Closing.

Furthermore, the New Paramount Board will consist of up to 13 members designated by Skydance prior to the Closing, including David Ellison.

Additionally, pursuant to the NAI Transaction, the NAI Equity Investors agreed to purchase, upon the terms and subject to the conditions set forth in the NAI Stock Purchase Agreement, all of the outstanding equity interests of NAI from the NAI Shareholders. As a beneficiary of the NAI Shareholders, Ms. Redstone will receive a portion of the proceeds from the NAI Transaction. Ms. Redstone is the non-executive Chair of the Paramount Board. As of December 31, 2024, Ms. Redstone was the beneficial owner of 52,226 cash-settled Paramount Class A common stock phantom units, 61,939 cash-settled Paramount Class B common stock phantom units, and 617,409 shares of Paramount Class B common stock, which includes 177,326 vested, deferred Paramount RSU Awards. Ms. Redstone is a beneficiary of the NAI Shareholders, and as of December 31, 2024, NAI beneficially owned, directly and through two wholly-owned subsidiaries, approximately 77.4% of the Paramount Class A common stock outstanding and approximately 9.5% of the Paramount Class A common stock and Paramount Class B common stock outstanding on a combined basis. NAI is controlled by the Sumner M. Redstone National Amusements Part B General Trust (also known as the NA Part B General Trust) (the "General Trust"), which owns 80% of the voting interest of NAI. NA Administration, LLC is the corporate trustee of the General Trust, and is governed by a seven member board of directors, which acts by majority vote (subject to certain exceptions), including with respect to the NAI shares held by the General Trust. Ms. Redstone is the Chairperson, CEO and President of NAI, is one of the seven directors of NA Administration, LLC and one of two directors who are beneficiaries of the General Trust. Ms. Redstone also has a minority indirect beneficial interest in the Paramount Class A common stock and the Paramount Class B common stock owned by NAI (and its wholly-owned subsidiaries).

In connection with the NAI Transaction, (i) the NAI Shareholders, (ii) certain directors and officers of NAI, including Ms. Redstone in her capacity as Chairperson, CEO and President of NAI (such individuals, the "NAI D&O Indemnitees") and (iii) NAI and NAIEH entered into an indemnification and contribution agreement, which terminated and superseded certain existing indemnification arrangements among the parties thereto and provided the NAI Shareholders and the NAI D&O Indemnitees with certain indemnification rights relating to the Transactions and the NAI Transaction from NAI and NAIEH capped at a maximum of $200 million. Affiliates of the NAI Equity Investors have guaranteed the payment and performance of the foregoing indemnification obligations of NAI and NAIEH, subject to the limitations set forth in the indemnification and contribution agreement.

For further information, see the sections entitled *"Interests of Affiliates in the Transactions—Interests of Paramount Affiliates in the Transactions—Interests of Paramount's Executive Officers and Directors in the Transactions"* and *"Risk Factors—Risks Relating to the Transactions—Executive officers, directors and affiliates of Paramount and Skydance may have interests in the Transactions that are different from, or in addition to, the rights of the Paramount stockholders and Skydance equityholders, respectively"* beginning on pages 286 and 56, respectively, of this information statement/prospectus.

**Q:** **Will I still be paid dividends prior to the completion of the Transactions?**

**A:** Prior to the completion of the Transactions, Paramount may establish a record date for, declare and pay (a) quarterly cash dividends consistent with past practice, each in an amount no greater than $0.05 per share of Paramount Class A and Class B common stock, and (b) mandatory dividends or distributions required pursuant to its organizational documents as in effect on July 7, 2024, if any. For more information regarding the payment of dividends, see the section entitled *"Summary of the Transaction Agreement—Covenants and Agreements—Conduct of Business by Paramount"* beginning on page 191 of this information statement/prospectus.

