# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIVEVIDEO.AI CORP., | C.A. No. 1:24-CV-6290 (DEH) (BCM) |
| Plaintiff, | |
| v. | |
| SHARI REDSTONE, NATIONAL AMUSEMENTS, INC., CHRISTINE VARNEY, MONICA SELIGMAN, | |
| Defendants. | |

**DEFENDANTS NATIONAL AMUSEMENTS, INC.'S AND SHARI REDSTONE'S OPPOSITION TO PLAINTIFF LIVEVIDEO'S OBJECTION TO MAGISTRATE JUDGE MOSES' FEBRUARY 27, 2025 MEMORANDUM AND ORDER**

**PRELIMINARY STATEMENT**

Defendants National Amusements, Inc. ("NAI") and Shari Redstone (together with NAI the "Defendants") oppose Plaintiff Livevideo.AI Corp.'s ("Livevideo") objection (Dkt. 126) (the "Objection") to Magistrate Judge Moses' February 27 Memorandum and Order (Dkt. 123) (the "Order").[1]

The Objection is the third time Livevideo has objected to a nondispositive order entered by Magistrate Judge Moses, causing needless delay and requiring the Court and the Defendants to spend time and resources responding to Livevideo's harassing litigation tactics. *See* Dkts. 70, 118. As before, the Objection relies on frivolous arguments and mischaracterizes the Order to which it objects. And, as with its other objections, Livevideo ignores Magistrate Judge Moses' well-reasoned ruling in favor of baselessly accusing Magistrate Judge Moses of treating the parties "asymmetrical[y]" and "reward[ing Defendants'] conduct while prejudicing Plaintiff's ability to present its case." Obj. at 2, 13.[2] These *ad hominem* attacks on Magistrate Judge Moses, along with Livevideo's baseless allegations of "bad faith conduct" and "procedural gamesmanship" against the Defendants, seek to deflect attention from Livevideo's failure to raise any substantive legal arguments in response to the Order. *See id.* at 2, 13. Livevideo also ignores its harassing conduct, which included the baseless and repeated requests for defaults that necessitated the Order in the first place.

---

[1]   All internal citations and quotations are omitted and emphases are added unless otherwise noted.
[2]   This sort of baseless accusation is nothing new. In a previous (now withdrawn) motion, Livevideo accused Magistrate Judge Moses of being "an extra legal aide" to the Defendants. Dkt. 86 at 10.

**FACTUAL BACKGROUND**

On February 12, 2025, Magistrate Judge Moses held a show-cause hearing as to why this action should not be dismissed given Livevideo's failure to effectively serve any of the defendants within the 90-day period required by Federal Rule of Civil Procedure 4(m).[3] *See* Dkts. 74, 77. In the hours prior to the hearing, Livevideo flooded the docket with filings, including three facially defective proofs of service concerning alleged service attempts on Redstone, Christine Varney, and "Monica" Seligman that were supposedly made months earlier in November and December 2024. *See* Dkts. 79–81.

At the show-cause hearing, Livevideo's counsel admitted that he was not familiar with the details of, or even aware of, those service attempts.[4] Dkt. 90 at 6:10–15, 7:21–8:14 (discussing an earlier purported proof of service on Redstone that was mailed to the Court: "No. I've got to take a look at it. I don't recall. I know I did not send it . . . ."). He also admitted that the purported service on Redstone—attempted by delivering papers to NAI's registered agent in Maryland—***was not effective*** and he could not identify any "federal or state service rule" allowing a corporate officer to be served in that way. Dkt. 90 at 7:13–20, 8:15–9:14.

Magistrate Judge Moses made clear, both at the February 12 hearing and in an order memorializing her oral ruling from that hearing, that she would issue a report and recommendation on a potential Rule 4(m) dismissal of this action, and would consider the proofs of service

---

[3] The Defendants respectfully refer the Court to pages 2–11 of the Order for a thorough recitation of the procedural background of this action and the events leading up to the Order. The Defendants include here only those facts directly relevant to the Objection.

