

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

March 28, 2025

Peter L. Welsh
T +1 617 951 7865
peter.welsh@ropesgray.com

**BY ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Livevideo.AI Corp. v. Redstone, et al.*, C.A. No. 1:24-cv-06290-DEH-BCM (S.D.N.Y.)

Dear Judge Moses:

      We write on behalf of Defendant National Amusements, Inc. ("NAI") in the above-captioned action regarding the Amended Motion for Leave to Supplement (the "Amended Motion"), Dkts. 128–130, purportedly filed by Alfred Constants on March 17, 2025,[1] on behalf of Plaintiff Livevideo.AI Corp. ("Livevideo").  In light of the Court's stay (the "Stay Order"), Dkt. 87, of Livevideo's original motion to supplement, Dkt. 82, NAI does not intend to oppose the Amended Motion until the Court lifts the stay or advises otherwise.  NAI reserves all rights to oppose the Amended Motion and is prepared to make any filing that the Court deems appropriate or to appear for a status conference at the Court's convenience.

      Through the Amended Motion, Livevideo attempts to circumvent the Court's order that Livevideo's motion for leave to file a supplemental pleading was "STAYED pending the outcome of [NAI's] Rule 11 motion." Dkt. 87 ¶ 5.  The Court stayed Livevideo's original motion to supplement, along with the other filings that Livevideo made in the hours before the February 12 show-cause hearing.  These are the same filings that Livevideo's counsel admitted that he did not write, review, or file.  Dkt. 90 at 22:20–24:11.  In addition, and as the Court observed, much of the argument in those filings "[did not] read . . . like something prepared by a member of the bar of this Court." *Id.* at 22:9–19.[2]

---

[1]     Livevideo refiled its Amended Motion on March 27, 2025 at Dkt. 134, presumably to correct the clerk's rejection of the prior filing at Dkt. 128.

[2]     Much of Livevideo's latest motion reads the same way.  *See, e.g.*, Dkt. 129 at 3 ("Alternatively, the evidence and jury will find that Skydance was telling the unvarnished truth and defendant Varney disclosed the true fact in the amended S-4 on February 16, amendment #5 which

ROPES & GRAY LLP

The Honorable Barbara Moses - 2 - March 28, 2025

  Livevideo objected to the Stay Order.  Dkt. 118.  Of course, that objection does not relieve Livevideo of its obligation to comply with the Stay Order.  "Absent a stay of a magistrate judge's order, merely filing an objection to that order does not excuse a party from complying with it." *Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, No. 10-cv-5256, 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011).  Rather than wait for Judge Ho's disposition of the objection or the resolution of NAI's Rule 11 motion for sanctions, Livevideo filed the Amended Motion to end run the Court's stay and continue to increase costs incurred by NAI.

  NAI appreciates the Court's attention to this matter.

Respectfully submitted,

*/s/ Peter L. Welsh.*

Peter L. Welsh


cc: Counsel of Record (via ECF)

---

consistently lays the blame of breaching the confidentially agreement at the feet of defendants NAI, Redstone, Varney, and Seligman."); *id.* at 5 ("This damaged other interested bona fide buyers including the Plaintiff that were not willing to or unable to communicate with the public or warn other buyers if there was the discovery of criminal conduct and ongoing NY Attorney General investigation.").