```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/1/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP,

        Plaintiff,

-against-

SHARI REDSTONE, et al.,

        Defendants.

24-CV-6290 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      By Order dated February 12, 2025 (2/12/25 Order) (Dkt. 87), the Court stayed briefing on plaintiff's just-filed motion for leave to supplement its complaint (Dkt. 82), pending the outcome of defendants' anticipated Rule 11 motion.[1] Notwithstanding the stay – which remains in effect – plaintiff has since filed (or attempted to file) a series of amended or updated materials in support of its motion to supplement (*see* Dkts. 128, 129, 130, 134), thereby violating the 2/12/25 Order. Both plaintiff and its counsel are now at risk of additional sanctions pursuant to Fed. R. Civ. P. 16(f)(1)(C) (for violating a pretrial order) and/or 18 U.S.C. § 1927 (for multiplying these proceedings "unreasonably and vexatiously").[2] Should plaintiff continue to file "unauthorized, repetitive, and frivolous motions," a filing injunction may also be imposed. *Cunningham v. United States Marshals Serv.*, 2016 WL 11703994, at *2 (S.D.N.Y. Aug. 2, 2016) (forbidding plaintiff from "filing any additional papers or lawsuits without permission of the Court," and setting a monetary penalty of "$250 per filing" should plaintiff disobey).

      If plaintiff wishes to mitigate its sanction risk, it may voluntarily withdraw the improperly-filed submissions identified above, without prejudice to refiling if and when the stay is dissolved. In the meantime, defendants need not respond to any iteration of plaintiff's motion for leave to supplement its complaint.

Dated: New York, New York
      April 1, 2025

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] The Rule 11 motion was filed on February 26, 2025 (Dkt. 120), and remains pending.

[2] On February 23, 2025, plaintiff timely filed objections to the 2/12/25 Order pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). (Dkt. 118.) However, it is black-letter law that the filing of Rule 72 objections to a magistrate judge's nondispositive pretrial order "does not excuse a party from complying with that order." *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2021 WL 1080673, at *2 (S.D.N.Y. Mar. 5, 2021) (collecting cases).