THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*                                CIVIL ACTION
vs.                                                 C.A. NO. 1:24-CV-06290

**PLAINTIFF'S DECLARATION IN SUPPORT OF MOTION FRCP RULE 60(b)(3)**

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,

    *Defendant's.*
_____/

**PLAINTIFF'S DECLARATION IN SUPPORT OF MOTION BROUGHT UNDER FRCP 60(b)(3)**

I, Alfred Constants III, declares under penalty of perjury, that the following is true and correct:

    1.    I have first-hand, personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

    2.    Defendant National Amusements Inc ('NAI') controls publicly traded Paramount. The process server's affidavit, dated September 18, 2024, confirms valid service on Corporation Trust Incorporation, NAI's designated agent in Maryland. Exhibit #1 is a Maryland online State government corporation page displaying defendant incorporation as Maryland company status as of April 23, 2025:

    "NATIONAL AMUSEMENTS, INC.: D00158576

    And "Resident Agent:   THE CORPORATION TRUST

1

INCORPORATED
2405 YORK ROAD, SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264"

3. If Judge Ho Standing Orders been followed, in particular Rule 2(a)(iv), NAI would not have been able to mislead the Magistrate in order of the December 11 Order to Show Cause. Under Rule 2(a)(iv) was designed to neutralize deceitful tactics, requires any request for relief to include a statement on whether the other party consents—and if not, why they object.

4. Complying with Rule 2(a)(iv) would've forced NAI to admit in their December 11, 2024, ECF letter motion that the Plaintiff hadn't consented—since the Plaintiff would have been adamant, they hadn't served the docket 44 pleading.

5. The sequence of events unfolded as follows:

> i. Ropes Law learned that the Plaintiff was preparing to file default papers due to NAI's non-appearance.
>
> ii. In a brief conversation, Ropes Law claimed they had not been served with the summons and the complaint; yet counsel omitted any mention of a supposedly incorrect or incomplete complaint.
>
> iii. Thereafter, NAI responded that they had legally served NAI and proceeded to file default papers on December 9, 2024.

6. Ropes Law failed to inform the Plaintiff about NAI's claim of being served with a defective copy or incorrect version of the summons or complaint.

7. NAI did not produce admissible evidence that Plaintiff's process server had delivered the denied 30-page dkt 44 amended Complaint on November 6, 2024, instead of the September 3, 2024 signed amended complaint (51 pages).

8. NAI's actions violated several rules and procedures:

i. The December 11 ECF letter failed to qualify as a legitimate letter-motion under the magistrate's individual rule 1(b).

ii. It could not be considered a 55, 55c, or 55a letter-motion as these types are not listed in ECF Rule 13.1 or authorized by Judge Ho's individual practices.

iii. ECF Rule 13.1 prohibits motions 55, 55c, 55a, as they do not appear in the allowable list.

iv. The magistrate lacks authority to recognize novel letter-motion ECF types.

v. Both of Defendant's ECF letters failed to use the ECF filing event MOTION.

vi. The letter-motion did not follow the required two-step ECF type selection process.

vii. The December 11 ECF letter contravened L.R. 7.1(a)(1), (2), and (3) for lacking a notice of motion, memorandum of law, and supporting affidavit, respectively.

viii. It also violated L.R. 7.1(a)(4) as the defendant's reply failed to comply with subsections (a)(1), (2), and (3).

ix. The use of an informational ECF letter as a legitimate letter-motion circumvents the very rules designed by Federal SDNY L.R., ECF, and Judge Ho to prevent such tactics.

9. These violations collectively demonstrate a pattern of misconduct and attempts to circumvent established court procedures.

10. NAI's intent to commit premeditated misrepresentation is evident in their December 11 ECF letter motion, which made misleading assertions about the Plaintiff's attempt to serve "the proposed Second Amended Complaint" and relate to the following filings:

> i. Dkt No. 47, the magistrate denial order defendant referenced, states:
>
> "By order dated September 26, 2024 (Dkt. 46), the Court ordered plaintiff to either (i) withdraw its proposed SAC (Dkt. 44) or..."
>
> "Consequently, leave to file the proposed second amended complaint is hereby DENIED."
>
> ii. Docket No. 44 is the DENIED "FRCP RULE 15 NON-COMPLIANCE SECOND AMENDED COMPLAINT", a 30 page complaint submitted September 19, 2024 (Dkt 44); (Dkt 45). This is the critical document in question.
>
> iii. Docket No. 56 consists of Plaintiff's legal process server's "AFFIDAVIT OF SERVICE. Service was accepted by The Corporation Trust Inc.. Document filed by Livevideo.AI Corp." This affidavit attests to proper service.
>
> iv. Docket No. 62 is Plaintiff's December 9, 2024 Declaration Supporting Default stating: "4. An Amended Complaint was properly served on November 6, 2024, under FRCP Rule 4 prior to the service of the original complaint."

### False Statements Related to Service of Process

11. At least eleven false statements have been made in multiple filings as a series of misrepresentations that are ongoing violations.

