THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK


LIVEVIDEO.AI CORP
   *Plaintiff,*
vs.

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,
  *Defendant's.*
_____/

CIVIL ACTION
C.A. NO. 1:24-CV-06290

PLAINTIFF'S  MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT OF ITS FRCP RULE
60(B3) MOTION TO VACATE


PLAINTIFF'S  MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS FRCP RULE 60(B3) MOTION TO VACATE

# **TABLE OF CONTENTS**

I. Preliminary Statement………………………………..………1

III. Factual Background…………………………………………3

    1. Service of Process on NAI……………………..………4

    2. NAI's Misrepresentations…………………………… 4

    3. SEC & FCC Filings………………………………… 4

IV. Legal Standard……………………………………………11

V. Argument…………………………………………………12

1. NAI Engaged in Fraud & Misrepresentation………………… 12

2. NAI's Conduct Prevented Fair Case Presentation……………14

3. Repeated Misconduct Demonstrates Intentionality…………15

4. Interest of Justice Requires Vacating the Order………………15

VI. Conclusion………………………………………………23

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                          <u>Pages(s)</u>

*Duka, 2021 U.S. Dist. LEXIS 186975*……………………………………7

*Giurca v. Montefiore Health Sys.,*
No. 18-cv-11505 (S.D.N.Y. Mar. 20, 2024)……………………………..…7

*De Curtis v. Ferrandina,*
529 Fed. Appx. 85 (2d Cir. 2013)……………………………………………9,12

*Powerserve Int'l v. Lavi_,*……………………………………………………...10
239 F.3d 508, 515 (2d Cir. 2001),

*USA v. Google LLC,*
Case No. 1:20-cv-03010………………………………………………………..11

*State Street Bank & Trust Co. v. Inversiones*
 374 F.3d 158, 176 (2d Cir. 2004)……………………………………………12

*Catskill Development, LLC v. Park Place*…………………………………12
286 F. Supp. 2d 309, 315 (S.D.N.Y. 2003)

*Ty Inc. v. Softbelly's, Inc.,*…………………………………………………… 12
353 F.3d 528, 536 (7th Cir. 2003)).

*Fleming v. New York Univ.,*……………………………………..……… 12
865 F.2d 478, 484 (2d Cir. 1989).

*Old Republic Ins. Co. v. Pacific Fin.,* …………………………..…………14
301 F.3d 54, 57 (2d Cir. 2002).

Plaintiff LiveVideo.AI Corp ("Plaintiff" or "LVA") respectfully submits this Motion to Vacate the December 11, 2024, Order (Dkt. No. 66, Ex. A)[1] pursuant to Federal Rule of Civil Procedure 60(b)(3) on the grounds that the Order was obtained through fraud, misrepresentation, and misconduct by Defendant National Amusements, Inc. ("NAI").

As demonstrated below, NAI intentionally deceived the Court regarding critical issues of service of process, the identity of its registered agent, and claiming Plaintiff acted in contempt of the Court by filing a denied proposed second amended complaint, resulting in Orders that gravely prejudiced Plaintiff.

## PRELIMINARY STATEMENT

Relief under Rule 60(b)(3) is warranted because NAI's misconduct prevented Plaintiff from fully and fairly presenting its case, resulting in an Order that unjustly prejudiced Plaintiff's rights and impeded the administration of justice. This motion demands the vacating of the Court's December 2024 Orders—orders tainted by NAI's letter-motion that falsely asserted errors in service and misidentified key entities in an effort to set aside the Certificate of Default entered against it on December 9, 2024. NAI's letter-motion contained rampant misrepresentations regarding: (1) the authenticity of its service; (2) the true identity of its registered agent in

---

[1] And as necessary or alternatively in addition, the December 18, 2024 Order vacating the granted Dec. 9, 2024 NAI Default. (Dkt No. 69)

Maryland; and (3) the Plaintiff taking an action that would have clearly prejudiced the defendant and put Plaintiff in contempt of court by filing a denied second amended complaint (Dkt. 44). These willful deceptions amounted to fraud on the Court and directly led to the damaging issuance of the December 11 Order.[2]

The overwhelming evidence shows that NAI was indeed properly served on November 6, 2024, through its duly appointed registered agent, The Corporation Trust Incorporated. NAI's claim that it "has never been properly served in this action" is nothing short of a premeditated lie, skillfully designed to shirk legal responsibilities and subvert the judicial process. Even more, NAI intentionally muddled the identity of its registered agent, carelessly conflating The Corporation Trust Incorporated with CT Corporation—two entirely separate entities—further confusing the Court and inflicting severe prejudice on Plaintiff. These false claims and

---

[2] The several false statements in the defendant's ECF letter misled the Magistrate into issuing an Order To Show Cause (OSC). The Plaintiff was prejudiced in multiple ways:

1. In the Dec. 18 letter motion, the defendant admitted that being served with Dkt. No.44, as claimed in the Dec. 9 letter motion, was false.

