UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LIVEVIDEO.AI CORP

                              Plaintiff,          1:24 Civ. 06290 (DEH)

- against -

SHARI REDSTONE,                      **DEFAULT JUDGMENT**
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY MONICA SELIGMAN,

                            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

       This action having been commenced on August 20, 2024 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendant, National Amusements Inc., on November 6, 2024 by (STATE SPECIFICALLY HOW SERVICE WAS MADE ON DEFENDANT) personal service on registered agent The Corporation Trust Incorporated, proof of service having been filed on December 9, 2024 and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

       ORDERED, ADJUDGED AND DECREED:  That the plaintiff have judgment against defendant in the liquidated amount of $2,420,000,000 with interest at 0 % from _(date)_ amounting to $ 0 plus costs and disbursements of this action in the amount of $ 0 amounting in all to $ 2,420,000,000 .

Dated:  New York, New York
        _____

                                                        _____
                                                               U.S.D.J.

                                          This document was entered on the docket on _____.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIVEVIDEO.AI CORP<br>　　*Plaintiff,*<br>vs.<br><br>SHARI REDSTONE,<br>NATIONAL AMUSEMENTS, INC.,<br>CHRISTINE VARNEY,<br>MONICA SELIGMAN,<br><br>　　*Defendant's.*　　　　　　　　／ | CIVIL ACTION<br>C.A. NO. 1:24-CV-06290<br><br>**CERTIFICATE OF SERVICE** |

　　　　I, Alfred Constants III, hereby certify under penalty of perjury that , I served a copy of all documents in support of the request for default judgment required under L.R. 55.2 ncluding the Clerks Certificate of Default, Proposed Default Judgment, Affidavit of Service, Declaration in Support Default Judgment, and a Statement of damages by United States Mail on defendant National Amusements Inc by way of its registered agent, The Corporation Trust Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, MD 21093.

Dated:/May 6, 2025

Respectfully submitted.

By  /s/ *Alfred C. Constants III*
Alfred C. Constants III, Esq.
CONSTANTS LAW Offices, LLC
115 Forest Ave, #331
Locust Valley, NY 11560
Email: ConstantsLaw@proton.me

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*                    CIVIL ACTION
vs.                                 C.A. NO. 1:24-CV-06290

                                        **PLAINTIFF'S DECLARATION IN SUPPORT OF DEFAULT JUDGMENT**

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,

    *Defendant's.*
_____/

**PLAINTIFF'S DECLARATION IN SUPPORT OF DEFAULT**

I, Alfred Constants III, declares under penalty of perjury, that the following is true and correct:

    1.    I have first-hand, personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

    2.    I am a member of the Bar of this Court and am associated with the firm of Constants Law LLC, attorney for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

    3.    I make this affidavit pursuant to Rule 55.2 of the Civil Rules for the Southern District of New York, in support of plaintiff's application for the entry of a default judgment against defendant under July 2024 amended L.R Rule 55.2(b) which allows for default judgment by the "By the Clerk (available under Fed. R.

Civ. P.55(b)(1)) If the claim to which no response has been made seeks payment only of a sum certain" and "does not seek attorney's fees or other substantive relief", both of which are true for the relief Plaintiff seeks.

**Procedural History**

6. Per FRCP Rule 3. "A civil action is commenced by filing a complaint with the court." Therefore August 20, 2024 was the commencement date because that is the date the first complaint was filed with the court. (Ex. 3)

7. An amended Complaint was served prior to the service of the original complaint. A process server in Maryland served it to the defendant via registered agent on November 6, 2024 in compliance with FRCP Rule 4.

8. A copy of the September 18 issued summons along with the Amended complaint served on defendant National Amusements Inc on November 6. (Ex. 4)

9. The amended complaint is the same amended complaint filed in response (Dkt 32) to the OSC deadline the Magistrate set on September 13, 2023.

10. The response to OSC filed on September 13 (Dkt 33), includes excerpts from the amended complaint which is the same complaint served on the defendant National Amusements.

11. The denied amended complaint totals 30 pages whereas the Sep 13 amended complaint filed in response to the Magistrate OSC is 51 pages.

12.     Service on National Amusements was effected thru personal service upon its registered agent The Corporation Trust Incorporated at 2405 York Road, Suite 201, Lutherville Timonium MD 21093-2254 and proof of service was filed in this court on December 9 ,2024. (Dkt 56)

**Court Website Instructions, L.R. 55.2 and ECF Rule 16.4 Followed**

13.     I reviewed the SDNY website section found at that was updated December 4, 2024 instructing on how to proceed to file a default judgment by ECF.[1]

14.      I have complied with ECF Rule 16.4 (a) by filing a PROPOSED DEFAULT JUDGMENT using the Filing Event found under PROPOSED ORDERS.

