

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

May 15, 2025

Peter L. Welsh
T +1 617 951 7865
peter.welsh@ropesgray.com

**BY ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Livevideo.AI Corp. v. Redstone, et al.*, C.A. No. 1:24-cv-06290-DEH-BCM (S.D.N.Y.) – Motion to Stay

Dear Judge Moses:

Defendant National Amusements, Inc. ("NAI") respectfully submits this letter-motion pursuant to Section 1.b of Your Honor's Individual Practices to request a stay of all responses to any pending or future motions filed by Plaintiff Livevideo.AI Corp. ("Livevideo")—including, without limitation, briefing on Livevideo's May 6 Rule 60(b)(3) Motion (the "May 6 Motion") (Dkts. 138–140)—until this Court decides NAI's motion for sanctions (Dkt. 120) and determines whether this case should be dismissed under Federal Rule of Civil Procedure 4(m) (Dkt. 87 ¶ 2).[1]

The May 6 Motion is just the latest example of Livevideo's litigation strategy of serially filing meritless motions premised on already-rejected arguments. This strategy has imposed a significant burden on both the Court and NAI. To date, Livevideo has filed fourteen meritless motions and proposed certificates of default in this action, almost all of which concern Livevideo's failure to properly serve any Defendant. Of those filings, five sought reconsideration of or otherwise objected to the Court's rulings (Dkts. 70, 85,[2] 118, 126, 138); four sought to amend or supplement the complaint (Dkts. 45, 82, 128, 134); one sought to extend the time to serve Defendants (Dkt. 90 at 12:12–16); and four sought a default against Defendants, including for a service attempt that the Court

---

[1] At the February 12, 2025 show-cause hearing, Your Honor indicated an intent to issue a report and recommendation addressing NAI's Rule 11 motion and whether this action should be dismissed pursuant to Rule 4(m).  *See* Dkt. 90 at 17:22–18:3, 25:7–19.  Accordingly, NAI respectfully requests that this stay extend until Livevideo has exhausted its right to object to, seek reconsideration of, or otherwise appeal any such report and recommendation.

[2] Livevideo withdrew this motion, which sought reconsideration of Your Honor's January 28, 2025 order denying a prior motion for reconsideration, at the Court's invitation.  *See* Dkts. 88–89.

ROPES & GRAY LLP

The Honorable Barbara Moses - 2 - May 15, 2025

had already held, and counsel for Livevideo had already admitted, was invalid (Dkts. 61, 101, 103, 105; *see also* Dkt. 90 at 7:13–19). And, of course, Livevideo's counsel has admitted that he did not write, review, or know the purpose of at least two of those motions. Dkts. 82, 85; *see also* Dkt. 90 at 22:20–24:11.

This Court has repeatedly denied Livevideo's motions and warned both Livevideo and its counsel that their continued disregard for Court orders and insistence on filing frivolous motions is sanctionable. For instance, the Court held in its April 1 order that Livevideo violated the Court's February 12, 2025 order staying two prior Livevideo motions pending resolution of Defendants' Rule 11 motion, Dkt. 137. The Court noted that "[n]otwithstanding the stay – which remains in effect – plaintiff has since filed (or attempted to file) a series of amended or updated materials in support of [a stayed motion]." *Id.* at 1. The Court then warned: "[b]oth plaintiff and its counsel are now at risk of additional sanctions pursuant to Fed. R. Civ. P. 16(f)(1)(C) (for violating a pretrial order) and/or 18 U.S.C. § 1927 (for multiplying these proceedings 'unreasonably and vexatiously'). Should plaintiff continue to file 'unauthorized, repetitive, and frivolous motions,' a filing injunction may also be imposed." *Id.* (footnote omitted).[3] Of course, the May 6 Motion imposes the same burden and raises the same concerns as the motions Your Honor stayed on February 12. *Compare* Dkt. 140 at 21–22 (arguing in May 6 Motion that NAI misled Your Honor by claiming that it was served with an inoperative second amended complaint), *with* Dkt. 85 (advancing the same argument in a stayed and

