USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIVEVIDEO.AI CORP,

        Plaintiff,

-against-

SHARI REDSTONE, et al.,

        Defendants.

24-CV-6290 (DEH) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons set forth below, the Court denies the motion of plaintiff LiveVideo.AI Corp. (LiveVideo) to vacate a scheduling order issued by this Court on December 11, 2024, *see* Pl. Mot. (Dkt. 138) at 1, and denies as moot, without prejudice, the letter-motion of defendant National Amusements, Inc. (NAI) to stay briefing on "all pending and future motions" filed by plaintiff. *See* Def. Mot. (Dkt. 141) at 1.

**Background**

Plaintiff LiveVideo, which is a startup corporation with no apparent assets (other than "proprietary IP," *see* First Amended Complaint (FAC) (Dkt. 35), ¶ 31), no apparent revenue, and no apparent employees other than its founder and principal, Brad Greenspan, filed this action on August 20, 2024 against NAI (the parent company of publicly-traded conglomerate Paramount Global (Paramount)), along with Paramount's chief executive, one of its former directors, and one of its outside counsel. In its FAC, filed on September 17, 2024, LiveVideo alleges that defendants committed various state law torts, and violated the whistleblower provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act, by failing to return Mr. Greenspan's calls or respond to his July 5, 2024 letter offering to purchase Paramount. FAC ¶¶ 42-118.[1] Plaintiff further

---

[1] At the time, Paramount was engaged in well-publicized merger negotiations with nonparty Skydance Media, LLC (Skydance). *See* FAC ¶¶ 39-41. On July 7, 2024, Paramount and Skydance announced a definitive merger agreement, *id*. ¶¶ 52, 79, valued at approximately $ 8 billion. *Id.*

alleges that defendants violated the federal Computer Fraud and Abuse Act by reading a "test email" that he sent on May 6, 2024 to the Paramount email address of a former Paramount executive. *Id.* ¶¶ 119-32.

As this Court has previously noted, both of plaintiff's purported federal claims are "problematic." 2/27/25 Order (Dkt. 123) at 4 & nn.3-4. Moreover, plaintiff does not and cannot invoke this Court's diversity jurisdiction, because LiveVideo, NAI, and at least one of the individual defendants are citizens of New York for diversity purposes. *See* FAC ¶¶ 4-8.

On December 9, 2024, plaintiff obtained a Certificate of Default against defendant NAI (Dkts. 61-63), based on an affidavit of service attesting that a "federal summons and complaint" were delivered on November 6, 2024 to The Corporation Trust Incorporated (Corporation Trust), NAI's agent for service of process, in Maryland. (Dkt. 49.) Two days later, on December 11, 2024, NAI filed a two-page letter-motion seeking an order setting aside the default pursuant to Fed. R. Civ. P. 55(c). NAI argued that it "has never been properly served," NAI 12/11/24 Mot. (Dkt. 65) at 1, but assured the Court that if and when it was properly served it would "timely respond to the complaint and . . . vigorously defend against Plaintiff's frivolous case." *Id.* at 2. Later that same day, this Court issued the order plaintiff now seeks to vacate, 12/11/24 Order (Dkt. 66) at 1, directing LiveVideo to respond to NAI's Rule 55(c) motion by December 16, 2024.

On December 18, 2024, after reviewing both sides' submissions, this Court granted the Rule 55(c) motion and vacated the Certificate of Default. *See* 12/18/24 Order (Dkt. 69) at 3. As explained in the 12/18/24 Order, the pleading that plaintiff delivered to Corporation Trust on November 6, 2024 was "never its operative complaint," rendering service ineffective. *Id.* at 2. The

---

¶ 42 n.18. On May 8, 2025, Paramount reported that the Skydance merger was "anticipated to close in the first half of 2025." *See* https://ir.paramount.com/node/71206/html (last visited May 19, 2025).

2

Court also found vacatur appropriate "after considering the three traditional 'good cause' factors under Rule 55(c)," because NAI's default was not willful, plaintiff was not prejudiced thereby, and NAI "clearly has meritorious defenses." *Id*. at 2-3. Finally, the Court noted that "the 90-day period within which plaintiff was required to effect service of process expired on December 16, 2024, *see* Fed. R. Civ. P. 4(m)," but that a court "must, on a showing of 'good cause for the failure,' extend the time for service 'for a reasonable period.' *Id.*" *Id*. at 3. The Court then directed LiveVideo to make any motion to extend the time for service no later than January 3, 2025. *Id*.

