THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*

vs.

    CIVIL ACTION
    C.A. NO. 1:24-CV-06290

    PLAINTIFF'S OBJECTIONS
    TO MAGISTRATE JUDGE'S
    ORDER DENYING RULE
    60(b)(3) MOTION TO VACATE

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,
    *Defendant's.*

_____/

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
DENYING RULE 60(b)(3) MOTION TO VACATE

## TABLE OF CONTENTS

Preliminary Statement............................................................1

Legal Standard..................................................................2

Argument.......................................................................4

I. The Magistrate Judge Erred in Characterizing
the December 11, 2024 Order as a Mere "Scheduling Order".........5

II. The Magistrate Judge Erred in Finding No
Misrepresentations in NAI's December 11, 2024
Letter-Motion..................................................................5

    A. NAI Falsely Claimed It Had Never
    Been Properly Served...................................................5

    B. NAI Deliberately Created Confusion
    About Its Registered Agent...........................................6

    C. NAI Falsely Implied Plaintiff Had Served a Denied
    Proposed Second Amended Complaint...............................6

III. The Magistrate Judge Applied an Improperly
Stringent Standard for Rule 60(b)(3) Relief.................................7

IV. The Magistrate Judge Erred in Characterizing
Plaintiff's Motion as an Attempt to Relitigate the Merits...............9

V. The Magistrate Judge Improperly Considered
Irrelevant Factors in Denying Relief.........................................9

VI. The Interests of Justice Require Vacating the
December 11, 2024 Order.....................................................10

Conclusion...................................................................11

## TABLE OF AUTHORITIES

**Cases**                                                                    **Pages(s)**

*Easleyv. Cromartie, 532 U.S. 234, 242 (2001).* ....................................3

*Thompson v. Keane, No. 95 Civ. 2442,*
*1996 WL 229887.*...........................................................................3

*State Street Bank & Trust Co. v. Inversiones*
*374 F.3d 158, 176 (2d Cir. 2004)*............................................3

*Catskill Development, LLC v. Park Place.*.............................................4
*286 F. Supp. 2d 309, 315 (S.D.N.Y. 2003)*

*Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984)*...........................5

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING RULE 60(b)(3) MOTION TO VACATE**

Plaintiff LiveVideo.AI Corp ("LiveVideo" or "Plaintiff") respectfully submits these objections pursuant to FRCP 72(a) to Magistrate Judge Moses' May 19, 2025, Order (Dkt. 142) denying Plaintiff's Rule 60(b)(3) motion to vacate the December 11, 2024, Order. (attached as Ex A). For the reasons set forth below, the Magistrate ruling was clearly erroneous and contrary to law. This Court should reverse the ruling, granting Plaintiff's Motion 60b3 relief sought in full.

**PRELIMINARY STATEMENT**

The Magistrate Judge's Order denying Plaintiff's Rule 60(b)(3) motion fundamentally mischaracterizes both the nature of Plaintiff's motion and the legal standard governing such motions. The Order erroneously dismisses as "beyond frivolous" a motion that identifies specific, documented instances of fraud, misrepresentation, and misconduct by Defendant National Amusements, Inc. ("NAI") that directly influenced the Court's December 11, 2024, Order to Show Cause ("OSC").

From the Plaintiff's perspective after it submitted several evidentiary documents (Dkts 61, 62, 63) to be granted a default from the Court, and after the defendant's acknowledgment of that evidence in its first appearance.[1]

---

[1] "Contrary to the claims in Livevideo's recent filings in support of its application for a default," (Dkt.

It's evident that the Magistrate believed the defendant's false claim that the Plaintiff had not served the proposed Second Amended Complaint. This belief led to several issues:

The Magistrate issued a hasty, almost emergency Order to Show Cause (OSC) on the same day. There was a troubling lack of consideration for evidence submitted by the Plaintiff. The Magistrate appeared to react to a false emergency of contempt created by the defendants. The resulting Order circumvented due process by wrongfully reversing the obligation onto the Plaintiff to reproduce evidence already present in the court.

The Magistrate improperly forgoed relying on the evidence that was part of the granted Clerk default. The Magistrate demanded new evidence from the Plaintiff instead of reviewing the defendants' submissions against the existing evidence (Dkts 61, 62, 63).

The existing evidence, including the Plaintiff's declaration in support and the affidavit of the process server, was more than sufficient to highlight that the defendants had failed to provide any refutation of its validity. The Magistrate's decision to review "both sides' submissions" on December 18, 2024, was inappropriate given the presence of the Clerk Default evidence. This series of actions demonstrates a significant departure from proper judicial procedure and raises concerns about the fairness of the proceedings.

The Magistrate Judge's ruling contains four fundamental errors that render it clearly erroneous and contrary to law. First, the Order incorrectly characterizes the December 11, 2024, OSC as a mere "scheduling order." In fact, it was a substantive order that shifted the evidentiary burden to Plaintiff and directly led to the vacatur of the default against NAI.

