

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

June 5, 2025

Peter L. Welsh
T +1 617 951 7865
peter.welsh@ropesgray.com

**BY ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Livevideo.AI Corp. v. Redstone, et al.*, C.A. No. 1:24-cv-06290-DEH-BCM (S.D.N.Y.) –
        Motion to Stay

Dear Judge Moses:

Defendant National Amusements, Inc. ("NAI") respectfully submits this letter-motion pursuant to Section 1.b of Your Honor's Individual Practices to request a stay of all responses to any pending or future motions filed by Plaintiff Livevideo.AI Corp. ("Livevideo")—including, without limitation, briefing on Livevideo's June 2, 2025 Objection (the "Objection") (Dkt. 143) to this Court's May 19, 2025 Order (the "May 19 Order") (Dkt. 142)—until this Court decides NAI's pending motion for sanctions (Dkt. 120) and determines whether this case should be dismissed under Federal Rule of Civil Procedure 4(m) (Dkt. 87 ¶ 2).[1]

The Objection continues Livevideo's commitment to making "beyond frivolous" filings in this Court. *See* Dkt. 142 at 6. Livevideo's intent in filing the Objection (as with its prior motions) is clear: to force NAI to repeatedly litigate—and this Court to repeatedly adjudicate—settled issues. In the Objection, Livevideo argues for at least the ninth time that NAI was properly served;[2] Livevideo has made and lost this argument every time.[3] Livevideo also argues that NAI obfuscated the name of its registered agent for service of process, Dkt. 143 at 11; of course, this Court has made clear that

---

[1] NAI addresses only the circumstances arising since the May 19 Order. NAI does not respond to the substance of the Objection in this letter-motion and reserves all rights to oppose that Objection on or before the June 16, 2025 deadline in the event the Court does not grant a stay.

[2] *See* Dkt. 143 at 10; *see also* Dkts. 67 at 1–2; 70-2 at 16, 20–21; 86 at 7–8; 118 at 6; 126 at 6–9; 127 at 7, 21; 129 at 8–9; 140 at 1–5, 14–15, 17, 22–23.

[3] *See* Dkts. 69 at 1–3; 74 at 1; 90 at 9:16–23; 123 at 7 n.6; 142 at 6–8, 10 & n.4.

ROPES & GRAY LLP

The Honorable Barbara Moses                    - 2 -                    June 5, 2025

"nothing hangs on this point," Dkt. 142 at 7.  This vexatious conduct, which shows no signs of abating, imposes a significant and improper burden on the Court and NAI, and therefore justifies a stay.

    As Your Honor observed in the May 19 Order, this Court has the discretion to issue the requested stay.  *See* Dkt. No. 142 at 11; *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (recognizing the power to stay proceedings pursuant to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  The factors considered when determining whether a stay should issue are easily satisfied here.  *See Leslie v. Thompson Reuters Corp.*, No. 22-cv-07936, 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023) (in granting a stay, courts consider factors including "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest").  Livevideo will not be burdened by a stay, as the Objection and any future motions filed by Livevideo will be mooted if and when this action is dismissed under Rule 4(m) due to Livevideo's failure to serve any Defendant or offer any credible explanation for its failure to do so.  *See* Dkt. 90 at 12:12–14:14.  Livevideo also cannot credibly claim prejudice where the Objection fails to heed the Court's explicit warning that sanctions may be imposed where Livevideo "persists in multiplying these proceedings 'unreasonably and vexatiously.'"  Dkt. 142 at 11 (quoting 28 U.S.C. § 1927).  In contrast, the Court and NAI face a considerable burden in responding to and resolving Livevideo's duplicative and frivolous filings.  *See Gonzalez v. Connecticut Dep't of Corr.*, No. 3:20-cv-00736(VAB), 2021 WL 1923785, at *7–8 (D. Conn. May 13, 2021).

    In response to NAI's prior request for a stay, the Court "hesitate[d]" to issue a stay "with respect to motions not yet filed, particularly given that plaintiff LiveVideo – unlike the pro se plaintiff in *Gonzalez* – is represented by a member of the Bar of this Court."  Dkt. 142 at 11.  Of course, the extent of counsel's involvement in this action is highly suspect.  *See, e.g.*, Dkt. 90 at 22:10–24:11 (counsel admitted that he did not write, review, or know the purpose of certain motions filed under his ECF credentials; "THE COURT: . . . [T]he document doesn't read to me like something prepared by a member of the bar of this Court."); Dkt. 142 at 11 (warning counsel "that this Court will not hesitate to impose additional sanctions pursuant to that statute if . . . [counsel] permits his client to use his ECF credentials for that purpose.").[4]  Either way, if the Objection was prepared, reviewed,

---

[4] In addition, as discussed in NAI's briefs in support of its motion for sanctions, Livevideo's principal, Brad Greenspan, has a documented track record of pursuing vexatious litigation, including multiple actions in which he impersonated counsel and made filings without their knowledge or consent.  *See* Dkt. 121 at 4–5; *see also Greenspan v. IAC/Interactivecorp*, 14-cv-04187, 2016 WL 9185281, at *2 (N.D. Cal. May 5, 2016) (granting motion for Greenspan's counsel to withdraw after Greenspan filed pro se motion "without the knowledge or involvement" of counsel); Dkt 122-8 at 2 ("Cathy Jones, the attorney who purportedly signed these motions, has informed the Courtroom Deputy . . . that Ms. Jones did not file these motions and has reported the filing of these motions in Ms. Jones' name to the State Bar."); Dkt. 122-12 (attaching proofs of service filed in United States District Court for the

ROPES & GRAY LLP

The Honorable Barbara Moses                    - 3 -                    June 5, 2025

and filed by a member of the Bar of this Court, it is another example of a frivolous filing, which, as this Court has repeatedly pointed out in response to other filings, is conduct that risks the imposition of sanctions.  If the Objection was made by Livevideo itself, abusing the credentials of its counsel, it would make Livevideo, in practice, an abusive pro se plaintiff similarly situated to the party in *Gonzalez.*  Regardless of who filed the Objection, a stay is justified here.

Accordingly, NAI respectfully requests that the Court issue a stay of all responses to any pending or future motions filed by Livevideo—including briefing on the Objection—until the Court has ruled on NAI's Rule 11 motion and determined whether this action should be dismissed pursuant to Rule 4(m), or in the alternative, that the Court issue a stay of briefing on the Objection.  Counsel for NAI remains available for a status conference at the Court's convenience to the extent it would aid resolution of this or any other issues.  NAI appreciates the Court's continued attention to this matter.

Respectfully submitted,

*/s/ Peter L. Welsh*

Peter L. Welsh

cc:    Counsel of Record (via ECF)

1,158/2,000 words

---

District of New Jersey action under Constants' ECF credentials despite Constants not having appeared on behalf of Greenspan's company in that action).