THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*
vs.

CIVIL ACTION
C.A. NO. 1:24-CV-06290

NOTICE OF ERRATA

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,
    *Defendant's.*
_____/

NOTICE OF ERRATA

## NOTICE OF ERRATA

The June 2, 2025 filed "PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING RULE 60(b)(3)MOTION TO VACATE document #143 scan did not format correctly in the ECF system creating errors in the document including portions of footnotes and page numbers are missing. Please replace pages 1 thru 16 of document #143 with a PDF version of these pages attached (Ex. #1) which fixes the errors.

                                                      Respectfully,

Dated:  June 5, 2025

                                                  Respectfully submitted,

                                                  By /s/ Alfred C. Constants III
                                                  Alfred C. Constants III, Esq.
                                                  Constants Law Offices, LLC.
                                                  115 Forest Ave., Unit 331
                                                  Locust Valley, NY 11560

                                                  Email:Constantslaw49@gmail.com
                                                  Attorney For Plaintiff

EXHIBIT 1

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*
vs.

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,
    *Defendant's.*
_____/

CIVIL ACTION
C.A. NO. 1:24-CV-06290

PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S
ORDER DENYING RULE
60(b)(3) MOTION TO VACATE

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
DENYING RULE 60(b)(3) MOTION TO VACATE

1

# TABLE OF CONTENTS

Preliminary Statement……………………………………..………..1

Legal Standard……………………………………………………..….2

Argument…………………………………………………….……..…4

I. The Magistrate Judge Erred in Characterizing
the December 11, 2024 Order as a Mere "Scheduling Order"………5

II. The Magistrate Judge Erred in Finding No
Misrepresentations in NAI's December 11, 2024
Letter-Motion………………………………………………………..5

    A. NAI Falsely Claimed It Had Never
    Been Properly Served…………………………………………….5

    B. NAI Deliberately Created Confusion
    About Its Registered Agent…………………….…………………6

    C. NAI Falsely Implied Plaintiff Had Served a Denied
    Proposed Second Amended Complaint………………….………6

III. The Magistrate Judge Applied an Improperly
Stringent Standard for Rule 60(b)(3) Relief…………………….…..7

IV. The Magistrate Judge Erred in Characterizing
Plaintiff's Motion as an Attempt to Relitigate the Merits……………9

V. The Magistrate Judge Improperly Considered
Irrelevant Factors in Denying Relief…………………………………9

VI. The Interests of Justice Require Vacating the
December 11, 2024 Order………………………………………….10

Conclusion…………………………………………………………..11

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Pages(s)**

*Easley v. Cromartie*, 532 U.S. 234, 242 (2001). …………..……………………..3

*Thompson v. Keane*, No. 95 Civ. 2442,
1996 WL 229887……………………………………………………………………..3

*State Street Bank & Trust Co. v. Inversiones*
 374 F.3d 158, 176 (2d Cir. 2004)……………………………………………..……3

*Catskill Development, LLC v. Park Place*………………………………..………4
286 F. Supp. 2d 309, 315 (S.D.N.Y. 2003)

*Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984)………………………… 5

3

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING RULE 60(b)(3) MOTION TO VACATE**

Plaintiff LiveVideo.AI Corp ("LiveVideo" or "Plaintiff") respectfully submits these objections pursuant to FRCP 72(a) to Magistrate Judge Moses' May 19, 2025, Order (Dkt. 142) denying Plaintiff's Rule 60(b)(3) motion to vacate the December 11, 2024, Order. (attached as Ex A). For the reasons set forth below, the Magistrate ruling was clearly erroneous and contrary to law. This Court should reverse the ruling, granting Plaintiff's Motion 60b3 relief sought in full.

