**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIVEVIDEO.AI CORP., <br><br> Plaintiff, <br><br> v. <br><br> SHARI REDSTONE, NATIONAL AMUSEMENTS, INC., CHRISTINE VARNEY, MONICA SELIGMAN, <br><br> Defendants. | C.A. No. 1:24-CV-6290 (DEH) (BCM) |

**DEFENDANT NATIONAL AMUSEMENTS, INC.'S OPPOSITION TO PLAINTIFF LIVEVIDEO'S OBJECTION TO MAGISTRATE JUDGE MOSES' MAY 19, 2025 MEMORANDUM AND ORDER**

**PRELIMINARY STATEMENT**

Defendant National Amusements, Inc. ("NAI") opposes Plaintiff Livevideo.AI Corp.'s ("Livevideo") objection (Dkt. 145)[1] (the "Objection") to Magistrate Judge Moses' May 19 Memorandum and Order (Dkt. 142) (the "Order"), which denied Livevideo's request for relief under Federal Rule of Civil Procedure 60(b)(3) (the "Rule 60 Motion").[2]

For the last ten months, Livevideo has blanketed the docket with frivolous filings—from its complaint to its repeated motions to relitigate decided issues.[3] That conduct has resulted in the Court repeatedly denying Livevideo's requested relief, admonishing Livevideo and its counsel for their conduct, and threatening the imposition of sanctions.[4] Against that backdrop, it is unsurprising that the Objection's allegations of fraud, misrepresentation, and misconduct by NAI lack any factual or logical support. But the Objection's request that the Court send *NAI* "a clear message that fraud on the Court will not be tolerated" and "parties must be truthful in their representations to the court" is truly unbelievable. Obj. at 16. The frivolous Objection is in itself sanctionable and, respectfully, should be rejected.

Livevideo's Rule 60 Motion was, as Magistrate Judge Moses found, "beyond frivolous." Order at 6. Livevideo's unhinged allegations of "fraud" in support of its Rule 60 Motion are completely unfounded and concern issues that are entirely irrelevant to the resulting orders— including the allegations that NAI misrepresented the name of its registered agent and which of

---

[1] Livevideo originally filed its Objection on June 2, 2025, which, like many of Livevideo's filings, suffered from formatting and legibility issues. *See* Dkt. 143. On June 6, 2025, Livevideo filed a "Notice of Errata" claiming that "the ECF system creat[ed] errors in the document including portions of footnotes and page numbers are missing" and attaching a version "which fixes the errors." Dkt. 145 at 2. All references to the Objection are to the version filed at Docket No. 145.
[2] All internal citations and quotations are omitted, and emphases are added unless otherwise noted.
[3] *See, e.g.*, Dkts. 1–2, 6, 12–13, 24–27, 29–32, 44 (iterations of the complaint rejected as improperly filed); Dkts. 70, 85, 118, 126, 138 (motions for reconsideration and objections).
[4] *See, e.g.*, Dkts. 28 at 1, 46 at 2, 69 at 3, 74 at 7, 77 at 1–2, 87 at 2–3, 123 at 2–17, 142 at 11.

two inoperative complaints Livevideo attempted to serve.  The Order correctly applied the law and was not clearly erroneous in its application of law to the facts, and the Objection does not raise any colorable arguments to the contrary.  The Court should deny this frivolous appeal.

## FACTUAL BACKGROUND[5]

Livevideo's Rule 60 Motion and the resulting Order concern whether NAI was properly served at its registered agent's office in Maryland.  *See* Dkt. 126 at 6–9.  Despite more than a dozen filing attempts, Livevideo has successfully filed only two versions of its complaint: its initial complaint at Docket No. 34 and the operative first amended complaint at Docket No. 35.  *See* Dkt 69 at 2.  Among Livevideo's failed filing attempts was a proposed second amended complaint filed at Docket No. 32.  The Court rejected that complaint as improperly filed, with the docket entry clearly bearing the notation "FILING ERROR."  Dkt. Entry 32.

