THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI  CORP
       *Plaintiff,*
vs.

CIVIL  ACTION
C.A.  NO.  1:24-CV-06290

SHARI REDSTONE,
NATIONAL AMUSEMENTS,
INC., CHRISTINE VARNEY,
MONICA SELIGMAN,

    *Defendants.*

_____/

**MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REVOKE REFERRAL
28 U.S.C. § 636(c)(4)**

i

## <u>TABLE OF CONTENTS</u>

I. Preliminary Statement…………………………………..………1

II. Legal Standard…………………………………………….....1

III. Argument…………………………………………………1

A. Contravening Antitrust 15 U.S.C. § 4

    Expediency Requirement…………………………………………1

B. Inequitable Application Of FRCP Rule 61…………………2

C. Constant Rule Changes Without Notice…………………………3

D. Ignoring Local Rules and Usurping

    Committee 2024 Directive…………………………………..………3

E. Selective Enforcement of FRCP 7.1………………………………5

F. Exceeding Authority By Ruling On

    Dispositive Matters Without Consent……………………………5

G. Additional Example of Bias…………………………………...7

IV. Conclusion………………………………………………9

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                    <u>Pages(s)</u>

*"Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,*
 *733 F.2d 1087, 1089 (4th Cir. 1984)._*…………………………………………..3

*Williams v. Beemiller, 527 F.3d 259, 266 (2d Cir. 2008)* ………………..6

Kiobel v. Millson, 592 F.3d 78, 86 (2d Cir. 2010) ………………………..6

## PRELIMINARY STATEMENT

This case was assigned for general pretrial purposes on August 22, 2024 (Ex. A). Proceedings have increasingly been marred by procedural errors demonstrating bias against the Plaintiff. Petitioner humbly requests this Court withdraw the referral in accordance with 28 U.S.C. § 636(c)(4) and FRCP Rule 73(b)(3). Alternatively, referring general pre-trial matters to a new Magistrate.

## LEGAL STANDARD

Under the provision of § 636(b)(1)(A), it is within the district court's discretionary power to withdraw duties relating to pretrial case management that were initially referred or withdraw a case under 28 U.S.C. § 636(b) without the necessity to state good cause or exceptional instances for the withdrawal.

## ARGUMENT

### A. Magistrate Contravenes Antitrust 15 U.S.C. § 4 Expediency Requirement

Revocation of the Magistrate's Order under 28 U.S.C. § 636(b)(1)(A) is warranted because the Magistrate Judge violates 15 U.S.C. § 4 by deferring considering of the antitrust issues and allowing defendants a stay. Plaintiff's filed its motion to supplement the complaint with a Sherman Act § 1 claim on March 17, 2025.[1] The Magistrate's actions impede § 4's requirement for expeditious judicial action and contravene § 15(a)'s requirement that sanctions are to be considered at the end of the litigation and all parties actions must be taken into account.

---

[1] This unwarranted benefit is extended to all defendants, including those who have not appeared.

The Magistrate refusal to review the Federal Antitrust claims while threatening sanctions unless the plaintiff withdraws these claims, further contravenes the District Court's duties and obligations under 15 U.S.C. §§ 4, 15(a), and 7a-3(d), warranting revocation of the general pre-trial referral.[2]

The Magistrate Judge's failure to fulfill her obligations under federal antitrust statutes harms the public interest and hinders public transparency by obscuring the full extent of the claims against the defendants, thereby undermining:

    i.     A May 19, 2025 Federal Senate Committee investigation into anti-competitive transactions involving defendant.

(Request For Judicial Notice 'RJN' No. 1, No. 2, No. 4, No. 5,No. 7, No. 8, No. 9, )

    ii.     A California Senate inquiry into defendants potential bribery and anti-competitive practices.(RJN No. 3).

