**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIVEVIDEO.AI CORP., | C.A. No. 1:24-CV-6290 (DEH) (BCM) |
| Plaintiff, | |
| v. | |
| SHARI REDSTONE, NATIONAL AMUSEMENTS, INC., CHRISTINE VARNEY, MONICA SELIGMAN, | |
| Defendants. | |

**DEFENDANT NATIONAL AMUSEMENTS, INC.'S OPPOSITION**
**TO PLAINTIFF LIVEVIDEO'S MOTION TO REVOKE REFERRAL**

## <u>TABLE OF CONTENTS</u>

I.    LIVEVIDEO'S MOTION IS PROCEDURALLY IMPROPER ........................................ 4

II.   RECUSAL IS UNWARRANTED ................................................................................. 6

     A.    Livevideo's Unasserted Antitrust Claims Do Not Require Expedited
          Proceedings or Affect the Timing of Sanctions ........................................ 7

     B.    Federal Rule of Civil Procedure 61 Does Not Cure Livevideo's Defective
          Service ................................................................................................... 9

     C.    Livevideo's Procedural Quibbles are Meritless and Do Not Support
          Recusal ................................................................................................. 10

     D.    Magistrate Judge Moses Has Not Decided Dispositive Issues ............................ 11

     E.    Livevideo's Irrelevant Evidence Does Not Bear on Recusal................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcon Vision, LLC v. Lens.com, Inc.*,
   No. 18-cv-407, 2022 WL 17685501 (E.D.N.Y. July 7, 2022)................................................8

*Amigo Shuttle Inc. v. Port Auth. of N.Y. & N.J.*,
   No. 22-cv-10361, 2024 WL 4628330 (S.D.N.Y. Mar. 26, 2024)..........................................7

*Conte v. Tapps Supermarket, Inc.*,
   No. 22-cv-03109, 2022 WL 18228316 (E.D.N.Y. Dec. 19, 2022)..........................................6

*Cross v. State Farm Ins. Co.*,
   No. 3:10-CV-1179, 2011 WL 13234729 (N.D.N.Y. Nov. 7, 2011)..........................................5

*Fielding v. Tollaksen*,
   510 F.3d 175 (2d Cir. 2007)...................................................................................................4

*Green v. McKoy*,
   No. 9:22-cv-00044, 2023 WL 2742143 (N.D.N.Y. Mar. 31, 2023)......................................11

*Holtz v. Rockefeller & Co., Inc.*,
   258 F.3d 62 (2d Cir. 2001)...................................................................................................10

*Howard v. United States*,
   No. 11-CV-05208, 2015 WL 82609 (E.D.N.Y. Jan. 7, 2015)................................................6

*James v. State Univ. of N.Y.*,
   No. 22-CV-4856, 2023 WL 3006104 (S.D.N.Y. Mar. 3, 2023)..............................................6

*Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*,
   No. 16 Civ. 1318, 2020 WL 1479018 (S.D.N.Y. Mar. 26, 2020) ..........................................11

*Lobbin v. Shire LLC*,
   No. 19-2404, 2019 WL 11790577 (2d Cir. Dec. 6, 2019)......................................................12

*Ramon v. Corp. City of New York*,
   No. 17-CV-2307, 2019 WL 1306061 (E.D.N.Y. Mar. 21, 2019)............................................13

*Sagax Dev. Corp. v. ITrust S.A.*,
   No. 19-CV-3386, 2022 WL 3577428 (S.D.N.Y. Aug. 19, 2022)............................................13

*Sweigert v. Goodman*,
   No. 23-CV-05875, 2025 WL 551808 (S.D.N.Y. Feb. 19, 2025)..............................................8

*TCS Cap. Mgmt., LLC v. Apax Partners, L.P.*,
    No. 06-CV-13447, 2008 WL 650385 (S.D.N.Y. Mar. 7, 2008) .................................9

*Trans World Airlines, Inc. v. Hughes*,
    332 F.2d 602 (2d Cir. 1964) .................................................................................8

*United States v. Carlton*,
    534 F.3d 97 (2d Cir. 2008) .................................................................................6

*United States v. Pilcher*,
    950 F.3d 39 (2d Cir. 2020) .................................................................................11

*Williams v. Beemiller, Inc.*,
    527 F.3d 259 (2d Cir. 2008) .................................................................................11

