THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*
vs.

CIVIL ACTION
C.A. NO. 1:24-CV-06290

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,

Defendant's.

_____/

**PLAINTIFF'S REPLY TO DEFENDANT NATIONAL AMUSEMENTS, INC.'S OPPOSITION TO MOTION TO REVOKE REFERRAL**

## TABLE OF CONTENTS

I. Introduction .................................................1

II. Procedural
Impropriety of Defendant's Opposition..........................1

A. Misapplication of Legal Standards...........................1
B. Failure to Address Bias Concerns............................1
C. Misapplication and Misstatement
   of Motion 61 Precedent......................................1
D. Ignoring Local Rules and Usurping
   Committee 2024 Directive....................................2

III. Argument...................................................3

A. Antitrust Claims and Expediency.............................3
B. Service of Process..........................................4
C. Non-Denial Timely Service FRCP Rule 4 Summons....4
D. Rule 7.1 Disclosures........................................6
E. Misleading the Court About Docket #32 and #44..........6

IV. Conclusion..................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                                                       **Pages(s)**

*TCS Cap. Mgmt., LLC v. Apax Partners, L.P.,*

*No. 06-CV-13447, 2008 WL 650385 (S.D.N.Y. Mar. 7, 2008)* .. ……………………………1

"*United States of America v.*
*Microsoft Corporation, 253 F.3d 34 (D.C. Cir. 2001),* …………………………………3

PLAINTIFF'S REPLY TO DEFENDANT NATIONAL AMUSEMENTS, INC.'S OPPOSITION TO MOTION TO REVOKE REFERRAL

## I. Introduction

Plaintiff Livevideo.AI Corp. ("Livevideo") respectfully submits this reply in support of its motion to revoke the referral of non-dispositive pretrial matters to Magistrate Judge Moses. Defendant National Amusements, Inc.'s ("NAI") opposition fails to address the core issues raised by Livevideo and instead relies on mischaracterizations and irrelevant arguments.

## II. Procedural Impropriety of Defendant's Opposition

### A. Misapplication of Legal Standards

NAI incorrectly asserts that 28 U.S.C. § 636(c)(4) and Rule 73 are inapplicable. However, Livevideo's motion is grounded in the need for impartiality and fairness, fundamental to any judicial proceeding. The defendants' misapplication of these legal standards is a transparent attempt to divert attention from the substantive issues at hand.

### B. Failure to Address Bias Concerns

NAI's opposition does not adequately address the specific instances of bias and procedural irregularities that have marred the proceedings under Magistrate Judge Moses. This failure to confront the core issues only underscores the necessity of revoking the referral to ensure a fair adjudication.

### C. Misapplication and Misstatement of Motion 61 Precedent

In their attempt to compare the Plaintiff's service of process on Defendant of Dkt #32 First Amended Complaint with TCS Cap. Mgmt., LLC v. Apax Partners, L.P., the defendants err. The case at hand differs significantly from TCS Cap, where the Court considered

1

service of a superseded complaint served after the Plaintiff had filed an amended complaint. In that instance, the court found it was necessary to serve process with the amended complaint on the defendant because the amended complaint had replaced the non-amended complaint.

In this matter, however, the Plaintiff appropriately served legal process of a First Amended Complaint when the first amended complaint was the operative pleading.[1]

Moreover, there is no plausible explanation provided by defendants for how Dkt #32 could be misconstrued as a Second Amended Complaint; and absurdly so when Dkt #34, filed later than Dkt #32, is labeled as a First Amended Complaint rather than a Second or even a Third one.

Expanding this further, it's crucial to note how Dkt #44 - the first time wherein the Court acknowledges the filing of a motion for leave to file a prospective second amended complaint – cannot transform Dkt #32 into an equivalent "proposed second amended complaint". The defendants' arguments fail to address the logical inconsistencies in the docket numbering and amendment sequence.

