

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

August 1, 2025

Peter L. Welsh
T +1 617 951 7865
peter.welsh@ropesgray.com

**BY ECF**

The Honorable Barbara Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY  10007-1312

Re:   *Livevideo.AI Corp. v. Redstone, et al.*, C.A. No. 1:24-cv-06290-DEH-BCM (S.D.N.Y.)

Dear Judge Moses:

  Defendant National Amusements, Inc. ("NAI") respectfully submits this letter in response to Plaintiff Livevideo.AI Corp.'s ("Livevideo") July 28, 2025 Reply and Affirmative Relief Requesting Additional Judicial Notice (the "Second Request") (Dkt. 158), in which Livevideo improperly seeks, for the second time, to supplement its pending June 21, 2025 Motion to Revoke Referral (the "Motion") (Dkt. 147).  Respectfully, the Second Request should be disregarded.

  The Second Request is yet another attempt to harass NAI and abuse the time and resources of the Court.  The Second Request seeks judicial notice of a letter from three United States Senators to the CEO of non-party Skydance Media regarding an unrelated settlement by non-party Paramount, ostensibly as evidence of NAI's "integrity and character."  Second Request at 4.  But neither the letter nor NAI's "integrity and character" are relevant to whether the Court should rescind the referral or whether Your Honor should be recused—the only issues underlying the Motion.  The Second Request also misunderstands, or perhaps intentionally misstates, the parties to and relief sought in this matter in an effort to generate some semblance of relevance.[1]  The Second Request misidentifies Paramount as a defendant and requests that the Court compel NAI to respond to certain Congressional demands. *See* Second Request at 2 (describing Paramount as a "Defendant[]" and stating "[t]his Court has an obligation—a duty—to enforce compliance with defendants blatantly disregard[ing] Congressional demands").  Because this Court "need not take judicial notice of irrelevant facts or documents," the Second Request should be disregarded.  *Novartis Pharma AG v. Incyte Corp.*, --- F. Supp. 3d ---, No.

---

[1] As with prior filings in this action, the fundamental inaccuracies in the Second Request raise serious concerns regarding whether Livevideo's counsel wrote, reviewed, or filed the Second Request.  *Cf.* Dkt. 90 at 22:10–13 (the Court noting a filing does not read "like something prepared by a member of the bar of this Court."); *id.* at 22:10–24:11 (counsel for Livevideo admitting he did not write, review, or even know the purpose of a motion filed under his ECF credentials).

ROPES & GRAY LLP

The Honorable Barbara Moses - 2 - August 1, 2025

1:20-cv-400, 2025 WL 1030018, at *10 (S.D.N.Y. Apr. 6, 2025) (quotation omitted) (collecting cases).

     NAI continues to seek the relief sought in its currently pending motion for sanctions (Dkt. 120) and its letter-motion for a stay of further briefing (Dkt. 144), and NAI reserves all rights to seek any additional, appropriate relief to deter Livevideo's never-ending vexatious litigation conduct. Counsel for NAI also remains available for a status conference at the Court's convenience to the extent it would aid resolution of this or any other issues. NAI appreciates the Court's continued attention to this matter.

Respectfully submitted,

*/s/ Peter L. Welsh*

Peter L. Welsh


cc: Counsel of Record (via ECF)

437/2,000 words