THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*

vs.                                          C.A. NO. 1:24-CV-06290
                                                **TEMPORARY RESTRAINING ORDER**

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,
    *Defendant's.*
_____/

Based on the accompanying Memorandum of Law, the Declaration of Alfred C. Constants III, Esq., the pleadings and prior proceedings herein, and pursuant to Fed. R. Civ. P. 65 and 28 U.S.C. § 1651, the Court finds as follows:

    Plaintiff has made a clear showing of (a) a likelihood of success on the merits, or, at a minimum, sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in its favor; (b) a likelihood of immediate and irreparable injury absent relief, in that Defendant National Amusements, Inc. ("NAI") is actively pursuing a change-of-control transaction that would transfer ownership of NAI, its subsidiaries, and its controlling interest in Paramount Global ("Paramount") beyond this Court's reach before Defendant has appeared in, or responded to, this action; (c) that the balance of equities favors Plaintiff, which merely seeks preservation of the status quo; and  Good and sufficient reasons therefore appearing, and to prevent immediate and irreparable harm to Plaintiff's interests and to this Court's jurisdiction, (d) that the requested relief serves the public interest by permitting judicial review of serious allegations of breach of fiduciary duty, securities-law violations, and potential violations of 18 U.S.C. § 201 now the subject of Congressional inquiry.

IT IS HEREBY ORDERED THAT:

1. Defendant NAI is hereby restrained from engaging in any transactions involving the sale or transfer of its own shares, shares or units of its Trusts or LLC subsidiaries, or shares of Paramount Global, including any rights to control said shares, pending further proceedings in this matter.

2. This Order is issued to maintain the status quo and prevent any actions that could undermine the Court's ability to provide effective relief.

3. Nothing herein shall prohibit NAI from ordinary-course operational expenditures, but NAI shall give Plaintiff and the Court at least seven (7) days' advance written notice before transferring, encumbering, or expending (other than in the ordinary course) assets having an aggregate value exceeding US $5 million in any rolling thirty-day period.

4. Defendant NAI shall appear and SHOW CAUSE before this Court on the _____ day of _____ 2025, at _____ __.m., or as soon thereafter as counsel may be heard, why a preliminary injunction should not issue continuing the relief granted herein pendente lite.

5. Service of this Order together with the papers upon which it is granted may be made by personal service, overnight courier, electronic mail, or any other method reasonably calculated to give actual notice.

6. Pursuant to Fed. R. Civ. P. 65(c), the Court, finding that Defendant will suffer no cognizable monetary hardship from maintenance of the status quo, and that Plaintiff acts to vindicate public and shareholder interests, hereby waives the requirement of a security bond, or, in the alternative, sets the bond in the nominal amount of one hundred dollars (US $100.00).

7. This Temporary Restraining Order shall remain in full force and effect until the earlier of:

(i) the conclusion of the show-cause hearing referenced in paragraph (d); or (ii) further order of the Court.

SO ORDERED.

Dated: _____ 2025

New York, New York

_____

Hon.

United States District Judge