THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
    *Plaintiff,*

vs.                                      C.A. NO. 1:24-CV-06290
                                            **DECLARATION IN SUPPORT OF**
                                            **TEMPORARY RESTRAINING ORDER**

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,
    *Defendant's.*
_____/

I, Alfred Constants III, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

    1. I am counsel for Plaintiff in the above-captioned matter and am fully familiar with the facts and circumstances of this case.

    2. This declaration is submitted in support of Plaintiff's motion for an Ex Parte Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b).

    3. The facts set forth herein are based on my personal knowledge, review of the case record, and investigation into the matters at issue.

    4. On November 6, 2024, Defendant NAI was properly served through its registered agent, The Corporation Trust Incorporated, as evidenced by the process server's declaration (Dkt. 56) which includes time-stamped photographic evidence.

    5. Despite this proper service, NAI has engaged in a pattern of deception and misrepresentation, including false claims of improper service and misrepresenting which complaint was served, as detailed in Plaintiff's filings and the court record.

    6. NAI's December 11, 2024 letter-motion and subsequent December 18 letter-motion

1

contain false statements regarding service of process and the identity of the registered agent, misleading the court and prejudicing Plaintiff's rights.

7. NAI has failed to file timely disclosures required under FRCP Rule 7.1, withholding critical information about its corporate structure, further evidencing bad faith conduct.

8. The December 11, 2024 Order granting relief based on NAI's misrepresentations constitutes a flagrant injustice that undermines the integrity of the judicial process and Plaintiff's ability to fully and fairly present its case.

9. In February, Plaintiff filed a motion for leave to file a supplemental complaint which sought to add causes of action from Plaintiff's rights as a stock holder of Paramount Global. Plaintiff added a cause of action under Sherman Act 1 and two additional causes of action for disclosure violations pursuant to Federal security laws

10. Plaintiff has a substantial likelihood of success on the merits given the undisputed proper service of process and NAI's pattern of fraud upon the court.

11. Plaintiff will suffer irreparable harm if the TRO is not granted, as NAI's ongoing deceptive conduct continues to delay proceedings, obstruct justice, and prejudice Plaintiff's rights.

12. The balance of equities favors Plaintiff, as the TRO will preserve the status quo and protect the integrity of the judicial process without undue hardship to Defendant.

13. The public interest supports granting the TRO to uphold the rule of law and ensure fair adjudication of the dispute.

14. Plaintiff has not made efforts to notify Defendant of this motion and the relief sought, because the Plaintiff believes the Defendant will attempt to shift or transfer the assets before relief can be granted.

15.     The Defendant amended its application with the FCC on July 24, 2025 to change the buy-out structure and also as part of beginning to exert a strategy of fraudulent conveyance. Given Defendant's evasive conduct, immediate relief is necessary. Defendant NAI has recently announced an August 7, 2025 planned closing of its sales transaction. (Ex. 1)

WHEREFORE, Plaintiff respectfully requests that the Court grant the motion for a Temporary Restraining Order pursuant to FRCP 65(b), enjoining Defendant from further deceptive actions and preserving the status quo pending further order of this Court. I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of August 2025 in the State of New York.

By /s/ Alfred C. Constants III
Alfred C. Constants III, Esq.
Constants Law Offices, LLC.
115 Forest Ave., Unit 331
Locust Valley, NY 11560
Email: Constantslaw49@gmail.com
*Attorney For Plaintiff*

EXHIBIT 1


# TheDesk.net

STREAMING  TV  RADIO  MORE  MULTICAST NEWS  NEWSLETTER  CONTACT

# Paramount says Skydance Media merger will close on August 7

| Matthew Keys | mkeys@thedesk.net | July 25, 2025 | Share: |
|---|---|---|---|



(Still frame via promotional video, courtesy Paramount Global / CBS News & Stations; Graphic by The Desk)

After clearing its last regulatory hurdle earlier this week, **Paramount Global** says its $8 billion merger



TheDesk.net offers the latest news, analysis and commentary on the business of streaming media, broadcast TV and radio, advertising, measurement, journalism, tech and policy.

**Email:** news@thedesk.net
**Publisher:** Matthew Keys

TheDesk.net appreciates the support of readers who purchase products or services through specific links on our website. **Learn more...**



with Skydance Media will close on August 7, subject to customary closing conditions.

In a press release issued late Friday afternoon, Paramount said its common stock shareholders have until July 31 to determine if they want to receive cash from the conversion of their stock after the merger or shares in the newly-formed company. Common stock held by a bank or financial institution — which is common among retail investors — may be subject to an earlier deadline as imposed by the bank, Paramount said.

Paramount's current or former employees have until July 28 to cash out their retirement accounts based on Paramount's current common stock or roll over their accounts into a new one when the merger is finished.

Under Skydance's ownership, Paramount will continue on as a publicly-traded company. On the NASDAQ, the new Paramount will trade under the ticker symbol PSKY, the company affirmed.

Paramount announced its $8 billion merger with Skydance Media around this time last year. The deal involves the famed Paramount Pictures movie studio, the CBS broadcast network, more than a dozen cable networks under the MTV and Showtime brands, more than two dozen CBS-owned local television stations and related properties like CBS News, CBS Sports, Paramount Plus and Pluto TV.

Last year, Skydance said it was willing to pay nearly

### Never miss a story

**Get free breaking news alerts and twice-weekly digests delivered to your inbox.**

E-mail address *

Sign Up

*We do not share your e-mail address with third parties; you can unsubscribe at any time.*

$2 billion to buy out National Amusement's majority stake in Paramount, then merge with Paramount through an all-stock transaction that values the deal at $8 billion.

The deal cleared numerous regulatory hurdles, though the Federal Communications Commission (FCC) decided not to act on the transfer of CBS broadcast TV licenses until certain conditions were met. That included a legal settlement between Paramount and President Donald Trump over allegations of news distortion related to a broadcast with his then-political rival last year, and assurances that Paramount will end its diversity, equity and inclusiveness (DEI) practices once the deal closes, among other concessions.

The FCC approved the license transfer matter late Thursday afternoon. Paramount and CBS own television stations in New York City, Los Angeles, Chicago, Philadelphia, Dallas-Fort Worth, Atlanta, Detroit, San Francisco, Sacramento, Seattle, Pittsburgh and other major markets.



Paramount Global    Paramount Network

Paramount Plus    Skydance Media

## Top Stories



**Fox earns $3.3 billion in revenue during fiscal Q4**

**Ad.com acquires Public Good, launches AI-powered search engine Search.com**

**Cumulus Media forges content partnership with Rumble**

**Roku unveils ad-free streaming service Howdy**

**Fox One to launch August 21 for $20 per month**

**USAGM fires Voice of America Director Michael Abramowitz**

**Devin Nunes loses lawsuit against Comcast over comments made on MSNBC**