USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                :

LIVEVIDEO.AI CORP,                           :

                                  Plaintiff,     :         1:24-cv-6290-DEH-BCM

-v-                        :         <u>ORDER</u>

SHARI REDSTONE, *et al.*,            :

                               Defendants.   :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On August 6, 2025, Plaintiff filed an *ex parte* application for an order enjoining the pending merger between non-parties Paramount Global, Inc. and Skydance Media, LLC, which is scheduled to close on August 7, 2025. Dkt. Nos. 160 (the "Application"), 161 (the "Motion"). Plaintiff contended that *ex parte* relief was appropriate under Federal Rule of Civil Procedure 65(b). Rule 65(b) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff has not made a sufficient showing to justify the issuance of a temporary restraining order *ex parte* without notice to Defendants. Plaintiff has failed to provide specific facts in an affidavit or verified complaint that clearly show that it will suffer immediate and irreparable injury before Defendants can be heard in opposition to an application for injunctive relief. The operative complaint, Dkt. No. 35, is not verified. The declaration attached to Plaintiff's *ex parte* application

merely asserts that "Plaintiff will suffer irreparable harm if the TRO is not granted, as NAI's ongoing deceptive conduct continues to delay proceedings, obstruct justice, and prejudice Plaintiff's rights." Dkt. No. 161-3, Declaration of Alfred Constants III, ¶ 11. Such an assertion does not offer any "specific facts" that clearly show that providing Defendants an opportunity to be heard will cause Plaintiff irreparable injury. *Rosenshine v. A. Meshi Cosmetics Industries Ltd.*, 416 F. Supp. 3d 205, 208 (E.D.N.Y. 2018) ("Plaintiff further asserts that in the absence of an order, Defendants 'would destroy, move, hide, or otherwise make such matter inaccessible to the court.' Once again, however, Plaintiff provides no specific facts to support this conclusory statement."). Plaintiff has not made a sufficient showing to justify the issuance of *ex parte* injunctive relief under Rule 65(b).

Moreover, Plaintiff has failed to provide an evidentiary record that supports its application for injunctive relief. The legal standards governing preliminary injunctions and temporary restraining orders in the Second Circuit are the same. *Local 1814, International Longshoremen's Association v. New York Shipping Association, Inc.*, 965 F.2d 1224, 1228-29 (2d Cir. 1992); *AFA Dispensing Group B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010). A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks omitted).

A plaintiff seeking a preliminary injunction to preserve the status quo "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Gazzola v. Hochul*, 88 F.4th 186, 194 (2d Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The district court has wide discretion in determining whether to grant a preliminary injunction . . . ." *In re Feit & Drexler, Inc.*, 760 F.2d 406, 511 (2d Cir. 1985).

Plaintiff has not supported its application with sufficient evidence to carry its burden for the

entry of a temporary restraining order. The only evidentiary support presented to the Court in support of the application is a brief affidavit from Plaintiff's counsel, Alfred C. Constants III. Dkt. No. 161-3 ("Constants Decl.").

Mr. Constants' affidavit does not provide a sufficient factual basis upon which the Court could conclude that Plaintiff has a likelihood of success on the merits. In his declaration, Mr. Constants asserts that "Defendant NAI was properly served . . . . Despite this proper service, NAI has engaged in a pattern of deception and misrepresentation . . . ." Constants Decl. ¶¶ 4-5. The factual basis presented by Mr. Constants to support a finding that Plaintiff has a substantial likelihood of success on the merits is the following: "Plaintiff has a substantial likelihood of success on the merits given the undisputed proper service of process and NAI's pattern of fraud upon the court." *Id.* ¶ 10. Counsel does not otherwise discuss the merits. He does not even identify the claims as to which Plaintiff might succeed on the merits.

Furthermore, Plaintiff's assertion that service was proper is not supported by the record in this case: Magistrate Judge Barbara Moses has issued several orders concluding that service has not been properly effectuated in this case. *See* Dkt. Nos. 69, 74, 123. Therefore, Plaintiff has not met his burden to show that it has a likelihood of success on the merits.

Mr. Constants' affidavit also does not provide sufficient factual support for the Court to conclude that Plaintiff will suffer irreparable harm in the absence of the issuance of injunctive relief. *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 120 (2d Cir. 2009) ("In the absence of evidentiary support of irreparable harm, there was no basis for the entry of a preliminary injunction against Wabtec in this action."); *Hudson Pulp & Paper Corp. v. Swanee Paper Corp.*, 223 F. Supp. 617, 618 (S.D.N.Y. 1963) ("Mere assertions of irreparable damage, absent prima facie supporting evidentiary facts, are insufficient to sustain the applicant's burden of proof."). As noted above, Mr. Constants assertion regarding the existence of irreparable harm is conclusory in nature. The absence

of specific facts demonstrating irreparable harm is particularly significant here, given that Plaintiff waited until the day before the merger was scheduled to close before seeking emergency relief and that Plaintiff's brief indicates that the harm is speculative rather than certain. Motion at 9 ("Further, the Plaintiff *may* not be able to collect damages after the transaction closes as the assets *may* dissipate." (emphasis added)).

Therefore, Plaintiff's application for *ex parte* injunctive relief is denied without prejudice. Plaintiff's letter motion to seal the *ex parte* application is denied. The documents are judicial documents and no countervailing principle outweighs the public's interest in their disclosure.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 160 and 161 and to change the viewing level of the documents filed at Dkt. Nos. 160 and 161 so that they are viewable by the public.

SO ORDERED.

Dated: August 6, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge
Part I

4