UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Livevideo.AI Corp, <br><br>　　　　　　　　Plaintiff, <br><br>　　　　v. <br><br>Redstone et al., <br><br>　　　　　　　　Defendants. | 24 Civ. 6290 (DEH) <br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is the August 12, 2025 Report and Recommendation (the "Report" or "R&R") issued by Magistrate Judge Moses recommending (1) "that the case be dismissed, without prejudice, pursuant to Rule 4(m)," (2) "that monetary sanctions in the amount of $10,000 . . . be imposed jointly and severally against" Plaintiff Livevideo.AI Corp ("Plaintiff" or "Livevideo") and its counsel Alfred Camillo Constants, III ("Constants") pursuant to Rule 11, (3) that Constants "be referred to this Court's Grievance Committee," and (4) "that a limited filing injunction be issued to prevent [P]laintiff from continuing to advance the frivolous claims it has raised in this action." *See* R. & R. at 3-4, ECF No. 163. For the reasons stated below, Magistrate Judge Moses's well-reasoned Report is **ADOPTED IN FULL**.

## BACKGROUND

Familiarity with the factual background and relevant procedural history of this case as set out in the Report is assumed. *See generally* R. & R. at 4-22.

This action is assigned to Magistrate Judge Moses for general pretrial supervision and report and recommendation on dispositive motions. *See* ECF Nos. 5, 152. On August 12, 2025, Magistrate Judge Moses issued the Report. *See generally* R. & R. The parties' objections to the Report were due by August 26, 2025. *See* R. & R. at 50 ("The parties have 14 days from this date

to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)."). However, on August 26, 2025, Livevideo filed a letter motion seeking a 3-day extension of time to file any objections, *see* ECF No. 165, which the Court granted, *see* ECF No. 166. In granting Livevideo's extension request, Court noted that the request was untimely and indicated that further extensions would not be granted. *See id.*

Subsequently thereafter, Livevideo filed its Objections to the Report accompanied by the four-page declaration of Brad Greenspan ("Greenspan").[1] *See* Pl.'s Objs., ECF No. 167. On September 12, 2025, Defendant National Amusements, Inc. ("NAI") timely filed its Opposition to Plaintiff's Objections. *See* Def.'s Opp'n to Pl.'s Objs. ("Def.'s Opp'n"), ECF No. 169.

After reviewing the Report, Livevideo's Objections, and NAI's Opposition, the Court adopts the Report in its entirety.

## LEGAL STANDARDS[2]

When reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For dispositive matters, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ.

---

[1] On September 8, 2025, Livevideo filed a document titled "notice of errata," which claimed to correct "formatting errors" in the four-page Greenspan declaration appended to Livevideo's Objection. *See* Notice of Errata, ECF No. 168. The Court notes, however, that Livevideo's "notice of errata" actually consists of a nine-page declaration from Greenspan accompanied by four additional exhibits. *Compare* Pl.'s Objs. at 24-27 *with* Notice of Errata. Livevideo did not seek leave to file this "notice of errata" and was on notice that the Court would not grant any further extensions to submit objections to the Report. *See* ECF No. 166. Accordingly, the Court declines to consider this untimely and unsolicited submission.

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

P. 72(b)(3). For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

When a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, it] will not suffice to invoke *de novo* review." *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009). Accordingly, when a court is considering objections that "merely re-assert arguments already submitted to the Magistrate Judge, this Court need only review the Report and Recommendation for clear error." *Id.*; *see also Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. . . . [N]o party [should] be allowed a 'second bite at the apple' by simply relitigating a prior argument."); *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that if the district court engaged with objections that are "general and conclusory [this] would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal'").

## DISCUSSION

Livevideo raises numerous objections to each of Magistrate Judge Moses's recommendations, including (1) that this matter be dismissed under Rule 4(m), (2) the imposition of a $10,000 penalty against Livevideo and Constants, (3) that Constants be referred to this Court's Greivance Committee, and (4) the issuance of a limited filing injunction. *See* R. & R. at 3-4. The Court considers Livevideo's objections as to each of Magistrate Judge Moses's recommendations in turn.

