November 7, 2025

VIA ECF

The Honorable Dale [E. Ho]
United States Distric[t Judge]
Southern District of [New York]
Thurgood Marshall U[nited States Courthouse]
40 Foley Square
New York, New York [10007]

Re: Livevideo.AI Cor[p. v. Redstone, et al. — Request]
to Preserve Appellat[e Rights and ...]
Corporate-Disclosur[e ...]

Dear Judge Ho:

Plaintiff respectfully [submits this letter to preserve]
appellate rights and [place the parties on equal]
footing. This request [is made in response to]
Defendants' opposit[ion to Plaintiff's Letter]
Motion, which purpo[rts to address Rule 59 and]
60(b) as well as Loca[l Rule 6.3 ...] for
two reasons: (i) it ac[knowledges ...]
and (ii) it confirms th[at ...]
separate motions.

**Requested Relief**

**Preservation of app[ellate rights.]**
 Confirm that Plainti[ff's filing under Local Rule 6.3]
and Rules 59;60(b) is [sufficient for purposes]
of calculating the notice-of-appeal deadline. In the alternative, if the Court concludes prior
leave should have been sought, grant nunc pro tunc leave so that the original filing date
continues to control for time-calculation purposes. If the Court believes additional
protection is appropriate, permit Plaintiff to file a short protective motion for an extension
of the notice-of-appeal deadline, without prejudice to the merits.

**Clarification of "affirmative relief."**
Clarify prospectively that the September 30 order's gatekeeping requirement applies to
merits-seeking applications and does not encompass corrective submissions directed to the
Court's own orders, including motions under Local Rule 6.3 and motions seeking relief under
Rule 59 or 60(b). Plaintiff will, of course, route any future merits-seeking applications
through the one-page letter process.

1

**Corporate-disclosure compliance and effect on opposition.**
Defendants' opposition addressing Plaintiff's reconsideration motion was filed in the name of "National Amusements, Inc." After Defendants' August 2025 corporate changes (submitted as exhibits to Plaintiff's motion to strike), that entity designation and disclosure appear out of date. Plaintiff respectfully requests that the Court direct Defendants to file a compliant supplemental corporate disclosure within seven days and, if appropriate, to address substitution or capacity. Unless and until compliance is complete, the Court should strike or disregard the noncompliant opposition or, at minimum, preclude reliance on it in connection with Plaintiff's reconsideration motion.

**Docket accuracy.**
Correct the docket to reflect that only four motions were filed and that supporting papers were miscounted as additional motions: (a) Dkts. 171–173 reflect one reconsideration motion under Local Rule 6.3 with requests for relief under Rules 59 and 60; (b) Dkts. 175–177 reflect one motion concerning service and summons; (c) Dkts. 178–180 reflect one motion for relief from an order; and (d) Dkts. 181–184 are the notice, declaration, memorandum, and proposed order supporting a single motion to strike/deny. This correction matters because the November 6 order treated supporting papers as separate motions.

**Sequencing of OSC issues.**
Decide the clarification and docket-correction issues promptly so that appellate rights are secured and the record is accurate. Plaintiff and counsel will file by November 10, 2025 the sworn submission the Court directed. Plaintiff will refrain from any additional filings (other than those the Court directs) pending further order.

**Why this relief is appropriate now**

Defendants' own opposition confirms that Plaintiff's October 14 submission sought reconsideration "pursuant to Rules 59 and 60(b) as well as Local Rule 6.3," and identifies Dkts. 172-173 in that connection. That admission removes any doubt that a Rule 59 component was included and that those docket entries are supporting papers tied to a single motion.

Requiring a complete refiling of the reconsideration motion would risk forfeiting Plaintiff's 30-day notice-of-appeal window. A simple clarification or nunc pro tunc order avoids that prejudice while keeping the Court's case-management objectives intact.

Directing timely corporate-disclosure supplementation will ensure that the party identity and capacity reflected on the docket matches current reality and that any opposition is considered only after compliance with mandatory disclosure obligations.

**Proposed Practical Dispositions (any one or more)**

Deem the October 14 reconsideration submission timely and effective as filed for time-calculation purposes; alternatively, grant nunc pro tunc leave preserving the original

2

filing date; alternatively, permit a short protective extension application if the Court deems one necessary to safeguard appellate rights.

Clarify that the September 30 gatekeeping applies to merits-seeking motions, and that corrective motions under Local Rule 6.3 (including those invoking Rules 59;60) are not within the "affirmative relief" category.

Direct Defendants to file a compliant supplemental corporate disclosure and, if appropriate, address substitution or capacity within seven days; strike or disregard any noncompliant opposition until cured.

Direct the Clerk to correct the docket to reflect four motions and associated supporting papers, as enumerated above.

Hold any contempt determination in abeyance until these threshold clarifications are resolved; Plaintiff and counsel will meet the November 10 filing deadline on the OSC issues as ordered.

**Opposing Party's Position**

Pursuant to the Court's Individual Rules, Plaintiff has requested Defendants' position on this application and will promptly update the Court upon receipt. If opposed, Plaintiff requests leave to submit a brief reply letter.

Respectfully submitted,

/s/ Alfred C. Constants III
Alfred C. Constants III
Constants Law Offices, LLC
Counsel for Plaintiff Livevideo.AI Corp.

3