THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LIVEVIDEO.AI CORP
  *Plaintiff,*         CIVIL ACTION
vs.             C.A. NO. 1:24-CV-06290

**PLAINTIFF'S REPLY TO OSC**

SHARI REDSTONE,
NATIONAL AMUSEMENTS, INC.,
CHRISTINE VARNEY,
MONICA SELIGMAN,
  *Defendant's.*
_____/

**PLAINTIFF'S REPLY TO OSC**

**Table of Authorities**

| Cases | PAGE |
|---|---|
| Taggart v. Lorenzen, 139 S. Ct. 1795, 1801 (2019)………………………… | 3, 4, 5 |
| Schmidt v. Lessard, 414 U.S. 473, 476 (1974) (per curiam)……………….. | 4, 5 |
| Safir v. United States Lines, Inc., 792 F.2d 19, 23 (2d Cir. 1986)………….. | 4, 6 |
| International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827–28 (1994)…………………………………………………… | 4, 6 |
| United States v. United Mine Workers of America, 330 U.S. 258, 303 (1947)….. | 4 |
| Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info Techs.., Inc., 369 F.3d 645, 655 (2d Cir.)…………………………………… | 5, 6 |

**Statutes**

| Statute | Page(s) |
|---|---|
| 18 U.S.C. § 401…………………………………………………………… | 4 |

**Rules and Other Authorities**

| Authority | Page(s) |
|---|---|
| Fed. R. Civ. P. 65(d)(1)…………………………………………………….. | 4, 5 |
| S.D.N.Y. Local Civil Rule 6.3……………………………………………. | 8 |
| Fed. R. Civ. P. 59(e), 60(b)……………………………………………….. | 8 |

**Introduction**

Plaintiff Livevideo.AI Corp. respectfully submits this response to the Court's Order to Show Cause regarding potential contempt in connection with the prefiling order entered on September 30, 2025, and the November 6, 2025 order striking ECF Nos. 171–173 and 175–185. Plaintiff takes the Court's directives seriously. Contempt is unwarranted because: (1) the prefiling order's reference to "motions for affirmative relief" is ambiguous as applied; (2) Plaintiff's understanding of that phrase was objectively reasonable; and (3) Plaintiff only filed 4 motions, not six as the OSC is based on. (4) There is no ongoing noncompliance to coerce and no identified loss to compensate. Plaintiff also memorializes a concrete, verifiable compliance protocol and requests targeted clarification to ensure efficient docket management and to prevent further disputes. Attached at Exhibit A is a proposed order.

**Procedural Background and Current Posture**

On September 30, 2025, the Court entered a prefiling order restricting filings seeking "motions for affirmative relief" absent prior leave. On November 6, 2025, the Court struck ECF Nos. 171–173 and 175–185. Plaintiff accepts the Court's action, has ceased any filing activity that could be construed as seeking affirmative relief, and will not refile those papers or similar submissions without leave. To promote clarity and compliance going forward, Plaintiff proposes a premotion letter protocol and internal safeguards detailed below.

**Legal Standards**

Civil contempt lies only where there is no fair ground of doubt that the order barred the conduct; the standard is objective reasonableness. *See Taggart v. Lorenzen, 139 S. Ct. 1795, 1801 (2019)*

In this Circuit, civil contempt requires: (1) a court order that is clear and unambiguous; (2) clear and convincing proof of noncompliance; and (3) failure to diligently attempt in a reasonable manner to comply.

Orders functioning like injunctions must state with specificity the acts restrained or required; vague restrictions cannot support contempt. See Fed. R. Civ. P. 65(d)(1); *Schmidt v. Lessard, 414 U.S. 473, 476 (1974) (per curiam)*.Civil contempt sanctions must be coercive or compensatory, not punitive; determinate, noncompensatory fines require criminal process. *See , United Mine Workers of America v. Bagwell, 512 U.S. 821, 827–28 (1994)*. Courts may impose prefiling restrictions but they must be tailored and clear after notice and opportunity to be heard. *See Safir v. United States Lines, Inc., 792 F.2d 19, 23 (2d Cir. 1986)*.. Statutory authority includes 18 U.S.C. § 401 and the Court's inherent powers.

**Argument**

The prefiling order's phrase "motions for affirmative relief" is ambiguous as applied, defeating contempt.   The September 30, 2025 order does not define "motions for affirmative relief." Under Rule 65(d)(1) and Schmidt, injunction like directives must describe in reasonable detail the acts restrained or required. Here, reasonable interpretations exist in ordinary practice as to whether the phrase covers only merits expanding requests or also corrective only applications. Ambiguity as to scope precludes contempt under Paramedics' clarity requirement, and, under Taggart, any fair ground of doubt forecloses contempt.

