ROPES & GRAY

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

November 17, 2025

Peter L. Welsh
T +1 617 951 7865
peter.welsh@ropesgray.com

**BY ECF**

The Honorable Dale E. Ho
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

Re: *Livevideo.AI Corp. v. Redstone, et al.*, C.A. No. 1:24-cv-06290-DEH-BCM (S.D.N.Y.)

Dear Judge Ho:

We write on behalf of Defendant National Amusements, Inc. ("NAI") in the above-captioned action regarding Plaintiff Livevideo.AI Corp.'s ("Livevideo") Response (Dkt. 189) (the "Response") and Attorney Alfred Constants III's Declaration in Support of the Response (Dkt. 190) (the "Declaration") to Your Honor's November 6, 2025 Order to Show Cause (Dkt. 186) (the "Order"). The Response and Declaration demonstrate Livevideo and Constants' repeated and flagrant disregard of the Court's orders, including the filing injunction imposed in the September 30, 2025 Opinion and Order (Dkt. 170) (the "September 30 Order"). NAI respectfully submits that Livevideo and Constants have failed to show cause why they should not be sanctioned for their repeated violation of the September 30 Order, among many other orders of the Court.

This frivolous action, which Livevideo has pursued to harass defendants in violation of Rule 11, *see* Sept. 30 Order at 7, has wasted the Court's time and resources for almost fifteen months. During that time, Livevideo has inundated the docket with defective and frivolous filings. Livevideo has filed ***twenty-five*** meritless motions and proposed certificates of default.[1] Among these are ***nine*** separate motions objecting to or seeking reconsideration of Court orders, Dkts. 70, 85, 118, 126, 138, 143, 167, 171, 178—including on the unsubstantiated basis that Magistrate Judge Moses was acting as "an extra legal aide" to NAI. Dkt. 86 at 10. Livevideo also sought an eleventh-hour temporary restraining order to imperil the closing of an eight-billion-dollar transaction involving NAI and non-parties Paramount Global and Skydance Media only hours before the transaction was set to close. Dkt. 161.[2]

---

[1] *See* Dkts. 45, 61, 70, 82, 85 (later withdrawn), 90 at 22:20-24:11, 101, 103, 105, 118, 126, 128, 134, 138, 143, 147, 150, 156, 161, 167, 171, 175, 178, 173 at 15, 182.

[2] Continuing this harassment, Livevideo also made ***thirty-one*** filings before the Federal Communications Commission attempting to challenge that transaction. *See* Transfer of Control of

After the Court sought to put an end to this frivolous and bad-faith litigation by imposing the filing injunction, Livevideo and Constants filed five more impermissible motions: a motion for reconsideration (Dkt. 171), a motion for leave to file a second supplemental complaint (Dkt. 173 at 15) (the "Motion to Supplement"), a motion to amend service of process (Dkt. 175), a motion to vacate (Dkt. 178), and a motion to strike (Dkt. 182) (collectively, the "Motions").[3] As the Motions "were filed in direct violation of the Court's order," the Court struck them and directed Livevideo and Constants to show cause why they should not be found in contempt. Order at 1-2.

Unsurprisingly, Livevideo's Response and Constants' Declaration demonstrate no repentance for their repeated violations of Court orders. Instead, Livevideo's Response attempts to shift blame onto the Court, contending that the filing injunction is "ambiguous" and that, as a result, Livevideo supposedly held an "objectively reasonable" belief that the Motions were not subject to the filing injunction. Response at 3. This concocted justification fails.[4] The Motions, by their plain terms, each expressly request affirmative relief in violation of the filing injunction, even containing sections dedicated to the "Relief Requested." Dkt. 176 at 12; *see also* Dkt. 173 at 10 ("Comprehensive Relief Requested"), 173 at 89 ("Prayer for Relief"); 179 at 25 ("Relief Sought"); Dkt. 184 at 6 ("Requested Relief"). This demonstrates that neither Livevideo nor Constants were confused by the meaning of "affirmative relief" when they filed the Motions.

Indeed, Livevideo admits that a "motion to amend to add new claims or parties" would violate the filing injunction. Response at 5. Yet this is exactly the relief Livevideo sought in its Motion to Supplement. Dkt. 173 at 15. Livevideo has therefore admitted to violating the filing injunction.[5] Despite all that, the Response astonishingly asserts that contempt is unwarranted because "[t]here is no ongoing noncompliance to coerce." Response at 3. That self-serving statement misses the point. Livevideo and Constants have consistently violated Court rules and orders and have demonstrated

---

Paramount Global, No. 24-275, https://www.fcc.gov/ecfs/search/search-filings/results?q=(proceedings.name:(%2224-275%22)) (last visited Nov. 17, 2025).

