Constants Law Offices, LLC
115 Forest Avenue, Unit 331
Locust Valley, New York 11560
(516) 200-9660
Constantslaw49@gmail.com

November 13, 2025    VIA ECF
The Honorable Dale E. Ho    United States District Judge, S.D.N.Y.
Thurgood Marshall U.S. Courthouse    40 Foley Square    New York, New York 10007
Re: LiveVideo.AI Corp. v. Redstone, et al., No. 1:24-cv-06290 (DEH) (BCM) —
Request for Leave to File FRCP **Rule 4** Motion (amend summons/proofs)

Dear Judge Ho:

Plaintiff respectfully seeks leave, under the Court's gatekeeping order (Dkt 170), to file a focused motion under **Fed. R. Civ. P. 4(a)(2), 4(l)(3), 4(h)(1), 4(e)(1), 4(m)** and Rule 61 + 60(b) to (i) amend the summons to cure technical defects, (ii) amend proofs of service to reflect completed service events, and (iii) confirm service on the corporate defendant (or, alternatively, grant a brief extension and authorize alias service). The motion will be concise and non-duplicative. For example, the record will now show Docket #25, became the operative (FAC) on Sep. 3, subsequently served on Sep. 6.[1] The totality of new evidence once amended will change the court's conclusion that Plaintiff attempted service of process on defendant *at least six times* as opposed to a single time.[2]

<u>**Narrow Grounds and Supporting Authority**</u>
   **Amend to** cure technical defects **(summons/proofs): Rule 4(a)(2)** and **4(l)(3)** permit amendment; courts freely allow correction where no prejudice exists, including misnomer or process clarifications.
   **Confirmation that corporate service was effected:** Service on a corporation's registered agent is proper under **Rule 4(h)(1)** and may incorporate state methods via **Rule 4(e)(1)**;
   **Extension/harmless error:** The timing and manner of service are procedural  and the Court may extend time under **Rule 4(m)** even absent good cause. Where good cause exists, extension is mandatory . Courts excuse technical defects absent prejudice and where actual notice exists, and **Rule 61** supports disregarding harmless error. To the extent prior orders directed service on "previously served" defendants,  judicial-estoppel principles exist to avoid inconsistent positions on if service occurred.
<u>**Evidence Preview (neutral** record anchors</u>): ECF 15, 28, 46, 47 (orders directing service on "any defendant previously served"); AO-440 proofs for 9/6/24, 10/22/24, and 11/6/24 deliveries, All registered-agent references in record confirming CT Corporation/CT Corp for NAI.

---

[1] Ex. 1 of proposed motion: AO 440 "Proof of Service": Summons for National Amusements, Inc. received Sep 5, 2024; served on CT Corporation Systems (Intake Specialist William Miller) on Sep 6, 2024 at 8:30 am—"

[2] "plaintiff made a single, ineffective service attempt on November 6, 2024" (see Dkt 163 at 24). This incorrect conclusion was a key finding the District Court adopted (Dkt 170) from the R&R.

**Efficiency / Non-Duplication / Proposed Schedule**: Brief, 8–15 pages; limited exhibits (existing docket materials, ECF pages, AO-440s), No merits re-litigation; confined to service mechanics, relief under **Rule 4**/**Rule 61** only. If acceptable, Plaintiff can file within five days of the Court's endorsement; Defendants can respond within ten days; Plaintiff would submit an optional five-page reply within five days.

Respectfully submitted,

/s/ Alfred C. Constants, III
Alfred C. Constants III, Esq.
Constants Law Offices, LLC
Counsel for Plaintiff LiveVideo.AI Corp.
115 Forest Ave., Unit 331
Locust Valley, NY 11560
Constantslaw49@gmail.com

**The Court DENIES the application to file the above-mentioned motions as futile.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: November 19, 2025
New York, New York

2