Alfred C. Constants III, Esq.
CONSTANTS LAW OFFICES, LLC
115 Forest Ave., Unit 331
Locust Valley, NY 11560
Constantslaw49@gmail.com

May 11, 2026

The Honorable Dale Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Application DENIED.  The Court lacks jurisdiction to entertain the below motion due to Plaintiff's filing of a notice of appeal to the Second Circuit Court of Appeals.  *See Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: May 13, 2026
New York, New York

**Re: LiveVideo.AI Corp. v. Shari Redstone, et al.  Case No. 1:24-cv-06290 (DEH) (BCM)**
**Letter Request for Leave to File Motion 60b3 And Motion 15(d) Supplemental Complaint**

Dear Judge Ho:

Plaintiff LiveVideo.AI Corp. ("LV") respectfully requests leave, pursuant to Dkt. 170, to file a combined motion for leave to serve a supplemental complaint based on post-judgment developments. The motion is non-duplicative because it rests on post-judgment appellate authority, new whistleblower evidence, and regulatory actions that did not exist when the Court ruled; and not baseless because each corroborates the controller-misconduct, bid-suppression, and quid pro quo theories in LV's dismissed federal claims. (see Dkt 130)

**1. Delaware Supreme Court En Banc Ruling Validates LV's Federal Claims.**[1] On March 25, 2026, the DE Supreme Court issued an en banc opinion in Paramount Global v. State of Rhode Island Office of the General Treasurer, No. 129, 2025, unanimously holding there is a "*credible basis to infer*" that Shari Redstone and NAI breached their duty of loyalty by channeling the Paramount sale into an NAI-level transaction—the precise controller-diversion theory underlying LV's Sherman Act bid-rigging claims.[2] Like the Rhode Island pension fund that brought the Delaware action, LV was a Paramount shareholder asserting the identical theory: that Redstone steered the sale process for NAI's benefit at the expense of public stockholders. The court confirmed post-demand evidence and confidential press sources may establish a credible basis for wrongdoing—the same standard LV employed. This ruling did not exist when this Court entered judgment and directly contradicts the characterization of LV's claims as frivolous. A Rule 60(b) motion grounded in this en banc precedent does not repeat prior arguments—it post-dates judgment.

**2. Cipriani Whistleblower Filing Provides New Authenticated Evidence.**[3] On March 17, 2026, R.J. Cipriani filed a First Amended Complaint in California Superior Court (Cipriani v. Jeff Shell, et al., No. 26SMCV01156) against Paramount and its President who subsequently resigned[4] alleging two SEC Regulation FD violations, reported as a registered whistleblower:

•    **UFC Rights MNPI:** On July 16, 2025—twenty-six days before its public announcement—Shell disclosed via WhatsApp that Paramount had locked up all UFC rights for seven years at over $7 billion, "*very hush hush*

---

[1] https://news.bloomberglaw.com/esg/paramount-loses-appeal-over-8-billion-skydance-deal-documents-26

[2] (Dkt. 130, Counts VII & XII; Dkt. 173, Counts XIV–XV), Exchange Act §§ 10(b), 14(a), 17(a), 20(a), and 20(e) securities fraud claims (Dkt. 130, Counts VIII–X; Dkt. 173, Counts XVII–XXII), and breach of fiduciary duty claims (Dkt. 130, Count XI; Dkt. 173, Counts XVI–XVII)

[3]  https-deadline.com-wp-content-uploads-2026-03-PAR-SHELL-CIPRIANI-FAC-MARCH-17-1_Redacted.pdf

[4] https://apnews.com/article/jeff-shell-leaves-paramount-lawsuit-7c86e5299a1df76553767a2c10a515b1

1

*until we sign*" (Exs. J–K). Document-authenticated evidence proves the UFC deal was pre-negotiated and concealed precisely as LV alleged under its Sherman Act hub-and-spoke conspiracy and Rule 10b-5 claims.[5]

•       **Warner Acquisition MNPI and Presidential Involvement:** At a February 2, 2026 meeting, Shell disclosed Paramount's intent to enhance its ~$110 billion hostile tender offer for Warner Bros. Discovery eight days before public announcement; admitted "*We're paying way too much for Warner Bros.*"; and **relayed a direct personal assurance by President Trump to Lawrence Ellison regarding the Warner acquisition—** corroborating LV's hub-and-spoke and DOJ forbearance letter allegations dismissed without this evidence.[6]

These facts did not exist at judgment and are not re-argument.

**3. Post-Judgment Enforcement Confirms Non-Baselessness.**  Since judgment, CA AG Rob Bonta[7] has opened antitrust scrutiny of the Paramount-Warner combination, and Senators Warren, Sanders, Wyden, and Schiff have called the same conduct "bribery in plain sight" under 18 U.S.C. § 201. Defendants have never denied LV's UFC ringside video evidence before the FCC[8] or responded to April 14, 2026 FCC filings—silence that contradicts an "objectively baseless" finding.

LV requests leave to file a consolidated Rule 60(b)/Rule 15(d) motion limited to: (i) the Delaware Supreme Court's March 25th ruling; (ii) the Cipriani FAC and exhibits; and (iii) current antitrust enforcement and congressional scrutiny. If leave is granted, Plaintiff will file within 14 days on a schedule the Court sets.

Respectfully submitted,

/s/ Alfred C. Constants III

Alfred C. Constants III, Esq.
Counsel for Plaintiff LiveVideo.AI Corp.

---

[5] (Dkt. 130, Counts VII, VIII, XII; Dkt. 173, Counts XIV, XVII).
[6] (Dkt. 130, Count XII; Dkt. 173, ¶¶ 338–340),
[7] https://www.latimes.com/entertainment-arts/business/story/2026-03-12/california-atty-general-vows-to-scrutinize-paramount-warner-deal-david-ellison
[8] ECFS Filing No. 121748636152, at 1 (June 16, 2025)