18



(REFERENCE COPY - Not for submission)

## Commercial Broadcast Stations Non-Biennial Ownership Report (FCC Form 323)

File Number: **0000245733**  Submit Date: **2024-06-03**  FRN: **0035486323**

Purpose: **Commercial Broadcast Stations Non-Biennial Ownership Report**  Status: **Receiv**
**06/03/2024**  Filing Status: **Active**

### Section I - General Information

**1. Respondent**

| FRN | Entity Name |
|---|---|
| 0035486323 | NA Administration, LLC |

| Street Address | City (and Country if non U.S. address) | State ("NA" if non-U.S. address) | Zip Code | Phone |
|---|---|---|---|---|
| c/o Quarles & Brady LLP 1395 Panther Lane, Suite 300 | Naples | FL | 34109 | +1 (239) 4965 |

**2. Contact Representative**

| Name | Organization |
|---|---|
| Matthew S. DelNero | Covington & Burling LLP |

| Street Address | City (and Country if non U.S. address) | State | Zip Code | Phone |
|---|---|---|---|---|
| One CityCenter 850 Tenth Street, NW | Washington | DC | 20001 | +1 (202) 662 |

**3. Application Filing Fee**

Not Applicable

When filing a biennial owner
and resubmitting a prior bie:
date must be Oct. 1 of the ye
filed.

**5. Licensee(s) /Permittees(s) and Station(s) /Permit(s)**

Respondent is filing this report to cover the following Licensee(s)/Permittee(s) and

| Licensee/Permittee Name | FRN |
|---|---|
| CBS Broadcasting Inc. | 00034821i |

| Fac. ID No. | Call Sign | City |
|---|---|---|
| 9610 | WCBS-TV | NEW YORK |
| 9617 | WBBM-TV | CHICAGO |
| 9628 | KCBS-TV | LOS ANGELES |
| 9629 | WCCO-TV | MINNEAPOLIS |
| 9640 | KCCW-TV | WALKER |
| 25452 | KPIX-TV | SAN FRANCISCO |
| 25453 | KYW-TV | PHILADELPHIA |
| 25454 | KDKA-TV | PITTSBURGH |
| 72123 | WWJ-TV | DETROIT |

| Licensee/Permittee Name | FRN |
|---|---|
| CBS Television Stations Inc. | 0004425 |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 47902 | WFOR-TV | MIAMI | FL |
| 47903 | KCNC-TV | DENVER | CO |

| Licensee/Permittee Name | FR |
|---|---|
| Miami Television Station WBFS Inc. | 00 |



Los Angeles Television Station KCAL LLC

| Fac. ID No. | Call Sign | City | St |
|---|---|---|---|
| 21422 | KCAL-TV | LOS ANGELES | C |

| Licensee/Permittee Name | FR |
|---|---|
| Sacramento Television Stations Inc. | 00 |

| Fac. ID No. | Call Sign | City | S |
|---|---|---|---|
| 51499 | KMAX-TV | SACRAMENTO | C |
| 56550 | KOVR | STOCKTON | C |

| Licensee/Permittee Name |
|---|
| San Francisco Television Station KBCW Inc. |

| Fac. ID No. | Call Sign | City | S |
|---|---|---|---|
| 69619 | KPYX | SAN FRANCISCO | C |

| Licensee/Permittee Name | FF |
|---|---|
| Atlanta Television Station WUPA Inc. | 00 |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 6900 | WUPA | ATLANTA | GA |

| Licensee/Permittee Name | FRN |
|---|---|
| Television Station KTXA Inc. | 0002057 |

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 51517 | KTXA | FORT WORTH | T) |

| Licensee/Permittee Name |
|---|
| Pittsburgh Television Station WPCW Inc. |

Detroit Television Station WKBD Inc.

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 51570 | WKBD-TV | DETROIT | MI |

| Licensee/Permittee Name | | FRN |
|---|---|---|
| CBS LITV LLC | | 002135517 |

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 73206 | WLNY-TV | RIVERHEAD | NY |

| Licensee/Permittee Name |
|---|
| Philadelphia Television Station WPSG Inc. |

| Fac. ID No. | Call Sign | City | St |
|---|---|---|---|
| 12499 | WPSG | PHILADELPHIA | P. |

| Licensee/Permittee Name | | FRN |
|---|---|---|
| The CW Television Stations Inc. | | 0003- |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 23428 | KSTW | TACOMA | WA |

| Licensee/Permittee Name | | FR |
|---|---|---|
| CBS Stations Group of Texas LLC. | | 002 |

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 23422 | KTVT | FORT WORTH | TX |

### Section II – Non-Biennial Ownership Information

**1. 47 C.F.R.
Section 73.3613
and Other**

Licensee/Permittee Respondents should list all contracts and other instruments set forth in 47 C.
through (c) for the facility or facilities listed on this report. In addition, attributable Local Marketing
attributable Joint Sales Agreements (JSAs) must be disclosed by the licensee of the brokering st
the agreement is an attributable LMA, an attributable JSA, or a network affiliation agreement, oth

Entities with an identical ownership structure may includes holders of other entities in separate ownership reports. In such a structure do not report, or file a separate report for any entity an attributable interest in the Licensee(s) or Permittee(s) for which the report is being submitted.