[4] Livevideo's counsel's purported lack of knowledge about these service attempts is remarkable given that he is a solo practitioner who has claimed that there is "nobody else" in his office. Dkt. 90 at 5:19-6:2. It is also, however, unsurprising, as he has admitted to allowing non-lawyers to make filings in this case without his review or supervision, and there is strong evidence that he is allowing his client, Brad Greenspan, an adjudicated vexatious *pro se* litigant who has been caught impersonating counsel in prior actions, to make filings in this case using his ECF credentials. *See* Order at 8 n.7; Dkt. 121 at 4, 24–25.

concerning Redstone, Varney, and Seligman in connection with that ruling. *See id.* at 18:11–23 ("I want to take a closer look at the documents that came in overnight and make sure that there is nothing in there that might conceivably actually be timely service . . ."); Dkt. 87 ¶ 2.

Six days later, Livevideo filed requests for default against Redstone, Seligman, and Varney, all of which were based on the same proofs of service that Magistrate Judge Moses stated she was taking under advisement, and, with regard to Redstone, the very same service attempt that Livevideo's counsel had admitted was ineffective. Dkts. 92–108, 113–117. Counsel for Redstone promptly wrote a letter-motion to the Court asking that no default be entered against any of the defendants until Magistrate Judge Moses issued her report and recommendation on a potential Rule 4(m) dismissal. Dkt. 109 at 3. In response, Livevideo claimed *for the first time* that service on Redstone was proper under Maryland law, admitting in that filing that Livevideo's counsel had not "reviewed" purportedly applicable statutory law until long after the alleged service attempt and after the February 12 hearing. Dkt. 114 at 1–2. On February 27, Magistrate Judge Moses issued the Order, denying all three of Livevideo's requests for default.

## ARGUMENT

The Court should deny Livevideo's Objection. The Order was nondispositive[5] and therefore should be reviewed for clear error. *See Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). A court's decision to set aside a default is nondispositive. *See Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018).[6] Livevideo does not seriously contend otherwise. Instead, it relies solely on *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir.

---

[5] As with Livevideo's first objection (Dkt. 118), Livevideo concedes that the Order was nondispositive by moving under Federal Rule of Civil Procedure 72(a), rather than 72(b), the latter of which governs objections to reports and recommendations by magistrate judges on dispositive matters.

[6] The same is true for the decision to enter a default, which can be entered by a clerk without a magistrate or district judge, and which does not result in judgment on, or dismissal of, any claim.

2008), to argue that the Order "effectively dismissed Plaintiff's claims against the individual defendants." Obj. at 5. But the *Williams* decision addressed an actual dismissal from federal court, 527 F.3d at 266, while the Order concerns only whether to grant Livevideo's requests for a default, not whether to dismiss this action under Rule 4(m). That issue remains pending before this Court. *See* Dkts. 90 at 18:11–23; 87 ¶ 2.

Because the Order is nondispositive, the Objection "must be overruled unless the ruling of the Magistrate Judge was clearly erroneous or contrary to law." *Rosenblatt Sec.*, 236 F. Supp. 3d at 803. "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lenjo v. Lui*, No. 17-cv-7431, 2018 WL 4954101, at *2 (S.D.N.Y. Oct. 12, 2018). And it "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* This is a "highly deferential standard." *Rosenblatt Sec.*, 236 F. Supp. 3d at 803.

## I. LIVEVIDEO ATTEMPTS TO RELITIGATE ISSUES THAT WERE NOT DECIDED IN THE ORDER

Livevideo dedicates much of its Objection to issues that the Order did not decide, including issues addressed in previous orders for which Livevideo has already exhausted or abandoned its right to seek review.