> i. First False or Misleading Statement

4

Dec 11, 2024, NAI letter-motion (Dkt. 65) falsely asserting that "NAI has never been properly served in this action,".

ii. Second False or Misleading Statement

"Livevideo attempted (unsuccessfully) to serve NAI " (id)

iii. Third False or Misleading Statement –

In its December 11, 2024, letter motion, the defendant falsely claimed it had been served the complaint docketed No. 44, "which Your Honor has already rejected as improperly filed. See Dkt. Nos. 47, 56, 62." (Dkt. 65) The defendant couldn't produce a shred of admissible evidence that Plaintiff's process server had delivered Dkt No. 44.

iv. Fourth False or misleading Statement

Made on December 18, 2024, in ECF Letter Motion "NAI has not submitted copies of the documents served on CT Corp. or an affidavit in support of the same. "… NAI is prepared to file a supporting affidavit attaching those documents, if helpful to the Court." (Dkt 68) False Identification of Defendants registered agent to mislead court in effort to get default vacated.

v. Fifth False or Misleading Statement –

Date January 27, 2025 (Dkt No. 73) "CT Corporation is the well-known tradename of The Corporation Trust Incorporated.:

> Statement is False because CT Corporation is a separate company from The Corporation Trust Incorporated.

5

Purpose: Mislead the court concerning the December 11th and 18th false claims that CT Corporation is the registered agent of NAI.

vi.  Sixth False or Misleading Statement –

Date March 26, 2025 (Dkt 133 at 7) "A. The November 6 Service Attempt at CT Corporation Was Ineffective." Seeks to further conceal and relates back to defendants false and incorrect statements in their ECF letters sent to the Court on December 11th and December 18 which generated the December 11th and 18th prejudicial Orders.

vii.  Seventh False or Misleading Statement –

March 26, 2025 (Dkt 133 at 7) "The purported November 6, 2024 service attempt on Redstone was ineffective because Livevideo did not serve the operative version of the complaint and, although CT Corporation is NAI's registered agent in Maryland" (Dkt. 133 at 7)

Eighth False or Misleading Statement –

March 26, 2025 (Dkt 133 at 8) "that does not provide CT Corporation with authority to accept service on behalf of NAI's employees or principals. Indeed, Livevideo's counsel previously admitted that this service attempt was ineffective. "

viii.  Eighth False or Misleading Statement –

March 26, 2025 (Dkt 133, at 8 footnote 8 ) "Magistrate Judge Moses...observed that "[i]t seems unlikely that Ms. Redstone was personally served at the Maryland office of CT Corporation." However, Comparing the defendant's claim

6

to what the statement in docket 48 "It seems unlikely that Ms. Redstone was personally served at the Maryland office of The Corporation Trust Incorporated Further, the documents referenced by defendant "See Dkts. 67 at 3–4; 79 at 2–3." exclusively cite "Corporation Trust Incorporated" and do not reference "CT Corporation".

Purpose: Mislead the court concerning the December 11th and 18th false claims that CT Corporation is the registered agent of NAI.

ix.    Ninth False or Misleading Statement –

March 26, 2025 (Dkt 133 at 8) "Second, Livevideo's new arguments fail to establish that CT Corporation was authorized to accept service on behalf of Redstone." Seeks to further conceal and relates back to defendants false and incorrect statements in their ECF letters sent to the Court on December 11th and December 18 which generated the December 11th and 18th prejudicial Orders.

x.    Tenth False or Misleading Statement –

Date March 26, 2025 (Dkt 133 at 8) "The affidavit of Livevideo's process server states that he reasonably believed CT Corporation was authorized to "accept service of process on behalf of the President" This is a false statement because in fact the affidavit referenced makes no reference to "CT Corporation" and only confirms service of process on "Corporation Trust Incorporated". Seeks to further conceal and relates back to defendants false and incorrect statements in

their ECF letters sent to the Court on December 11th and December 18 which generated the December 11th and 18th prejudicial Orders.

xi.     Eleventh False or Misleading Statement –

Date March 26, 2025 (Dkt 133 at 9). "Even assuming the process server in fact believed that when the receptionists at CT Corporation agreed to accept delivery of a "UPS Express bubble pack" with Redstone's name on it, they were claiming authority to accept service on her behalf, Livevideo points to no actions by Redstone that would make this incredible assertion reasonable. Dkt. 79 at 3." This is a false statement because in fact the affidavit referenced makes no

reference to receptionists at "CT Corporation" but rather cites to receptionists at "Corporation Trust Incorporated". Seeks to further conceal and relates

back to defendants false and incorrect statements in their ECF letters sent to the Court on December 11th and December 18 which generated the December 11th and 18th prejudicial Orders.