2. On Dec. 18, the defendant raised a new issue, stating that it wasn't Dkt .44 but Dkt. No. 32; citing a harmless error—a cover page discrepancy—as an excuse for not responding to service of process.

2. Instructed the Plaintiff to "refile" Dkt No 32 as the First Amended Complaint.

3. Opted to treat the "Second Amended Complaint" cover page title as a scrivener's error.

2

misrepresentations are repeated on at least four different occasions: the December 11 and December 18, 2024 ecf letter motions, a January 27, 2025 sur reply (Dkt. No. 73), and a March 26, 2025 Opposition (Dkt. No. 133 )

Relief under Rule 60(b)(3) is not just warranted—it is essential—because NAI's malicious conduct has obstructed Plaintiff's ability to fully and fairly present its case; consequently, the Order stands as a flagrant injustice that undermines Plaintiff's rights.

## FACTUAL BACKGROUND

### A.    Service of Process on NAI

On November 6, 2024, Plaintiff properly served NAI through its registered agent in Maryland, The Corporation Trust Incorporated. (See Declaration In Support, at 2, Ex. 1)

This service was executed by process server Bob Roberts, who hand-delivered the summons and amended complaint to a receptionist at The Corporation Trust Incorporated, as documented in his declaration submitted to this Court. (Dkt. 56) which further included time stamp photographic evidence.   The process server's declaration confirms that he served an amended complaint which the first line on page 1 states "Plaintiff…hereby alleges, for its First Amended Complaint against Defendants,". This amended complaint, Dkt. 32, was further incorporated into Plaintiff's Reply to the Magistrate's Order to Show Cause (Dkt. 33), (See Dkt No. 127 at 7 section 'v.')

### B.    NAI's Misrepresentations to the Court

On December 11, 2024, NAI filed a letter-motion (Dkt. 65) claiming it "has never been properly served in this action" and requesting that the Court set aside the default entered against it on December 9, 2024. In this letter-motion, NAI made several material misrepresentations:

First, NAI falsely claimed it had not been properly served, despite the evidence showing that proper service was effectuated on November 6, 2024, through its registered agent. Second, NAI deliberately confused the identity of its registered agent by suggesting that CT Corporation was served instead of The Corporation Trust Incorporated. Third, NAI misrepresented which complaint was served, creating confusion about whether Plaintiff had served a complaint that the Court had denied leave to file.

### C.    The Court's December 11, 2024 Order

Based on NAI's misrepresentations, the Court issued an Order on December 11, 2024 (Dkt. 66), directing Plaintiff to submit admissible evidence identifying exactly what was served on NAI and in what manner. This Order was directly influenced by NAI's false statements regarding service of process and the identity of its registered agent.

### D.    Defendant's Dec 18 Letter Motion Claims New Technical Error

NAI's misconduct did not end with its December 11 letter-motion. In subsequent filings, NAI continued to misrepresent facts regarding its registered agent and the service of process. For example, in its December 18,

2024, filing (Dkt. No. 68), NAI persisted in its mischaracterization of the service of process, failing to acknowledge that it had been properly served and by falsely claiming a source which is the defendant's incorrect registered agent.

> "Given the guidance offered by Section 1(d) of Your Honor's Individual Practices, and given Livevideo's own admission that it served the SAC, NAI has not submitted copies of the documents served on CT Corp. or an affidavit in support of the same. " (Dkt. 68)

The NAI letter motion on December 18 successfully overturned the default judgment by introducing a new claim for the first time, based on a technicality that was not addressed in the earlier December 11 NAI letter motion. This new claim arose after NAI compelled the Plaintiff to provide evidence through misleading the Magistrate into issuing an OSC and the OSC helped NAI find a new technical flaw that had not been raised before. The previous defendant's claim used to initiate the OSC was proven false, constituting a deliberate fraud on the court. Consequently, the defendant quietly withdrew the claim that docket No. 44's proposed second amended complaint had been served on them.