15.     I  I have complied with ECF Rule 16.4 (b) by filing this DECLARATION in Support attaching copies of the case initiating document and the proof of service.  (see Ex. 2) In the abundance of caution, I am attaching both the complaint filed commencing the action (Ex. 3) and the amended complaint with the September 18, 2024 issued summons served on the defendant. (Ex. 4), and I have also filed a STATEMENT OF DAMAGES.

16.      Jurisdiction of the subject matter of this action is based on  28 U.S.C.§ 1331 subject-matter and 28 U.S.C. § 1367 supplemental jurisdiction.

---

[1] "After the Clerk's Certificate of Default is entered on the docket, you may then seek a Default Judgment. For a Default Judgment pursuant to Rule 55 (b)(1), please see rule 16.4. For a Default Judgment pursuant to Rule 55 (b)(2), consult the Individual Practices of the assigned judge to determine the appropriate method (at https://www.nysd.uscourts.gov/judges)."

3

17. Plaintiff has complied with the requirements of Local Civil Rule 55.2 by following L.R. 55.2(a)(1)(A) which requires showing the clerk has entered default under L.R. 55.1 which attached Exhibit #1 fulfills.

18. In addition L.R. 55.2(a)(1)(C) has been complied with because the Plaintiff can confirm the party against whom judgment is sought is not known to be a minor or an incompetent person.

19. Also L.R. 55.2(a)(1)(B) has been complied with because Plaintiff can confirm the defendant is not in the active service of the military which complies with the Civil Relief Act, 50a U.S.C. 521.

20. Further, L.R. 55.2(a)(3) has been complied with by filing a certificate of service that states that all documents in support of the request for default judgment, including the "Clerk's Certificate of Default" and any papers required by this rule, have been personally served on, or mailed to the last known business address of, the party against whom default judgment is sought.

21. Defendant National Amusements Inc. the party against whom a notation of default is sought is not an infant, not in the military, and not an incompetent person.

22. Defendant National Amusments has failed to plead or otherwise defend the action and the Amended complaint was properly served under FRCP Rule 4 on Defendant National Amusements.

23. Further the standard under Maryland law requires an affidavit is prima facie evidence, A return of service filed with the court is prima facie evidence of proper service that, if unrebutted, is sufficient grounds for exercising personal jurisdiction over the servee. Maryland courts recognize that "a proper official return of service is presumed to be true and accurate until the presumption is overcome. Significantly, "the mere denial of personal service by him who was summoned will not avail to defeat the sworn return of the official process server." Weirtreich, 236 Md. at 296; see Wilson, 217.

24.     Consequently,"the return of service of process is presumed to be true and accurate and a mere denial by a defendant, unsupported by corroborative evidence or circumstances, is not enough to impeach the return of the official process server[.]" Ashe z Spears, 263 Md. 622. 627-28 (1971). Vasilakopoulos y. Thomas & Libowitz, P.4 No. 1961-2017 11-12 (Md. Ct. Spec. App. Jul. 18, 2024).

L.R. 55.2(c) STATEMENT OF DAMAGES

I have personal knowledge, in support of the request, showing the basis of the proposed damages which is damages as a result of tortious interference with business opportunity, Count II. There is 0 interest due. There is 0 attorney's fees due. There are 0 in costs due.

i.      This is an action to recover $2,420,000,000 owed by defendant to plaintiff for damages as a result of tortious interference and under L.R. 55.2(b), default judgment  "By the Clerk (available under Fed. R. Civ. P. 55(b)(1))".The type

5

and amount of damages that may be entered as a result of a party's default are limited to the amount that is demanded in a party's pleadings.Fed. R. Civ. P. 54(c).

    ii.    Per L.R. 55.2(b), the Plaintiff can and does attest to the fact that $2,420,000,000 is the principal amount due and owing, and this sum certain does not exceed the amount sought in the claim to which no response has been made. Such total includes credit for all payments received to date which is zero and there are zero costs under 28 U.S. 1920 due and owing. I have confirmed the amount sought in the claim by reviewing page 36 of the amended complaint (Ex. 4) which states "Plaintiff is seeking damages of no less than 50% of the value in stock $2.42 billion".

    iii.    Therefore a default judgment in the sum certain amount of $2,420,000,000 must be entered by the Clerk because under L.R. 55.2(b) "Upon confirming that the submission complies with the federal and local rules, the clerk must enter judgment for principal, interest, and costs."

    iv.    L.R. 55.2(b) Clerk default judgment is available because the claim "to which no response has been made seeks payment only of a sum certain or a sum that can be made certain by computation and does not seek attorney's fees or other substantive relief, the party seeking default judgment, must file, in addition to the documents listed in (a) above, an affidavit or declaration from someone with personal knowledge showing the principal amount due and owing,

   v. This total is not exceeding the amount sought in the claim to which no response has been made and there is no interest to be paid or owed.

Dated: April 29, 2025

Respectfully submitted,

By _/s/ Alfred C. Constants III_
Alfred C. Constants III, Esq.
CONSTANTS LAW Offices, LLC
115 Forest Ave, #331
Locust Valley, NY 11560
Email: ConstantsLaw@protonmail.com