---

[3] *See also* Dkt. 28 at 1 (ordering Livevideo to "show cause, in writing, no later than September 13, 2024, why the case should not be dismissed for lack of subject-matter jurisdiction" (emphasis omitted)); Dkt. 46 at 2 ("The Court reminds plaintiff and its counsel that significant sanctions may be imposed if, inter alia, the 'claims . . . and other legal contentions' made in a pleading are not 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" (quoting Fed. R. Civ. P. 11(b)(2))); Dkt. 69 at 3 (noting that "NAI clearly has meritorious defenses" because "plaintiff has not pleaded any cognizable federal claim" and "the parties to this action are not diverse"); Dkt. 74 at 7 (ordering Livevideo to show cause why the action should not be dismissed without prejudice for failure to effect service of process); Dkt. 77 at 1–2 (ordering Livevideo's counsel to show cause why he should not be sanctioned for "failing, without excuse, either to obey this Court's January 28 Order or to seek an adjournment well in advance of the scheduled hearing"); Dkt. 87 at 3 (warning Livevideo's counsel that should he "once again permit the use of his name or ECF credentials to file documents that he did not personally write or review, or that he did not authorize, this Court will not hesitate to refer the matter to the Grievance Committee"); Dkt. 123 at 2–17 (summarizing deficiencies in Livevideo's filings throughout this action).

ROPES & GRAY LLP

The Honorable Barbara Moses- 3 -May 15, 2025

later withdrawn motion), *and with* Dkt. Nos. 47, 69, 123 (holding repeatedly that the first amended complaint at Dkt. 35 is the operative complaint).[4]

NAI respectfully requests a stay to stop Livevideo's onslaught of frivolous filings until this Court has decided NAI's Rule 11 motion and determined whether this action should be dismissed under Rule 4(m).  The power to issue a stay is within this Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012).  Courts may exercise the power to issue a stay where, as here, "the interests of justice seem to require such action." *UBS Sec. LLC v. Dondero*, 705 F. Supp. 3d 156, 171 (S.D.N.Y. 2023).  In so doing, courts consider factors such as "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Leslie v. Thompson Reuters Corp.*, No. 22 CIV. 07936 (JHR), 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

Each of these factors supports a stay here.  A stay is in the best interests of the Court, Defendants, and the public.  Even though it has not properly served any Defendant, Livevideo has imposed a considerable burden on the Court and Defendants with its duplicative and frivolous filings.  As the May 6 Motion demonstrates, Livevideo intends to continue this pattern by requiring NAI and the Court to brief and adjudicate (repeatedly) issues that have already been decided or are already the subject of other fully briefed motions.  *See Gonzalez v. Connecticut Dep't of Corr.*, No. 3:20-cv-00736(VAB), 2021 WL 1923785, at *7–8 (D. Conn. May 13, 2021) (noting that the court "*sua sponte* stayed all responses to any other pending motions until resolution of the motions to dismiss" following a barrage of motions filed by plaintiff).

The interest of conserving Defendants', the Court's, and the public's limited judicial resources by issuing a stay substantially outweighs any burden on Livevideo.  Indeed, no such burden exists.  The May 6 Motion and any others that Livevideo intends to file will be mooted if and when this action is dismissed in its entirety under Rule 4(m) due to Livevideo's failure to serve any Defendant or offer any credible explanation for its failure to do so.  *Cf. Gross v. Madison Square Garden Entm't. Corp.*, 23-cv-3380, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (noting "a pending motion to dismiss may constitute good cause" for a stay of discovery under Federal Rule of Civil Procedure 26(c)'s provision for orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" (quotations omitted)).  And the Court should give no weight to Livevideo's apparent interest in harassing Defendants by filing frivolous and repetitive motions.

---

[4] NAI does not respond to the substance of the May 6 Motion in this letter-motion and reserves all rights to oppose that motion on or before the May 20, 2025 deadline in the event the Court does not grant a stay.

ROPES & GRAY LLP

The Honorable Barbara Moses — - 4 - — May 15, 2025

      Accordingly, NAI respectfully requests that the Court issue a stay of all responses to any pending or future motions filed by Livevideo—including briefing on the May 6 Motion—until the Court has ruled on NAI's Rule 11 motion and determined whether this action should be dismissed pursuant to Rule 4(m). Counsel for NAI remains available for a status conference at the Court's convenience to the extent it would aid resolution of this or any other issues. NAI appreciates the Court's continued attention to this matter.

Respectfully submitted,

*/s/ Peter L. Welsh*

Peter L. Welsh

cc:    Counsel of Record (via ECF)

1,558/2,000 words