The deadline came and went, but plaintiff did not move to extend its time to serve any of the defendants. Instead, on January 13, 2025, it filed a motion to "modify or alter" the 12/18/24 Order, invoking Fed R. Civ. P. 59(e). (Dkt. 70.) On January 28, 2025, this Court denied the motion, explaining that (i) the motion could not be "a motion to alter or amend a judgment pursuant to Rule 59(e)," because "no judgment has been entered" in this action; (ii) construed as a request for reconsideration pursuant to Local Civ. R. 6.3, the motion was untimely; and (iii) the motion failed on the merits. 1/28/25 Order (Dkt. 74) at 3-5. Finally, the Court noted that plaintiff still had not moved for additional time to serve the defendants with process, pursuant to Rule 4(m), and directed it to show cause "why this action should not be dismissed without prejudice pursuant to Rule 4(m)." *Id*. at 7.

The show-cause hearing was scheduled for February 12, 2025. (*See* Dkt. 77.) That morning, plaintiff filed two new motions: a motion for leave to file a supplemental pleading (Dkt. 82) and a motion for reconsideration of the 1/28/25 Order (Dkt. 85). During the show-cause hearing, plaintiff's counsel of record, Mr. Alfred C. Constants, III, stated on the record that he did not write, review, or authorize the new motions, which were prepared by "a paralegal." *See* 2/12/25 Tr. (Dkt. 90) at 22:2-23:7, 24:5-11. Nor could Mr. Constants explain the purpose of the new

3

reconsideration motion, which asked this Court "to reconsider an order denying reconsideration." *Id.* at 23:15-24:1.

At the conclusion of the show-cause hearing, the Court reserved decision on whether this action should be dismissed pursuant to Rule 4(m); granted leave to NAI to file a sanctions motion pursuant to Fed. R. Civ. P. 11; stayed briefing on the motions filed that morning, pending the outcome of the Rule 11 motion; and gave plaintiff an opportunity to withdraw one or both of those new motions without penalty. *See* 2/12/25 Order (Dkt. 87) ¶¶ 2, 4, 5. Later that day, plaintiff withdrew its newly-filed reconsideration motion (*see* Dkts. 88, 89), but it did not withdraw its motion for leave to file a supplemental pleading.[2] On February 26, 2025, defendants timely filed their Rule 11 motion (Dkt. 120), which has since been fully briefed and remains pending.

In March 2025 – notwithstanding that the 2/12/25 Order stayed briefing on the motion for leave to file a supplemental pleading – plaintiff filed (or attempted to file) a series of amended or updated materials in support of that motion. (*See* Dkts. 128, 129, 130, 134.) On April 1, 2025, this Court advised that "defendants need not respond to any iteration of plaintiff's motion for leave to supplement its complaint." 4/1/25 Order (Dkt. 137) at 1. In addition, plaintiff was warned as follows:

> Both plaintiff and its counsel are now at risk of additional sanctions pursuant to Fed. R. Civ. P. 16(f)(1)(C) (for violating a pretrial order) and/or [28] U.S.C. § 1927 (for multiplying these proceedings "unreasonably and vexatiously"). Should plaintiff continue to file "unauthorized, repetitive, and frivolous motions," a filing injunction may also be imposed. *Cunningham v. United States Marshals Serv.*, 2016 WL 11703994, at *2 (S.D.N.Y. Aug. 2, 2016) (forbidding plaintiff from "filing any additional papers or lawsuits without permission of the Court," and setting a monetary penalty of "$250 per filing" should plaintiff disobey).
>
> If plaintiff wishes to mitigate its sanction risk, it may voluntarily withdraw the improperly-filed submissions identified above [Dkts. 128, 129, 130, 134], without

---

[2] On February 23, 2025, plaintiff filed an objection to the 2/12/25 Order pursuant to Fed. R. Civ. P. 72(a). (Dkt. 118.) The objection remains pending before the Hon. Dale E. Ho, United States District Judge.

4

prejudice to refiling if and when the stay is dissolved.

*Id.* (footnotes omitted). Plaintiff did not withdraw any of the offending filings.

## **Plaintiff's Motion**

On May 6, 2025, plaintiff filed its most recent motion, asking this Court to vacate the 12/11/24 Order pursuant Fed. R. Civ. P. 60(b)(3), which permits the district court to "relieve a party . . . from a final judgment, order, or proceeding" obtained as a result of "fraud," "misrepresentation," or "misconduct by an opposing party." The motion is supported by a declaration from attorney Constants, dated May 6, 2025 (Constants Decl.) (Dkt. 139), and a 24-page memorandum of law (Pl. Mem.) (Dkt. 140), to which is annexed a corrupted version of this Court's 12/11/24 Order as "Exhibit A" and a 300-plus page "Exhibit B," which includes (among many other documents) a proposed form of default judgment against NAI in the amount of $2.42 billion. (*See* Dkt. 140-1 at ECF p. 1.)