This OSC was the critical procedural mechanism that enabled NAI to escape the consequences of its default and avoid addressing the merits of Plaintiff's claims. Second, the Order overlooks the fact that the first sentence of the motion to vacate explicitly includes the subsequent Dec. 18 Order vacating NAI's Default. (Dkt. 140 see Footnote #1)

Third, the Order erroneously concludes that NAI made no misrepresentations in its December 11, 2024, letter-motion, despite clear and convincing evidence to the contrary.[2] Fourth, the Order applies an improperly stringent standard for Rule 60(b)(3) relief, effectively immunizing NAI's misconduct from judicial scrutiny.

The record demonstrates that NAI obtained the December 11, 2024 OSC through fraud, misrepresentation, and misconduct, including falsely claiming it had never been properly served, deliberately confusing the identity of its registered agent, and falsely implying that Plaintiff had attempted to serve a denied proposed second amended complaint. These misrepresentations directly influenced the Court's decision to issue the OSC and prevented Plaintiff from fully and fairly presenting its case. The interests of justice require vacating the December 11, 2024, Order and reinstating the default against NAI.

### LEGAL STANDARD

---

[2] "Although NAI has not been properly served, in the event that Plaintiff properly effects service of an operative complaint on NAI, reserving all rights, NAI will timely respond to the complaint and will vigorously defend against Plaintiff's frivolous case. In the meantime, NAI is at the Court's disposal

### A. Standard of Review for Objections to Magistrate Judge Orders

Under FRCP 72(a), a district judge must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A) similarly provides that a district judge "may reconsider any [non-dispositive] pretrial matter... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." A magistrate judge's ruling is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001). A ruling is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996).

### B. Standard for Relief Under Rule 60(b)(3)

Federal Rule of Civil Procedure 60(b)(3) provides that a court may relieve a party from an order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To prevail on a Rule 60(b)(3) motion, the movant must establish by clear and convincing evidence that: (1) the opposing party engaged in fraud, misrepresentation, or other misconduct; and (2) this misconduct prevented the movant from fully and fairly presenting its case. State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004).

Importantly, Rule 60(b)(3) does not require that the fraud or

misconduct be outcome-determinative. Rather, the question is whether the misconduct "substantially interfered with the aggrieved party's ability fully and fairly to prepare for and proceed to trial." Catskill Development, LLC v. Park Place Entertainment Corp., 286 F. Supp. 2d 309, 316 (S.D.N.Y. 2003). The rule "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Id. at 315.

## ARGUMENT

### I. The Magistrate Judge Erred in Characterizing the December 11, 2024, Order as a Mere "Scheduling Order"

The Magistrate Judge's characterization of the December 11, 2024 Order as a mere "scheduling order" is clearly erroneous and contrary to law. While the Order did set a briefing schedule, it was substantively an Order to Show Cause that fundamentally altered the procedural posture of the case by:

(1) Shifting the burden of proof from NAI (which, as the defaulting party, bore the burden of establishing "good cause" for setting aside the default under Rule 55(c)) to Plaintiff; and

(2) Requiring Plaintiff to "submit admissible evidence... identifying exactly what was served on NAI and in what manner" (Dkt. 66 at 1), effectively treating NAI's unsworn assertions as presumptively valid despite the contrary sworn affidavit of Plaintiff's process server that had already been reviewed by the Clerk; and

(3) Eliminating or ignoring the substantive evidence Plaintiff had

already filed into the Court under FRCP 55 to be granted a default.

(4) Creating the procedural mechanism through which NAI ultimately

obtained vacatur of the default.

The December 11, 2024, Order was not merely procedural but

substantive in nature, as it directly influenced the Court's subsequent

decision to vacate the default against NAI. The Magistrate Judge's failure to

recognize the substantive nature of this Order constitutes clear error.

The Second Circuit has recognized that orders that appear procedural

on their face may be substantive in effect when they significantly impact a

party's rights. See, e.g., Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984)

(recognizing that procedural orders may have substantive effects). Here, the

December 11, 2024, Order had the substantive effect of undermining

Plaintiff's properly obtained default and forcing Plaintiff to defend against

unsworn allegations by NAI.

**II. The Magistrate Judge Miscomprehended The Fact Plaintiff's
Motion To Vacate "as necessary" or "in addition" Includes The December 18,
2025 Order**

The Magistrate claim that vacating the December 11, 2024 Order

alone is insufficient is mooted by the fact Plaintiff's Motion 60b3 also

included "as necessary or alternatively in addition," that it sought to vacate

"the December 18, 2024 Order vacating the granted Dec. 9, 2024 NAI

Default. (Dkt No. 69)" (id).

### III. The Magistrate Judge Erred in Finding No Misrepresentations in NAI's December 11, 2024, Letter-Motion

The Magistrate Judge's finding that "there were no misrepresentations regarding service of process in NAI's December 11 letter-motion" (Dkt. 142 at 7) is clearly erroneous and contrary to the evidence in the record. The record demonstrates by clear and convincing evidence that NAI made at least three material misrepresentations in its December 11, 2024, letter-motion.