**PRELIMINARY STATEMENT**

The Magistrate Judge's Order denying Plaintiff's Rule 60(b)(3) motion fundamentally mischaracterizes both the nature of Plaintiff's motion and the legal standard governing such motions. The Order erroneously dismisses as "beyond frivolous" a motion that identifies specific, documented instances of fraud, misrepresentation, and misconduct by Defendant National Amusements, Inc. ("NAI") that directly influenced the Court's December 11, 2024, Order to Show Cause ("OSC").

After the Plaintiff submitted evidentiary documents (Dkts 61, 62, 63) seeking a default judgment and the defendant acknowledged this evidence in their first appearance, the Magistrate mistakenly believed the defendant's conclusory false claim that the Plaintiff had served the proposed Second Amended Complaint, leading to several issues.

4

The Magistrate issued a hasty, almost emergency Order to Show Cause (OSC) on the same day. There was a troubling lack of consideration for evidence submitted by the Plaintiff. The Magistrate appeared to react to a false emergency of contempt created by the defendants. The resulting Order circumvented due process by wrongfully reversing the obligation onto the Plaintiff to reproduce evidence already present in the court.

The Magistrate improperly ignored the evidence that was part of the granted Clerk default and demanded new evidence from the Plaintiff instead of reviewing the defendants' Dec 11 submission against the Plaintiff submissions (Dkts 61, 62, 63).

The existing evidence, including the Plaintiff's declaration in support and the affidavit of the process server, was more than sufficient to highlight that the defendants had failed to provide any refutation of its validity. The Magistrate's decision to review "both sides' submissions" on December 18, 2024, was inappropriate given the presence of the Clerk Default evidence. This series of actions demonstrates a significant departure from proper judicial procedure and raises concerns about the fairness of the proceedings.

The Magistrate Judge's ruling contains four fundamental errors that render it clearly erroneous and contrary to law. First, the Order incorrectly characterizes the December 11, 2024, OSC as a mere "scheduling order." In fact, it was a substantive order that shifted the evidentiary burden to Plaintiff and directly led to the vacatur of the default against NAI. This OSC was the critical procedural mechanism that enabled NAI to escape the consequences of its default and avoid addressing the merits of Plaintiff's claims. Second, the Order overlooks the fact that the first sentence of the

5

motion to vacate explicitly includes the subsequent Dec. 18 Order vacating NAI's Default. (Dkt. 140 see Footnote #1)

Third, the Order erroneously concludes that NAI made no misrepresentations in its December 11, 2024, letter-motion, despite clear and convincing evidence to the contrary.[1] Fourth, the Order applies an improperly stringent standard for Rule 60(b)(3) relief, effectively immunizing NAI's misconduct from judicial scrutiny.

The record demonstrates that NAI obtained the December 11, 2024 OSC through fraud, misrepresentation, and misconduct, including falsely claiming it had never been properly served, deliberately confusing the identity of its registered agent, and falsely implying that Plaintiff had attempted to serve a denied proposed second amended complaint. These misrepresentations directly influenced the Court's decision to issue the OSC and prevented Plaintiff from fully and fairly presenting its case. The interests of justice require vacating the December 11, 2024, Order and reinstating the default against NAI.

## LEGAL STANDARD

A. Standard of Review for Objections to Magistrate Judge Orders

Under FRCP 72(a), a district judge must

---

[1] "Although NAI has not been properly served, in the event that Plaintiff properly effects service of an operative complaint on NAI, reserving all rights, NAI will timely respond to the complaint and will vigorously defend against Plaintiff's frivolous case. In the meantime, NAI is at the Court's disposal and is prepared to make any filing that the Court deems appropriate."

"modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A) similarly provides that a district judge "may reconsider any [non-dispositive] pretrial matter... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." A magistrate judge's ruling is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001). A ruling is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996).

### B. Standard for Relief Under Rule 60(b)(3)

Federal Rule of Civil Procedure 60(b)(3) provides that a court may relieve a party from an order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To prevail on a Rule 60(b)(3) motion, the movant must establish by clear and convincing evidence that: (1) the opposing party engaged in fraud, misrepresentation, or other misconduct; and (2) this misconduct prevented the movant from fully and fairly presenting its case. State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004).