Livevideo later again unsuccessfully filed a purported second amended complaint at Docket No. 44, again bearing the "FILING ERROR" notation.  Livevideo thereafter moved for leave to file the version of its second amended complaint docketed at Docket No. 44.  Dkt. 45 at 1.  Because Livevideo had not complied with Federal Rule of Civil Procedure 15(a)(2), Magistrate Judge Moses directed Livevideo to "either (i) withdraw the proposed SAC, without prejudice to a later motion for leave to amend, or (ii) file a properly-supported motion for leave to amend pursuant to Rule 15(a) no later than October 3, 2024."  Dkt. 46 at 2.  Livevideo ignored that order.  Dkt. 47 at 1.  So, on October 11, Magistrate Judge Moses denied leave to amend and expressly held that "the [First Amended Complaint] (Dkt. 35) remains the operative complaint."  *Id.*

Despite this clear direction that Docket No. 35 was the operative complaint, on November 6, Livevideo attempted to serve NAI's registered agent for service of process—the Corporation

---

[5] NAI respectfully refers the Court to pages 1–6 of the Order for a thorough recitation of this action's procedural background.  NAI includes here only facts directly relevant to the Objection.

Trust Incorporated, which goes by the tradename "CT Corp."[6]—with the inoperative version of the second amended complaint docketed at Docket No. 32. Dkt. 67 at 2, 4. Based on this improper service, Livevideo sought entry of default against NAI, which the Clerk entered on December 9. Dkt. 63. NAI promptly filed a letter-motion informing the Court that Livevideo had not served the operative complaint and requesting that the default be set aside. Dkt. 65 at 1–2.

In response, Magistrate Judge Moses issued the December 11 order directing Livevideo to serve an opposition letter and "submit admissible evidence (*e.g.*, an affirmation or declaration) identifying exactly what was served on NAI and in what manner." Dkt. 66 at 1. Livevideo's opposition conceded that Livevideo had served "Document 32"—that is, the inoperative second amended complaint. Dkt. 67 at 2, 4. Magistrate Judge Moses accordingly issued the December 18 order setting aside the default and providing Livevideo leave to file a motion to extend its time to effect service. Dkt. 69 at 1–3. Livevideo did not file that motion or timely object to the December 11 or December 18 orders (together, the "December Orders").

Livevideo has challenged the December Orders and the subsequent orders upholding them five times. Dkts. 70, 85, 118, 126, 138. Magistrate Judge Moses has rejected those arguments at every turn and warned Livevideo and its counsel that their continued disregard for Court orders and insistence on filing frivolous motions is sanctionable. *See, e.g.*, Dkts. 74 at 6–7; 87 at 2–3.

Livevideo ignored those warnings. Instead—six months later—it filed the Rule 60 Motion to "vacate" the December 11 order on May 6, 2025. Dkt. 140 at 1 n.1. This motion was premised on baseless allegations of "fraud on the Court" lodged against NAI and its counsel, *id.* at 2, much of which is "wholly unrelated to this action," Order at 5–6. Livevideo also asked the Court to

---

[6] *See* CT Corporation, https://www.wolterskluwer.com/en/solutions/ct-corporation (last visited June 10, 2025).

allow the Clerk "to complete ministerial task of processing default judgment" in the amount of *$2.42 billion*. Dkts. 140 at 24; 140-1 at 1. Livevideo even served documents in support of this request for default judgment on NAI's registered agent in Maryland.[7] Each of these documents is premised upon Livevideo's November 6 service attempt, which Magistrate Judge Moses has held ineffective *on at least four prior occasions*. Dkts. 69 at 1–3; 74 at 1; 90 at 9:16–23; 123 at 7–8 n.6. Facing the prospect of having to brief yet another motion on whether it was properly served, NAI filed a letter-motion requesting a "stay of all responses to any pending or future motions filed by [Livevideo]—including, without limitation, briefing on Livevideo's [Rule 60 Motion]—until this Court decides NAI's motion for sanctions and determines whether this case should be dismissed under Federal Rule of Civil Procedure 4(m)." Dkt. 141 at 1.

On May 19, 2025, Magistrate Judge Moses issued the Order, explaining that Livevideo's Rule 60 Motion was "beyond frivolous." Order at 6. As a result, Magistrate Judge Moses denied NAI's motion to stay as moot with respect to the Rule 60 Motion. *Id.* at 11. Regarding briefing on "motions not yet filed" Magistrate Judge Moses noted that "NAI argues, with some force, that the [Rule 60 Motion] is just the latest example of Livevideo's litigation strategy of serially filing meritless motions premised on already-rejected arguments," but "hesitate[d]" to enter a "broader stay" at least in part because Livevideo was "represented by a member of the Bar of this Court." *Id.* at 10–11. Magistrate Judge Moses thus denied the motion "without prejudice to renewal if necessary" and advised Livevideo's counsel that "this Court will not hesitate to impose additional sanctions pursuant to that statute if he persists in multiplying these proceedings unreasonably and vexatiously, or permits his client to use his ECF credentials for that purpose." *Id.* at 11. After

---

[7] In compliance with Local Rule 6.3—to the extent that rule is applicable here—NAI does not submit an affidavit attaching these papers but will do so if requested by the Court.