**B. Magistrate's  Inequitable Application Of  FRCP Rule 61**

Initially, the Magistrate Judge's September 11, 2024 Order extended FRCP Rule 61 to cover simple court-docket errors even when pleadings triggered an automated refile notice. The September 111, 2024 Order instructed the plaintiff to "properly refile its original and amended complaints," and conceded that service of

---

[2] The Magistrate's eagerness to scrutinize Plaintiff's FAC Federal causes of action in her initial Orders conflicts with her lack of interest in scrutinizing the unbriefed Amended Motion For Leave To Supplement new causes of action claimed under 15 U.S.C. §§ 4, 15(a), 7a-3(d), that add shareholder causes of action for the first time under Federal security fraud allegations from SEC disclosure violations.

any subsequently refiled amended complaint—even after a docketing error—would remain valid. The Magistrate expressly held that original and first amended complaints after refiling would bear new docket numbers but not invalidate a pleading stamped with an earlier docket number, serving the September 11, 2024 Order on any defendant already served would cure any defect. Actual notice sufficed to validate service despite docketing glitches and no fresh service of process was ever required, and the service date would remain locked in place. (see Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)). This pragmatic approach recognized that technical violations should not defeat proper service where defendants had received actual notice of the proceedings. On December 11, however, the Magistrate abruptly held that only the "operative" filing could support service. This meant any docket-entry hiccup would invalidate the plaintiff's service of process. That result punishes a mere scrivener's slip[3] and flouts Rule 61's directive that "a technical violation" must not invalidate service where the defendant has actual notice.

### C.    Constant Rule Changes Without Notice

The Magistrate Judge has also tilted the playing field by constantly changing her individual rules. There have been five different sets of rules in play between December 2024 and April 2025, without the Magistrate Judge providing any notice to the Plaintiff or making prior versions of the rules accessible.[4]

---

[3] The cover page was erroneously labeled "Second Amended Complaint" despite the first sentence declaring the pleading as the First Amended Complaint. Further Dkt. 32 and Dkt 35 are both 51 pages and nearly identical whereas the real proposed SAC is 30 pages (Dkt 44).
[4] started with Sep 22, 2022, December 17, 2024, December 20, 2024, Jan 2, 2025, April 11, 2025

### D.    Ignoring Local Rules and Usurping Committee 2024 Directive

By recasting informational letters as relief vehicles unauthorized by SDNY ECF rules, the Defendants circumvented due process. The Magistrate compounded this error by misreading her authority and ignoring the Committee 2024 directive that only specified motions may be brought by letter motion.  Her issuance of shifting, unnoticed procedures has disrupted fairness and efficiency.

The Magistrate has erroneously ignored the presiding Judge's standing orders and continuously contravenes the "Committee 2024" rule on allowable letter motion types. Neither the December 11 nor December 18 letter qualified as a proper letter-motion under Magistrate Ho's Individual Rule 1(b) or ECF Rule 13.1:[5]

Defendants' December 11 and 18 filings masqueraded as motions despite ECF Rule 13.1's absolute ban on letter-motion vehicles for FRCP 55, 55a, or 55c relief. They circumvented the mandatory two-step ECF-type selection and ignored the absence of any permissible "legal motion" or "letter-motion" category in the Presiding Judge's practices. The Magistrate's position  "other non-dispositive relief listed in ECF 13.1 may also be made by letter-motion" conflicts with the SDNY Committee's 2024 Note expressly limiting letter motion type expansion authority to the presiding Judge to prevent the Magistrate's exact brand of procedural anarchy.

---

[5] The Dec 11 ECF letter contravened multiple Local Rules:  i. L.R. 7.1(a)(1): Lack of a notice of motion  ii. L.R. 7.1(a)(2): Lack of memorandum of law iii. L.R. 7.1(a)(3): Lack of supporting affidavit iv. L.R. 7.1(a)(4): a reply that failed to comply with (a)(1), (2), and (3). (See Declaration In Support, #3-10)

Worse still, the Magistrate conspicuously refuses to enforce Judge Ho's ironclad Standing Order 2(a)(ii), which caps letter motions at three pages. Defendants repeatedly filed single-spaced letter motions with the most recent ones exceeding that limit— (Dkts 68, 109, 136, 141)—each breach ignored by the Magistrate and never struck from the docket.