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*,
    No. 04 Civ. 9651, 2011 WL 70593 (S.D.N.Y. Jan. 10, 2011) .................................5

**Statutes**

15 U.S.C. § 4 .................................................................................................7, 8, 9

15 U.S.C. § 15 .................................................................................................3, 7, 8

28 U.S.C. § 455 .................................................................................................6

28 U.S.C. § 636 .................................................................................................1, 4, 5, 12, 13

**Other Authorities**

Fed. R. Civ. P. 4(m) .................................................................................................*passim*

Fed. R. Civ. P. 7.1 .................................................................................................3, 7, 10, 13

Fed. R. Civ. P. 11 .................................................................................................11, 12

Fed. R. Civ. P. 15 .................................................................................................2

Fed. R. Civ. P. 16 .................................................................................................13

Fed. R. Civ. P. 60 .................................................................................................4, 12

Fed. R. Civ. P. 61 .................................................................................................9

Fed. R. Civ. P. 73 .................................................................................................1, 5

## PRELIMINARY STATEMENT

Defendant National Amusements, Inc. ("NAI") opposes Plaintiff Livevideo.AI Corp.'s ("Livevideo") motion seeking to "revoke" the referral of non-dispositive pretrial matters in this action to Magistrate Judge Moses pursuant to 28 U.S.C. § 636(c)(4) (Dkts. 147–51) (the "Motion").[1]

The Motion is yet another example of Livevideo's unrelenting campaign to harass NAI and waste the Court's time and resources. The simple fact is that Livevideo failed to serve NAI (or any other Defendant) with a properly filed complaint. Magistrate Judge Moses gave Livevideo every opportunity to cure this obvious defect, but it failed to do so. Instead, Livevideo has filed seven frivolous motions challenging the Court's holding that it failed to effect proper service. This time, frustrated by the Court's repeated rejection of those motions, Livevideo repackages its arguments into a personal and unwarranted attack on Magistrate Judge Moses. Accusing her of supposed "bias" and creating "procedural anarchy," Livevideo's Motion seeks to "revoke" the referral of nondispositive pretrial matters to Magistrate Judge Moses pursuant to 28 U.S.C. § 636(c)(4) or Federal Rule of Civil Procedure 73(b)(3). The Motion is frivolous and should be denied.

To start, Livevideo once again invokes inapplicable authority in bringing the Motion. The law is clear: both § 636(c)(4) and Rule 73 are inapplicable to the general referral of non-dispositive pretrial matters to a magistrate judge, and the parties' consent is not required for such a referral. The Motion fails on that basis alone.

Livevideo's latest endeavor is really just a mislabeled motion for recusal that fails to clear the high bar necessary to justify such relief. Livevideo's primary grievance remains that

---

[1] All internal citations and quotations are omitted, and emphases are added unless otherwise noted.

Magistrate Judge Moses has rejected its frivolous motions and correctly noted some of the obvious flaws in Livevideo's claims. Of course, dissatisfaction with the substance of a magistrate judge's well-reasoned rulings does not establish bias. Livevideo's attempts to twist routine judicial management decisions into grounds for recusal shows the depths to which Livevideo will reach to continue its campaign of harassment by litigation. Livevideo is wrong on the facts and the law, so it now attacks the Court. This baseless attack should be rejected and the Motion denied.

## FACTUAL BACKGROUND[2]

Once again, Livevideo has wasted the Court's time by seeking to relitigate its failure to effect proper service in this action. Livevideo first attempted, unsuccessfully, to file a complaint in this action on August 20, 2024. *See* Dkt. 1 (bearing the notation "FILING ERROR – DEFICIENT DOCKET ENTRY"). Two days later, the Court entered an order referring the case to Magistrate Judge Moses for "General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement)." Dkt. 5.