### D. Ignoring Local Rules and Usurping Committee 2024 Directive

The defendants have circumvented due process by recasting informational letters as relief vehicles unauthorized by SDNY ECF rules. The Magistrate compounded this error by misreading her authority and ignoring the Committee 2024 directive, which specifies that only certain motions may be brought by letter motion. Her issuance of shifting, unnoticed procedures has disrupted fairness and efficiency. This disregard for the presiding Judge's standing orders and

---

[1] A mere scriveners error on the cover page stating "Second Amended Complaint" did not transform a First Amended Complaint into a Second. Importantly, this is affirmed in the first line of Dkt 32 where it categorically states it is a "First Amended Complaint".

continuous contravention of the "Committee 2024" rule on allowable letter motion types further exemplifies the procedural inconsistencies that have plagued this case. Neither the December 11 nor December 18 letters qualified as proper letter-motions under Magistrate Ho's Individual Rules or ECF Rule which include the Committee 2024 directive, highlighting the need for judicial intervention to restore order and fairness.

### III. Arguments

#### A. Antitrust Claims and Expediency:

Contrary to NAI's assertions, the Sherman Act and Clayton Act do provide for expedited consideration of antitrust claims because they are designed to prevent ongoing harm to competition and consumers. The delay in addressing Livevideo's antitrust claims undermined this statutory purpose. The continuous delay of briefing the Plaintiff's antitrust violations have allowed the defendants to continue their alleged anticompetitive conduct, causing increased harm to stockholders, Plaintiff and the market. Numerous cases, such as *United States of America v. Microsoft Corporation, 253 F.3d 34 (D.C. Cir. 2001),* highlight the courts' role in expediting antitrust cases to prevent further market distortion. The current suspension of the Antitrust causes of action being briefed is inconsistent with these precedents and the judiciary's responsibility to enforce antitrust laws effectively. Further, contrary to Defendant's claim 15 U.S. Code § 4 only saddles Attorney Generals not Federal Courts with an expediency requirement, a plain reading of the statue proves otherwise:

> "The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of sections 1 to 7 of this title;
>
> " Such proceedings may be by way of petition setting forth the case and praying that such violation shall be enjoined or otherwise prohibited. When the parties complained of shall have been duly notified of such petition *the court shall proceed, as soon as may be,* to the hearing and determination of the case;"

3

**B.     Service of Process:**

Livevideo has consistently maintained that service was properly effected. NAI's focus on procedural technicalities ignores the substantive compliance with Rule 4(m) and the actual notice provided to defendants. The defendants' arguments focus on minor procedural discrepancies that do not negate the fact that they received actual notice of the lawsuit.

The primary purpose of service of process is to ensure that defendants are informed of the claims against them. In this case, the defendants have acknowledged receipt of the complaint, stating as early as December 2024 in their notice of sanction that "In sum, the allegations and claims asserted against the NAI Defendants in the Complaint and every version of the complaint filed to date are frivolous" (Dkt. 122-14 at 8). Indeed, the defendants have actively participated in the proceedings, demonstrating that they have not been prejudiced by any alleged technical defects in service. The defendants' focus on procedural minutiae is a diversion from the substantive issues at hand.

**C. Non-Denial Timely Service FRCP Rule 4 Summons**

There's a far more incisive way to cut through the Defendants' elaborate charade. Defendants unequivocally fail to deny they were served with the Summons in accordance with FRCP Rule 4.

4

> **SUMMONS IN A CIVIL ACTION**
>
> To: *(Defendant's name and address)* National Amusements, Inc.
> 2405 YORK ROAD
> SUITE 201
> LUTHERVILLE TIMONIUM MD 21093-2264
>
> A lawsuit has been filed against you.
>
> Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Alfred C. Constants III
> Constants Law Offices, LLC
> 115 Forest Avenue, Unit 331
> Locust Valley, NY 11560
> Tel. 516-200-9660
> Constantslaw49@gmail.com
>
> If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

The defendants proceeded down a course of action which contravened the clear instructions to either

> *"file your answer or motion with the court. "you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure."*

Instead Defendants blatantly ignored the Federal Summons obligations tacked onto them when it was served pursuant to FRCP Rule 4, knowing the consequences of their reckless defiance were severe: "if you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." After being served with the complaint and FRCP Rule 4 summons, Defendants couldn't whimsically decide they'd been served a compliant summons with a complaint that was improperly executed or not an operative version. There's no alternative path outlined in the summons. No deceptive loophole to exploit.