I.     **Dismissal Under Rule 4(m)**

    A.     **Failure to Effectuate Timely Service**

The Report recommends dismissal of this matter because Livevideo "filed its operative complaint . . . on September 17, 2024, but failed to serve it on any defendant within the 90 days allotted by Rule 4(m)." R. & R. at 23.

As an initial matter, Magistrate Judge Moses found in an Order dated December 18, 2025, that Livevideo's "operative complaint is . . . the First Amended Complaint and Jury Demand at Dkt. 35." Dec. 18, 2025 Order at 2, ECF No. 69. As a result, Magistrate Judge Moses concluded that Livevideo's November 6, 2024 service attempt was improper because Livevideo served NAI with the Complaint at ECF No. 32, rather than the operative Complaint at ECF No. 35. *See id.* Because Livevideo failed to timely object to the December 18, 2025 Order, the Court agrees with both Magistrate Judge Moses and NAI that this is no longer a "live issue," and that the Court need not review this issue further. *See* R. & R. at 21 n.23 ("Plaintiff did not, however, file any objections to the 12/18/24 Order. Consequently, plaintiff has waived appellate review of this Court's decision to vacate the entry of default against NAI.") (citing Fed. R. Civ. P. 72(a); *Kilcullen v. N.Y. State Dep't of Transp.*, 55 F. App'x 583, 585 (2d Cir. 2003) (summary order)); Def.'s Opp'n at 6 (citing *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

In any event, Constants admitted on the record before Magistrate Judge Moses that service was improper as to Defendant Shari Redstone. *See* Feb. 12, 2025 Tr. 7:13-20, ECF No. 90. And Livevideo's brief in support of its Objections does not dispute that service was improper, but argues instead that (1) the Report elevates "docket-labeling formalities over actual notice;" (2) its failure to properly serve Defendants amounts to a "technical docketing issue" and/or "harmless error," (3) it "sought to correct service quickly," and (4) Defendants Christine Varney and Monica Seligman "were served only two weeks past the date." *See* Pl.'s Objs. at 7, 20. The Court

4

addresses these points below; for now it suffices to note that there is no dispute that Livevideo failed to timely serve any Defendant. The Court therefore adopts in full the Report's conclusion in this regard. R. & R. at 22-26.

### B. Good Cause

The Report also found that Livevideo failed to demonstrate good cause for its failure to timely serve any of the Defendants, despite being given plenty of opportunities to do so. R. & R. at 25-26. While Livevideo asserts that it "sought to correct service quickly," it does not even attempt to articulate any steps it supposedly took to "correct service" let alone that it did so "quickly." *See* Pl.'s Objs. at 7. Indeed, this assertion is unsupported by the record—Livevideo never attempted to re-serve NAI or Defendant Redstone and, for example, with respect to Defendants Varney and Seligman, only sought an extension of time to serve *six weeks* after it had already attempted to effectuate service *two weeks* late. *See* Feb. 27, 2025 Order at 13-17; Dec. 18, 2025 Order at 3; Feb. 12, 2025 Tr. at 12:9-10 (emphasis added). This objection is overruled.

Livevideo also argues that dismissal is not warranted because Defendants had "actual notice" of its claims and suffered "no prejudice." Pl.'s Objs. at 3, 6-7. To be sure, courts have "the discretion to grant an extension of time to serve the defendant" even in the absence of good cause. *Deptula v. Rosen*, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (quoting *Hahn v. Off. & Pro. Emps. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015). But, as explained in the Report, Livevideo must first "advance some colorable excuse for neglect." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (quoting *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007)). Only then will a court "balance justifiable excuses offered by the plaintiff, the length of the delay, and any prejudice to either party." *Spinale v. United States*, No. 03 Civ. 1704, 2005 WL 659150, at *4 (S.D.N.Y. Mar. 16, 2005), *aff'd*, 352 F. App'x 599 (2d Cir. 2009). And here, Livevideo has not even attempted to proffer any "colorable excuse" for its neglect.