**Brief, concrete examples to illustrate the ambiguity:**

4

Merits expanding requests typically include: (a) a motion to amend to add new claims or parties; (b) a motion for preliminary or permanent injunctive relief imposing new obligations; or (c) a motion for summary judgment seeking a new merits disposition.

Corrective only applications typically include: (a) a motion for reconsideration limited to clarifying or correcting a discrete portion of a prior order; (b) a motion to correct a clerical error or captioning mistake; or (c) a short letter seeking clarification of a deadline or page limit without expanding claims or remedies.

**Plaintiff's interpretation was objectively reasonable.**

*Taggart* confirms that contempt may not be imposed where there is an objectively reasonable basis to believe the order did not bar the conduct. Plaintiff reasonably drew a boundary between filings that enlarge claims, impose new obligations, or seek new merits remedies (merits expanding) and filings that refine, clarify, or correct prior rulings without enlarging claims or remedies (corrective only). Even if the Court adopts a broader reading, the objective "fair ground of doubt" standard precludes contempt.   The record does not establish noncompliance with a clear and unambiguous command by clear and convincing evidence, and Plaintiff diligently ceased the challenged conduct.   *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info Techs.., Inc., 369 F.3d 645, 655 (2d Cir.)* requires a clear and unambiguous order, clear and convincing proof of violation, and a failure to make reasonable, diligent efforts to comply. The undefined phrase here is not self executing; the Court has already struck the filings; and Plaintiff promptly ceased any potentially covered submissions and adopted prospective safeguards. On the present record, no quantifiable prejudice to any party or measurable administrative burden on the Court has been identified.

Even assuming a technical violation, sanctions are unwarranted because there is nothing to coerce and no proven loss to compensate; punitive measures would be improper. Civil contempt remedies must either coerce future compliance or compensate for actual, demonstrated loss. See *Bagwell;* With the filings already stricken and a forward looking protocol in place, there is no ongoing noncompliance to coerce and no identified compensable harm. A noncompensatory fine untethered to a purge opportunity would be punitive, implicating *Bagwell's* criminal contempt safeguards. Tailored guidance is the appropriate path; the compliance protocol ensures orderly practice under a clarified standard. Prefiling restrictions are permissible but must be clear and tailored. See Safir. The protocol below aligns with those principles, avoids ambiguity, and ensures preview of any request potentially construed as seeking relief.

**Immediate Compliance Protocol and Request for Clarification**

**Premotion letter procedure:** Before filing any request that could be construed as seeking relief, Plaintiff will submit a one page premotion letter summarizing the relief and principal grounds and await the Court's direction.

**Scope clarification**: Plaintiff respectfully requests confirmation that corrective only applications directed to prior orders should be presented first by premotion letter unless the Court directs otherwise. Plaintiff will follow whatever procedure the Court sets.

**Internal safeguards:** Counsel will include a certification in each premotion letter confirming review for compliance with the prefiling order and applicable rules.

**No refiling of stricken papers**: Plaintiff will not refile ECF Nos. 171–173 and 175–185 or any similar papers without leave.

**Relief Requested**

Plaintiff respectfully asks the Court to: (1) discharge the Order to Show Cause and decline to impose contempt sanctions; (2) approve the compliance protocol described above; and (3) provide any desired clarification regarding whether corrective only applications should proceed first by premotion letter.

Dated: November 10, 2025

/s/ Alfred C. Constants, III
Alfred C. Constants III, Esq.
CONSTANTS LAW OFFICES, LLC
115 Forest Ave., Unit 331
Locust Valley, NY 11560
Email: Constantslaw49@gmail.com
Attorney for Plaintiff Livevideo.AI Corp.

EXHIBIT A

[Proposed] Order

Upon consideration of Plaintiff's Response to Order to Show Cause (ECF No. 186), it is ORDERED that: (1) the Order to Show Cause is discharged and no contempt sanctions shall issue; (2) Plaintiff shall follow a onepage premotion letter procedure before filing any request that could be construed as seeking relief, unless otherwise directed by the Court; (3) correctiveonly applications under Local Civil Rule 6.3 and Rules 59(e) and 60(b) shall be presented first by premotion letter, unless otherwise directed; and (4) Plaintiff shall not refile ECF Nos. 171–173 and 175–185 or similar papers without leave. SO ORDERED.