[3] Livevideo argues that contempt is unwarranted because it "only filed 4 motions, not six as the OSC is based on." Response at 3. This is false. Appended to the memorandum in support of Livevideo's motion for reconsideration is the Motion to Supplement, complete with a copy of the proposed supplemental complaint Livevideo sought to file. *See* Dkt. 173 at 15-72. In addition, the fact that Livevideo and Constants filed ***numerous*** motions in violation of the filing injunction—regardless of the number—only underscores their clear and intentional contempt of the Court's order.

[4] This is not the first time Livevideo and Constants have attempted to rewrite the record to justify their actions. In opposing NAI's motion for sanctions, Livevideo and Constants argued that the frivolous claims they advanced were merely "good faith attempt[s] to extend existing law," Dkt. 127 at 10, despite ample record evidence to the contrary. Magistrate Judge Moses rejected this post-hoc justification outright, as the Court should do here. *See* Dkt. 163 at 33-38.

[5] Even if the phrase "affirmative relief" were ambiguous (it is not), Livevideo should have sought clarification of the meaning of the filing injunction or leave of Court to file the Motions, which is exactly what the filing injunction contemplates. It did not do so; rather it filed ***five*** motions in plain violation of the filing injunction.

their disregard for the Court's orders. Sanctions are warranted not to ensure that Livevideo abandons its most recent frivolous motions, but rather to ensure that it stops its campaign of harassment.

Constants is similarly blithe about his misconduct. The Declaration makes the demonstrably false assertion that Constants "do[es] not allow [his] ECF credentials to be used by others to file papers that [he] did not write, review, or authorize." Decl. ¶ 4. Yet Constants admitted, when questioned by Magistrate Judge Moses at an in-person show-cause hearing, that he did not write, review, or know the purpose of at least two of the motions filed under his ECF credentials. Dkts. 82, 85; *see also* Dkt. 90 at 22:20-24:11. The Declaration also refused to address the Court's order that Constants "indicat[e] whether he personally ***drafted*** and filed" the Motions. Order at 1-2 (emphasis added). While Constants declares that he "personally ***reviewed and approved*** the filings submitted under [his] ECF credentials," Decl. ¶ 6 (emphasis added), he does not say whether he ***drafted*** the Motions. The only logical explanation for this evasion is that Livevideo's principal drafted the Motions with the use of artificial intelligence tools.[6]

The Response and Declaration also both ignore the glaring evidence that the Motions were prepared using artificial intelligence tools with little to no oversight by counsel. As NAI emphasized in its opposition to Livevideo's motion for reconsideration, that motion "b[ore] telltale signs of having been [prepared] by ChatGPT or a similar AI tool," Dkt. 163 at 13 n.13, including relying on several nonexistent, hallucinated authorities to support its arguments, *see* Dkt. 174 at 5-6; *see also Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023) (imposing sanctions where counsel "abandoned their responsibilities when they submitted non-existent judicial opinions with fake quotes and citations created by the artificial intelligence tool ChatGPT"). Livevideo's other motions also bore these trademarks.[7] Livevideo's apparent weaponization of artificial intelligence tools to churn out frivolous filings and harass NAI makes it essential to strictly enforce the filing injunction and stop the flow of these legally baseless, artificially generated filings.

Ultimately, Livevideo's and Constants' responses to the Court's show-cause order show only that Livevideo and its counsel have not been deterred from their improper conduct and, absent meaningful sanction, will continue to waste the Court's time and cause the defendants to incur needless expense. NAI respectfully submits that Livevideo and Constants have failed to show cause why they should not be sanctioned for their contempt of court orders. Counsel for NAI remains available for a conference at the Court's convenience to address these issues in-person with Livevideo and Constants. NAI appreciates the Court's continued attention to this matter.

---

[6] Constants continues this intentional ambiguity by stating that there is an "existing intention to pay the outstanding $10,000 penalty," Decl. ¶ 9, without actually committing to make such payment.

[7] The Motions include incoherent and legally incomprehensible sentences, *see, e.g.*, Dkt. 176 at 9 ("This pattern constitutes judicial admissions that valid service occurred, creating estoppel against later findings of 'no valid service.'"), as well as hallucinated quotations that do not appear in the cited sources, *see, e.g.*, Dkt. 179 at 14 (purporting to quote *Ty Inc. v. Softbelly's, Inc.*, 353 F.3d 528, 536 (7th Cir. 2003), but no such quote appears in that case); *see also id.* at 9-14, 20-21 (discussing factually and legally inapposite cases).

Respectfully submitted,

*/s/ Peter L. Welsh*

Peter L. Welsh

cc: Counsel of Record (via ECF)