Please see the Instructions for further detail concerning interests that must be reported in respor

The Respondent must provide an FCC Registration Number for each interest holder reported in Please see the Instructions for detailed information and guidance concerning this requirement.

| Ownership Information | | | |
|---|---|---|---|
| FRN | 0035486323 | | |
| Entity Name | NA Administration, LLC | | |
| Address | PO Box | | |
| | Street 1 | c/o Quarles & Brady LLP | |
| | Street 2 | 1395 Panther Lane, Suite 300 | |
| | City | Naples | |
| | State ("NA" if non-U.S. address) | FL | |
| | Zip/Postal Code | 34109 | |
| | Country (if non-U.S. address) | United States | |
| Listing Type | Respondent | | |
| Positional Interests (check all that apply) | Respondent | | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 0.0% | |
| | Total assets (Equity Debt Plus) | 0.0% | |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

| Ownership Information | |
|---|---|
| FRN | 0019287812 |
| Name | Shari Redstone |
| Address | PO Box |

| Positional Interests (check all that apply) | Director | |
|---|---|---|
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

## Ownership Information

| FRN | 0023078280 | |
|---|---|---|
| Name | Tyler J. Korff | |
| Address | PO Box | |
| | Street 1 | 846 University Avenue |
| | Street 2 | |
| | City | Norwood |
| | State ("NA" if non-U.S. address) | MA |
| | Zip/Postal Code | 02062-2631 |
| | Country (if non-U.S. address) | United States |
| Listing Type | Other Interest Holder | |
| Positional Interests (check all that apply) | Director | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

## Ownership Information

| FRN | 0019283480 |
|---|---|

| Listing Type | Other Interest Type | |
|---|---|---|
| Positional Interests (check all that apply) | Director | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

---

**Ownership Information**

| FRN | 2130017771 | |
|---|---|---|
| Name | Norman I. Jacobs | |
| Address | PO Box | |
| | Street 1 | 846 University Avenue |
| | Street 2 | |
| | City | Norwood |
| | State ("NA" if non-U.S. address) | MA |
| | Zip/Postal Code | 02062-2631 |
| | Country (if non-U.S. address) | United States |
| Listing Type | Other Interest Holder | |
| Positional Interests (check all that apply) | Director | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

---

**Ownership Information**

| | Country (if non-U.S. address) | United States |
|---|---|---|
| Listing Type | Other Interest Holder | |
| Positional Interests (check all that apply) | Director | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

| Ownership Information | | |
|---|---|---|
| FRN | 0027240225 | |
| Name | Jill S. Krutick | |
| Address | PO Box | |
| | Street 1 | 846 University Avenue |
| | Street 2 | |
| | City | Norwood |
| | State ("NA" if non-U.S. address) | MA |
| | Zip/Postal Code | 02062-2631 |
| | Country (if non-U.S. address) | United States |
| Listing Type | Other Interest Holder | |
| Positional Interests (check all that apply) | Director | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

| | Zip/Postal Code | 03 | |
| | Country (if non-U.S. address) | United States | |
| Listing Type | Other Interest Holder | | |
| Positional Interests (check all that apply) | Director | | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% | |
| | Total assets (Equity Debt Plus) | 0.0% | |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

## Ownership Information

| FRN | 0035511716 | |
| Entity Name | NA Administrative Trust | |
| Address | PO Box | |
| | Street 1 | c/o Quarles & Brady LLP |
| | Street 2 | 1395 Panther Lane, Suite 300 |
| | City | Naples |
| | State ("NA" if non-U.S. address) | FL |
| | Zip/Postal Code | 34109 |
| | Country (if non-U.S. address) | United States |
| Listing Type | Other Interest Holder | |
| Positional Interests (check all that apply) | Stockholder | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 0.0% |
| | Total assets (Equity Debt Plus) | 0.0% |



| Family Relationships | | |
|---|---|---|
| FRN | 0019287612 | Name | Shan |
| FRN | 0023078280 | Name | Tyler |
| Relationship | Parent/Child | | |

(d) Is Respondent seeking an attribution exemption for any officer or director with duties wholly unrelated to the Licensee(s)?