***First***, Livevideo argues that service on NAI was effective, including because the version of the complaint it served (the Second Amended Complaint at Docket Number 32) was actually the operative complaint. Obj. at 6–9. The Order does not address this issue, which Livevideo has lost repeatedly but which it nevertheless injects into collateral disputes. Magistrate Judge Moses issued an order on October 11, 2024 holding that "[t]he [first amended complaint] (Dkt. 35) remains the operative complaint" and requiring Livevideo's counsel to "discuss this Order with his client." Dkt. 47. Livevideo now claims that it "never read that Order," which, if true, means

-4-

Livevideo's counsel violated the order, and in no way implies the order is not binding. *See Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 808 (2d Cir. 1981) ("The party and his counsel have a duty to monitor the progress of the litigation and to ascertain the terms of any order entered against the party. Unexcused failure to do so may justify a finding of contempt when the party knows that some order has been entered against him.").

Magistrate Judge Moses first held that service on NAI was ineffective in her December 18, 2024 order setting aside the default against NAI. Dkt. 69 at 2. Instead of objecting to that order, Livevideo filed a late and incoherent motion for reconsideration under the incorrect rule. Dkt. 70. Magistrate Judge Moses again held service on NAI was ineffective in denying that motion for reconsideration. Dkt. 74 at 5. Undeterred, Livevideo then filed a motion to reconsider the denial of its motion to reconsider the effectiveness of service on NAI; it withdrew that "meta reconsideration motion," Dkt. 90 at 19:14–15, after its counsel admitted on the record at the February 12 hearing that he did not draft, review, or file that motion, and could not articulate the "procedural justification" or "purpose" of that motion when asked to do so, *see* Dkt. 90 at 23:15–24:17; *see also* Dkts. 86, 89. The now-challenged Order simply does not rule on the effectiveness of service on NAI.

**Second**, Livevideo objects to the Order because it states (correctly) that Varney and Seligman were served after the Rule 4(m) deadline for effecting service. Obj. at 10–11. While the Order notes that Livevideo's attempted service on those defendants occurred beyond the 90 days permitted by Rule 4(m), Order at 16–17, the Order does not decide that issue, which was adjudicated weeks earlier and is the subject of a separate objection. Magistrate Judge Moses denied Livevideo's request for an extension of time to serve Varney and Seligman at the February

12 show-cause hearing and in the order memorializing that ruling. *See* Dkts. 90 at 12:9–14:14; 87 ¶ 1. Livevideo has already objected to that ruling. Dkt. 118 at 10.[7]

***Third***, Livevideo once again argues that Magistrate Judge Moses exceeded her authority and committed error when she temporarily stayed Livevideo's motion to supplement its complaint. Obj. at 12–13; *see also* Dkts. 128–130. The Objection itself states that Magistrate Judge Moses ordered this stay in her "February 12, 2025 Order," not the February 27 Order. Obj. at 12. Livevideo already submitted extensive arguments related to the stay in its last objection. Dkt. 118 at 4–8. Much like the Order, Magistrate Judge Moses' stay was necessitated by Livevideo and its counsel's vexatious conduct and disregard for the Court's orders and rules, namely Livevideo making a flurry of last-minute and frivolous filings to delay dismissal of this action, including filings that Livevideo's counsel admitted he did not write, review, or file. Dkts. 87 ¶ 5; 118. And, undaunted by the stay, Livevideo recently "amended" its request to supplement its complaint. Dkt. 128.

These arguments are clear attempts by Livevideo to relitigate issues it has already lost while imposing needless burden on the Court and expense on the Defendants.

## II.  LIVEVIDEO IS NOT ENTITLED TO A DEFAULT AGAINST REDSTONE

Livevideo fails to identify any error, much less clear error, in Magistrate Judge Moses' holding that Livevideo failed to effectively serve Redstone and that, in any event, Livevideo failed to meet the requirements for a default to be entered.

### A.  The November 6 Service Attempt at CT Corporation Was Ineffective

The purported November 6, 2024 service attempt on Redstone was ineffective because Livevideo did not serve the operative version of the complaint and, although CT Corporation is

---

[7]   In any event, Magistrate Judge Moses made clear she would only be issuing a report and recommendation on dismissal under Rule 4(m). Dkt. 90 at 17:22–18:23.