**Wrong Identified Agent**

12.  NAI's conclusory non-affidavit denials of service in the December 11 and 18th letter motions are based on an incorrect registered agent, CT Corp.[1]

13.     In fact, Corporation Trust Incorporated is NAI's registered agent in Maryland, not CT Corp. This misrepresentation was designed to create confusion

---

[1] NAI first states is the source in its second ecf letter motion on Dec. 18, 2024.

about whether proper service had been effectuated. In subsequent filings, NAI continued to mislead the Court by claiming CT Corporation or CT Corp. is its registered agent in Maryland.

14.   NAI compounded its fraudulent conduct by submitting supplemental briefing on Jan 27, 2025 (Dkt. 68) that perpetuated its misrepresentations regarding corporate identity and service validity, "CT Corporation is the well-known tradename of The Corporation Trust Incorporated" (Dkt. 73 at 10). The January 27 statement was false and directly contradicted its earlier representations to the Court.

15. On December 11, 2024, NAI filed a letter-motion (Dkt. 65) containing several critical misrepresentations:

> 1.   Falsely asserting that it "has never been properly served in this action" even though the incontrovertible evidence shows that service was executed correctly on November 6, 2024, through its registered agent.
>
> 2.   Stating the Plaintiff had served a "proposed Second Amended Complaint" the Court had "previously denied leave to file" (referring to Dkt. 44).

> 3. NAI failed to provide any affidavit or declaration from its registered agent or any other corporate representative to support its claims regarding improper service, relying instead on conclusory statements from counsel.

16. NAI's misconduct extends beyond its misrepresentations to this Court. Despite being in default from December 9 through December 19, 2024, NAI failed to disclose this material fact in its December 16, 2024, SEC S-4 filing. This omission

constitutes a violation of securities laws and further demonstrates NAI's pattern of deception and disregard for legal obligations.

17. Additionally, NAI made misleading statements in its January 2, 2025, filing with the Federal Communications Commission (FCC), where it continued to misrepresent the facts regarding service of process and its default status in this case.

18. On January 2, 2025, NAI filed a Consolidated Opposition to Petitions and Response to Comments with the FCC in connection with the pending merger between Paramount Global and Skydance Media.

19. In that filing, NAI acknowledged receipt of Plaintiff's complaint and responded to its substantive allegations. Specifically, NAI stated:

"LiveVideo then sought to leverage that manufactured default to support its objection to the pending merger between Paramount Global and Skydance Media. Yesterday, LiveVideo's CEO filed a petition and declaration with the Federal Communications Commission that attached the SAC and claimed that NAI's supposed default in responding to the SAC somehow supports LiveVideo's objection to that transaction."

This statement directly contradicts NAI's representation to this Court that it had not been properly served. NAI's willingness to acknowledge and respond to the complaint in another forum while simultaneously claiming to this Court that it had not been properly served demonstrates bad faith and misconduct.

20. The defendants late FRCP 7.1 disclosure statement filed after the Plaintiff's notice the defendant was in violation of FRCP 7.1 is defective because it fails to disclose the fact that according to Paramount's own SEC filings and defendant NAI's recent SEC filings (see Exhibit #1)1, 80% of NAI's stock is owned by another entity which is controlled by an LLC. Therefore, NAI's FRCP 7.1 filing contains material omissions and is false when compared to Paramount's SEC filings providing further proof Defendants' conduct was intentional.

Dated: May 6, 2025

10

Respectfully submitted,

By /s/ Alfred C. Constants III
Alfred C. Constants III, Esq.

Constants Law Offices, LLC.

115 Forest Ave., Unit 331

Locust Valley, NY 11560

Email: Constantslaw49@gmail.com

*Attorney For Plaintiff*

*EXHIBIT #1*

Maryland.gov

Help Translate Log In

MARYLAND BUSINESS EXPRESS

Business Home

Want to PLAN, START, MANAGE or GROW your business? Click HERE!

Business Search

# NATIONAL AMUSEMENTS, INC.: D00158576

General Information | Filing History | Annual Report/Personal Property

## General Information

Options for this Business

**Department ID Number:**
D00158576

**Business Name:**
NATIONAL AMUSEMENTS, INC.

**Principal Office:**
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

**Resident Agent:**
THE CORPORATION TRUST INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

**Status:** INCORPORATED

**Good Standing:**
THIS BUSINESS IS IN GOOD STANDING

**Business Type:**
CORPORATION

**Business Code:**
03 ORDINARY BUSINESS - STOCK

**Date of Formation/ Registration:** 08/31/1959

**State of Formation:**
MD

**Stock Status:**
STOCK

**Close Status:**
NO

New Search Order Documents

Fees Processing Times Business Resources Demo

© Maryland.gov. All rights reserved.

Privacy and Security Policy | Accessibility Policy

FOR FILING AND BUSINESS RELATED QUESTIONS
Maryland Department of Assessments & Taxation
410-767-1330 | Outside the Baltimore Metro Area: 888-246-5941
Maryland Relay: 800-735-2258

FOR TECHNICAL QUESTIONS AND SUPPORT
Tyler Maryland, eGov Services Partner for the Department of Information Technology (DoIT) and Maryland.gov
» Click for 24/7 Support

Rel 12.13.1