By identifying a minor error – the Plaintiff serving docket No. 32 instead of docket No. 35, which the defendant deemed as the "operative" first amended complaint – the defendant managed to set aside the default judgment. Notably, the Plaintiff was not given a chance to respond to the defendant's motions from December 8 and December 11.

The Plaintiff has argued that docket No. 32 was sufficient to comply with FRCP Rule 4 and inform NAI accordingly (see Dkt No. 127 at section "v."). The fact that the defendants claimed they had reviewed all versions of the complaints in their FRCP Rule 11 notice from December 31, 2024, serves as strong evidence adequate notice was provided.

### E.    NAI's Continued False Identity Misconduct

NAI continued its deceit through a January 27, 2025 filing (Dkt. No. 73) containing the demonstrably false claim that "CT Corporation is the well-known tradename of The Corporation Trust Incorporated." This statement was made to attempt to fix prior false statements regarding CT Corporation and further to confuse the Court and create the impression that Plaintiff had served the wrong entity, when in fact Plaintiff had properly served NAI's registered agent. This statement is demonstrably false, as CT Corporation is a separate company from The Corporation Trust Incorporated. This agent false identity hoax is an ongoing scheme defendants continue to attempt to exploit having targeted the Magistrate and now the District Court Judge through their opposition (Dkt. No. 133) to Plaintiff's Objection.

The violations continued and in addition the scope expanded on March 26, 2025, with defendant's Dkt No. 133 opposition or reply papers fabricating Orders of this court to attempt to mislead the District Court Judge into supporting defendant's previous

December 11 and December 18 letter motion false statements about CT Corporation ('CT Corp'), claiming Magistrate cites "CT Corp" in the order which is false and easily debunked.[3]

## F. FRCP 7.1 CERTIFICATION OMISSIONS

NAI failed to file its FRCP Rule 7.1 disclosure statements for over 60 days from its first appearance, waiting until February 26, 2025– the same day it filed its sanctions motion. Amazingly, the FRCP 7.1 filing (Dkt. No. 119) is still defective as the Plaintiff pointed out in a March 2025 Reply to Sanctions.  Fraud upon the court requires intentionality. *See Duka, 2021 U.S. Dist. LEXIS 186975, at *10-11* (describing fraud upon the court as requiring a party to "act[] knowingly," to "sentiently set in motion some unconscionable scheme," or otherwise "deliberately," "intentionally[,] and repeatedly" act). *Giurca v. Montefiore Health Sys.*, 18-cv-11505 (ER) (BCM), 7 (S.D.N.Y. Mar. 20, 2024). The February 26, 2025, FRCP 7.1 filing is defective because it fails to disclose the fact that according to Paramount's own S4 filings and defendant NAI's recent SEC filings, 80% of NAI's stock is owned by another entity which is controlled by an LLC. Therefore, NAI's FRCP

---

[3] "Magistrate Judge Moses...observed that "[i]t seems unlikely that Ms. Redstone was personally served at the Maryland office of CT Corporation."

When in fact the statement revealed by docket 48 Order is:
"It seems unlikely that Ms. Redstone was personally served at the Maryland office of The Corporation Trust Incorporated" Ninth of Ten False or Misleading Statements – Mar 26, 2025 (Dkt 133, at 8 footnote 8 and see Declaration In Support at 11)

7.1 filing contains material omissions and is false when compared to Paramount's SEC filings

For instance, the most recent amended S4 admits (i) NAI is controlled by another entity and such percentage ownership is greater then the FRCP 7.1 disclosure statement's 10% threshold (ii) the existence of the 80% parent of NAI is necessary to make regulatory filings stating: " Lawrence Ellison, Sumner M. Redstone National Amusements Part B General Trust (also known as Part B General Trust), and Skydance filed HSR Act Notification and Report Forms on July 19,2024 with respect to the Transaction that will bring entities controlled by the Ellison family into collective control of NAI and Paramount while merging Skydance into Paramount."

This is detailed on page 2 footnote of March 12, 2025, opposition (Dkt No. 127) however defendants opted not to respond nor fix the clearly still defective FRCP 7.1 disclosure statement, nor explain why the defendant failed to file it timely in December 2024.