In its brief, plaintiff contends that the 12/11/24 Order was "obtained through fraud, misrepresentation, and misconduct" by NAI. Pl. Mem. at 1. Specifically, plaintiff argues that in NAI's December 11, 2024 letter-motion, it: (i) falsely claimed that it was never "properly served in this action," which was "nothing short of a premeditated lie," *id.* at 2, 14-15; (ii) "intentionally muddled the identity of its registered agent, carelessly conflating The Corporation Trust Incorporated with CT Corporation – two entirely separate entities – further confusing the Court and inflicting severe prejudice on Plaintiff," *id.* at 2, 15-16; and (iii) "inaccurately implied that Plaintiff improperly served Dkt No. 44, a proposed second amended complaint denied by the Court," when in fact it served "the first amended complaint filed on Sep. 13, 2024[.]" *Id.* at 16; *see also* Constants Decl. ¶ 15 (listing the same three "critical misrepresentations" in NAI's December 11 letter-motion). In the remainder of its brief, plaintiff asserts that NAI engaged in a variety of misconduct both before and after the issuance of the 12/11/24 Order, some of it wholly unrelated

5

to this action. Pl. Mem. at 4-12, 19-21. Nonetheless, in plaintiff's (current) view, it is the 12/11/24 Order that "stands as a flagrant injustice that undermines Plaintiff's rights," *id*. at 3, and therefore – in plaintiff's view – should be vacated. *Id*. at 3, 17, 21, 23, 24.

## **Plaintiff's Motion is Denied**

Plaintiff's motion is beyond frivolous.

First, the 12/11/24 Order is a *scheduling* order. Its single operative paragraph reads as follows:

> Plaintiff's opposition letter is due no later than **December 16, 2024**. *See* Moses Ind. Prac. § 2(e). If plaintiff contends that the Certificate of Default should not be set aside pursuant to Fed. R. Civ. P. 55(c), it must submit admissible evidence (*e.g.*, an affirmation or declaration) identifying exactly what was served on NAI and in what manner.

12/11/24 Order at 1. Plaintiff offers no authority – and this Court is aware of none – for the proposition that an order setting a motion briefing schedule may be vacated if there were "misrepresentations" contained in the motion that required briefing. Nor, of course, can plaintiff plausibly claim that it was prejudiced by being given an opportunity to respond to those supposed misrepresentations.

Second, plaintiff did respond to NAI's letter-motion. It argued then (as it argues now) that it properly served NAI on November 6, 2024, by delivering a summons and "amended complaint" to Corporation Trust. However, plaintiff's process server, Bob Roberts, attested that the "amended complaint" he delivered that day was the 51-page pleading that appears on this Court's electronic docket at Dkt. 32. Roberts Decl. (Dkt. 67 at ECF pp. 3-6) ¶¶ 9-10. Plaintiff was well aware that that document (titled "Second Amended Complaint and Jury Demand"), was never accepted for filing. *See* 12/18/24 Order at 1-2. Plaintiff's *operative* complaint, at the time of the purported service, was the "'*First* Amended Complaint and Jury Demand' (emphasis added), which appears on the Court's electronic docket at Dkt. 35." *Id*. at 2. Thus, plaintiff "conceded that the pleading it

6

served upon NAI was never its operative complaint," warranting the vacatur of the default against NAI. *Id.* As is clear from the 12/18/24 Order, this Court did not determine that service on NAI was defective in reliance on any misrepresentations in NAI's letter-motion. It determined that service on NAI was defective because of the admissions made by plaintiff's process server in a declaration submitted by plaintiff. Moreover, as this Court carefully explained, vacatur was also warranted under the traditional Rule 55(c) factors. *Id*. at 2-3. There is thus no basis in the record for plaintiff's suggestion that it lost the Rule 55(c) motion because of "misrepresentations" regarding service of process in NAI's December 11 letter-motion.