#### A. NAI Falsely Claimed It Had Never Been Properly Served

NAI's assertion that it "has never been properly served in this action" (Dkt. 65 at 1) was demonstrably false. The record contains an affidavit of service from process server Bob Roberts attesting that on November 6, 2024, he properly served NAI through its registered agent in Maryland, The Corporation Trust Incorporated. (Dkt. 56). This service was executed in full compliance with Federal Rule of Civil Procedure 4(h)(1)(B), which permits service on a corporation by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

The Magistrate Judge erroneously concluded that NAI's statement was "correct" because Plaintiff had served the wrong version of the complaint. However, this post hoc rationalization does not render NAI's categorical denial of service truthful. NAI did not claim in its December 11 letter-motion that it had been served with the wrong version of the complaint; it claimed it had "never been properly served" at all. This was a material misrepresentation designed to mislead the Court into issuing the OSC.

### B. NAI Deliberately Created Confusion About Its Registered Agent

While the Magistrate Judge correctly notes that NAI's December 11 letter-motion did not explicitly mention either Corporation Trust or CT Corporation, this analysis overlooks the context of NAI's subsequent filings, which reveal a pattern of deliberate confusion regarding its registered agent. In its December 18, 2024, letter-motion, NAI stated: "NAI has not submitted copies of the documents served on CT Corp. or an affidavit in support of the same" (Dkt. 68), falsely suggesting that CT Corporation (not The Corporation Trust Incorporated) was its registered agent.

This confusion was further compounded in NAI's January 27, 2025 filing, which falsely claimed that "CT Corporation is the well-known tradename of The Corporation Trust Incorporated" (Dkt. 73 at 10). This statement is demonstrably false, as CT Corporation is a separate and distinct entity from The Corporation Trust Incorporated.

The Magistrate Judge's conclusion that "nothing hangs on this point" (Dkt. 142 at 7) ignores the fact that NAI's deliberate confusion regarding its registered agent was part of a calculated strategy to undermine the validity of Plaintiff's service of process and obtain vacatur of the default.

### C. NAI Falsely Implied Plaintiff Had Served a Denied Proposed Second Amended Complaint

The Magistrate Judge's finding that "NAI's December 11 letter-motion makes no reference to Dkt. 44" (Dkt. 142 at 7) is technically correct but substantively misleading. NAI's letter-motion stated that "*Livevideo*

*attempted (unsuccessfully) to serve NAI with the proposed Second Amended*
*Complaint, which the Court previously denied leave to file. See Dkt. Nos. 47,*
*56, 62."* (Dkt. 65 at 1). Docket No. 47 specifically refers to the Court's order
denying leave to file the proposed Second Amended Complaint at Dkt. 44.

By citing Dkt. 47 and referring to "the proposed Second Amended
Complaint, which the Court previously denied leave to file," NAI clearly
implied that Plaintiff had attempted to serve the denied proposed Second
Amended Complaint at Dkt. 44, not the document at Dkt. 32 that Plaintiff
actually served. This implication was false and misleading, as NAI had no
evidence that Plaintiff had attempted to serve Dkt. 44.

The Magistrate Judge's failure to recognize these misrepresentations
constitutes clear error and warrants reversal.

### D. The Magistrate's December 11 Response Proves She Was Misled By Defendant's ECF Letter Motion Misrepresentations

Even more important when evaluating if the defendant's December 11,
2024 ecf letter motion contained misrepresentations that misled the Court is
evaluating the Court's own response. Here, the Magistrate responded the
same day, stating "NAI reports that plaintiff attempted to serve the proposed
Second Amended Complaint, id. at 1, which the Court previously denied leave
to file. (Dkt. 47.)" (Dkt. 66). Therefore it is of no import that the defendant's
did not technically insert a "Dkt. 44" in the text of their ecf letter motion
when it is clear the Magistrate believed the defendants ecf letter motion was
referencing Dkt 44, which is the only "proposed Second Amended Complaint"

which the Magistrate "denied".

### IV. The Magistrate Judge Applied an Improperly Stringent Standard for Rule 60(b)(3) Relief

The Magistrate Judge applied an improperly stringent standard for Rule 60(b)(3) relief, effectively immunizing NAI's misconduct from judicial scrutiny. The Order states that Plaintiff must show that NAI's misrepresentations "prevented it from fully and fairly presenting its case" (Dkt. 142 at 9), but then fails to properly analyze how NAI's misrepresentations affected Plaintiff's ability to present its case. NAI's misrepresentations directly prevented Plaintiff from fully and fairly presenting its case in several ways:

(1) By falsely claiming it had never been properly served, NAI shifted the burden to Plaintiff to prove proper service, rather than requiring NAI to rebut the presumption of proper service with admissible evidence.

(2) By creating confusion about its registered agent, NAI undermined the credibility of Plaintiff's service affidavit and created unnecessary confusion about whether the proper entity had been served.

(3) By falsely implying that Plaintiff had attempted to serve a denied proposed Second Amended Complaint, NAI created the false impression that Plaintiff was acting in contempt of court, severely prejudicing Plaintiff's credibility before the Court.

These misrepresentations directly influenced the Court's decision to issue the December 11, 2024, OSC, which in turn led to the vacatur of the default against NAI. The Magistrate Judge's failure to recognize the causal connection between NAI's misrepresentations and the prejudice suffered by Plaintiff constitutes clear error.

### V. The Magistrate Judge Erred in Characterizing Plaintiff's Motion as an Attempt to Relitigate the Merits

The Magistrate Judge erroneously characterized Plaintiff's Rule 60(b)(3) motion as "the third time that plaintiff has attempted to reinstate its default against NAI by accusing NAI, baselessly, of making factual misrepresentations in its December 11, 2024, letter-motion" (Dkt. 142 at 8). This characterization misunderstands the nature of Plaintiff's motion.