Importantly, Rule 60(b)(3) does not require that the fraud or misconduct be outcome-determinative. Rather, the question is whether the misconduct "substantially interfered with the aggrieved party's ability fully

7

and fairly to prepare for and proceed to trial." Catskill Development, LLC v. Park Place Entertainment Corp., 286 F. Supp. 2d 309, 316 (S.D.N.Y. 2003). The rule "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Id. at 315.

### ARGUMENT

### I. The Magistrate Judge Erred in Characterizing the December 11, 2024, Order as a Mere "Scheduling Order"

The Magistrate Judge's characterization of the December 11, 2024 Order as a mere "scheduling order" is clearly erroneous and contrary to law. While the Order did set a briefing schedule, it was substantively an Order to Show Cause that fundamentally altered the procedural posture of the case by:

(1) Shifting the burden of proof from NAI (which, as the defaulting party, bore the burden of establishing "good cause" for setting aside the default under Rule 55(c)) to Plaintiff; and

(2) Requiring Plaintiff to "submit admissible evidence... identifying exactly what was served on NAI and in what manner" (Dkt. 66 at 1), effectively treating NAI's unsworn assertions as presumptively valid despite the contrary sworn affidavit of Plaintiff's process server that had already been reviewed by the Clerk; and

(3) Eliminating or ignoring the substantive evidence Plaintiff had already filed into the Court under FRCP 55 to be granted a default.

8

    (4) Creating the procedural mechanism through which NAI ultimately obtained vacatur of the default.

The December 11, 2024, Order was not merely procedural but substantive in nature, as it directly influenced the Court's subsequent decision to vacate the default against NAI. The Magistrate Judge's failure to recognize the substantive nature of this Order constitutes clear error.

The Second Circuit has recognized that orders that appear procedural on their face may be substantive in effect when they significantly impact a party's rights. See, e.g., Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984) (recognizing that procedural orders may have substantive effects). Here, the December 11, 2024, Order had the substantive effect of undermining Plaintiff's properly obtained default and forcing Plaintiff to defend against unsworn allegations by NAI.

### II. The Magistrate Judge Miscomprehended The Fact Plaintiff's Motion To Vacate "as necessary" or "in addition" Includes The December 18, 2025 Order

The Magistrate claim that vacating the December 11, 2024 Order alone is insufficient is mooted by the fact Plaintiff's Motion 60b3 also included "as necessary or alternatively in addition," that it sought to vacate "the December 18, 2024 Order" (id).

### III. The Magistrate Judge Erred in Finding No Misrepresentations in NAI's December 11, 2024, Letter-Motion

The Magistrate Judge's finding that "there were no misrepresentations

9

regarding service of process in NAI's December 11 letter-motion" (Dkt. 142 at 7) is clearly erroneous and contrary to the evidence in the record. The record demonstrates by clear and convincing evidence that NAI made at least three material misrepresentations in its December 11, 2024, letter-motion.

### A. NAI Falsely Claimed It Had Never Been Properly Served

NAI's assertion that it "has never been properly served in this action" (Dkt. 65 at 1) was demonstrably false. The record contains an affidavit of service from process server Bob Roberts attesting that on November 6, 2024, he properly served NAI through its registered agent in Maryland, The Corporation Trust Incorporated. (Dkt. 56). This service was executed in full compliance with Federal Rule of Civil Procedure 4(h)(1)(B), which permits service on a corporation by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

The Magistrate Judge erroneously concluded that NAI's statement was "correct" because Plaintiff had served the wrong version of the complaint. However, this post hoc rationalization does not render NAI's categorical denial of service truthful. NAI did not claim in its December 11 letter-motion that it had been served with the wrong version of the complaint; it claimed it had "never been properly served" at all. This was a material misrepresentation designed to mislead the Court into issuing the OSC.