Livevideo filed the Objection, NAI renewed its request for a full stay of briefing pending resolution of its motion for sanctions and determination of whether this action should be dismissed pursuant to Rule 4(m) in a letter-motion before Magistrate Judge Moses, which remains pending. Dkt. 144.

## ARGUMENT

Respectfully, the Court should deny Livevideo's Objection. Livevideo concedes that the Order was nondispositive, Obj. at 7, and therefore Rule 72(a)'s "highly deferential standard" applies, *see Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). Under that standard, the Objection "must be overruled unless the ruling of the Magistrate Judge was clearly erroneous or contrary to law." *Id.* "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lenjo v. Lui*, No. 17-cv-7431, 2018 WL 4954101, at *2 (S.D.N.Y. Oct. 12, 2018). And it "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

### I.   MAGISTRATE JUDGE MOSES CORRECTLY DETERMINED LIVEVIDEO FAILED TO MEET THE RULE 60(B)(3) STANDARD

The Objection fails for the simple reason that Livevideo does not establish it is entitled to the "extraordinary" remedy of vacatur that it sought in the Rule 60 Motion. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Rule 60(b) imposes a stringent standard, allowing a court to relieve a party from a final judgment or order[8] only where that party demonstrates by "clear and convincing evidence" that (1) "the adverse party engaged in fraud, misrepresentation,

---

[8] Although Magistrate Judge Moses did not reach the issue, Rule 60(b)(3) does not even apply because the December Orders are not final judgments or orders. *See McGraw-Hill Glob. Educ. Hldgs., LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 n.2 (S.D.N.Y. 2018) ("Rule 60(b) applies only to the reconsideration of a ***final*** judgment, order or proceeding."). The December 11 order merely set a briefing schedule on NAI's motion to set aside the default entry, and Magistrate Judge Moses has specifically held that the December 18 order is not a final judgment or order. Dkt. 74 at 3.

-5-

or other misconduct"; (2) "this conduct prevented the movant from fully and fairly presenting his case"; and (3) that the motion is not "an attempt to relitigate the merits." *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003). As the Order clearly demonstrated, Livevideo "fails every prong of the Rule 60(b)(3) test." Order at 9.

### A.      NAI Did Not Make Any Misrepresentation to the Court

Livevideo faults Magistrate Judge Moses for finding that "there were no misrepresentations regarding service of process in NAI's December 11 letter motion." Obj. at 9–12. But Livevideo fails to demonstrate that any of NAI's statements were false, much less fraudulent.

Livevideo's first allegation of "fraud" is that NAI's statement that it "has never been properly served in this action" was false. Obj. at 10. Livevideo reads the word "properly" out of NAI's statement to claim that NAI made a "categorical denial of service." Obj. at 10. By its plain language, NAI's initial letter-motion acknowledged that Livevideo made a service attempt but argued that attempt was not proper. Dkt. 65 at 1 ("Livevideo attempted (unsuccessfully) to serve NAI with its second amended complaint, **which Your Honor has already rejected as improperly filed.**"). Service of an inoperative complaint is ineffective and thus "improper." *See TCS Cap. Mgmt., LLC v. Apax Partners, L.P.*, No. 06-cv-13447(CM), 2008 WL 650385, at *10–11 (S.D.N.Y. Mar. 7, 2008). As the Order correctly held, there was no misrepresentation regarding Livevideo's improper service attempt. Order at 7.

Second, Livevideo claims that NAI misrepresented the identity of its registered agent. Obj. at 10–11; *see also* Dkts. 70-2 at 5–6, 22–23; 86 at 6–9; 140 at 15 (raising this argument in three other filings). Nonsense. Livevideo's argument is based on a footnote in NAI's December 18, 2024 reply letter-brief (filed *after* the Court entered the December 11 order) referring to NAI's registered agent, the Corporation Trust Incorporated, as "CT Corp." Dkt. 68 at 2 n.2. "CT Corp."

is the well-known trade name of The Corporation Trust Incorporated,⁹ and NAI did not "mislead" the Court in referring to it as such. Livevideo offers no support for its statement that "CT Corporation is a separate and distinct entity from The Corporation Trust Incorporated." Obj. at 11. And as Magistrate Judge Moses noted, "nothing hangs on this point" because "NAI never argued that plaintiff delivered papers to the wrong agent for service of process," and the Court was fully aware that The Corporation Trust Incorporated was NAI's registered agent. Order at 7.