Had Judge Ho's Rule 2(a)(iv) been enforced, NAI would have had to disclose in its December 11 letter-motion that the Plaintiff did not consent to service of the docket 44 pleading—exposing its misleading tactics.

Instead, the Magistrate allowed NAI to sneak an "informational" ECF letter past the guardrails of L.R. 7.1(a)(1)–(4), and Judge Ho's prohibition on expanding letter motion types.

By misinterpreting authority and violating rules surrounding motions and filings, the Magistrate Judge undermines due process and fairness in the courtroom.

### E.    Selective Enforcement of FRCP 7.1

On February 26, 2025 (Dkt 120), the defendant admitted to at least six independent Rule 7.1 violations—each one a standalone trigger for Rule 11 sanctions for certifying filings without mandatory disclosures. Yet rather than sanction these glaring defaults, the Magistrate lets them slide while mercilessly weaponizing minor docket glitches against the plaintiff.  The Magistrate's leniency towards these violations and selective enforcement of rules raise concerns about bias and partiality in the proceedings.

5

**F.      The Magistrate Judge Exceeds Her Authority By Ruling On Dispositive Matters Without Consent**

Moreover, a disconcerting pattern of bias is discernible in the Magistrate's rulings. Such prejudice has cast an unfortunate taint on her decisions, leading to drastically unjust outcomes that consistently prejudice the plaintiff and favor the defendant.

A Magistrate's  authority is strictly limited by 28 U.S.C. § 636. Without consent of all parties under § 636(c), a Magistrate may only hear and determine non-dispositive pretrial matters under § 636(b)(1)(A). For dispositive matters, a Magistrate must submit proposed findings and recommendations to the district court for de novo review under § 636(b)(1)(B). Despite these clear rules, the Magistrate continues to take the position she can and will make dispositive rulings including currently threatening dispositive dismissal under Rule 4(m) without proper authority.  Further, the February 12 Order that denyied Plaintiff's Rule 4(m) motion to extend time for service becomes dispositive, as it could result in dismissal of claims against certain defendants. Courts have held that such determinations require de novo review. See *Williams v. Beemiller, 527 F.3d 259, 266 (2d Cir. 2008)* (holding that motions to dismiss for insufficient service requires report and recommendation).

Second, the Magistrate improperly authorized Rule 11 sanctions proceedings without party consent. The Second Circuit, along with other circuits, has held that Rule 11 sanctions are analogous to criminal contempt and constitute "a separate and independent proceeding at law that is not part of the original action." *Kiobel v.*

*Millson, 592 F.3d 78, 86 (2d Cir. 2010)* As such, Rule 11 sanctions exceed a Magistrate's authority under § 636(b)(1)(A) absent consent.

Third, the Motion 60b3 Leave To Vacate was a dispositive Order which the Magistrate explicitly recognized then dismissed it before the Defendant could respond on the record to Plaintiff fraud upon the court accusations.[6]

### G.    Additional Example of Bias

Additional examples of bias include:

i.    Allowing defendants' non-affidavit supported, non-noticed letters to vacate the default prevail over Plaintiff's affidavit-supported filings.

ii. Ignoring defendants' violation of Rule 4(d)(1) duty to avoid unnecessary service expenses.

iii. Maintaining FRCP 16(f) sanctions threats even after original rationale became moot. (see Declaration in Support at 51-55)

iv. NAI failed to file its FRCP Rule 7.1 disclosure statements for over 60 days from its first appearance, waiting until February 26, 2025– the same day it filed its sanctions motion. Then the late FRCP 7.1 filing (Dkt. No. 119) on February 26, 2025 was defective containing material omissions. The problems include: Failing to disclose that 80% of NAI's stock is owned by another entity controlled by an LLC, according to Paramount's S4 filings and NAI's recent SEC

---

[6] " plaintiff does not simply ask the Court to "vacate its December 11, 2024 Order," PI. Mem. at 24; it also requests that the Court "allow the Clerk per Local Rules [sic] 55 to complete [the] ministerial task of processing[a] default judgment" in the amount of $2.42 billion, pointing to the proposed form of judgment included within Exhibit B to its brief. Id. "(Dkt 143 at 8)

filings. Further there is a failure to acknowledge that NAI is controlled by another entity with ownership greater than the FRCP 7.1 disclosure statement's 10% threshold.[7] This information was detailed in the March 12, 2025, opposition (Dkt No. 127). However, the Magistrate lets the defendants avoid fixing the defective FRCP 7.1 disclosure statement or even explain why they did not file it timely in December 2024.