Livevideo thereafter tried and failed, repeatedly, to file its complaint. Despite more than a dozen filing attempts, Livevideo managed to file only two versions of its complaint successfully: its initial complaint at Docket No. 34 and the operative first amended complaint at Docket No. 35. Dkt. 69 at 2. Among Livevideo's failed filing attempts was a proposed second amended complaint filed at Docket No. 32. The Court rejected that complaint as improperly filed, with the docket entry clearly bearing the notation "FILING ERROR." Dkt. 32. Livevideo thereafter attempted— also unsuccessfully—to file another purported second amended complaint. Dkt. 44. Magistrate Judge Moses ordered Livevideo to "either (i) withdraw the proposed SAC, without prejudice to a

---

[2] NAI respectfully refers the Court to pages 1–6 of the Court's May 19, 2025 Order (Dkt. 142) for a thorough recitation of this action's procedural background. NAI includes here only facts directly relevant to the Motion.

later motion for leave to amend, or (ii) file a properly-supported motion for leave to amend pursuant to Rule 15(a) no later than October 3, 2024." Dkt. 46 at 2. Livevideo ignored that order. *See* Dkt. 47 at 1. So, on October 11, Magistrate Judge Moses denied leave to amend and expressly held that "the [First Amended Complaint] (Dkt. 35) remains the operative complaint." *Id.*

Despite this clear direction from the Court that Docket No. 35 was the operative complaint, on November 6, Livevideo attempted to serve NAI's registered agent for service of process with the inoperative version of the second amended complaint docketed at Docket No. 32. Dkt. 67 at 2, 4. Based on this improper service, Livevideo sought entry of default against NAI, which the Clerk entered on December 9. Dkt. 63. NAI promptly filed a letter-motion informing the Court that Livevideo had not served the operative complaint and requesting that the default be set aside. Dkt. 65 at 1–2.

In response, Magistrate Judge Moses issued an order on December 11, 2024 (the "December 11 Order") directing Livevideo to serve an opposition letter and "submit admissible evidence (*e.g.*, an affirmation or declaration) identifying exactly what was served on NAI and in what manner." Dkt. 66 at 1. Livevideo's opposition conceded that Livevideo had served "Document 32"—that is, the inoperative second amended complaint. Dkt. 67 at 2, 4. Magistrate Judge Moses accordingly issued an order setting aside the default and providing Livevideo leave to file a motion to extend its time to effect service. Dkt. 69 at 1–3.

Rather than seek additional time to effect service, Livevideo has dedicated the past seven months to filing a flood of frivolous motions seeking to reinstate the invalid entry of default against NAI. Dkts. 70, 85, 118, 126, 138, 143, 147. In each, Livevideo has rehashed the same basic arguments—that service upon NAI was effective, that NAI concealed the name of its registered agent for service of process, and that NAI failed to timely file a Rule 7.1 corporate disclosure

statement, to name a few.  This campaign has included a Rule 60(b) motion on May 6, 2025, seeking to set aside the December 11 *scheduling order*, relying on allegations of fraud against NAI that Magistrate Judge Moses characterized as "beyond frivolous."  Dkt. 142 at 6.  NAI asked Magistrate Judge Moses to stay briefing both on Livevideo's Rule 60(b) motion and any future motions Livevideo might file in this action until the Court determined whether to dismiss this action pursuant to Rule 4(m).  Dkt. 141.  Magistrate Judge Moses noted the motion was moot as to Livevideo's Rule 60(b) motion.  Dkt. 142 at 11.  However, she "hesitate[d]" to enter a "broader stay," at least in part because Livevideo was "represented by a member of the Bar of this Court" and so denied the motion for a broader stay "without prejudice to renewal if necessary," with a warning to Livevideo's counsel that he could face further sanctions for filing frivolous motions. *Id.*  After Livevideo filed a frivolous objection to Magistrate Judge Moses's order on the Rule 60(b) motion, NAI renewed its motion for a stay, which remains pending.  Dkt. 144.  Livevideo then filed the Motion, presumably in an attempt to escape the consequences of its behavior before Magistrate Judge Moses.[3]

**ARGUMENT**

Livevideo's Motion, like its predecessors, is frivolous.  Having lost on the substance, Livevideo has declared the game rigged and requested that the referee be removed from the field. This obvious gamesmanship should not be countenanced, and the Motion should be denied.

## I.    LIVEVIDEO'S MOTION IS PROCEDURALLY IMPROPER

As a threshold matter, Livevideo's Motion is procedurally improper.  The Court referred pretrial, non-dispositive matters to Magistrate Judge Moses under 28 U.S.C. § 636(b), which does

---

[3] Earlier today, the Court issued an Amended Order of Reference to a Magistrate Judge ordering that the case be referred "for assignment to a Magistrate Judge for Dispositive Motion (i.e., motion requiring a Report and Recommendation)."  Dkt. 152.  The arguments advanced in this Opposition are unchanged in light of the amended referral.

not require the parties' consent.  Dkt. 5; *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir.