### D.  Rule 7.1 Disclosures:

NAI's delay in filing its Rule 7.1 disclosure statements represents a major procedural breach that has been unjustly ignored, highlighting the selective enforcement of rules. The Rule 7.1 disclosure requirement is essential for uncovering potential conflicts of interest and

promoting transparency in judicial proceedings. NAI's failure to submit these disclosures on time raises concerns about the integrity of the process and the possibility of undisclosed conflicts. Defendants' primary assertion regarding FRCP 7.1: "of Federal Rule of Civil Procedure 7.1" claims that NAI has fulfilled its obligations under that rule. See Dkt. 148 at 5, 7–8; see also Dkt. 123 at 11 n.10. " (id at 14) is inaccurate because NAI has not met its obligations under FRCP 7.1 or Local Rules.

Critically, NAI has neither explained its failure to file the disclosure statements nor submitted the missing disclosures for its December 2024 appearances. Additionally, NAI has not addressed the Plaintiff's challenge, which utilized publicly filed SEC and FCC citations to highlight that NAI continued to omit entities that should be disclosed in a valid and accurate FRCP Rule 7.1 Disclosure Statement. (Dkt. 148 at 7).

The court's lenient stance toward NAI's procedural violations, in contrast to its rigorous examination of Livevideo's compliance, indicates a pattern of selective enforcement that undermines the fairness of the proceedings. This inconsistency is especially concerning given the critical role of Rule 7.1 disclosures in upholding judicial impartiality. NAI's non-compliance should not be disregarded, as it affects the transparency and fairness of the litigation process.

### E.    Misleading the Court About Docket #32 and #44

The defendants have misled the court about docket #32, trying to hide the truth and manipulate the proceedings for their benefit. This deception is part of a broader pattern of procedural misconduct that cannot be overlooked. The service of docket #32 to the defendants was carried out correctly, yet they have tried to cast doubt on this process to distract from their own procedural mistakes. Their attempts to rewrite the procedural history of this case reveal a troubling disregard for candor before the tribunal. (Dkt. 148 at 6)

Firstly, the entire deception by the defendants is based on an unlikely legal procedure. This involves the existence of a multi-version "second amended complaint on September 13," which then becomes a proposed second amended complaint attached to a motion for leave on "September 19." The timeline alone exposes the implausibility of their narrative. (Dkt. 153 at 6) Secondly, the defendants' main statement on Docket No. 32 is false, claiming, "Among Livevideo's failed filing attempts was a proposed second amended complaint filed at Docket No. 32. The Court rejected that complaint as improperly filed, with the docket entry clearly bearing the notation 'FILING ERROR.' Dkt. 32."

This is incorrect because the Court did not reject the complaint as improperly filed on September 13, 2024, or the following day on September 14, 2024. Additionally, the defendants omit that the Court explicitly ordered Docket No. 32 to be re-filed, recognizing it as a proper First Amended Complaint, with the only issue being some parties not entered into the ECF system online. The Court did not reject the document as an improper First Amended Complaint. Otherwise, the Court would not cite Dkt. 32 as the document the Plaintiff should re-file with corrected ECF party names. This selective quotation and deliberate omission of the Court's actual order demonstrates the defendants' willingness to mislead. The defendants also make other false claims, such as incorrectly stating, "Livevideo's counsel admitted that he did not write, review, or file that motion," when referring to Plaintiff's Amended Motion For Leave To Supplement The Complaint.

The defendants also make a misleading statement when claiming Plaintiff's counsel "used the hearing as an opportunity to move for leave for an extension under Rule 4(m)." because the defendants conveniently leave out the fact that the Magistrate directed the Plaintiff's counsel to move for leave for an extension under Rule 4(m).

7

## IV. CONCLUSION

In conclusion, Livevideo's motion to revoke or amend the referral is not only justified but necessary to restore fairness and integrity to these proceedings. The defendants' attempts to obfuscate the truth and manipulate the process must be rejected. The court's recognition of these irregularities and its commitment to rectifying them is imperative for maintaining the integrity of the judicial process and Plaintiff's Motion should be granted.

Respectfully Submitted,

Dated July 14, 2025

By /s/ Alfred C. Constants III

Alfred C. Constants III, Esq. Constants Law Offices, LLC. 115 Forest Ave., Unit 331 Locust Valley, NY 11560
Email: Constantslaw49@gmail.com

Attorney For Plaintiff