5

In any event, "[d]efective service . . . is not cured or overcome on the mere assertion that a defendant has actual notice." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 400 (S.D.N.Y. 2020) (quoting *Olivadoti v. 290 Riverside Co.*, No. 12 Civ. 386, 2012 WL 1604906, at *4 (S.D.N.Y. May 8, 2012)). And Livevideo's assertions regarding the absence of prejudice to Defendants are vague and conclusory. *See, e.g.*, Pl.'s Objs. at 7 (asserting, without substantiating, that "Defendants suffered no prejudice"); *id.* at 20, 22 (asserting that the "R&R compounds prejudice"). This objection is therefore overruled.

Finally, Livevideo devotes a significant portion of its Objections to a series of arguments that, as noted by NAI, Livevideo "has repeatedly made and lost." Def.'s Opp'n at 10 n.5. This includes arguments that (1) "NAI's letter-motion requesting the [vacatur of] Default was procedurally improper,"[3] (2) that "NAI allegedly made false statements to the Court, including by identifying its registered agent by its well-known trade name,"[4] (3) that "NAI failed to disclose its brief default in federal securities filings for Paramount,"[5] and (4) that "NAI allegedly did not comply with the requirements of Federal Rule of Civil Procedure 7.1."[6] *See id*. Because these objections are "simply a rehashing of arguments presented to" Magistrate Judge Moses, *Pioneer Navigation Ltd. v. Chem. Equip. Labs, Inc.*, No. 19 Civ. 2938, 2020 WL 1031082, at *5 (S.D.N.Y. Mar. 3, 2020), they "warrant only clear error review," *id.* at *5 (citing *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *Vega v. Artuz*, 2002 WL 31174466, at *1. And here, the Court

---

[3] *See, e.g.*, ECF Nos. 70-2 at 9, 12; 86 at 3-4; 140 at 16-17.

[4] *See, e.g.*, ECF Nos. 70-2 at 5-6, 22-23; 86 at 6-9; 140 at 15; 143 at 6, 11.

[5] *See, e.g.*, ECF Nos. 83 at 4-5; 118 at 3-6; 129 at 2-9; 140 at 19-21.

[6] *See, e.g.*, ECF Nos. 114 at 3-4; 118 at 8-9; 126 at 2 n.1; 127 at 20-21; 134 at 1; 140 at 7-8.

has reviewed Magistrate Judge Moses's thorough reasoning on the issue of service of process and finds no error, clear or otherwise.

Accordingly, the Court adopts in full the Report's conclusion that this matter must be dismissed under Rule 4(m).

## II.     Violation of Rule 11

In the Report, Magistrate Judge Moses concludes that Livevideo and Constants violated Rules 11(b)(1) and (b)(2). *See* R. & R. at 30-38. As an initial matter, Livevideo raises no argument with respect to Magistrate Judge Moses's conclusion that it violated Rule 11(b)(1). And, upon review, the Court concludes that the Report's conclusion on this point is not "clearly erroneous." *Locus Techs v. Honeywell Int'l Inc.*, 632 F. Supp. 3d 341, 351 (S.D.N.Y. 2022). Therefore, the court adopts in full the Report's conclusion that Livevideo and Constants violated Rule 11(b)(1).

Second, with respect to Rule 11(b)(2), Livevideo recites a laundry list of what it characterizes as "colorable, non-frivolous arguments" that it claims to have advanced pertaining to, *inter alia*, service of process and alleged procedural defects on the part of NAI. Pl.'s Objs. at 18. Such arguments, however, have no bearing on Magistrate Judge Moses's conclusion that Livevideo's federal claims under the Dodd-Frank Wall Street Reform and Consumer Protection Act (the Dodd-Frank Act) and the Computer Fraud Abuse Act (CFAA) were frivolous. Indeed, these arguments are simply a "rehashing" of those Livevideo has already made (unsuccessfully) and, thus, "will not suffice to invoke *de novo* review." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013).