If "Yes," complete the information in the required fields and submit an Exhibit fully describing that individual's duties and responsibilities, and explaining why that individual should not be attributed an interest.

**Certification**

| Section | Question | Response |
|---|---|---|
| Authorized Party to Sign | WILLFUL FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY FINE AND/OR IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001), AND /OR REVOCATION OF ANY STATION LICENSE --OR CONSTRUCTION PERMIT (U.S. CODE, TITLE 47, SECTION 312(a)(1)), AND/OR FORFEITURE (U.S. CODE, TITLE 47, SECTION 503). | |
| Certification | I certify that I have examined this report and that to the best of my knowledge and belief, all statements in this report are true, correct and complete. | Official Title: Dire Exact Legal Title Administration, Name: Tyler Kor Phone: 7814611€ 06/03/2024 |



Approved by OMB

### Commercial Broadcast Stations Non-Biennial Ownership Report (FCC Form 323)

(REFERENCE COPY - Not for submission)

File Number: **0000245734**   Submit Date: **2024-06-03**   FRN: **0035486323**

Purpose: **Commercial Broadcast Stations Non-Biennial Ownership Report**   Status: **Receiv**

**06/03/2024** | Filing Status: **Active**

## Section I - General Information

**1. Respondent**

| FRN | Entity Name | | | | |
|---|---|---|---|---|---|
| 0035511716 | NA Administrative Trust | | | | |

| Street Address | City (and Country if non U.S. address) | State ("NA" if non-U.S. address) | Zip Code | Phone |
|---|---|---|---|---|
| c/o Quarles & Brady LLP 1395 Panther Lane, Suite 300 | Naples | FL | 34109 | +1 (239) 4965 |

**2. Contact Representative**

| Name | Organization |
|---|---|
| Matthew S. DelNero | Covington & Burling LLP |

| Street Address | City (and Country if non U.S. address) | State | Zip Code | Phone |
|---|---|---|---|---|
| One CityCenter 850 Tenth Street, NW | Washington | DC | 20001 | +1 (202) 66 |

**3. Application Filing Fee**

Not Applicable

When filing a biennial owner
and resubmitting a prior bie
date must be Oct. 1 of the ye
filed.

**5. Licensee(s) /Permittees(s) and Station(s) /Permit(s)**

Respondent is filing this report to cover the following Licensee(s)/Permittee(s) and

| Licensee/Permittee Name | FRN |
|---|---|
| CBS Broadcasting Inc. | 00034821I |

| Fac. ID No. | Call Sign | City |
|---|---|---|
| 9610 | WCBS-TV | NEW YORK |
| 9617 | WBBM-TV | CHICAGO |
| 9628 | KCBS-TV | LOS ANGELES |
| 9629 | WCCO-TV | MINNEAPOLIS |
| 9640 | KCCW-TV | WALKER |
| 25452 | KPIX-TV | SAN FRANCISCO |
| 25453 | KYW-TV | PHILADELPHIA |
| 25454 | KDKA-TV | PITTSBURGH |
| 72123 | WWJ-TV | DETROIT |

| Licensee/Permittee Name | FRN |
|---|---|
| CBS Television Stations Inc. | 0004425 |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 47902 | WFOR-TV | MIAMI | FL |
| 47903 | KCNC-TV | DENVER | CO |

| Licensee/Permittee Name | FR |
|---|---|
| Miami Television Station WBFS Inc. | 00 |

Los Angeles Television Station KCAL LLC

| Fac. ID No. | Call Sign | City | S |
|---|---|---|---|
| 21422 | KCAL-TV | LOS ANGELES | C |

| Licensee/Permittee Name | | | FR |
|---|---|---|---|
| Sacramento Television Stations Inc. | | | 00 |

| Fac. ID No. | Call Sign | City | S |
|---|---|---|---|
| 51499 | KMAX-TV | SACRAMENTO | C |
| 56550 | KOVR | STOCKTON | C |

| Licensee/Permittee Name |
|---|
| San Francisco Television Station KBCW Inc. |

| Fac. ID No. | Call Sign | City | S |
|---|---|---|---|
| 69619 | KPYX | SAN FRANCISCO | C |

| Licensee/Permittee Name | | | FF |
|---|---|---|---|
| Atlanta Television Station WUPA Inc. | | | 00 |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 6900 | WUPA | ATLANTA | GA |

| Licensee/Permittee Name | FRN |
|---|---|
| Television Station KTXA Inc. | 0002057 |