NAI's registered agent in Maryland, that does not provide CT Corporation with authority to accept service on behalf of NAI's employees or principals. Indeed, ***Livevideo's counsel previously admitted that this service attempt was ineffective***. Dkt. 90 at 7:19–20.[8]

***First***, as with NAI, Livevideo attempted to serve Redstone with a non-operative complaint that was never properly filed with the Court. As Magistrate Judge Moses found, the affidavit from Livevideo's process server "obscures th[e] fact" that he served the wrong complaint by removing a reference to which document he served, which was contained in his previous affidavit regarding his simultaneous attempted service on NAI. *See* Order at 13; *compare* Dkt. 36 at 3–4 *with* Dkt. 79 at 2–3.

***Second,*** Livevideo's new arguments fail to establish that CT Corporation was authorized to accept service on behalf of Redstone. *See* Order at 14 (collecting cases stating that corporate registered agents are not authorized to accept service on behalf of officers or employees). The affidavit of Livevideo's process server states that he reasonably believed CT Corporation was authorized to "accept service of process on behalf of the President of their registered agent for the State of Maryland client National Amusements Inc. [sic]" because he asked two receptionists if he "was at the correct location" and they responded "Yes, [the service packets] are for us." Dkt. 79 at 3. But, as the Order explains, "good-faith reliance on apparent authority suffices . . . only where

---

[8] Counsel for Livevideo had a number of chances to argue for the validity of service on Redstone, but chose not to do so until he was facing dismissal of this action under Rule 4(m). On November 8, 2024, someone (Livevideo's counsel could not say who when asked directly) sent an alleged proof of service for Redstone to the Court from "NYU Mail Services in New York City" Dkt. 48. Magistrate Judge Moses rejected the proof of service because it was not filed through Livevideo's counsel's ECF credentials, and observed that "[i]t seems unlikely that Ms. Redstone was personally served at the Maryland office of CT Corporation." *Id.* Seemingly agreeing with that observation, when Livevideo sought a default against NAI it did not seek a default against Redstone (and did not mention the service attempt against her at all in any of its filings) despite both Defendants allegedly being served at the same time and at the same office. *See* Dkts. 67 at 3–4; 79 at 2–3.

***the principal*** has held out another person as possessing certain authority, not where the agent has done so." Order at 14 n.11. Even assuming the process server in fact believed that when the receptionists at CT Corporation agreed to accept delivery of a "UPS Express bubble pack" with Redstone's name on it, they were claiming authority to accept service on her behalf, Livevideo points to no actions ***by Redstone*** that would make this incredible assertion reasonable. Dkt. 79 at 3.

In addition, as the Order explained, the Maryland statute Livevideo relies on does not provide that any officer of a corporation may be served at the corporation's registered agent. *See* Order at 15 & n.12 (discussing Md. Code Ann., Corps. & Ass'ns § 1-401). Instead that section merely provides that if another provision of law requires service ***on the corporation*** to be effected by personal service on an agent or officer (*e.g.*, Md. Rules 2-124(d)), that service could instead be effected by one of the other methods for serving a corporation provided in Maryland's state court rules (*e.g.*, by certified mail to the corporation's registered agent under Md. Rules 1-121(a)(3)). Livevideo cites no authority to support its interpretation of § 1-401 as a general authorization of service for every officer of a Maryland corporation in any proceeding.[9]

***Finally***, Livevideo attempts to argue that its service attempt was somehow retroactively made effective because Redstone later joined NAI in sending a Rule 11 "safe harbor" letter to Livevideo and its counsel on December 30, 2024. Obj. at 4, 13. A party only waives service of process where it fails to raise it in a motion to dismiss under Rule 12 or its answer. Fed. R. Civ.

---

[9] Livevideo faults the Order's "reliance" on a separate Maryland statute governing service of directors of a Maryland corporation for a limited set of proceedings brought within Maryland, but the Order merely notes the requirements of that statute are not met. Obj. at 10; Order at 14–15 (discussing Md. Code Ann. Cts & Jud. Proc. § 6-102.1(b)). In any event, the limited scope of that statute illustrates that Maryland law does not generally contemplate allowing service of individual defendants through service on a corporation's registered agent.