### G. NAI's Default Status, SEC Disclosure Violations, Misleading FCC

The Defendant's conduct prevented the Plaintiff from fully and fairly presenting its case in several key ways:

The Defendant falsely claimed it was never properly served, when Maryland law clearly establishes that service through Corporation Trust was valid and equivalent to personal service under MD Corps & Assoc. Code § 1-

401(b)(2); The Defendant deliberately withheld its Rule 7.1 corporate disclosure statements that would have established diversity jurisdiction, while simultaneously criticizing Plaintiff's jurisdictional allegations.

The Defendant made multiple misrepresentations about which complaint it was served with and whether it had been properly served, without providing any affidavits to support these claims as required b*y De Curtis v. Ferrandina, 529 Fed. Appx. 85 (2d Cir. 2013);* The Defendant violated its duty under FRCP 4(d)(1) to avoid unnecessary service expenses by failing to communicate alleged service defects and allowing Plaintiff to incur additional costs; The Defendant made false statements in multiple ECF letters regarding service and jurisdiction issues, which were designed to mislead the Court and prejudice the Plaintiff's ability to obtain default judgment.

NAI's misconduct extends beyond its misrepresentations to this Court. Despite being in default from December 9 through December 19, 2024, NAI failed to disclose this material fact in its December 16, 2024, SEC S-4 filing. This omission constitutes a violation of securities laws and further demonstrates NAI's pattern of deception and disregard for legal obligations. Additionally, NAI made misleading statements in its January 2, 2025, filing with the Federal Communications Commission (FCC), where it continued to misrepresent the facts regarding service of process and its default status in this case. NAI's contradictory statements to the FCC demonstrate its bad

9

faith. NAI cannot credibly claim to this Court that it was not properly served while simultaneously acknowledging receipt of the complaint and responding to its substantive allegations in another forum. This inconsistent position is precisely the type of misconduct that Rule 60(b)(3) is designed to remedy. The Federal Rules demand candor between parties and fidelity to procedural truth-seeking – requirements NAI systematically flouted through its multi-layered deception. Courts have consistently held that manipulation of service procedures while maintaining active litigation participation constitutes bad faith warranting sanctions. *In _Powerserve Int'l v. Lavi_, 239 F.3d 508, 515 (2d Cir. 2001),* sanctions were imposed when defendants exploited service technicalities despite clear awareness of pending actions through prior correspondence.

H. Defendant's December 9 Letter Motion

 This letter makes false misleading statements about a non-party in an attempt to impugn the credibility of the Plaintiff as part of defendant's ploy to fabricate and falsify the claim the Plaintiff was in contempt of court for purportedly serving the defendant with the denied Dkt. 44 document.

Defendant in a footnote makes a litany of misleading and false statements regarding the status or outcome in other legal matters that the Plaintiff's CEO, a non-party, was a party to years ago or attempted to intervene as an individual attempting to appear in ongoing legal matters. For instance, the defendant misleadingly uses the same case twice to falsely

10

claim its evidence was created by multiple judges instead of the just a single judge in San Jose.[4]  In addition, the defendant fails to inform the court that the defendant was estopped from making its claims about the Plaintiff's CEO being a vexatious litigant because of the DC District Court granting the Plaintiff's request for judicial notice (Dkt. 794 in *USA v. Google LLC, Case No. 1:20-cv-03010)* which proved the San Jose District Court judge's default vexatious litigant order was void for want of jurisdiction because the case was in the middle of a ninth circuit appeal.

Finally, the defendant omits the fact that it was and is representing Google, the defendant in the San Jose case which filed the motion for vexatious litigant and proceeded to obtain a default order knowing it lacked jurisdiction because of the ongoing ninth circuit appeal.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(3) provides that a court may relieve a party from a final judgment, order, or proceeding for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To prevail on a Rule 60(b)(3) motion, the movant must establish that: (1) the opposing party engaged in fraud,

---

[4] "Mr. Greenspan, Livevideo's chief executive officer, is a serial litigant who has misused the court system to air personal grievances and harass perceived enemies. *See, e.g.,* Dkt. No. 35-1 at 3, 64 (attaching emails and court filings from Mr. Greenspan); *Greenspan v. IAC/InterActivCorp*, 14- cv-04187-RMW, 2016 WL 5724972, at *2 (N.D. Cal. Sept. 30, 2016) (discussing Mr. Greenspan's history of "litigat[ing] or attempt[ing] to litigate claims arising out of the MySpace sale in several other cases"). Another federal court has declared Mr. Greenspan a "vexatious litigant," sanctioned him, and ordered him to pay other parties' attorney's fees based on his "practice of filing frivolous motions." *See Greenspan*, 2016 WL 5724972, at *2-3"

misrepresentation, or other misconduct; and (2) this misconduct prevented the movant from fully and fairly presenting its case. *See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004).*