Third, there were no misrepresentations regarding service of process in NAI's December 11 letter-motion. As this Court has twice held, NAI's assertion that it was "never properly served in this action," NAI 12/11/24 Mot. at 1, was correct. *See* 12/18/24 Order at 2; 1/28/25 Order at 5. Plaintiff's next claim, that NAI "carelessly conflat[ed] The Corporation Trust Incorporated with CT Corporation," Pl. Mem. at 2, finds no support in the December 11 letter-motion, which did not mention *either* Corporation Trust *or* CT Corporation. Further, nothing hangs on this point. NAI never argued that plaintiff delivered papers to the wrong agent for service of process, and this Court clearly identified the correct agent – Corporation Trust – in all relevant orders. *See* 12/18/24 Order at 1; 2/27/25 Order at 1, 5-8, 10, 13-16. Plaintiff's final claim, that NAI "inaccurately implied that Plaintiff improperly served Dkt No. 44," Pl. Mem. at 16, is likewise wide of the mark. NAI's December 11 letter-motion makes no reference to Dkt. 44. As Mr. Roberts admitted, and as this Court explained, plaintiff's mistake was that it improperly served the Second Amended Complaint at Dkt. 32 (which was never accepted for filing) instead of the First Amended Complaint at Dkt. 35, which was then (and is now) plaintiff's operative pleading. 12/18/24 Order at 1-2.

7

Fourth, plaintiff's arguments in support of what it now labels a Rule 60(b)(3) motion, challenging the 12/11/24 Order, are all recycled from its failed Rule 59(e) motion, challenging the 12/18/24 Order, and from its withdrawn Local Civil Rule 6.3 motion, challenging the 1/28/25 Order. *See*, *e.g*., Motion and Memorandum of Law in Support of Motion 59E (Dkt. 70-2) at 7 ("The Defendant induced the [12/18/24] Order through a series of misstatements and misleading representations regarding the registered agent for service of process and the sufficiency of service."); Motion and Memorandum of Law in Support of L.R. Motion 6.3 (Dkt. 86) at 5 ("The Dec. 11 Letter is Underpinned by Multiple False Claims," including the "false proposition" that "Plaintiff served Dkt 44 on the Defendant[.]"). In substance, therefore, this is the third time that plaintiff has attempted to reinstate its default against NAI by accusing NAI, baselessly, of making factual misrepresentations in its December 11, 2024 letter-motion.[3]

Rule 60(b) permits "extraordinary judicial relief," but "only if the moving party meets its burden of demonstrating 'exceptional circumstances.'" *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir. 1994); *see also*, *e.g*., Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) ("The rule provides an extraordinary remedy that is granted only when the movant can demonstrate that 'exceptional circumstances' justify the relief requested.") To obtain relief under Rule 60(b)(3), the moving party must demonstrate, by "clear and convincing" evidence: (1) that the adverse party engaged in fraud, misrepresentation, or other misconduct; (2) that this conduct prevented the moving party from fully and fairly presenting his case; and (3) that the motion is not merely "an attempt to relitigate the merits." *Catskill Dev.*, 286

---

[3] This time, moreover, plaintiff does not simply ask the Court to "vacate its December 11, 2024 Order," Pl. Mem. at 24; it also requests that the Court "allow the Clerk per Local Rules [sic] 55 to complete [the] ministerial task of processing [a] default judgment" in the amount of $2.42 billion, pointing to the proposed form of judgment included within Exhibit B to its brief. *Id.*

F. Supp. 2d at 312; *accord Mazlin Trading Corp. v. WJ Holding Ltd.*, 2022 WL 20437016, at *3 (S.D.N.Y. Sept. 29, 2022); *TAL Props. of Pomona, LLC v. Vill. of Pomona*, 2019 WL 3287983, at *8 (S.D.N.Y. July 22, 2019); *Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013), *aff'd sub nom. Thomas v. McAullife*, 691 F. App'x 671 (2d Cir. 2017) (summary order).

Even where the necessary showing is made, the decision whether to grant a Rule 60(b) motion is "committed to the sound discretion of the district court." *Stevens v. Miller,* 676 F.3d 62, 67 (2d Cir. 2012) (citation and internal quotation marks omitted). In making that decision, the court may consider, among other things, whether "the movant possesses a meritorious claim in the first instance." *Thomas*, 293 F.R.D. at 503 (quoting *Cobos v. Adelphi Univ.,* 179 F.R.D. 381, 385 (E.D.N.Y. 1998)).