Plaintiff's Rule 60(b)(3) motion is not an attempt to relitigate the merits of the Court's decision to vacate the default against NAI. Rather, it is a targeted challenge to the December 11, 2024, OSC, which was obtained through fraud, misrepresentation, and misconduct by NAI. The fact that Plaintiff previously sought reconsideration of the Court's December 18, 2024, Order vacating the default does not render its Rule 60(b)(3) motion an improper attempt to relitigate the merits.

Rule 60(b)(3) provides a distinct basis for relief separate from the grounds for reconsideration under Rule 59(e) or Local Civil Rule 6.3. The Magistrate Judge's failure to recognize this distinction constitutes clear error and warrants reversal.

### VI. The Magistrate Fails To Address Continuing Nature Of The Fraud Upon The Court And Still Falsely Believe Defendant Failed To Serve Legal Process December 6, 2024 On Defendant

The Magistrate does not address any of the Plaintiff's Claims about the Motion 60b3 relief needed because of ongoing continuing misrepresentations by the Defendant and how they had even escalated in the March 2025 series of new misrepresentations and frauds on the court. The Magistrate's omni response appears to be that she is not relying on the misstatements made by the Defendant and will not rely on future misstatements made by the Defendants so the Plaintiff should do nothing but accept them.

However, not even this scenario is feasible because the Magistrate incorrectly continues to believe the fault by the Plaintiff was not being able to serve legal process on the Defendant in Maryland successfully as she re-affirms in her decision stating

> "Plaintiff's repetitive efforts to reinstate its short-lived default against NAI are not merely meritless; they stem from a problem entirely of its own making. Service of process upon a corporation through Corporation Trust is not difficult."

Of course the problem for the Plaintiff is that the Magistrate refuses to make the defendant's put evidence of what was served on them by Plaintiff on November 6, 2024.

### VII. The Interests of Justice Require Vacating the December 11, 2024, Order

The interests of justice strongly favor vacating the December 11, 2024

Order. NAI should not be permitted to benefit from its fraud, misrepresentation, and misconduct. Vacating the Order would restore fairness to the proceedings and ensure that NAI is held accountable for its legal obligations.  Furthermore, vacating the Order would send a clear message that fraud on the court will not be tolerated and that parties must be truthful in their representations to the court. This outcome would promote the integrity of the judicial process and deter similar misconduct in the future.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reverse the Magistrate Judge's May 19, 2025, Order denying Plaintiff's Rule 60(b)(3) motion, vacate the December 11, 2024 Order, reinstate the default against NAI, and grant such other and further relief as the Court deems just and proper.

Dated this 2nd day of June, 2025.

Respectfully submitted,

By /s/ Alfred C. Constants III
Alfred C. Constants III, Esq.
Constants Law Offices, LLC.
115 Forest Ave., Unit 331
Locust Valley, NY 11560
Email:Constantslaw49@gmail.com
Attorney For Plaintiff

CERTIFICATE OF COMPLIANCE

This opposition brief is 3254 words and complies with Local and Federal rules

Further prepared with Microsoft Word, font type Century 12pt.

Dated this 2nd day of June, 2025.

Respectfully submitted,

By /s/ Alfred C. Constants III
Alfred C. Constants III, Esq.
Constants Law Offices, LLC.
115 Forest Ave., Unit 331
Locust Valley, NY 11560
Email:Constantslaw49@gmail.com
Attorney For Plaintiff

EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/19/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP,

Plaintiff,

-against-

SHARI REDSTONE, et al.,

Defendants.

24-CV-6290 (DEH) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons set forth below, the Court denies the motion of plaintiff LiveVideo.AI Corp.

(LiveVideo) to vacate a scheduling order issued by this Court on December 11, 2024, *see* Pl. Mot.

(Dkt. 138) at 1, and denies as moot, without prejudice, the letter-motion of defendant National

Amusements, Inc. (NAI) to stay briefing on "all pending and future motions" filed by plaintiff. *See*

Def. Mot. (Dkt. 141) at 1.

<u>Background</u>

Plaintiff LiveVideo, which is a startup corporation with no apparent assets (other than

"proprietary IP," *see* First Amended Complaint (FAC) (Dkt. 35), ¶ 31), no apparent revenue, and

no apparent employees other than its founder and principal, Brad Greenspan, filed this action on

August 20, 2024 against NAI (the parent company of publicly-traded conglomerate Paramount

Global (Paramount)), along with Paramount's chief executive, one of its former directors, and one

of its outside counsel. In its FAC, filed on September 17, 2024, LiveVideo alleges that defendants

committed various state law torts, and violated the whistleblower provisions of the Dodd-Frank

Wall Street Reform and Consumer Protection Act, by failing to return Mr. Greenspan's calls or

respond to his July 5, 2024 letter offering to purchase Paramount. FAC ¶¶ 42-118.[1] Plaintiff further

---

[1] At the time, Paramount was engaged in well-publicized merger negotiations with nonparty
Skydance Media, LLC (Skydance). *See* FAC ¶¶ 39-41. On July 7, 2024, Paramount and Skydance
announced a definitive merger agreement, *id.* ¶¶ 52, 79, valued at approximately $ 8 billion. *Id.*

alleges that defendants violated the federal Computer Fraud and Abuse Act by reading a "test email" that he sent on May 6, 2024 to the Paramount email address of a former Paramount executive. *Id*. ¶¶ 119-32.