### B. NAI Deliberately Created Confusion About Its Registered Agent

While the Magistrate Judge correctly notes that NAI's December 11

10

letter-motion did not explicitly mention either Corporation Trust or CT Corporation, this analysis overlooks the context of NAI's subsequent filings, which reveal a pattern of deliberate confusion regarding its registered agent. In its December 18, 2024, letter-motion, NAI stated: "NAI has not submitted copies of the documents served on CT Corp. or an affidavit in support of the same" (Dkt. 68), falsely suggesting that CT Corporation (not The Corporation Trust Incorporated) was its registered agent.

This confusion was further compounded in NAI's January 27, 2025 filing, which falsely claimed that "CT Corporation is the well-known tradename of The Corporation Trust Incorporated" (Dkt. 73 at 10). This statement is demonstrably false, as CT Corporation is a separate and distinct entity from The Corporation Trust Incorporated.

The Magistrate Judge's conclusion that "nothing hangs on this point" (Dkt. 142 at 7) ignores the fact that NAI's deliberate confusion regarding its registered agent was part of a calculated strategy to undermine the validity of Plaintiff's service of process and obtain vacatur of the default.

### C. NAI Falsely Implied Plaintiff Had Served a Denied Proposed Second Amended Complaint

The Magistrate Judge's finding that "NAI's December 11 letter-motion makes no reference to Dkt. 44" (Dkt. 142 at 7) is technically correct but substantively misleading. NAI's letter-motion stated that "*Livevideo attempted (unsuccessfully) to serve NAI with the proposed Second Amended Complaint, which the Court previously denied leave to file. See Dkt. Nos. 47,*

11

*56, 62."* (Dkt. 65 at 1). Docket No. 47 specifically refers to the Court's order denying leave to file the proposed Second Amended Complaint at Dkt. 44.

By citing Dkt. 47 and referring to "the proposed Second Amended Complaint, which the Court previously denied leave to file," NAI clearly implied that Plaintiff had attempted to serve the denied proposed Second Amended Complaint at Dkt. 44, not the document at Dkt. 32 that Plaintiff actually served. This implication was false and misleading, as NAI had no evidence that Plaintiff had attempted to serve Dkt. 44.

The Magistrate Judge's failure to recognize these misrepresentations constitutes clear error and warrants reversal.

### D. The Magistrate's December 11 Response Proves She Was Misled By Defendant's ECF Letter Motion Misrepresentations

Even more important when evaluating if the defendant's December 11, 2024 ecf letter motion contained misrepresentations that misled the Court is evaluating the Court's own response. Here, the Magistrate responded the same day, stating "NAI reports that plaintiff attempted to serve the proposed Second Amended Complaint, id. at 1, which the Court previously denied leave to file. (Dkt. 47.)" (Dkt. 66). Therefore it is of no import that the defendant's did not technically insert a "Dkt. 44" in the text of their ecf letter motion when it is clear the Magistrate believed the defendants ecf letter motion was referencing Dkt 44, which is the only "proposed Second Amended Complaint" which the Magistrate "denied".

12

### IV. The Magistrate Judge Applied an Improperly Stringent Standard for Rule 60(b)(3) Relief

The Magistrate Judge applied an improperly stringent standard for Rule 60(b)(3) relief, effectively immunizing NAI's misconduct from judicial scrutiny. The Order states that Plaintiff must show that NAI's misrepresentations "prevented it from fully and fairly presenting its case" (Dkt. 142 at 9), but then fails to properly analyze how NAI's misrepresentations affected Plaintiff's ability to present its case. NAI's misrepresentations directly prevented Plaintiff from fully and fairly presenting its case in several ways:

(1) By falsely claiming it had never been properly served, NAI shifted the burden to Plaintiff to prove proper service, rather than requiring NAI to rebut the presumption of proper service with admissible evidence.