Finally, Livevideo claims that NAI misrepresented which version of the second amended complaint Livevideo attempted to serve. Obj. at 11–12. In support, Livevideo misquotes NAI's letter-motion to suggest that NAI claimed it was served with the second amended complaint at Docket No. 44. *Id.* at 11–12. The letter actually states that Livevideo served NAI with "its second amended complaint, **which Your Honor has already rejected as improperly filed**." Dkt. 65 at 1; *compare with* Obj. at 11–12 (claiming the letter motion said: "**which the Court previously denied leave to file**."). There is nothing incorrect or misleading about this statement, because, as Magistrate Judge Moses has noted, the second amended complaint at Docket No. 32 was *also* rejected as improperly filed and was never the operative complaint in this action. Dkt. 69 at 1–2; Order at 6. Livevideo's own proof of service showed that it served the inoperative second amended complaint docketed at Docket No. 32. Dkt. 67 at 2, 4.

Furthermore, NAI's letter-motion clearly did not mislead Magistrate Judge Moses regarding which inoperative complaint Livevideo attempted to serve on NAI. Magistrate Judge Moses was well aware that Livevideo served the complaint at Docket No. 32, not the version at

---

⁹ *See Washington v. Lennar Corp.*, No. CV TDC-17-0079, 2017 WL 11457891, at *1 (D. Md. Mar. 8, 2017) (observing that "Corporation Trust Incorporated" was listed on Wolters Kluwer website as "the Maryland location of CT corporation, a nationwide network of Service of Process centers").

Docket No. 44, as she held service was ineffective based on "the admissions made by plaintiff's process server in a declaration submitted by plaintiff," Order at 7; Dkt. 69 at 1—a declaration that expressly referred to service of the amended complaint at "Document 32," Dkt. 67 ¶ 10; *see also* Dkt. 69 (noting "that the 'amended complaint' [the process server] delivered that day was the 51-page pleading that appears on this Court's electronic docket at Dkt. 32"). Finally, this argument is irrelevant because Magistrate Judge Moses has repeatedly told Livevideo that *neither* of these iterations of the complaint were operative and therefore *neither* could support effective service. Dkt. 47 ("[T]he [First Amended Complaint] (Dkt. 35) remains the operative complaint.").

> **B.   Magistrate Judge Moses Correctly Concluded Livevideo Was Not Prevented from Fully and Fairly Presenting Its Case**

Moreover, Livevideo has failed to show that NAI's conduct prevented Livevideo from fully and fairly presenting its case. In particular, Livevideo claims that NAI's statements in its letter-motion caused the Court to "shift[] the burden" of proof to Livevideo to demonstrate valid service. *Id.* at 8–9. But Livevideo *did* bear the burden of demonstrating "exactly what was served on NAI and in what manner." *See* Dkt. 66 at 1; *Vargas v. Dipilato*, No. 21-CV-3884 (ER), 2023 WL 6122937, at *2 (S.D.N.Y. Sept. 18, 2023) ("Once a defendant raises a challenge to the sufficiency of service of process, the ***plaintiff*** bears the burden of proving its adequacy.").[10] It was thereafter ***Livevideo's own submission*** that revealed that Livevideo attempted to serve the inoperative "second amended complaint" at Docket. No. 32. *See* Dkt. 67 at 2, 4.

---

[10] Nor did the conflicting form affirmations Livevideo submitted from its process server prior to the issuance of the December 11 order suffice to carry this burden. *See* Obj. at 8. While it is generally true that "a process server's affidavit of service establishes a prima facie case ***of the account of the method of service***," *Vargas*, 2023 WL 6122937, at *2, there was never a dispute regarding the "account of the method of service," *see id.* Rather, there was a dispute about *what* NAI was served with—a dispute that was only bolstered by the affirmations, which inconsistently claimed that NAI was served with a "Federal summons and complaint," Dkt. 49, and a "Federal summons and ***amended*** complaint," Dkt. 56.