**The Magistrate refuses to consider new evidence concerning character**

i. Unlawful activities being investigated by other State and Federal regulators of activities related to those in the pending Amended Motion For Leave To Supplement Complaint. (RJN #1, #2, #3)

ii. A second Delaware Judge found in favor of a second Plaintiff shareholder of Paramount Global against Defendant Shari Redstone on April 23, 2025. This time Gabelli Mutal Fund GAMCO won the findings of likely criminal conduct has taken place.[8] (RJN #4)

---

[7] The most recent amended S4 admits the existence of the 80% parent of NAI is necessary for regulatory filings, stating: "Lawrence Ellison, Sumner M. Redstone National Amusements Part B General Trust (also known as Part B General Trust), and Skydance filed HSR Act Notification and Report Forms on July 19, 2024 with respect to the Transaction that will bring entities controlled by the Ellison family into collective control of NAI and Paramount while merging Skydance into Paramount."

[8] "Delaware Court Finds Credible Basis in Gabelli Asset Management Inc. (GAMI) Pursuing Operation Fishbowl GREENWICH, Conn.--(BUSINESS WIRE)--GAMI pursued Project Fishbowl on behalf of over 700 clients to ensure transparency in disclosing what National Amusements ("NAI"), controlled by Ms. Shari Redstone, will receive for her voting shares of Paramount. GAMI, as the largest non-NAI holder of voting shares continues to maintain that it appears NAI will receive additional compensation for their voting stock of Paramount that is not being afforded other shareholders."

iii.    That Paramount CFO has resigned filing June 9, 2025 SEC 8k and left the company at end of June is a red flag event. (RJN #5)

iv.  Defendant's June 2, 2025, SEC filing Def14A which falsely makes the same incorrect statement regarding the status of Defendant's SDNY litigation, that "defendants have not been served." (RJN #6)


**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court revoke the general pretrial referral under 28 U.S.C. § 636(b)(1)(A).

Respectfully Submitted,

Dated June 20, 2025    By /s/ Alfred C. Constants III
                              Alfred C. Constants IIII, Esq.
                              Constants Law Offices, LLC.
                              115 Forest Ave., Unit 331
                              Locust Valley, NY 11560
                              516-200-9660
                              Email: Constantslaw49@gmail.com
                              Attorney For Plaintiff
                              Livevideo.AI Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                       :

LIVEVIDEO.AI CORP                :     24  -CV- 6290   (DEH)

         Plaintiff[s],   :

    v.           :   ORDER OF REFERENCE
                       :   TO A MAGISTRATE JUDGE

SHARI REDSTONE, et al.      :

         Defendant[s].  :
---------------------------------------------------------------X

DALE E. HO, United States District Judge:

This action is referred to the assigned Magistrate Judge for the following purpose(s):

☒ General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement)

☐ Specific Non-Dispositive Motion/Dispute:

☐ If referral is for discovery disputes when the District Judge is unavailable, the time period of the referral:

☐ Settlement

☐ Inquest After Default/Damages Hearing

☐ Consent under 28 U.S.C. § 636(c) for all purposes (including trial)

☐ Consent under 28 U.S.C. § 636(c) for limited purpose (e.g., dispositive motion, preliminary injunction) Purpose:

☐ Habeas Corpus

☐ Social Security

☐ Dispositive Motion (i.e., motion requiring a Report and Recommendation). Particular Motion:

SO ORDERED.

Dated: August 22, 2024
New York, New York

DALE E. HO
United States District Judge