2007) ("As a matter of case management, a district judge may refer nondispositive motions . . . to

a magistrate judge for decision ***without the parties' consent***.").  Section 636(b)(1)(A) does not

mention the withdrawal of a referral, much less allow a party to withdraw a referral, as Livevideo

claims: "without the necessity to state good cause or exceptional instances for the withdrawal."[4]

*See* Dkt. 148 at 1.  Livevideo is simply wrong.

Livevideo has also filed the Motion under plainly inapposite authorities.  It invokes 28

U.S.C. § 636(c)(4) and Federal Rule of Civil Procedure 73(b)(3), which only apply to a

"***consensual*** reference to a magistrate judge . . . to preside over a case ***for all purposes***, including

at trial."  *Cross v. State Farm Ins. Co.*, No. 3:10-CV-1179, 2011 WL 13234729, at *1 (N.D.N.Y.

Nov. 7, 2011); *see also* Dkt. 148 at 1.  Contrary to Livevideo's argument "[t]here is no parallel

provision in section 636(b) permitting a party to object to a referral of a case to a magistrate judge

to address [nondispositive, pretrial matters] authorized under that subsection."  *Id*.  For these

reasons alone, the Motion should be denied.[5]

---

[4] NAI respectfully submits that much of the Motion does not read "like something prepared by a
member of the bar of this Court," as Magistrate Judge Moses observed with respect to certain of
Livevideo's previous filings in this action.  Dkt. 90 at 22:10–13.  The Motion is also accompanied
by a lengthy and unnecessary "Request for Judicial Notice" of documents filed in other
proceedings, which is a tactic favored by Brad Greenspan, Livevideo's non-lawyer CEO, who has
been caught impersonating his counsel in the past.  Dkts. 150, 151; *see* Dkt. 35-1 at 63 (attaching
"Request for Judicial Notice" filed by Brad Greenspan *pro se* in other proceeding); *see also* Dkt.
122-8.

[5] Of course, Livevideo's frustration with Magistrate Judge Moses's rulings does not establish good
cause to withdraw the referral.  *See Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*,
No. 04 Civ. 9651, 2011 WL 70593, at *3 (S.D.N.Y. Jan. 10, 2011) ("The authority to vacate a
reference to a magistrate judge was certainly not meant to permit a party to argue that rulings by
the magistrate judge warranted withdrawal of the case.").

## II.    <u>RECUSAL IS UNWARRANTED</u>

As Livevideo seems to acknowledge, the Motion actually asks the Court to recuse Magistrate Judge Moses and "refer[] general pre-trial matters to a new Magistrate [Judge]."  Dkt. 148 at 1; *see also Cross*, 2011 WL 13234729, at *2 (noting that "there is no authority for a litigant to object to a referral of a civil action to a magistrate judge for the purpose of presiding over non-dispositive matters—***other than to seek his or her recusal***").  Livevideo's mislabeled motion for recusal should be denied.

Recusal is only warranted where a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  This is an objective inquiry, asking "whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal."  *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008).  "A judge has an affirmative duty not to unnecessarily disqualify herself."  *James v. State Univ. of N.Y.*, No. 22-CV-4856, 2023 WL 3006104, at *2 (S.D.N.Y. Mar. 3, 2023).  "[T]here is a strong presumption that a judge is impartial, and the movant bears the substantial burden of overcoming that presumption."  *Id.*

Livevideo does not come close to overcoming this strong presumption.  Livevideo provides no credible evidence of Magistrate Judge Moses's supposed bias.  Rather, Livevideo merely takes issue with the fact that Magistrate Judge Moses has repeatedly rejected its frivolous arguments in its stream of redundant motions.  But the law is clear that "seeking a judge's recusal simply because a litigant is unhappy with a judge's ruling or case management—in other words, judge-shopping— is insufficient grounds to warrant recusal."  *Conte v. Tapps Supermarket, Inc.*, No. 22-cv-03109, 2022 WL 18228316, at *2 (E.D.N.Y. Dec. 19, 2022) (collecting cases); *James*, 2023 WL 3006104, at *2 ("Parties cannot pick and choose a judge to hear their case, and there is no process by which a party can request reassignment based on a preference, a dislike of a particular judge, or a