While Livevideo's Objections are devoid of any other argument that could be construed as a defense of its Dodd-Frank Act and CFAA claims, the affixed declaration of Brad Greenspan attempts to advance several arguments as to why its Dodd-Frank Act claim is nonfrivolous. There

is no mention of, or argument pertaining to, the CFAA claim in Greenspan's declaration. In any event, the Court cannot consider such arguments or several reasons.

First, and most obviously, any legal opinions held by Greenspan—who, incidentally, is not an attorney—as to whether a Dodd-Frank Act or CFAA claim is, or is not, legally frivolous are irrelevant. *Cf. DVL, Inc. v. Gen. Elec. Co.*, 811 F. Supp. 2d 579, 591 (N.D.N.Y. 2010), *aff'd sub nom. DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378 (2d Cir. 2012) (excluding portions of a declaration because the "testimony and legal conclusions" therein "greatly exceed[ed] the bounds of lay testimony").

The Court does not consider the arguments raised in Greenspan's declaration for an additional reason: they are wholly new arguments raised for the first time in Livevideo's objections, despite the fact that they could have been raised earlier. But "a district court generally should not entertain . . . additional legal arguments not presented to the magistrate." *Baliga v. Link Motion Inc.*, No. 18 Civ. 11642, 2025 WL 1430587, at *3 (S.D.N.Y. May 19, 2025).

Last, to the extent the declaration attempts to supplement the factual record, "it is inappropriate for the Court to consider new evidence upon review of a Magistrate's Report and Recommendation, when Parties had an opportunity fully to brief . . . the Magistrate." *Feehan v. Feehan*, No. 09 Civ. 7016, 2010 WL 3734079, at *2 (S.D.N.Y. Sept. 22, 2010). And here, there is no doubt that the parties had the opportunity to fully brief Magistrate Judge Moses on NAI's motion for sanctions. *See, e.g.*, ECF Nos. 120, 121, 127, 131.

Accordingly, because the Court finds no error—clear or otherwise—in the Report's conclusion that Livevideo and Constants violated Rule 11(b)(2), it adopts this portion of the Report in full.

### III.  Rule 11 Sanctions

Finally, the Court turns to the portion of the Report recommending various Rule 11 sanctions. The Court considers Livevideo's objections to each recommendation—monetary sanctions, Grievance Committee referral, and filing injunction—in turn.

#### A.  Monetary Sanctions

The Report recommends "that monetary sanctions in the amount of $10,000, payable to the Clerk of Court, be imposed jointly and severally against" Livevideo and Constants pursuant to Rule 11. R. & R. at 3-4. It cannot be disputed that Livevideo and Constants had ample warning that the Court would consider imposing Rule 11 sanctions. *See* ECF Nos. 120, 121, 127, 131. Nonetheless, Livevideo advances two primary objections.

First, Livevideo claims that "[t]he R&R discounts the availability of lesser measures and the Court's availability to narrow issues through targeted orders (clarifying service, scheduling re-service, coordinating briefing) without imposing fee-shifting or penalties." Pl.'s Objs. at 18. NAI argues, and the Court agrees, that this argument ignores the numerous opportunities Magistrate Judge Moses gave Livevideo to, *inter alia*, "demonstrate good cause to extend service—all of which went unheeded." Def.'s Opp'n at 17; *see* Dec. 18, 2024 Order at 2-3, ECF No. 69 ("Any motion to extend the time for service must be filed no later than January 3, 2025, and must demonstrate good cause for plaintiff's failure to effect service of process within the time allotted by Rule 4(m)."); *see also* Feb. 12, 2025 Tr. at 9:15-12:16, 13:17-14:14, 25:5-10. As previously discussed, Livevideo was on notice that its service was inadequate. *See* Dec. 18, 2024 Order at 1-3. Even so, Livevideo never attempted to demonstrate good cause, even though it was given the opportunity to do so. Indeed, the record before the Court is rife with examples of Livevideo's repeated inability to comply with lesser measures. *See e.g.*, R. & R. at 17; Feb. 12, 2025 Order ¶ 5, ECF No. 87; ECF Nos. 82-84. Accordingly, this objection is overruled.