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 51517 | KTXA | FORT WORTH | T> |

| Licensee/Permittee Name |
|---|
| Pittsburgh Television Station WPCW Inc. |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 51570 | WKBD-TV | DETROIT | MI |

| Licensee/Permittee Name | | | FRN |
|---|---|---|---|
| CBS LITV LLC | | | 002135517 |

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 73206 | WLNY-TV | RIVERHEAD | NY |

| Licensee/Permittee Name | | | |
|---|---|---|---|
| Philadelphia Television Station WPSG Inc. | | | |

| Fac. ID No. | Call Sign | City | St |
|---|---|---|---|
| 12499 | WPSG | PHILADELPHIA | P. |

| Licensee/Permittee Name | | | FRN |
|---|---|---|---|
| The CW Television Stations Inc. | | | 0003 |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 23428 | KSTW | TACOMA | WA |

| Licensee/Permittee Name | | | FRI |
|---|---|---|---|
| CBS Stations Group of Texas LLC. | | | 002 |

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 23422 | KTVT | FORT WORTH | T) |

### Section II – Non-Biennial Ownership Information

1. 47 C.F.R.
Section 73.3613
and Other

Licensee/Permittee Respondents should list all contracts and other instruments set forth in 47 C
through (c) for the facility or facilities listed on this report. In addition, attributable Local Marketing
attributable Joint Sales Agreements (JSAs) must be disclosed by the licensee of the brokering st
the agreement is an attributable LMA, an attributable JSA, or a network affiliation agreement, the

Entities whose organizational structure includes holding companies or other organizational levels must report the Respondent and each entity in the organizational structure that holds an attributable interest in the Licensee(s) or Permittee(s) for which the report is being submitted.

Please see the Instructions for further detail concerning interests that must be reported in respon

The Respondent must provide an FCC Registration Number for each interest holder reported in Please see the Instructions for detailed information and guidance concerning this requirement.

| Ownership Information | | |
|---|---|---|
| FRN | 0035511716 | |
| Entity Name | NA Administrative Trust | |
| Address | PO Box | |
| | Street 1 | c/o Quarles & Brady LLP |
| | Street 2 | 1395 Panther Lane, Suite 300 |
| | City | Naples |
| | State ("NA" if non-U.S. address) | FL |
| | Zip/Postal Code | 34109 |
| | Country (if non-U.S. address) | United States |
| Listing Type | Respondent | |
| Positional Interests (check all that apply) | Respondent | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 0.0% |
| | Total assets (Equity Debt Plus) | 0.0% |
| Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report? | | |

| Ownership Information | |
|---|---|
| FRN | 0035486323 |
| Entity Name | NA Administration, LLC |
| Address | PO Box |

| | | |
|---|---|---|
| **Additional Interests**<br>Debentures | **Other - Specify** | |
| **Interest Percentages**<br>(enter percentage values<br>from 0.0 to 100.0) | **Voting** | 100.0% |
| | **Total assets (Equity Debt<br>Plus)** | |

**Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?**

**(b) Respondent certifies that any interests, including equity, financial, or voting interests, not reported in this filing are non-attributable.**

If "No," submit as an exhibit an explanation.

**(c) Are any of the individuals listed as an attributable interest holder in the Respondent ( or related to each other as parentchild or as siblings?**

If "Yes," provide the following information for each such the relationship.

**(d) Is Respondent seeking an attribution exemption for any officer or director with duties wholly unrelated to the Licensee(s)?**

If "Yes," complete the information in the required fields and submit an Exhibit fully describing that individual's duties and responsibilities, and explaining why that individual should not be attributed an interest.