P. 12(h). No defendant has had to file an answer or motion to dismiss due to Livevideo's failure to effect service; therefore, effective service has not been waived. Likewise, Livevideo's arguments that service was effective because Redstone has "actual notice" of this case, Obj. at 13, fails because "actual notice cannot cure a failure to comply with the statutory requirements for serving process." *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012).

### B. Magistrate Judge Moses Did Not Need to Wait for a Frivolous Default to Be Entered

Livevideo's argument that it was "deprived" of its "right to seek entry of default" under Federal Rule of Civil Procedure 55(a) is frivolous. Obj. at 11–12. Livevideo completely ignores the case law cited in the Order showing that "[a]s a matter of sound docket management" the court need not wait for a default to be entered when it is clear that it will be set aside. *See* Order at 12–13 (collecting cases); s*ee also* Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed. 2024) (noting court has power to enter default instead of clerk and "should exercise discretion in deciding whether" to do so given it also has authority to set any default aside). This is especially clear in this case, where Magistrate Judge Moses had already taken under advisement these very same service attempts.[10]

### C. Livevideo Failed to Comply with Local Rule 55.1

Livevideo does not contest that it failed to comply with Local Rule 55.1(a)'s requirement to file "a certificate of service showing that the [documents filed in support of a default] have been personally served on, or mailed to the last known residence . . . of, the party against whom default

---

[10] Of course, Livevideo's motivation for requesting these defaults is to leverage them into further frivolous claims and litigation against the Defendants, as it did with the default that was entered (and quickly set aside) against NAI. *See* Order at 7 n.6 (discussing Livevideo's frivolous supplemental securities law claims arising from an alleged failure to disclose the default in securities filings); Dkt. 68 at 2 n.1 (discussing Livevideo leveraging previous default to attempt to intervene in regulatory proceedings related to Paramount Global merger).

is sought." Livevideo again ignores the legal authority cited in the Order showing that this Court will deny requests for default if plaintiffs fail to comply with Local Rule 55.1, and instead asserts without explanation that its failure "does not provide an independent basis for denial." Obj. at 12; *see also* Order at 12. Although a court may excuse noncompliance with the local rules in the interest of justice, it need not do so, and parties cannot simply ignore them. *See, e.g.*, *Wei Su v. Sotheby's, Inc.*, 490 F. Supp. 3d 725, 735 (S.D.N.Y. 2020). The Order correctly denied the requests for default against Redstone on this basis.[11]

## CONCLUSION

For the reasons set forth above the Court should deny the Objection to the Order.

---

[11] While we do not represent Varney and Seligman, we note that the Order's conclusion that Livevideo failed to comply with Local Rule 55.1 applies with equal strength to those defendants. Order at 11–13. In addition, the alleged service attempts on Varney and Seligman occurred after the 90 days permitted under Rule 4(m), and no one named "Monica" Seligman has ever been a director of Paramount Global. Dkt. 109 at 2 n.1. Even if Livevideo named the correct defendant, ***Nicole*** Seligman was no longer a Paramount Global director when this action was filed or when Livevideo purported to serve her at Paramount Global's mailroom. *Id.*

Dated: March 26, 2025								**ROPES & GRAY LLP**

By: _/s/ Peter L. Welsh_
Peter L. Welsh
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
peter.welsh@ropesgray.com

Martin J. Crisp
Ani-Rae Lovell
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
martin.crisp@ropesgray.com
ani-rae.lovell@ropesgray.com

*Attorneys for Defendants National Amusements, Inc. and Shari Redstone*

## CERTIFICATION

The undersigned hereby certifies, pursuant to S.D.N.Y. Local Civil Rule 6.3(c), that the foregoing Opposition contains 3401 words exclusive of the caption and signature block.

By:

*/s/ Ani-Rae Lovell*
Ani-Rae Lovell
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9821
Fax: (212) 596-9090
ani-rae.lovell@ropesgray.com

*Attorney for Defendants National Amusements, Inc. and Shari Redstone*