The Second Circuit has held that "a court may grant a Rule 60(b)(3) motion if it finds that the conduct complained of prevented the moving party from fully and fairly presenting his case." *Catskill Development, LLC v. Park Place Entertainment Corp., 286 F. Supp. 2d 309, 315 (S.D.N.Y. 2003) (citing Ty Inc. v. Softbelly's, Inc., 353 F.3d 528, 536 (7th Cir. 2003)).* The movant must establish the alleged fraud, misrepresentation, or misconduct by clear and convincing evidence. *See Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989).*

## ARGUMENT

### I. NAI Obtained the OSC Through Fraud, Misrepresentation, Misconduct

NAI's letter-motion of December 11, 2024, which led to the Court's same day OSC was rife with material misrepresentations that constitute fraud on the Court under Rule 60(b)(3). These misrepresentations directly influenced the Court's decision to issue the December 11 and December 18 Orders and prevented Plaintiff from fully and fairly presenting its case. The several false statements in the defendant's ECF letter misled the Magistrate into issuing an Order to Show Cause (OSC). The Plaintiff was prejudiced in multiple ways:

1. No opportunity to respond to the December 9, 2024, defendant ECF letter motion before the OSC was issued.

2. Allowed to reply only on whether the Plaintiff was in contempt for attempting to file document No. 44 as a Second Amended Complaint (SAC).

3. Defendant's false claims led to an evidence waiver being granted, supporting their Dec 9 claim that they were served with Dkt No. 44.

In the December 18 letter motion, the defendant raised a new issue, claiming it wasn't Dkt. 44 but Dkt. No. 32 that was problematic. Defendant now cited a harmless error on the cover page of Dkt. No. 32 as the reason for not responding to service of process.[5]

The Court had already ruled Dkt No. 32 was a First Amended Complaint in a Sep. 19, 2024, minute order. Both the Court and Magistrate approved the pleading after reviewing Dkt 32 on Sep. 13, 2024, as well as Dkt No. 33, the reply to the Magistrate Sep 11. OSC. The FAC was filed on Sep. 13, to comply with the Magistrate's deadline for Dkt. No. 32.

The Court's actions in response:

1. Reviewed Dkt. No. 32 and approved it as a sufficient First Amended Complaint.

2. Directed that Dkt No. 32 be refiled on Sep 19, 2024, implicitly acknowledging the scrivener's error but not considering it serious

---

[5] the defendant quietly dropping the spurious false claim in the Dec 18 letter motion implicitly concedes the issue of being served with the denied proposed second amended complaint (Dkt. No. 44) as alleged in the Dec. 9 letter motion, was not true.

enough to invoke another Magistrate OSC or not be accepted for serving on the defendant.

3. Further considered the amendments in Dkt No. 33 as addressing the issues raised in the Magistrate's Order and confirming the intent for Plaintiff to use Dkt No. 32 as the First Amended Complaint (FAC).

## A. NAI Misrepresented the Service of Process

NAI's central claim—that it "has never been properly served in this action"—is demonstrably false. As evidenced by the declaration of process server Bob Roberts, NAI was properly served on November 6, 2024, through its registered agent, The Corporation Trust Incorporated. (Dkt. No. 56, 61, 62). This service complied with Federal Rule of Civil Procedure 4(h)(1)(B), which permits service on a corporation by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. NAI's blanket denial of service, without any supporting affidavit or evidence, constitutes a misrepresentation to the Court. The Second Circuit has established that "the affirmative testimony of the official process server acting in the regular routine of duty without a motive to misrepresent must be preferred to the negative evidence of one claiming not to have been served." *Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002)*. NAI failed to provide any affidavit or declaration denying receipt of service, relying instead on conclusory statements in its letter-motion. *See De Curtis v. Ferrandina, 529 Fed.Appx.*

*85, 85-86 (2d Cir. 2013) (summary order) (holding that "server's sworn statement of service creates a presumption that service has been effectuated").*

### B. NAI Deliberately Confused the Identity of Its Registered Agent

NAI's misrepresentations extended to the identity of its registered agent. In its January 27, 2025, filing, NAI falsely claimed that "CT Corporation is the well-known tradename of The Corporation Trust Incorporated." This statement is patently false, as CT Corporation is a separate and distinct entity from The Corporation Trust Incorporated.