Plaintiff's motion fails every prong of the Rule 60(b)(3) test. As explained above, LiveVideo has not shown – much less by "clear and convincing evidence" – that NAI made any misrepresentations in its December 11, 2024 letter-motion. Nor has it shown that this Court's 12/11/24 Order, which simply set a schedule for plaintiff to respond to that letter-motion, somehow prevented it from fully and fairly presenting its case. In addition, it is clear from the record that plaintiff's current motion is its third "attempt to relitigate the merits," *Catskill Dev.*, 286 F. Supp. 2d at 312, of this Court's decision to vacate the default against NAI – made after plaintiff lost its January 13, 2025 Rule 59(e) motion and withdrew its February 12, 2025 reconsideration motion. *See TAL Props. of Pomona*, 2019 WL 3287983, at *8 (S.D.N.Y. July 22, 2019) ("A Rule 60(b)(3) motion is not an opportunity for the movant to attempt to relitigate the merits of the case."). The Court further notes that both the undersigned magistrate judge and NAI have raised significant doubts as to whether LiveVideo "possesses a meritorious claim in the first instance." *Thomas*, 293 F.R.D. at 503.

Plaintiff's repetitive efforts to reinstate its short-lived default against NAI are not merely meritless; they stem from a problem entirely of its own making. Service of process upon a corporation through Corporation Trust is not difficult. As of December 11, 2024 – when NAI moved to set aside the default just entered against it – the 90-day period provided by Rule 4(m) for service of process had not yet run. A prudent plaintiff, upon receiving NAI's letter-motion, would have quickly re-served NAI with the correct pleading. Insofar as the record reflects, however, LiveVideo made no effort to do so. By December 18, 2024, the original service period had expired. However, this Court reminded plaintiff that it could move for an extension of its service deadline, and directed it do so by January 3, 2025. 12/18/24 Order at 3. Inexplicably, plaintiff again failed to act, choosing instead to wait another ten days and then file its misguided Rule 59(e) motion on January 13, 2025, followed by its equally misguided reconsideration motion on February 12, 2025.[4]

### NAI's Motion is Denied as Moot

NAI has not yet responded to plaintiff's Rule 60(b)(3) motion on the merits. Instead, on May 15, 2025, it requested "a stay of all responses to any pending or future motions" by plaintiff, including the Rule 60(b)(3) motion, "until this Court decides NAI's motion for sanctions . . . and determines whether this case should be dismissed" pursuant to Rule 4(m). Def. Mot. at 1. NAI argues, with some force, that the Rule 60(b)(3) motion "is just the latest example of Livevideo's litigation strategy of serially filing meritless motions premised on already-rejected arguments." *Id*.

---

[4] *After* the Rule 59(e) motion was denied, *after* this Court directed plaintiff to show cause why this action should not be dismissed for failure to timely serve any of the defendants, and *after* plaintiff filed its February 12, 2025 reconsideration motion (apparently without the knowledge of its counsel), Mr. Constants finally made an oral motion, during the February 12, 2025 show-cause hearing, for another 30 days within which to effect service. *See* 2/12/25 Tr. at 12:9-11. However, counsel was unable to articulate the required good cause for plaintiff's failure to timely serve the defendants *or* move to extend the schedule set by this Court. *Id*. at 12:22-14:12. Consequently, this Court denied the oral motion. *Id*. at 14:13-14; 2/12/25 Order ¶ 1.

10

Because this Court has determined to deny plaintiff's Rule 60(b)(3) motion, NAI's stay request is moot, at least insofar as it seeks a stay of its obligation to file papers in opposition to that motion. Further, while this Court has the discretion to issue the broader stay requested by NAI, *see Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012); *Gonzalez v. Connecticut Dep't of Corr.*, 2021 WL 1923785, at *7-8 (D. Conn. May 13, 2021), it hesitates to do so with respect to motions not yet filed, particularly given that plaintiff LiveVideo – unlike the pro se plaintiff in *Gonzalez* – is represented by a member of the Bar of this Court.

Mr. Constants is reminded that NAI is seeking sanctions against him pursuant to Rule 11, for pursuing substantively frivolous claims, and that this Court warned him on April 1, 2025 that he was also at risk of sanctions pursuant to 28 U.S.C § 1927 should he fail to withdraw plaintiff's unauthorized filings in further support of its stayed motion for leave to supplement its pleading. Mr. Constants is now advised that this Court will not hesitate to impose additional sanctions pursuant to that statute if he persists in multiplying these proceedings "unreasonably and vexatiously," 28 U.S.C. § 1927, or permits his client to use his ECF credentials for that purpose.

## Conclusion

For the reasons set forth above, plaintiff's Rule 60(b)(3) motion (Dkt. 138) is DENIED. Defendant NAI's stay motion (Dkt. 141) is DENIED AS MOOT, without prejudice to renewal if necessary. The Clerk of Court is respectfully directed to close the motions at Dkts. 138 and 141.

Dated: New York, New York  
     May 19, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**