As this Court has previously noted, both of plaintiff's purported federal claims are "problematic." 2/27/25 Order (Dkt. 123) at 4 & nn.3-4. Moreover, plaintiff does not and cannot invoke this Court's diversity jurisdiction, because LiveVideo, NAI, and at least one of the individual defendants are citizens of New York for diversity purposes. *See* FAC ¶¶ 4-8.

On December 9, 2024, plaintiff obtained a Certificate of Default against defendant NAI (Dkts. 61-63), based on an affidavit of service attesting that a "federal summons and complaint" were delivered on November 6, 2024 to The Corporation Trust Incorporated (Corporation Trust), NAI's agent for service of process, in Maryland. (Dkt. 49.) Two days later, on December 11, 2024, NAI filed a two-page letter-motion seeking an order setting aside the default pursuant to Fed. R. Civ. P. 55(c). NAI argued that it "has never been properly served," NAI 12/11/24 Mot. (Dkt. 65) at 1, but assured the Court that if and when it was properly served it would "timely respond to the complaint and . . . vigorously defend against Plaintiff's frivolous case." *Id*. at 2. Later that same day, this Court issued the order plaintiff now seeks to vacate, 12/11/24 Order (Dkt. 66) at 1, directing LiveVideo to respond to NAI's Rule 55(c) motion by December 16, 2024.

On December 18, 2024, after reviewing both sides' submissions, this Court granted the Rule 55(c) motion and vacated the Certificate of Default. *See* 12/18/24 Order (Dkt. 69) at 3. As explained in the 12/18/24 Order, the pleading that plaintiff delivered to Corporation Trust on November 6, 2024 was "never its operative complaint," rendering service ineffective. *Id*. at 2. The

---

¶ 42 n.18. On May 8, 2025, Paramount reported that the Skydance merger was "anticipated to close in the first half of 2025." *See* https://ir.paramount.com/node/71206/html (last visited May 19, 2025).

Court also found vacatur appropriate "after considering the three traditional 'good cause' factors under Rule 55(c)," because NAI's default was not willful, plaintiff was not prejudiced thereby, and NAI "clearly has meritorious defenses." *Id.* at 2-3. Finally, the Court noted that "the 90-day period within which plaintiff was required to effect service of process expired on December 16, 2024, *see* Fed. R. Civ. P. 4(m)," but that a court "must, on a showing of 'good cause for the failure,' extend the time for service 'for a reasonable period.' *Id.*" *Id.* at 3. The Court then directed LiveVideo to make any motion to extend the time for service no later than January 3, 2025. *Id.*

The deadline came and went, but plaintiff did not move to extend its time to serve any of the defendants. Instead, on January 13, 2025, it filed a motion to "modify or alter" the 12/18/24 Order, invoking Fed R. Civ. P. 59(e). (Dkt. 70.) On January 28, 2025, this Court denied the motion, explaining that (i) the motion could not be "a motion to alter or amend a judgment pursuant to Rule 59(e)," because "no judgment has been entered" in this action; (ii) construed as a request for reconsideration pursuant to Local Civ. R. 6.3, the motion was untimely; and (iii) the motion failed on the merits. 1/28/25 Order (Dkt. 74) at 3-5. Finally, the Court noted that plaintiff still had not moved for additional time to serve the defendants with process, pursuant to Rule 4(m), and directed it to show cause "why this action should not be dismissed without prejudice pursuant to Rule 4(m)." *Id.* at 7.

The show-cause hearing was scheduled for February 12, 2025. (*See* Dkt. 77.) That morning, plaintiff filed two new motions: a motion for leave to file a supplemental pleading (Dkt. 82) and a motion for reconsideration of the 1/28/25 Order (Dkt. 85). During the show-cause hearing, plaintiff's counsel of record, Mr. Alfred C. Constants, III, stated on the record that he did not write, review, or authorize the new motions, which were prepared by "a paralegal." *See* 2/12/25 Tr. (Dkt. 90) at 22:2-23:7, 24:5-11. Nor could Mr. Constants explain the purpose of the new

reconsideration motion, which asked this Court "to reconsider an order denying reconsideration." *Id.* at 23:15-24:1.

At the conclusion of the show-cause hearing, the Court reserved decision on whether this action should be dismissed pursuant to Rule 4(m); granted leave to NAI to file a sanctions motion pursuant to Fed. R. Civ. P. 11; stayed briefing on the motions filed that morning, pending the outcome of the Rule 11 motion; and gave plaintiff an opportunity to withdraw one or both of those new motions without penalty. *See* 2/12/25 Order (Dkt. 87) ¶¶ 2, 4, 5. Later that day, plaintiff withdrew its newly-filed reconsideration motion (*see* Dkts. 88, 89), but it did not withdraw its motion for leave to file a supplemental pleading.[2] On February 26, 2025, defendants timely filed their Rule 11 motion (Dkt. 120), which has since been fully briefed and remains pending.