(2) By creating confusion about its registered agent, NAI undermined the credibility of Plaintiff's service affidavit and created unnecessary confusion about whether the proper entity had been served.

(3) By falsely implying that Plaintiff had attempted to serve a denied proposed Second Amended Complaint, NAI created the false impression that Plaintiff was acting in contempt of court, severely prejudicing Plaintiff's credibility before the Court.

These misrepresentations directly influenced the Court's decision to

13

issue the December 11, 2024, OSC, which in turn led to the vacatur of the default against NAI. The Magistrate Judge's failure to recognize the causal connection between NAI's misrepresentations and the prejudice suffered by Plaintiff constitutes clear error.

### V. The Magistrate Judge Erred in Characterizing Plaintiff's Motion as an Attempt to Relitigate the Merits

The Magistrate Judge erroneously characterized Plaintiff's Rule 60(b)(3) motion as "the third time that plaintiff has attempted to reinstate its default against NAI by accusing NAI, baselessly, of making factual misrepresentations in its December 11, 2024, letter-motion" (Dkt. 142 at 8). This characterization misunderstands the nature of Plaintiff's motion.

Plaintiff's Rule 60(b)(3) motion is not an attempt to relitigate the merits of the Court's decision to vacate the default against NAI. Rather, it is a targeted challenge to the December 11, 2024, OSC, which was obtained through fraud, misrepresentation, and misconduct by NAI. The fact that Plaintiff previously sought reconsideration of the Court's December 18, 2024, Order vacating the default does not render its Rule 60(b)(3) motion an improper attempt to relitigate the merits.

Rule 60(b)(3) provides a distinct basis for relief separate from the grounds for reconsideration under Rule 59(e) or Local Civil Rule 6.3. The Magistrate Judge's failure to recognize this distinction constitutes clear error and warrants reversal.

14

## VI. The Magistrate Fails To Address Continuing Nature Of The Fraud Upon The Court And Still Falsely Believe Defendant Failed To Serve Legal Process December 6, 2024 On Defendant

The Magistrate does not address any of the Plaintiff's Claims about the Motion 60b3 relief needed because of ongoing continuing misrepresentations by the Defendant and how they had even escalated in the March 2025 series of new misrepresentations and frauds on the court. The Magistrate's omni response appears to be that she is not relying on the misstatements made by the Defendant and will not rely on future misstatements made by the Defendants so the Plaintiff should do nothing but accept them.

However, not even this scenario is feasible because the Magistrate incorrectly continues to believe the fault by the Plaintiff was not being able to serve legal process on the Defendant in Maryland successfully as she re-affirms in her decision stating

> "Plaintiff's repetitive efforts to reinstate its short-lived default against NAI are not merely meritless; they stem from a problem entirely of its own making. Service of process upon a corporation through Corporation Trust is not difficult."

Of course the problem for the Plaintiff is that the Magistrate refuses to make the defendant's put evidence of what was served on them.

## VII. The Interests of Justice Require Vacating the December 11, 2024, Order

The interests of justice strongly favor vacating the December 11, 2024

15

Order. NAI should not be permitted to benefit from its fraud, misrepresentation, and misconduct. Vacating the Order would restore fairness to the proceedings and ensure that NAI is held accountable for its legal obligations.  Furthermore, vacating the Order would send a clear message that fraud on the court will not be tolerated and that parties must be truthful in their representations to the court. This outcome would promote the integrity of the judicial process and deter similar misconduct in the future.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reverse the Magistrate Judge's May 19, 2025, Order denying Plaintiff's Rule 60(b)(3) motion.

Dated this 2nd day of June, 2025.

Respectfully submitted,

By /s/ Alfred C. Constants III
Alfred C. Constants III, Esq.
Constants Law Offices, LLC.
115 Forest Ave., Unit 331
Locust Valley, NY 11560
Email:Constantslaw49@gmail.com
Attorney For Plaintiff