Indeed, as Magistrate Judge Moses observed, the December 11 order "simply set a schedule for plaintiff to respond to [NAI's] letter motion." Order at 9. The fact that the order correctly put Livevideo to its burden of showing what exactly it served on NAI does not render it "substantive." *See* Obj. at 8–9. Thereafter, Livevideo "did respond to NAI's letter-motion," including with evidence on what version of the complaint was served and the identity of NAI's registered agent, which Magistrate Judge Moses fully credited in the December 18 order. *Id*. at 6. Then, even after the default was set aside, Livevideo had the opportunity to move to extend the time by which to effect service of process. Dkt. 69 at 4. It failed to do so. Magistrate Judge Moses thus correctly concluded that Livevideo had a full and fair opportunity to litigate the issue of service.

Nevertheless, Livevideo claims that Magistrate Judge Moses applied an "improperly stringent standard" for assessing its Rule 60 Motion. Obj. at 13. Not so. Indeed, the standard for Rule 60 relief is *intentionally stringent*: Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo*, 514 F.3d at 191. Magistrate Judge Moses did not err in properly applying this stringent standard, including the well-settled requirement that Livevideo show that NAI's alleged misconduct "substantially interfered with [its] ability to fully and fairly present its case." *See Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013). Nor did Magistrate Judge Moses err in concluding that Livevideo utterly failed to make such a showing here: Livevideo's inability to prosecute its frivolous case "stem[s] from a problem entirely of its own making" and is not the result of any alleged misrepresentations by NAI. Order at 10.

### C. The Rule 60 Motion Was an Attempt to Relitigate the Merits

The Rule 60 Motion was also correctly denied because it was a blatant attempt to relitigate the order setting aside the default against NAI. As Magistrate Judge Moses observed, Livevideo's Rule 60 motion "is the third time that plaintiff has attempted to reinstate its default against NAI

-9-

by accusing NAI, baselessly, of making factual misrepresentations in its December 11, 2024 letter-motion." Order at 8; *see also* Dkts. 70-2 at 7; 86 at 5. Livevideo aimed its Rule 60 Motion at the December 11 order, which merely set a briefing schedule for the motion to set aside the default, rather than the December 18 order, which actually set aside that default. Dkts. 66, 69. This is a transparent attempt to avoid the fact that Livevideo has more than exhausted its right to seek review of the December 18 order, having already filed an untimely motion for reconsideration (disguised as a motion under Federal Rule of Civil Procedure 59(e)) and a further "meta reconsideration motion." *See* Dkts. 70, 90 at 19:11–17.

Tellingly, Livevideo cannot keep its story straight in the Objection. First, it faults Magistrate Judge Moses for characterizing the December 11 order as a "mere scheduling order" and failing to notice that the Rule 60 Motion "also included as necessary or alternatively in addition that it sought to vacate the December 18, 2024 Order." Obj. at 8–9. But a few pages later, it claims that it was not attempting to relitigate the December 18 order because its new motion "is a targeted challenge to the December 11, 2024 OSC." *Id.* at 14.

Accordingly, Magistrate Judge Moses was well within her discretion to deny Livevideo's "beyond frivolous" motion here. *See* Order at 6, 10; *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("[T]he decision whether to grant a Rule 60(b) motion is 'committed to the sound discretion of the district court.'").

## CONCLUSION

For the reasons set forth above the Court should deny the Objection to the Order.

-11-

Dated: June 16, 2025                                        **ROPES & GRAY LLP**

                                                                                                By:  */s/ Peter L. Welsh*
                                                                                                           Peter L. Welsh
                                                                                                           800 Boylston Street
                                                                                                           Boston, MA 02199-3600
                                                                                                           Tel: (617) 951-7000
                                                                                                           Fax: (617) 951-7050
                                                                                                           peter.welsh@ropesgray.com

                                                                                                           Martin J. Crisp
                                                                                                           Ani-Rae Lovell
                                                                                                           1211 Avenue of the Americas
                                                                                                           New York, NY 10036-8704
                                                                                                           Tel: (212) 596-9000
                                                                                                           Fax: (212) 596-9090
                                                                                                           martin.crisp@ropesgray.com
                                                                                                           ani-rae.lovell@ropesgray.com

                                                                                                           *Attorney for Defendant National Amusements, Inc.*

## CERTIFICATION

The undersigned hereby certifies, pursuant to S.D.N.Y. Local Civil Rule 6.3(c), that the foregoing Opposition contains 3,483 words exclusive of the caption and signature block.

By:

/s/ Ani-Rae Lovell
Ani-Rae Lovell
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9821
Fax: (212) 596-9090
ani-rae.lovell@ropesgray.com

*Attorney for Defendant National Amusements, Inc.*