disappointment with a judge's rulings."). Nor is a motion for recusal the proper vehicle to "relitigate claims the Court previously rejected," as Livevideo seeks to do here (and has repeatedly sought to do through other motions and objections). *Howard v. United States*, No. 11-CV-05208, 2015 WL 82609, at *2 (E.D.N.Y. Jan. 7, 2015). For example, Livevideo argues for at least the tenth time that it properly served NAI, *see* Dkts. 67 at 1–2; 70-2 at 20–21; 86 at 7–8; 118 at 6; 126 at 6–9; 127 at 7, 2; 129 at 8–9; 140 at 14–23; 145 at 10; 148 at 2–3, 9, for the fourth time that NAI improperly filed the motion to set aside the default as a letter-motion, *see* Dkt. Nos. 70-2 at 9, 12; 86 at 3–4; 140 at 16–17; 148 at 4–5, and for the seventh time that NAI failed to timely file its Rule 7.1 disclosure statement, *see* Dkt. Nos. 114 at 3–4; 118 at 8–9; 126 at 2 n.1; 127 at 20–21; 134 at 1; 140 at 7–9; 148 at 7–8.

Neither these recycled arguments nor any of Livevideo's new arguments—which are themselves frivolous and completely unmoored from the issue of whether Magistrate Judge Moses is impartial—satisfy Livevideo's heavy burden to show facts sufficient to justify its efforts to judge shop.

### A.    Livevideo's Unasserted Antitrust Claims Do Not Require Expedited Proceedings or Affect the Timing of Sanctions

Livevideo claims recusal is somehow warranted because Magistrate Judge Moses's stay of its motion seeking to supplement the complaint to add, among other counts, antitrust claims— entered after Livevideo's counsel admitted that he did not write, review, or file that motion— violates the expediency requirement of Section 4 the Sherman Act, 15 U.S.C. § 4, and certain sanctions procedures under Section 4 of the Clayton Act, 15 U.S.C. § 15(a). *See* Dkt. 148 at 1–2. These arguments are unfounded. As an initial matter, these arguments should be rejected because Livevideo is seeking relief under statutes that are not the basis of any claims in the operative complaint. *See* Dkt. 35 (alleging no antitrust claims). Even if Livevideo could obtain relief from

statutes that it *seeks* to plead claims under, Livevideo simply has the law wrong. Section 4 of the Sherman Act empowers *the federal government* to seek injunctive relief against antitrust violations in federal court and does not provide a private right of action. *See Amigo Shuttle Inc. v. Port Auth. of N.Y. & N.J.*, No. 22-cv-10361, 2024 WL 4628330, at *9 (S.D.N.Y. Mar. 26, 2024). Only the Clayton Act permits private litigants to bring antitrust claims, and that statute does not provide for expedited proceedings. *See id.*

Livevideo also argues that Magistrate Judge Moses should not consider NAI's sanctions motion while Livevideo's antitrust claims are pending because the Clayton Act allegedly requires that "sanctions are to be considered at the end of the litigation and all parties actions must be taken into account." Dkt. 148 at 1 (citing 15 U.S.C. § 15(a)). This argument is unsupported by the plain language of the statute, which merely provides that the court must consider the parties' litigation conduct in determining whether to award pre-judgment interest. 15 U.S.C. § 15(a). Sanctions are just as available in a (putative) antitrust action as they are in any other action in federal court because "the Federal Rules apply with equal force to suits under the antitrust laws." *Trans World Airlines, Inc. v. Hughes*, 332 F.2d 602, 611 (2d Cir. 1964); *see also Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-cv-407, 2022 WL 17685501, at *12 (E.D.N.Y. July 7, 2022) (imposing sanctions under inherent powers, 28 U.S.C. § 1927, and Fed. R. Civ. P. 37 in action involving antitrust claims).

Even if Livevideo's arguments under the Sherman Act and Clayton Act were not fundamentally defective, they still would boil down to a grievance regarding Magistrate Judge Moses's management of this case. But "[j]udicial case management is left to the discretion of the trial court and does not provide a basis for recusal." *Sweigert v. Goodman*, No. 23-CV-05875, 2025 WL 551808, at *2 (S.D.N.Y. Feb. 19, 2025). Courts within this Circuit have therefore

routinely rejected claims that a judge should be recused based on a judge's alleged failure to adjudicate claims expeditiously. *See, e.g.*, *id.* (concluding that the defendant's arguments for recusal based on the judge's management of the case did not establish bias). Livevideo's argument regarding the treatment of its Sherman Act claim is thus not a basis justifying recusal.