9

Second, Livevideo claims that it "withdrew filings when directed (e.g., Dkt. 88) and attempted to conform to evolving directives," so "[s]anctions are unnecessary to deter." Pl.'s Objs. at 18. However, this argument is clearly belied by the extensive record in this matter. To be sure, Livevideo followed Magistrate Judge Moses's suggestion and withdrew its frivolous motion for reconsideration—a motion Constants notably admitted that he did not "write, review, or authorize." R. & R. at 44; *see also* Feb. 12, 2025 Order; ECF No. 88. However, Livevideo did not "withdraw . . . its motion to supplement," even though Magistrate Judge Moses gave it the opportunity to do so. R. & R. at 17; *see* Feb. 12, 2025 Order ¶ 5. Not only did Livevideo not withdraw its motion to supplement, but it also repeatedly ignored Magistrate Judge Moses's Order staying briefing on the motion pending a decision on NAI's motion for sanctions. R. & R. at 3; *see* Feb. 12, 2025 Order; *see, e.g.*, ECF Nos. 161, 162. Likewise, as NAI points out, Livevideo has continued to "flood the docket with frivolous filings" and to disregard court orders throughout the duration of this matter, despite numerous, repeated warnings by Magistrate Judge Moses. Def.'s Opp'n 17; *see, e.g.*, ECF Nos. 74, 77, 87, 137, 161. Livevideo, therefore, has a history of failing to comply with court orders that, upon review of the record, cannot be disputed. Thus, its objection on this point is overruled.

For these reasons, the Court adopts in full the portion of the Report recommending the imposition of monetary sanctions. *See* R. & R. at 39-41.

**B.    Referral to the Court's Grievance Committee**

Magistrate Judge Moses recommends that Constants be referred to the Court's Grievance Committee for consideration of "whether he should be disciplined for (i) permitting his ECF credentials to be used by others to file papers that he did not write, review, or authorize; and (ii) representing to this Court on August 6, 2025, under penalty of perjury, not only that NAI was 'was properly served,' but also that proper service was 'undisputed.'" R. & R. at 44. While Livevideo's

Objections are, at times, difficult to comprehend, the Court is able to discern two objections on this point specifically.

The first objection appears to challenge the Court's authority to impose such sanctions: "Plaintiff does not understand what the [M]agistrate is arguing under her inherent power. This case never got going." Pl.'s Objs. at 20. On this point, NAI argues, and the Court agrees, that even though "this case never proceeded past the service stage" the Court maintains the "authority to sanction Constants for his misconduct in this action over the past year." Def.'s Opp'n at 19 (citing *An v. Despins*, No. 22 Civ. 10062, 2023 WL 4931832, at *5 n.7 (S.D.N.Y. Aug. 2, 2023) ("Even if a court lacks subject matter jurisdiction, it retains the authority to impose sanctions against Plaintiffs and their counsel"); *see also Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) ("The District Court clearly had jurisdiction to impose sanctions irrespective of the status of the underlying case because the imposition of sanctions is an issue collateral to and independent from the underlying case."). The Court's authority to impose Rule 11 sanctions is clear and cannot be disputed. *See O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990) ("District courts are given broad discretion in tailoring appropriate and reasonable sanctions under [R]ule 11."). This objection, therefore, is overruled.

The next objection appears to be that Constants properly withdrew his motion in compliance with Magistrate Judge Moses's February 12 Order. *See* Feb. 12, 2025 Order. That objection is overruled, however, for the same reasons stated above.

Finally, there is no question that Constants had adequate warning that the Court would consider referring him to the Court's Grievance Committee based on his conduct in this case, namely during the February 12 show cause hearing. *See* Feb. 12, 2025 Tr. 25:22-26:10; Feb. 12, 2025 Order at 3. Yet, Constants headed none of these warnings. For these reasons, and because

11

the Court finds no clear error here, it adopts in full the portion of the Report recommending that Constants be referred to the Court's Grievance Committee. *See* R. & R. at 41-44.