**Certification**

| Section | Question | Response |
|---|---|---|
| Authorized Party to Sign | WILLFUL FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY FINE AND/OR IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001), AND /OR REVOCATION OF ANY STATION LICENSE --OR CONSTRUCTION PERMIT (U.S. CODE, TITLE 47, SECTION 312(a)(1)), AND/OR FORFEITURE (U.S. CODE, TITLE 47, SECTION 503). | |
| Certification | I certify that I have examined this report | Official Title: Pres |



(REFERENCE COPY - Not for submission)

## Commercial Broadcast Stations Biennial Ownership Report (FCC Form 323)

File Number: **0000227410**   Submit Date: **2023-11-21**   FRN: **0029958717**

Purpose: **Commercial Broadcast Stations Biennial Ownership Report**   Status: **Received**

Filing Status: **Active**

### Section I - General Information

**1. Respondent**

| FRN | Entity Name |
|-----|-------------|
| 0029958717 | Sumner M. Redstone National Amusements Part B General Tr |

| Street Address | City (and Country if non U.S. address) | State ("NA" if non-U. S. address) | Zip Code | Phone | Ema |
|----------------|----------------------------------------|-----------------------------------|----------|-------|-----|
| 846 University Avenue | Norwood | MA | 02062-2631 | +1 (781) 461-1600 | lma con |

**2. Contact Representative**

| Name | Organization |
|------|--------------|
| Nancy A. Ory | Lerman Senter PLLC |

| Street Address | City (and Country if non U.S. address) | State | Zip Code | Phone |
|----------------|----------------------------------------|-------|----------|-------|
| 2001 L Street, NW Suite 400 | Washington | DC | 20036 | +1 (202) 416-6791 |

**3. Application Filing Fee**

Not Applicable

**4. Nature of Respondent**

(a) Provide the following information about the Respondent:

| Relationship to stations/permits | Entity required to file a Form 3 attributable interest in one or r |
|----------------------------------|-----------------------------------------------------------------|

5. (Broadcast)
and Stations)

Respondents filed responsive pleadings that cover the following Licensee or Permittee Stations:

| Licensee/Permittee Name | FRN |
|---|---|
| CBS Broadcasting Inc. | 000348218 |

| Fac. ID No. | Call Sign | City |
|---|---|---|
| 9610 | WCBS-TV | NEW YORK |
| 9617 | WBBM-TV | CHICAGO |
| 9628 | KCBS-TV | LOS ANGELES |
| 9629 | WCCO-TV | MINNEAPOLIS |
| 9640 | KCCW-TV | WALKER |
| 25452 | KPIX-TV | SAN FRANCISCO |
| 25453 | KYW-TV | PHILADELPHIA |
| 25454 | KDKA-TV | PITTSBURGH |
| 72123 | WWJ-TV | DETROIT |

| Licensee/Permittee Name | FRN |
|---|---|
| CBS Television Stations Inc. | 0004425 |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 47902 | WFOR-TV | MIAMI | FL |
| 47903 | KCNC-TV | DENVER | CO |

| Licensee/Permittee Name | FR |
|---|---|
| Miami Television Station WBFS Inc. | 00 |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 12497 | WBFS-TV | MIAMI | FL |

| Licensee/Permittee Name | FRN |
|---|---|
| CBS Television Licenses LLC | 002107 |

**Licensee/Permittee Name**

Sacramento Television Stations Inc.                                           00

| Fac. ID No. | Call Sign | City | S |
|---|---|---|---|
| 51499 | KMAX-TV | SACRAMENTO | C |
| 56550 | KOVR | STOCKTON | C |

**Licensee/Permittee Name**

San Francisco Television Station KBCW Inc.

| Fac. ID No. | Call Sign | City | S |
|---|---|---|---|
| 69619 | KPYX | SAN FRANCISCO | ( |

**Licensee/Permittee Name**                                                  FF

Atlanta Television Station WUPA Inc.                                          0(

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 6900 | WUPA | ATLANTA | GA |

**Licensee/Permittee Name**                                                  FRN

Television Station KTXA Inc.                                                  0002057

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 51517 | KTXA | FORT WORTH | T> |

**Licensee/Permittee Name**

Pittsburgh Television Station WPCW Inc.