This deliberate confusion was designed to create the impression that Plaintiff had served the wrong entity, when in fact Plaintiff had properly served NAI's registered agent. NAI's misrepresentation regarding its registered agent directly influenced the Court's perception of whether proper service had been effectuated, leading to the issuance of the December 11 Dkt No. 66 Order. NAI's first false claim that it had not been properly served led the Court to issue the December 11, 2024 Order, which shifted the burden to Plaintiff to prove proper service rather than requiring NAI to rebut the presumption of proper service with admissible evidence. Defendant's procedural advantage obtained through misrepresentation prevented Plaintiff from fully and fairly presenting its case. This misrepresentation prevented Plaintiff from fully and fairly presenting its arguments regarding the validity of service. Third, NAI's misleading statements about its

15

registered agent created unnecessary confusion about whether the proper entity had been served, further preventing Plaintiff from fully and fairly presenting its case.

### C. NAI Misrepresented Which Complaint Was Served

NAI inaccurately implied that Plaintiff improperly served Dkt No. 44, a proposed second amended complaint denied by the Court. In fact, Plaintiff served the first amended complaint filed on Sep. 13, 2024, to meet the Magistrate's OSC deadline. This complaint, Dkt. No 32, was acknowledged by the court and required re-filing on September 16, 2024, due to incomplete party listings in the ecf. The Magistrate had accepted, approved, and waived objection to these amendments, as evidenced by the fact that the specific paragraphs Plaintiff sought to amend were provided in Dkt 33 reply to the OSC, ensuring clarity regarding the final amendments. Therefore, using Dkt. No. 32, the intended 51 page First Amended Complaint as legal notice was sufficient to effect service of process when attached with a good summons.[6]

### D. NAI Scheme Contravened Standing Orders And Local Rules.

The defendant's use of informational ECF letters as a compliant motion 55 violates the SDNY Local Rules, ECF rules, and Judge Ho's individual practices. The December 11 letter is not a valid letter-motion and cannot be transformed into one. It also fails to comply with various local rules

---

[6] Defendants further mislead the court in December 18, 2024 letter motion by claiming that Dkt No. 32 is also another Second Amended Complaint for the superficial reason of a scrivener Error on the cover of the Dkt. No. 32 which is titled "Second Amended Complaint" yet corrected on the same page by the plain text in the opening sentence: "First Amended Complaint".

regarding notices, memoranda, and supporting affidavits. Defendant would have lacked ability to mislead the Court if they had complied with Standing Order 2(a)(iv) of Judge Ho rather than sidestepped, undermining the safeguards he put in place to ensure fairness. (See Declaration In Support at 3-8)

## II. NAI Misconduct Prevented Full and Fair Case Presentation

NAI's fraud, misrepresentation, and misconduct prevented Plaintiff from fully and fairly presenting its case, as required for relief under Rule 60(b)(3). *See State Street Bank & Trust Co., 374 F.3d at 176.*

### A. NAI's Misrepresentations Led to an Order That Prejudiced Plaintiff

The Court's December 11, 2024, Order, which was issued in direct response to NAI's misrepresentations, prejudiced Plaintiff by:

1. Placing an undue burden on Plaintiff to provide additional evidence of service, despite the fact that proper service had already been effectuated.

2. Creating confusion about which complaint had been served, when in fact Plaintiff had served the complaint that was properly incorporated into its Reply to the Magistrate's Order to Show Cause;

3. Delaying the proceedings and allowing NAI to evade its legal obligations, including its obligation to respond to the complaint within the time prescribed by the Federal Rules of Civil

Procedure. The OSC was inequitable, wrongly shifting a motion

to vacate default's evidence burden, after defendant misled the

court. The misled magistrate overlooked key facts in granting

the OSC order: 1. The defendant's December 11 letter lacked

evidence admissible under controlling law. 2. The conclusory

statement credited by the magistrate was sourced from a

foreign-owned company which is not the registered agent of the

defendant. 3. The December 11 Magistrate Order  was based on

a false statement. 4. The OSC was fraudulently induced.