In March 2025 – notwithstanding that the 2/12/25 Order stayed briefing on the motion for leave to file a supplemental pleading – plaintiff filed (or attempted to file) a series of amended or updated materials in support of that motion. (*See* Dkts. 128, 129, 130, 134.) On April 1, 2025, this Court advised that "defendants need not respond to any iteration of plaintiff's motion for leave to supplement its complaint." 4/1/25 Order (Dkt. 137) at 1. In addition, plaintiff was warned as follows:

> Both plaintiff and its counsel are now at risk of additional sanctions pursuant to Fed. R. Civ. P. 16(f)(1)(C) (for violating a pretrial order) and/or [28] U.S.C. § 1927 (for multiplying these proceedings "unreasonably and vexatiously"). Should plaintiff continue to file "unauthorized, repetitive, and frivolous motions," a filing injunction may also be imposed. *Cunningham v. United States Marshals Serv.*, 2016 WL 11703994, at *2 (S.D.N.Y. Aug. 2, 2016) (forbidding plaintiff from "filing any additional papers or lawsuits without permission of the Court," and setting a monetary penalty of "$250 per filing" should plaintiff disobey).
>
> If plaintiff wishes to mitigate its sanction risk, it may voluntarily withdraw the improperly-filed submissions identified above [Dkts. 128, 129, 130, 134], without

---

[2] On February 23, 2025, plaintiff filed an objection to the 2/12/25 Order pursuant to Fed. R. Civ. P. 72(a). (Dkt. 118.) The objection remains pending before the Hon. Dale E. Ho, United States District Judge.

prejudice to refiling if and when the stay is dissolved.

*Id.* (footnotes omitted). Plaintiff did not withdraw any of the offending filings.

### Plaintiff's Motion

On May 6, 2025, plaintiff filed its most recent motion, asking this Court to vacate the 12/11/24 Order pursuant Fed. R. Civ. P. 60(b)(3), which permits the district court to "relieve a party . . . from a final judgment, order, or proceeding" obtained as a result of "fraud," "misrepresentation," or "misconduct by an opposing party." The motion is supported by a declaration from attorney Constants, dated May 6, 2025 (Constants Decl.) (Dkt. 139), and a 24-page memorandum of law (Pl. Mem.) (Dkt. 140), to which is annexed a corrupted version of this Court's 12/11/24 Order as "Exhibit A" and a 300-plus page "Exhibit B," which includes (among many other documents) a proposed form of default judgment against NAI in the amount of $2.42 billion. (*See* Dkt. 140-1 at ECF p. 1.)

In its brief, plaintiff contends that the 12/11/24 Order was "obtained through fraud, misrepresentation, and misconduct" by NAI. Pl. Mem. at 1. Specifically, plaintiff argues that in NAI's December 11, 2024 letter-motion, it: (i) falsely claimed that it was never "properly served in this action," which was "nothing short of a premeditated lie," *id.* at 2, 14-15; (ii) "intentionally muddled the identity of its registered agent, carelessly conflating The Corporation Trust Incorporated with CT Corporation – two entirely separate entities – further confusing the Court and inflicting severe prejudice on Plaintiff," *id.* at 2, 15-16; and (iii) "inaccurately implied that Plaintiff improperly served Dkt No. 44, a proposed second amended complaint denied by the Court," when in fact it served "the first amended complaint filed on Sep. 13, 2024[.]" *Id.* at 16; *see also* Constants Decl. ¶ 15 (listing the same three "critical misrepresentations" in NAI's December 11 letter-motion). In the remainder of its brief, plaintiff asserts that NAI engaged in a variety of misconduct both before and after the issuance of the 12/11/24 Order, some of it wholly unrelated

to this action. Pl. Mem. at 4-12, 19-21. Nonetheless, in plaintiff's (current) view, it is the 12/11/24

Order that "stands as a flagrant injustice that undermines Plaintiff's rights," *id.* at 3, and therefore

– in plaintiff's view – should be vacated. *Id.* at 3, 17, 21, 23, 24.

### Plaintiff's Motion is Denied

Plaintiff's motion is beyond frivolous.

First, the 12/11/24 Order is a *scheduling* order. Its single operative paragraph reads as

follows:

> Plaintiff's opposition letter is due no later than **December 16, 2024**. *See* Moses Ind.
> Prac. § 2(c). If plaintiff contends that the Certificate of Default should not be set
> aside pursuant to Fed. R. Civ. P. 55(c), it must submit admissible evidence (*e.g.*, an
> affirmation or declaration) identifying exactly what was served on NAI and in what
> manner.

12/11/24 Order at 1. Plaintiff offers no authority – and this Court is aware of none – for the

proposition that an order setting a motion briefing schedule may be vacated if there were

"misrepresentations" contained in the motion that required briefing. Nor, of course, can plaintiff

plausibly claim that it was prejudiced by being given an opportunity to respond to those supposed

misrepresentations.