### B.    Federal Rule of Civil Procedure 61 Does Not Cure Livevideo's Defective Service

Livevideo also nonsensically argues that Magistrate Judge Moses should have applied Federal Rule of Civil Procedure 61 to hold that its service on NAI was effective by claiming that its failure to serve the operative complaint should have been excused as a "technical violation[]." Dkt. 148 at 2–3. Besides the fact that its time to object to Magistrate Judge Moses's order regarding service has come and gone, and that this is the ***tenth*** time Livevideo has challenged that holding, *see supra* at 7, Magistrate Judge Moses correctly applied case law from this Circuit providing that service of an inoperative complaint renders service ineffective. *See TCS Cap. Mgmt., LLC v. Apax Partners, L.P.*, No. 06-CV-13447, 2008 WL 650385, at \*10–11 (S.D.N.Y. Mar. 7, 2008).

Livevideo also ignores that Magistrate Judge Moses provided it the opportunity to correct its defective service on NAI by requesting an extension of its time to serve the Defendants under Federal Rule of Civil Procedure 4(m), which Livevideo failed to do. Dkt. 142 at 10. Magistrate Judge Moses also did not "concede[]" anything in her September 11, 2024 order or "extend FRCP 61" to Livevideo's failure to properly docket its complaints. Dkt. 148 at 2. The September 11 order predated: (1) Livevideo filing either version of its second amended complaint on September 13 and September 19, *see* Dkt. Nos. 32, 44, (2) the Court's express order that Livevideo did not have leave to file a second amended complaint and that "[t]he FAC (Dkt. 35) remains the operative complaint" on October 11, *see* Dkt. 47, and (3) Livevideo's service attempt on November 6, *see*

Dkt. No. 67 at 3.  There was no room for Livevideo to misunderstand Magistrate Judge Moses's instructions on the appropriate version of the complaint to serve.

### C.    Livevideo's Procedural Quibbles are Meritless and Do Not Support Recusal

Livevideo recycles procedural arguments it has already made and lost, *see supra* at 7, and fails to explain why any of those arguments support a request for Magistrate Judge Moses to recuse herself.[6]  Dkt. 148 at 3–5, 7.  This includes arguing, once again, that NAI should not have requested the default against it be set aside in a letter-motion, which allegedly violated the relevant local rules and District Judge Ho's individual rules and exemplifies "the Magistrate[ Judge]'s exact brand of procedural anarchy."  *Id.* at 4.  As Livevideo has frequently been reminded, Magistrate Judge Moses's Individual Practices govern motions subject to the referral order.  *See* Dkt. 15 at 1; Dkt. 74 at 6.  Furthermore, courts have discretion to deviate from their local and individual rules when justice requires, and Livevideo had the opportunity to raise these procedural issues when it responded to the underlying motion.  *See* Dkt. 74 at 6–7; *see Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").  Likewise, Livevideo's accusation of "selective enforcement" of Federal Rule of Civil Procedure 7.1 "while mercilessly weaponizing minor docket glitches against the plaintiff" falls flat because NAI has met its obligations under that rule.  *See* Dkt. 148 at 5, 7–8; *see also* Dkt. 123 at 11 n.10.  Here again, Livevideo is simply disappointed by an adverse ruling.

---

[6] This includes arguing that Magistrate Judge Moses changed her Individual Practices during the pendency of this case without "providing any notice to the Plaintiff or making prior versions of the rules accessible."  Dkt. 148 at 3.  Livevideo is ostensibly represented by counsel, who is responsible for reviewing the relevant individual and local rules before making any filing.  Livevideo also cites rule changes before this case began and does not point to any prejudice it suffered from a change in Magistrate Judge Moses's Individual Practices.