### C. Limited Filing Injunction

Magistrate Judge Moses next recommends "that a limited filing injunction be issued to prevent plaintiff from continuing to advance the frivolous claims it has raised in this action." R. & R. at 4. The two paragraphs of Livevideo's Objections that attempt to address this recommendation are difficult to decipher and are confusingly "phrased in the form of questions presented." Def.'s Opp'n at 21; *see* Pl.'s Objs. at 19. Broadly construed, though, the Court is able to discern two objections on this issue.

First, the Objections appear to question "whether this Court should grant emergency relief" where such relief will cause "irreparable harm (loss of court access, reputational stigma, and immediate collateral consequences)" and is based on "unverified, unreliable, or materially false" facts and "material misstatements and omissions." *See* Pl.'s Objs. at 19. But such purported "irreparable harm" is not a factor that district courts must consider when deciding whether to impose a nationwide filing injunction. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("[I]n determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, . . . ; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."). Moreover, it is not clear to the Court precisely what Livevideo is referring to in its statement about allegedly false facts, misstatements, and omissions. *See* Pl.'s Objs. at 19; *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) ("To

the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."). But to the extent that Livevideo refers to its argument that Defendants misrepresented their registered agent, *see* Pl.'s Objs. at 20, this is, again, a rehashing of a previous argument and warrants only clear error review, *see Pioneer Navigation Ltd.*, 2020 WL 1031082, at *5. Accordingly, because the Court finds no error, clear or otherwise, in the Report on this point, the Court overrules this objection.

Next, Livevideo appears to challenge the Court's authority to impose a nationwide filing injunction. *See, e.g.*, Pl.'s Objs. at 19 ("Whether a court may designate a 'vexatious litigant' and impose cross-forum enforcement or collateral restraints . . . ."). However, it is indisputable that District Courts have this authority. *See e.g.*, *Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 504 (S.D.N.Y. 2023) (imposing a "nationwide filing injunction against an unusually vexatious litigant"). Thus, this objection is likewise overruled.

Livevideo raises no other objections on this point, and the Court finds no error, clear or otherwise, with respect to Magistrate Judge Moses's recommendation for a nationwide filing injunction. *See* R. & R. at 44-49. Thus, the Court adopts in full the portion of the Report recommending the imposition of a limited filing injunction. *See* R. & R. at 44-49.

## CONCLUSION

For the reasons given above, the Report is **ADOPTED IN FULL**. The Court imposes on Livevideo and Constants a penalty of $10,000 to be paid to the Clerk of Court within 60 days of the issuance of this Opinion. Constants is also referred to the Grievance Committee of this District for such action as it deems appropriate.

It is further **ORDERED** that Livevideo is enjoined from filing any further motions for affirmative relief in this action without first seeking leave of this Court by filing a one-page letter

in which its counsel of record summarizes the proposed motion and explains succinctly why it would be neither duplicative nor baseless. Livevideo is further enjoined from filing any further lawsuits in any federal district court in which it proposes to file or refile any claims arising out of the Paramout/Skydance merger, without first obtaining leave of the court in which it proposes to proceed by filing a separate motion that (i) lists all of Livevideo's prior cases arising out of the Paramount/Skydance merger (including this one) and their disposition; (ii) certifies that it has paid any sanction assessed in the listed case(s); (iii) attaches the proposed new complaint; (iv) explains, succinctly, the basis of the court's subject-matter jurisdiction; and (iv) if plaintiff invokes the court's federal question jurisdiction, explains, succinctly, why its proposed federal claims are not frivolous.

The Clerk of Court is respectfully directed to terminate ECF Nos. 82, 120, 134, 144, and 147 and close this case.

SO ORDERED.

Dated: September 30, 2025

New York, New York

DALE E. HO
United States District Judge