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 69880 | WPKD-TV | JEANNETTE | P/ |

**Licensee/Permittee Name**                                                  FRN

CBS Operations Investments Inc.                                              002

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 70416 | WBXI-CD | INDIANAPOLIS | I |

| Licensee/Permittee Name | | FRN |
|---|---|---|
| CBS LITV LLC | | 002135517 |

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 73206 | WLNY-TV | RIVERHEAD | NY |

| Licensee/Permittee Name |
|---|
| Philadelphia Television Station WPSG Inc. |

| Fac. ID No. | Call Sign | City | St |
|---|---|---|---|
| 12499 | WPSG | PHILADELPHIA | P |

| Licensee/Permittee Name | | FRN |
|---|---|---|
| The CW Television Stations Inc. | | 0003- |

| Fac. ID No. | Call Sign | City | State |
|---|---|---|---|
| 23428 | KSTW | TACOMA | WA |

| Licensee/Permittee Name | | FRN |
|---|---|---|
| CBS Stations Group of Texas LLC. | | 002 |

| Fac. ID No. | Call Sign | City | Sta |
|---|---|---|---|
| 23422 | KTVT | FORT WORTH | TX |

## Section II – Biennial Ownership Information

**1. 47 C.F.R. Section 73.3613 and Other Documents**

Licensee Respondents that hold authorizations for one or more full power television, AM, and/or contracts and other instruments set forth in 47 C.F.R. Section 73.3613(a) through (c) for the facil report. In addition, attributable Local Marketing Agreements (LMAs) and attributable Joint Sales disclosed by the licensee of the brokering station on its ownership report. If the agreement is an attributable JSA, or a network affiliation agreement, check the appropriate box. Otherwise, selec Respondents, as well as Licensee Respondents that only hold authorizations for Class A televisi

Entities that are part of an organizational structure that includes holding companies or other form
se _____ organi ___ structure di ___ report, or file ____ _____ for one ___
and to ____ _____ interest in ____ _____ ____ _____ the report is being subm ___

Please see the Instructions for further detail concerning interests that must be reported in respor

The Respondent must provide an FCC Registration Number for each interest holder reported in
Please see the Instructions for detailed information and guidance concerning this requirement.

## Ownership Information

| | |
|---|---|
| FRN | 0029958717 |
| Entity Name | Sumner M. Redstone National Amusements Part B General Tr |
| Address | |

| | | |
|---|---|---|
| | PO Box | |
| | Street 1 | 846 University Avenue |
| | Street 2 | |
| | City | Norwood |
| | State ("NA" if non-U.S. address) | MA |
| | Zip/Postal Code | 02062-2631 |
| | Country (if non-U.S. address) | United States |

| | |
|---|---|
| Listing Type | Respondent |
| Positional Interests (check all that apply) | Respondent |
| Tribal Nation or Tribal Entity | Interest holder is not a Tribal nation or Tribal entity |

| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 0.0% |
|---|---|---|
| | Equity | 0.0% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

## Ownership Information

| | |
|---|---|
| FRN | 0019287812 |

| | | | |
|---|---|---|---|
| | Country if non-US address) | | United States |
| Listing Type | Other Interest Holder | | |
| Positional Interests (check all that apply) | Other - Trustee | | |
| Citizenship, Gender, Ethnicity, and Race Information (Natural Persons Only) | Citizenship | | US |
| | Gender | | Female |
| | Ethnicity | | Not Hispanic or Latino |
| | Race | | White |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | | 14.3% |
| | Equity | | 14.3% |
| | Total assets (Equity Debt Plus) | | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

| Ownership Information | | | |
|---|---|---|---|
| FRN | 0023078280 | | |
| Name | Tyler J. Korff | | |
| Address | PO Box | | |
| | Street 1 | | 846 University Avenue |
| | Street 2 | | |
| | City | | Norwood |
| | State ("NA" if non-U.S. address) | | MA |
| | Zip/Postal Code | | 02062-2631 |
| | Country (if non-U.S. address) | | United States |
| Listing Type | Other Interest Holder | | |
| Positional Interests | Other - Trustee | | |