Overlooked key matters regarding service of process: 1. CT Corp is not

Corporation Trust Incorporated - the correct registered agent. 2. Process

server successfully served Corporation Trust Incorporation. 3. Defendant's

argument was flawed: a. No affidavit provided b. Based on information

from CT Corp, an unrelated company 4. CT Corp is the wrong registered

agent for this case. 5.

Corporation Trust Incorporated is the correct registered agent, as proven by

plaintiff's affidavit.

### B. NAI's Misconduct Impeded the Administration of Justice

NAI's misrepresentations not only prejudiced Plaintiff but also

impeded the administration of justice. By deliberately misleading the Court

about the service of process and the identity of its registered agent, NAI

undermined the integrity of the judicial process and wasted judicial resources.

Furthermore, NAI's failure to disclose its default status in its December 16, 2024, SEC S-4 filing constitutes a violation of securities laws and demonstrates a pattern of deception that extends beyond this litigation. This pattern of misconduct further supports the conclusion that NAI's misrepresentations to this Court were deliberate and designed to gain an unfair advantage in the litigation.

1. The Delaware January 2025 Decision Provides Additional Evidence of NAI's Pattern of Misconduct

The Delaware Court of Chancery's January 29, 2025, decision in State of Rhode Island Office of the General Treasurer v. Paramount Global provides additional evidence of NAI's pattern of misconduct and supports vacating the December 11, 2024 Order. In that case, Vice Chancellor Laster found "a credible basis to suspect that Redstone torpedoed the Company-level Skydance Deal because it would not provide her with the benefits she wanted." This finding directly relates to NAI's conduct in this case, as it demonstrates a pattern of deceptive behavior by NAI and its controlling shareholder, Shari Redstone.

The Delaware decision concluded that "the record as a whole demonstrates by a preponderance of the evidence that the stockholder has a credible basis to suspect wrongdoing." The court specifically found that "the record supports an inference that Redstone could extract more value from a

19

sale of NAI than from a Company-level sale" and that "it also supports an inference that Redstone steered the sale process to achieve that result."

These findings are relevant to the present motion because they establish that NAI and its controlling shareholder have engaged in a pattern of deceptive conduct to advance their own interests at the expense of others. This pattern of misconduct makes it more likely that NAI deliberately misrepresented the service of process issue in this case to evade liability.

2. NAI's Subsequent SEC Filings Contain Material Misrepresentations That Further Demonstrate Its Pattern of Misconduct

NAI's pattern of misconduct is further evidenced by its subsequent SEC filings, which contain material misrepresentations about this litigation. On December 16, 2024, NAI directed Paramount to file "AMENDMENT NO. 1" to its S-4 registration statement, which falsely stated: "As of the date of this information statement/prospectus, the defendants have not been served." This statement was demonstrably false, as NAI had been properly served on November 6, 2024, and had even appeared in this Court on December 11, 2024, to file a motion to vacate the default.

NAI repeated this false statement in subsequent S-4 amendments filed on January 14, 2025, and February 6, 2025. These repeated misrepresentations demonstrate NAI's willingness to make false statements to courts, regulatory agencies, and the public to advance its interests. This

20

pattern of misconduct provides additional support for vacating the December 11, 2024, Order, which was procured through similar misrepresentations.

## III. The Court Should Vacate Dec 11 Order to Prevent Manifest Injustice

Unless the defendant can provide evidence to substantiate December 11, 2024 false document identity claim, vacating the December 11, 2024 Order is necessary to prevent manifest injustice. NAI's fraud, misrepresentation, and misconduct have already caused significant prejudice to Plaintiff and impeded the administration of justice. Allowing the Order to stand would reward NAI for its misconduct and encourage similar behavior in the future.

### A. NAI's Misconduct Was Deliberate and Egregious

NAI's misrepresentations were not mere oversights or innocent mistakes. They were deliberate attempts to mislead the Court and gain an unfair advantage in the litigation. This type of egregious misconduct warrants relief under Rule 60(b)(3). Courts have consistently held that deliberate misrepresentations to the court constitute fraud on the court that justifies relief under Rule 60(b)(3). See, e.g., Catskill Development, LLC, 286 F. Supp. 2d at 315-16 (granting Rule 60(b)(3) motion where defendant made deliberate misrepresentations to the court).