Second, plaintiff did respond to NAI's letter-motion. It argued then (as it argues now) that

it properly served NAI on November 6, 2024, by delivering a summons and "amended complaint"

to Corporation Trust. However, plaintiff's process server, Bob Roberts, attested that the "amended

complaint" he delivered that day was the 51-page pleading that appears on this Court's electronic

docket at Dkt. 32. Roberts Decl. (Dkt. 67 at ECF pp. 3-6) ¶¶ 9-10. Plaintiff was well aware that

that document (titled "Second Amended Complaint and Jury Demand"), was never accepted for

filing. *See* 12/18/24 Order at 1-2. Plaintiff's *operative* complaint, at the time of the purported

service, was the "'*First* Amended Complaint and Jury Demand' (emphasis added), which appears

on the Court's electronic docket at Dkt. 35." *Id.* at 2. Thus, plaintiff "conceded that the pleading it

served upon NAI was never its operative complaint," warranting the vacatur of the default against NAI. *Id.* As is clear from the 12/18/24 Order, this Court did not determine that service on NAI was defective in reliance on any misrepresentations in NAI's letter-motion. It determined that service on NAI was defective because of the admissions made by plaintiff's process server in a declaration submitted by plaintiff. Moreover, as this Court carefully explained, vacatur was also warranted under the traditional Rule 55(c) factors. *Id.* at 2-3. There is thus no basis in the record for plaintiff's suggestion that it lost the Rule 55(c) motion because of "misrepresentations" regarding service of process in NAI's December 11 letter-motion.

Third, there were no misrepresentations regarding service of process in NAI's December 11 letter-motion. As this Court has twice held, NAI's assertion that it was "never properly served in this action," NAI 12/11/24 Mot. at 1, was correct. *See* 12/18/24 Order at 2; 1/28/25 Order at 5. Plaintiff's next claim, that NAI "carelessly conflat[ed] The Corporation Trust Incorporated with CT Corporation," Pl. Mem. at 2, finds no support in the December 11 letter-motion, which did not mention *either* Corporation Trust *or* CT Corporation. Further, nothing hangs on this point. NAI never argued that plaintiff delivered papers to the wrong agent for service of process, and this Court clearly identified the correct agent – Corporation Trust – in all relevant orders. *See* 12/18/24 Order at 1; 2/27/25 Order at 1, 5-8, 10, 13-16. Plaintiff's final claim, that NAI "inaccurately implied that Plaintiff improperly served Dkt No. 44," Pl. Mem. at 16, is likewise wide of the mark. NAI's December 11 letter-motion makes no reference to Dkt. 44. As Mr. Roberts admitted, and as this Court explained, plaintiff's mistake was that it improperly served the Second Amended Complaint at Dkt. 32 (which was never accepted for filing) instead of the First Amended Complaint at Dkt. 35, which was then (and is now) plaintiff's operative pleading. 12/18/24 Order at 1-2.

Fourth, plaintiff's arguments in support of what it now labels a Rule 60(b)(3) motion, challenging the 12/11/24 Order, are all recycled from its failed Rule 59(e) motion, challenging the 12/18/24 Order, and from its withdrawn Local Civil Rule 6.3 motion, challenging the 1/28/25 Order. *See, e.g.*, Motion and Memorandum of Law in Support of Motion 59E (Dkt. 70-2) at 7 ("The Defendant induced the [12/18/24] Order through a series of misstatements and misleading representations regarding the registered agent for service of process and the sufficiency of service."); Motion and Memorandum of Law in Support of L.R. Motion 6.3 (Dkt. 86) at 5 ("The Dec. 11 Letter is Underpinned by Multiple False Claims," including the "false proposition" that "Plaintiff served Dkt 44 on the Defendant[.]"). In substance, therefore, this is the third time that plaintiff has attempted to reinstate its default against NAI by accusing NAI, baselessly, of making factual misrepresentations in its December 11, 2024 letter-motion.[3]

Rule 60(b) permits "extraordinary judicial relief," but "only if the moving party meets its burden of demonstrating 'exceptional circumstances.'" *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir. 1994); *see also, e.g., Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) ("The rule provides an extraordinary remedy that is granted only when the movant can demonstrate that 'exceptional circumstances' justify the relief requested.") To obtain relief under Rule 60(b)(3), the moving party must demonstrate, by "clear and convincing" evidence: (1) that the adverse party engaged in fraud, misrepresentation, or other misconduct; (2) that this conduct prevented the moving party from fully and fairly presenting his case; and (3) that the motion is not merely "an attempt to relitigate the merits." *Catskill Dev.*, 286

---

[3] This time, moreover, plaintiff does not simply ask the Court to "vacate its December 11, 2024 Order," Pl. Mem. at 24; it also requests that the Court "allow the Clerk per Local Rules [sic] 55 to complete [the] ministerial task of processing [a] default judgment" in the amount of $2.42 billion, pointing to the proposed form of judgment included within Exhibit B to its brief. *Id.*

F. Supp. 2d at 312; *accord Mazlin Trading Corp. v. WJ Holding Ltd.*, 2022 WL 20437016, at *3 (S.D.N.Y. Sept. 29, 2022); *TAL Props. of Pomona, LLC v. Vill. of Pomona*, 2019 WL 3287983, at *8 (S.D.N.Y. July 22, 2019); *Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013), *aff'd sub nom. Thomas v. McAullife*, 691 F. App'x 671 (2d Cir. 2017) (summary order).