### D.    Magistrate Judge Moses Has Not Decided Dispositive Issues

Contrary to Livevideo's repeated assertions, Magistrate Judge Moses has not issued any dispositive orders. *See* Dkt. 148 at 6–7. "A ruling is dispositive if it resolves substantive claims for relief rather than mere issues in the litigation." *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, No. 16 Civ. 1318, 2020 WL 1479018, at *6 (S.D.N.Y. Mar. 26, 2020). Conversely, "a non-dispositive matter [i]s one that is not dispositive of a party's claim or defense." *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020).

None of the orders that Livevideo challenges in the Motion is dispositive. Livevideo first points to Magistrate Judge Moses's denial of its motion for extension of time under Rule 4(m). Dkt. 148 at 6. Contrary to Livevideo's contention, Magistrate Judge Moses in no way granted dismissal under Rule 4(m). Magistrate Judge Moses in fact specifically stated that she has not ruled on whether Livevideo's claims should be dismissed pursuant to Rule 4(m) and that she instead intends to issue a report and recommendation to the District Court on that motion. *See* Dkt. 87 ¶ 2; Dkt. 90 at 17:22–18:3 ("[S]hould I determine that the case should be dismissed pursuant to Rule 4(m) . . . I would have to make that recommendation to the district judge, and then there would be a 14-day objection period and so forth."). In any event, even if the Court considers Magistrate Judge Moses's denial of Livevideo's oral request at the hearing for an extension of time to serve the defendants separately from the decision of whether to dismiss the case under Rule 4(m), such rulings are not dispositive. *See Green v. McKoy*, No. 922-cv-00044, 2023 WL 2742143, at *7 (N.D.N.Y. Mar. 31, 2023) (treating a magistrate judge's denial of a motion to extend time to effect service under Rule 4(m) as nondispositive).[7]

---

[7] Livevideo's lone authority on this issue, *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008), is inapposite. *See* Dkt.148 at 6. *Williams* concerned a motion to remand, which "determine[s] the fundamental question of whether a case could proceed in a federal court," and is thus

The same is true regarding NAI's motion for sanctions.  That motion is still pending, despite Livevideo's bizarre contention that Magistrate Judge Moses "improperly authorized Rule 11 sanctions proceedings without party consent."  Dkt. 148 at 6.  In fact, Magistrate Judge Moses explained that she does ***not*** intend to issue a final order on the sanctions motion in the first instance,[8] and that she will instead write a report and recommendation to the District Court on NAI's request for sanctions.  Dkt. 90 at 25:12–17.  Or, alternatively, the District Court may choose to rule on that motion in the first instance.  *Id.* at 25:18–19 ("So to the extent the Rule 11 motion is deemed to come within my referral, I will write a recommendation rather than an opinion and order.  Should the district judge choose to write on it himself, of course that will be his prerogative.").

Finally, none of the December 11 Order, the order setting aside the default, or the order denying Livevideo's motion under Rule 60(b)(3) to vacate those prior orders are dispositive. Magistrate Judge Moses has already held as much, explaining on multiple occasions that the order setting aside the default was not a dispositive order.  Dkt. 74 at 6 ("[A]s I previously explained, [a] motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A).").  Livevideo now argues that its Rule 60(b)(3) motion for vacatur was dispositive and should have been decided by the District Court, a point that it failed to raise in its

---

"indistinguishable from a motion to dismiss the action from federal court based on a lack of subject matter jurisdiction."  527 F.3d at 266.

[8] Livevideo quotes from a non-controlling concurrence in *Kiobel v. Millson* for the proposition that "[t]he Second Circuit . . . has held" a Rule 11 motion for sanctions is dispositive because it is "a separate and independent proceeding at law that is not part of the original action." Dkt. 148 at 6–7 (quoting *Kiobel*, 592 F.3d 78, 86 (2d Cir. 2010) (Cabranes, J., concurring)).  But this concurrence is not the law of this Circuit.  *See, e.g.*, *Lobbin v. Shire LLC*, No. 19-2404, 2019 WL 11790577, at *1 (2d Cir. Dec. 6, 2019) ("The Court need not decide whether the imposition of attorney's fees as a Rule 11 sanction presents a dispositive or nondispositive issue, which the Court left unsettled in [*Kiobel*].").

objection to that order. Dkt. 148 at 7; *cf.* Dkt. 143 at 7 (conceding that order was non-dispositive and should be reviewed under clearly erroneous standard). This misrepresents the nature of Livevideo's request, which was to reinstate the default against NAI (which is a nondispositive issue) and "***allow the Clerk*** per Local Rules 55 to complete [the] ***ministerial task*** of processing default judgment using SDNY required documents." Dkt. 140 at 27.[9]