## Ownership Information

| | |
|---|---|
| FRN | 0019283480 |
| Name | David R. Andelman |

| Address | | |
|---|---|---|
| | PO Box | |
| | Street 1 | 846 University Avenue |
| | Street 2 | |
| | City | Norwood |
| | State ("NA" if non-U.S. address) | MA |
| | Zip/Postal Code | 02062-2631 |
| | Country (if non-U.S. address) | United States |

| | |
|---|---|
| Listing Type | Other Interest Holder |
| Positional Interests (check all that apply) | Other - Trustee |

| Citizenship, Gender, Ethnicity, and Race Information (Natural Persons Only) | | |
|---|---|---|
| | Citizenship | US |
| | Gender | Male |
| | Ethnicity | Not Hispanic or Latino |
| | Race | White |

| Interest Percentages (enter percentage values from 0.0 to 100.0) | | |
|---|---|---|
| | Voting | 14.3% |
| | Equity | 14.3% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

## Ownership Information

| Country of residence (address) | | United States |
|---|---|---|
| Listing Type | Other Interest Holder | |
| Positional Interests (check that all apply) | Other - Trustee | |
| Citizenship, Gender, Ethnicity, and Race Information (Natural Persons Only) | Citizenship | US |
| | Gender | Male |
| | Ethnicity | Not Hispanic or Latino |
| | Race | White |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% |
| | Equity | 14.3% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

| Ownership Information | | |
|---|---|---|
| FRN | 0019417971 | |
| Name | Thaddeus P. Jankowski | |
| Address | PO Box | |
| | Street 1 | 846 University Avenue |
| | Street 2 | |
| | City | Norwood |
| | State ("NA" if non-U.S. address) | MA |
| | Zip/Postal Code | 02062-2631 |
| | Country (if non-U.S. address) | United States |
| Listing Type | Other Interest Holder | |
| Positional Interests | Other - Trustee | |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

## Ownership Information

| | |
|---|---|
| FRN | 0027240225 |
| Name | Jill S. Krutick |
| Address | PO Box |
| | Street 1 | 846 University Avenue |
| | Street 2 | |
| | City | Norwood |
| | State ("NA" if non-U.S. address) | MA |
| | Zip/Postal Code | 02062-2631 |
| | Country (if non-U.S. address) | United States |
| Listing Type | Other Interest Holder |
| Positional Interests (check all that apply) | Other - Trustee |
| Citizenship, Gender, Ethnicity, and Race Information (Natural Persons Only) | Citizenship | US |
| | Gender | Female |
| | Ethnicity | Not Hispanic or Latino |
| | Race | White |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% |
| | Equity | 14.3% |
| | Total assets (Equity Debt Plus) | 0.0% |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

## Ownership Information

FRN

| | | Country of name/Home Address | United States |
|---|---|---|---|
| Listing Type | | Other Interest Holder | |
| Positional Interests (check that apply) | | Other - Trustee | |
| Citizenship, Gender, Ethnicity, and Race Information (Natural Persons Only) | Citizenship | US | |
| | Gender | Male | |
| | Ethnicity | Not Hispanic or Latino | |
| | Race | White | |
| Interest Percentages (enter percentage values from 0.0 to 100.0) | Voting | 14.3% | |
| | Equity | 14.3% | |
| | Total assets (Equity Debt Plus) | 0.0% | |

Does interest holder have an attributable interest in one or more broadcast stations that do not appear on this report?

(b) Respondent certifies that any interests, including equity, financial, or voting interests, not reported in this filing are non-attributable.
If "No," submit as an exhibit an explanation.

(c) Are any of the individuals listed as an attributable interest holder in the Respondent or related to each other as parentchild or as siblings?

If "Yes," provide the following information for each such the relationship.

| Family Relationships | | | |
|---|---|---|---|
| FRN | 0019287812 | Name | Shari |
| FRN | 0023078280 | Name | Tyler |
| Relationship | Parent/Child | | |

(d) Is Respondent seeking an attribution exemption for any officer or director with

| Authorized Party to Sign | WILLFUL FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY FINE AND/OR IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001), AND /OR REVOCATION OF ANY STATION LICENSE --OR CONSTRUCTION PERMIT (U.S. CODE, TITLE 47, SECTION 312(a)(1)), AND/OR FORFEITURE (U.S. CODE, TITLE 47, SECTION 503). | |
| Certification | I certify that I have examined this report and that to the best of my knowledge and belief, all statements in this report are true, correct and complete. | Official Title: Trus<br>Exact Legal Title<br>Sumner M. Reds<br>Part B General T<br>Name: David R. .<br>Phone: 78146116<br><br>11/21/2023 |