### B.    Claim Plaintiff Was In Contempt Of Court

The December 11, 2024 letter motion, stating the Plaintiff had served an amended complaint "which Your Honor has already rejected as improperly filed. See Dkt. Nos. 47, 56, 62." was a claim the Plaintiff was in contempt of

Court.  Docket # 47 was the Court's order denying the Second Amended Complaint (Dkt. No. 44). Defendant's key trick in misleading the magistrate into an untimely December 11, 2024, OSC[7] involved:

> Falsely stating that the Plaintiff served Dkt 44 on the Defendant, which is the only denied amended complaint in this case.

> Claiming service with Dkt. 44, which was the exact document the Magistrate had specifically denied leave to file. Implying that the Plaintiff was acting in direct contempt of the Court's order.

> Misrepresenting the content of other docket entries (56 and 62) to support their false claim.

> Failing to provide evidence of the alleged improper service. This false accusation is the crux of the matter at hand. If Plaintiff had indeed served Dkt 44 to the Defendant, then clearly Plaintiff would have been acting in direct contempt of the Court's order.

## C.    NAI's Misconduct Was Intentional and Part of a Pattern

Relief is warranted because the type of fraud complained of is repetitive as opposed to a single incident of perjury. The intentional nature of NAI's misconduct is evidenced by the fact that it made these misrepresentations repeatedly across multiple filings, demonstrating a "prolonged and calculated scheme" rather than an isolated incident. *Giurca v. Montefiore Health Sys., 18-cv-11505 (ER) (BCM), 7 (S.D.N.Y. Mar. 20, 2024).*

---

[7] "NAI reports that plaintiff attempted to serve the proposed Second Amended Complaint, *id.* at 1, which the Court previously denied leave to file. (Dkt. 47.) " (Dkt No. 66)

NAI first falsely denied service entirely, then pivoted to creating confusion about its registered agent's identity when confronted with proof of service. This pattern of deception culminated in NAI obtaining the Order through statements it knew to be false about both the fact of service and the identity of its registered agent. Such intentional misconduct across three different filings containing at least ten false statements (see Declaration In Support, at 11) warrants relief under Rule 60(b)(3).

## D.    The Interests of Justice Require Vacating the Order

The interests of justice strongly favor vacating the December 11, 2024, Order. NAI should not be permitted to benefit from its fraud, misrepresentation, and misconduct. Vacating the Order would restore fairness to the proceedings and ensure that NAI is held accountable for its legal obligations. Furthermore, vacating the Order would send a clear message that fraud on the court will not be tolerated and that parties must be truthful in their representations to the court. This outcome would promote the integrity of the judicial process and deter similar misconduct in the future.

## CONCLUSION

The totality of conduct – willful misstatements about service agency status after proper delivery; strategic withholding of contrary regulatory disclosures; submission of doctored evidentiary materials – crosses from zealous advocacy into procedural sabotage. For the foregoing reasons,

Plaintiff respectfully requests that the Court vacate its December 11, 2024 Order pursuant to Rule 60(b)(3), vacate the default of NAI, and allow the Clerk per Local Rules 55 to complete ministerial task of processing default judgment using SDNY required documents attached at Exhibit B, and grant such other and further relief as the Court deems just and proper.

      Dated this 6th day of May, 2025.

Respectfully submitted,

By /s/ Alfred C. Constants III
Alfred C. Constants III, Esq.
Constants Law Offices, LLC.
115 Forest Ave., Unit 331
Locust Valley, NY 11560
Email:Constantslaw49@gmail.com
Attorney For Plaintiff

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12 / 11 / 24
```

LIVEVIDEO.AI CORP,

Plaintiff,

-against-

SHARI REDSTONE, et al.,

Defendants.

24-CV-6290 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On December 9, 2024, the Clerk of this Court entered Default against the Americommune Trust as (NAI) 6.3() By letter dated December 11, 2024, "NAI answers observed in opening the rule" a "requests that the Court reset the Federal Rule of Civil 12/11/24 Ltr. (Dkt. No. 65) at 2. NAI also seeks proper the Amended Complaint, which the Clerk previously filed. (D

Plaintiff's opposition in December 16, 2024 *See* Moses Ind. Prac. § 2(e). If plaintiff maintains that the Certificate of Default should R. Civ. P. 55(c), it must submit a firm admissible evidence exactly what was served on NAI and in what manner.

Dated: New York, New York    **SO ORDERED.**
    December 11, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**

EXHIBIT B