Even where the necessary showing is made, the decision whether to grant a Rule 60(b) motion is "committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation and internal quotation marks omitted). In making that decision, the court may consider, among other things, whether "the movant possesses a meritorious claim in the first instance." *Thomas*, 293 F.R.D. at 503 (quoting *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 385 (E.D.N.Y. 1998)).

Plaintiff's motion fails every prong of the Rule 60(b)(3) test. As explained above, LiveVideo has not shown – much less by "clear and convincing evidence" – that NAI made any misrepresentations in its December 11, 2024 letter-motion. Nor has it shown that this Court's 12/11/24 Order, which simply set a schedule for plaintiff to respond to that letter-motion, somehow prevented it from fully and fairly presenting its case. In addition, it is clear from the record that plaintiff's current motion is its third "attempt to relitigate the merits," *Catskill Dev.*, 286 F. Supp. 2d at 312, of this Court's decision to vacate the default against NAI – made after plaintiff lost its January 13, 2025 Rule 59(e) motion and withdrew its February 12, 2025 reconsideration motion. *See TAL Props. of Pomona*, 2019 WL 3287983, at *8 (S.D.N.Y. July 22, 2019) ("A Rule 60(b)(3) motion is not an opportunity for the movant to attempt to relitigate the merits of the case."). The Court further notes that both the undersigned magistrate judge and NAI have raised significant doubts as to whether LiveVideo "possesses a meritorious claim in the first instance." *Thomas*, 293 F.R.D. at 503.

Plaintiff's repetitive efforts to reinstate its short-lived default against NAI are not merely meritless; they stem from a problem entirely of its own making. Service of process upon a corporation through Corporation Trust is not difficult. As of December 11, 2024 – when NAI moved to set aside the default just entered against it – the 90-day period provided by Rule 4(m) for service of process had not yet run. A prudent plaintiff, upon receiving NAI's letter-motion, would have quickly re-served NAI with the correct pleading. Insofar as the record reflects, however, LiveVideo made no effort to do so. By December 18, 2024, the original service period had expired. However, this Court reminded plaintiff that it could move for an extension of its service deadline, and directed it do so by January 3, 2025. 12/18/24 Order at 3. Inexplicably, plaintiff again failed to act, choosing instead to wait another ten days and then file its misguided Rule 59(e) motion on January 13, 2025, followed by its equally misguided reconsideration motion on February 12, 2025.[4]

#### NAI's Motion is Denied as Moot

NAI has not yet responded to plaintiff's Rule 60(b)(3) motion on the merits. Instead, on May 15, 2025, it requested "a stay of all responses to any pending or future motions" by plaintiff, including the Rule 60(b)(3) motion, "until this Court decides NAI's motion for sanctions . . . and determines whether this case should be dismissed" pursuant to Rule 4(m). Def. Mot. at 1. NAI argues, with some force, that the Rule 60(b)(3) motion "is just the latest example of Livevideo's litigation strategy of serially filing meritless motions premised on already-rejected arguments." *Id.*

---

[4] *After* the Rule 59(e) motion was denied, *after* this Court directed plaintiff to show cause why this action should not be dismissed for failure to timely serve any of the defendants, and *after* plaintiff filed its February 12, 2025 reconsideration motion (apparently without the knowledge of its counsel), Mr. Constants finally made an oral motion, during the February 12, 2025 show-cause hearing, for another 30 days within which to effect service. *See* 2/12/25 Tr. at 12:9-11. However, counsel was unable to articulate the required good cause for plaintiff's failure to timely serve the defendants *or* move to extend the schedule set by this Court. *Id.* at 12:22-14:12. Consequently, this Court denied the oral motion. *Id.* at 14:13-14; 2/12/25 Order ¶ 1.

Because this Court has determined to deny plaintiff's Rule 60(b)(3) motion, NAI's stay request is moot, at least insofar as it seeks a stay of its obligation to file papers in opposition to that motion. Further, while this Court has the discretion to issue the broader stay requested by NAI, *see Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012); *Gonzalez v. Connecticut Dep't of Corr.*, 2021 WL 1923785, at *7-8 (D. Conn. May 13, 2021), it hesitates to do so with respect to motions not yet filed, particularly given that plaintiff LiveVideo – unlike the pro se plaintiff in *Gonzalez* – is represented by a member of the Bar of this Court.

Mr. Constants is reminded that NAI is seeking sanctions against him pursuant to Rule 11, for pursuing substantively frivolous claims, and that this Court warned him on April 1, 2025 that he was also at risk of sanctions pursuant to 28 U.S.C § 1927 should he fail to withdraw plaintiff's unauthorized filings in further support of its stayed motion for leave to supplement its pleading. Mr. Constants is now advised that this Court will not hesitate to impose additional sanctions pursuant to that statute if he persists in multiplying these proceedings "unreasonably and vexatiously," 28 U.S.C. § 1927, or permits his client to use his ECF credentials for that purpose.

### Conclusion

For the reasons set forth above, plaintiff's Rule 60(b)(3) motion (Dkt. 138) is DENIED. Defendant NAI's stay motion (Dkt. 141) is DENIED AS MOOT, without prejudice to renewal if necessary. The Clerk of Court is respectfully directed to close the motions at Dkts. 138 and 141.

Dated: New York, New York
      May 19, 2025

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**