In any event, even if these orders are dispositive (they are not), that does not provide a basis to vacate the referral. "It is well established that magistrate judges are authorized to issue reports and recommendations recommending the disposition of dispositive motions without the consent of the parties, pursuant to 28 U.S.C. § 636(b)(1)." *Ramon v. Corp. City of New York*, No. 17-CV-2307, 2019 WL 1306061, at *3 (E.D.N.Y. Mar. 21, 2019). Accordingly, the District Court could properly construe the challenged orders as reports and recommendations. *See Sagax Dev. Corp. v. ITrust S.A.*, No. 19-CV-3386, 2022 WL 3577428, at *4 (S.D.N.Y. Aug. 19, 2022) ("If a magistrate judge erroneously enters an order purporting to determine a dispositive matter, a district judge reviewing the order may ignore the form of the decision and treat it as a recommendation." (quoting Moore's Federal Practice § 72.08(1) (3d ed. 2014))).

### E.    Livevideo's Irrelevant Evidence Does Not Bear on Recusal[10]

Finally, Livevideo asks the Court to take "judicial notice" of a slew of documents from other proceedings that allegedly bear on NAI's "character." Dkt. No. 148 at 8–9; Dkts 150, 151.

---

[9] Even so, allowing Livevideo to transform a nondispositive scheduling order into a dispositive order by tacking on a frivolous request for dispositive relief to its motion to reconsider or vacate that scheduling order would render the referral under 28 U.S.C. § 636(b) meaningless.

[10] Livevideo also includes a list of "Additional Examples of Bias" most of which just repeat points it made earlier in the Motion. *See* Dkt. 148 at 7–8 (complaining that "NAI failed to file its FRCP Rule 7.1 disclosure statements for over 60 days from its first appearance."). The only new point is that Magistrate Judge Moses should not have threatened sanctions under Federal Rule of Civil Procedure 16(f) against Livevideo's counsel for making the Court reschedule a show-cause hearing at the last minute. *Id.* at 7. Livevideo now claims the show-cause hearing for an extension under Rule 4(m) was unnecessary because it had already served all the defendants before the

Those documents are irrelevant to the Motion and to this action more generally.  And the Motion

fails to explain how any of these documents, or NAI's "character," bear on Magistrate Judge

Moses's alleged bias.  In fact, many of these documents concern events that occurred *after*

Magistrate Judge Moses issued her most recent order on May 19, 2025, and so could not possibly

be relevant to showing that she "refuses to consider" this evidence, even if it were relevant.  *See*

Dkt. 150 ¶¶ 2, 3, 5 (referring to filings made May 30, June 5, and June 9, 2025).

**CONCLUSION**

For the reasons set forth above the Court should deny the Motion.

Dated: July 7, 2025                    **ROPES & GRAY LLP**

By:  */s/ Peter L. Welsh*
    Peter L. Welsh
    800 Boylston Street
    Boston, MA 02199-3600
    Tel: (617) 951-7000
    Fax: (617) 951-7050
    peter.welsh@ropesgray.com

    Martin J. Crisp
    Ani-Rae Lovell
    1211 Avenue of the Americas
    New York, NY  10036-8704
    Tel: (212) 596-9000
    Fax: (212) 596-9090
    martin.crisp@ropesgray.com
    ani-rae.lovell@ropesgray.com

    *Attorneys for Defendant National Amusements,
    Inc.*

---

hearing.  Dkt. 149 at 7–8.  But Livevideo's counsel never claimed that the show-cause hearing was
unnecessary, and, instead, apologized profusely to the Court and used the hearing as an opportunity
to move for leave for an extension under Rule 4(m).  Dkts. 78, 90 at 5:19–6:7, 13:13–22.

**CERTIFICATION**

The undersigned hereby certifies, pursuant to S.D.N.Y. Local Civil Rule 7.1(c), that the

foregoing Opposition contains 4,736 words exclusive of the caption and signature block.

By:

/s/ Ani-Rae Lovell
Ani-Rae Lovell
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9821
Fax: (212) 596-9090
ani-rae.lovell@ropesgray.com

*Attorney for Defendant National Amusements, Inc.*