UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LiveVideo.AI Corp,<br><br>                Plaintiff,<br><br>      v.<br><br>Redstone et al.,<br><br>                Defendants. | 24 Civ. 6290 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is a Motion for Sanctions against Plaintiff Livevideo.AI Corp ("Plaintiff" or "LiveVideo") and its counsel Alfred Camillo Constants, III ("Constants"). In this action, Plaintiff seeks billions of dollars in damages from several defendants, including National Amusements Inc. ("NAI"), which was the parent company of Paramount; Shari Redstone, who was the President of NAI and the Chair of the Paramount Board of Directors; Christine Varney, who served as an outside attorney for the Paramount Special Committee; and "Monica" Seligman, who was allegedly a member of the Paramount Special Committee. FAC ¶¶ 1, 5-8. This Court and Magistrate Judge Moses have already determined that Plaintiff's claims are frivolous. *LiveVideo.AI Corp. v. Redstone ("LiveVideo I")*, No. 24 Civ. 6290, 2025 WL 2933706, at *1 (S.D.N.Y. Aug. 12, 2025); *Livevideo.AI Corp v. Redstone ("LiveVideo II")*, No. 24 Civ. 6290, 2025 WL 2778110, at *4 (S.D.N.Y. Sept. 30, 2025). Moreover, the Court has also already awarded sanctions for the filing of dozens of baseless and procedurally improper motions. *LiveVideo II*, 2025 WL 2778110, at *5. Constants also admitted that "he did not prepare, review, or file at least one of plaintiff's motions," and nearly all of the motions in this matter contain the hallmarks of artificial intelligence ("AI") fabrication, including non-existent hallucinated cases, formatting unchanged from that produced by AI platforms, and remnants of prompts that the drafter declined

to delete before filing before this Court. *Id.* Both Plaintiff and Constants have been repeatedly admonished and advised that continued abuse of the judicial process would result in sanctions. Yet, there has been no change in their behavior. As discussed herein, Defendants' Motion for Sanctions is **GRANTED IN FULL**.

**BACKGROUND**

Familiarity with the factual background and relevant procedural history of this case as set out in the Report and Recommendation of Magistrate Judge Moses is assumed. *See generally LiveVideo I*, 2025 WL 2933706, at *1-24.

On September 30, 2025, the Court adopted the R&R in its entirety, imposing a $10,000 penalty, referring Constants to the Grievance Committee, and imposing a filing injunction (the "Filing Injunction") against LiveVideo. *LiveVideo II*, 2025 WL 2778110, at *5-7. The Filing Injunction provides:

> Livevideo is enjoined from filing any further motions for affirmative relief in this action without first seeking leave of this Court by filing a one-page letter in which its counsel of record summarizes the proposed motion and explains succinctly why it would be neither duplicative nor baseless. Livevideo is further enjoined from filing any further lawsuits in any federal district court in which it proposes to file or refile any claims arising out of the Paramount/Skydance merger, without first obtaining leave of the court in which it proposes to proceed by filing a separate motion that (i) lists all of Livevideo's prior cases arising out of the Paramount/Skydance merger (including this one) and their disposition; (ii) certifies that it has paid any sanction assessed in the listed case(s); (iii) attaches the proposed new complaint; (iv) explains, succinctly, the basis of the court's subject-matter jurisdiction; and (iv) if plaintiff invokes the court's federal question jurisdiction, explains, succinctly, why its proposed federal claims are not frivolous.

*Id* at 7.

Despite the injunction, LiveVideo has continued to file a flurry of frivolous motions. These motions included

- a motion for reconsideration of the Order adopting the R&R (ECF Nos. 171-73);

- a motion for leave to file a second supplemental complaint (ECF No. 173 at 15-97);

2

- a motion to amend service of process to account for previously undisclosed service attempts on NAI that allegedly occurred over a year ago (ECF Nos. 175-77);

- a motion to vacate a procedural order entered by Magistrate Judge Moses on September 11, 2024 (ECF Nos. 178-80); and

- a motion to strike (i) NAI's recent filings for alleged failure to comply with Federal Rule of Civil Procedure 7.1; and (ii) a letter NAI filed in February 2025 for allegedly violating local rules regarding letter-motions (ECF Nos. 182-85)

The Court struck all of these motions (collectively, the "Struck Motions") as "filed in direct violation of the Court's order" and ordered Constants and Plaintiff to show cause for why they should not be held in contempt. ECF No. 186. Plaintiff filed a letter indicating its view that the filing injunction is ambiguous, but the Court found this response again to be without merit. ECF Nos. 189-90, 194. Nonetheless, the Court declined to award sanctions at that time. ECF No. 194.

Defendants subsequently filed this Motion for Sanctions, seeking the attorneys' fees incurred in opposing the Struck Motions. ECF No. 198. LiveVideo filed a motion to continue the briefing schedule on the motion, citing the notice of appeal to the Second Circuit and arguing that the Court lacks jurisdiction to entertain sanctions. ECF No. 201. The Court denied the continuance but awarded LiveVideo an extension for its brief in opposition to the motion. ECF No. 204. LiveVideo filed an opposition on April 14, 2026, which again appears to be drafted entirely by AI and contains hallucinated case citations. ECF No. 205. Defendants filed a reply on April 28, 2026. ECF No. 206. LiveVideo has continued to file meritless motions since the conclusion of briefing on the sanctions motion. *See, e.g.*, ECF No. 207 (seeking to file amended complaint despite pendency of appeal).

## LEGAL STANDARDS[1]

Under § 1927, the Court may require "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously" to pay the other party's "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Similarly, the Court may "exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013). In practice, "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys . . . while an award made under the court's inherent power may be made against an attorney, a party, or both." *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 144 (2d Cir. 2012). Accordingly, under both standards, the Court may award sanctions where a party provides "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018); *see also People of State of New York by Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 72 (2d Cir. 1996) (noting that sanctions under § 1927 are appropriate where "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay").

In determining appropriate attorney's fees, district courts in this Circuit use the "lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund,* 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). A reasonable hourly rate is "the rate a paying client would be

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Reasonable fees compensate counsel only for "hours reasonably expended on the litigation," and not for "hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). In setting a reasonable hourly rate, courts consider case-specific variables known as the *Johnson* factors, which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)). "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 5243, 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014).

Once a reasonable rate of pay has been calculated, "the presumptively reasonable fee is calculated by . . . multiplying that rate by the number of hours reasonably expended litigating the case." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Baroco Contracting Corp.*, No. 24 Civ. 1898, 2024 WL 4519836, at *3 (S.D.N.Y. Oct. 17, 2024); *see also Hensley*, 461 U.S. at 433. "If the number of hours recorded by counsel is disproportionate to the work performed, the Court should reduce the stated hours in making its fee award." *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018), *aff'd sub nom. Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, No. 15 Civ. 2044, 2018

WL 3094913 (S.D.N.Y. June 21, 2018), *aff'd*, 768 F. App'x 141 (2d Cir. 2019). A court "properly excludes excessive, redundant, or otherwise unnecessary" hours. *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022).

## DISCUSSION

### I.    Sanctions

The Court concludes that sanctions are appropriate against both LiveVideo and Constants. To begin, each of the struck motions was entirely meritless, as motions filed in violation of a filing injunction are *per se* without merit. *See Bey v. Roc Nation LLC*, No. 24 Civ. 2995, 2025 WL 2774114, at *4 (S.D.N.Y. Sept. 29, 2025) ("A violation of an anti-filing injunction on its own warrants dismissal."); *Johnson v. Chairman N.Y.C. Transit Auth.*, 377 F. App'x 46, 48 (2d Cir. 2010) (affirming dismissal based on filing restriction); *Shah v. United States*, No. 22 Civ. 777, 2022 WL 17747787, at *1 (2d Cir. Dec. 19, 2022) (same); *Kaul v. Intercontinental Exch.*, No. 23 Civ. 2016, 2023 WL 3346769, at *3 (S.D.N.Y. May 10, 2023) (dismissing action as a violation of a previous filing injunction in its entirety). Further, each of the motions appears to have been drafted by AI, contains hallucinated, non-existent quotations, and provides no real authority to support the arguments made within. *See Park v. Kim*, 91 F.4th 610, 615-16 (2d Cir. 2024) (referring attorney to Grievance Committee for violation of Rule 11 for preparing filings using an artificial intelligence tool and failing to ensure that they were accurate). Lastly, the arguments made in these motions have been repeatedly raised and rejected by this Court. Because these motions "simply regurgitate the arguments that this Court previously rejected," they are entirely meritless. *Prout v. Vladeck*, 319 F. Supp. 3d 741, 744 (S.D.N.Y. 2018).

The Court also finds that the struck motions were filed for the purpose of harassing Defendants and improperly prolonging litigation. The Court can infer bad faith from the meritless nature of the Struck Motions alone. *See Reichmann v. Neumann*, 553 F. Supp. 2d 307, 321

6

(S.D.N.Y. 2008) ("[B]ad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose."); *Eisenberg v. Permanent Mission of Eq. Guinea to United Nations*, No. 18 Civ. 2092, 2022 WL 1546673, at *2 (S.D.N.Y. Apr. 5, 2022) ("District courts within the Second Circuit have imposed sanctions where a party persists in raising previously rejected claims or defenses."); *In re H & S Truck Stop Travel Plaza LLC*, 610 B.R. 431, 433 (Bankr. W.D.N.Y. 2019) ("Bad faith is most readily demonstrated in the context of serial filings."). This Court and Magistrate Judge Moses have also already found that the entirety of this action was filed to harass Defendants. *See LiveVideo I*, 2025 WL 2933706, at *18 (finding that Plaintiff intended "to use this action as a vehicle for harassing two of the individual defendants in retaliation for unrelated wrongs that he believes were done to him decades ago."). Accordingly, the Court concludes that an award of attorneys' fees is warranted under § 1927 and the Court's inherent powers.

## II. Attorneys' Fees

Turning to the amount of the award, the Court concludes that the attorneys' fees requested by Defendants are reasonable. LiveVideo contends that the rates are excessive. But LiveVideo purported to challenge an eight-billion-dollar corporate merger on the eve of closing, *see* ECF Nos. 160-61, and it admits that the rates charged by Defendants' counsel were reasonable for such a case. *See* Mem. of Law in Opp. at 7, ECF No. 205 (rates "may reflect" the rates charged by "bankruptcy or mega-transaction practices."). Accordingly, LiveVideo cannot now argue that billing under the same rate structure of the original litigation is improper, even if the struck motions may not have required the same level of firepower to defend against. *See Oakley v. MSG Networks, Inc.,* No. 17 Civ. 6903, 2025 WL 3041936, at *7 (S.D.N.Y. Oct. 31, 2025) (rejecting similar argument that lawyers were "overqualified for the work they did" where case "began as a complex commercial litigation [and] it would have been inefficient to switch lawyers"). The Court further

7

concludes that the rates charged in this matter are reasonable for federal litigation in this District. *See Laba v. JBO Worldwide Supply Pty Ltd*, No. 20 Civ. 3443, 2023 WL 4985290, at *14 (S.D.N.Y. July 19, 2023), *report and recommendation adopted*, 2024 WL 550252 (S.D.N.Y. Feb. 12, 2024) (collecting cases); *Vista Outdoor Inc. v. Reeves Family Trust*, No. 16 Civ. 5766, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (finding hourly rates of $1170-$1260 per hour for partners consistent with rates among firms in New York City *eight years ago*); *In re Relativity Fashion, LLC*, 565 B.R. 50, 69-71 (Bankr. S.D.N.Y. 2017) (citing cases approving similarly high hourly rates and recognizing higher rate appropriate in connection with sanctions motions); *TufAmerica Inc. v. Diamond*, No. 12 Civ. 3529, 2016 WL 1029553, at *6 (S.D.N.Y. Mar. 9, 2016) (noting that average hourly rate for an associate in this district is $531.21 and awarding a rate of $560 for a senior associate more than *ten years ago*).

The Court also finds that the number of hours spent opposing the struck motions was reasonable. Billing records indicate that the majority of hours were performed by a single associate, while a few more senior attorneys also billed to the matter. *See* Mem. of Law. in Supp. of Mot. for Sanctions at 17-19, ECF No. 199; *see also Tackney v. WB Imico Lexington Fee, LLC*, 2015 WL 1190096, at *7 (S.D.N.Y. Mar. 16, 2015) (finding staffing of one associate and two partners on a case reasonable where the associate and paralegals performed the majority of the hours billed and both partners "worked extensively on the Related Actions"). The struck motions spanned thirteen docket entries and consisted of over sixty pages of briefing, five supporting declarations, and sixty-five pages of exhibits. The Court concludes that 62 hours spent preparing responses to these motions is reasonable. *See Assoc. of Holocaust Victims for the Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 Civ. 3600, 2005 WL 3099592, at *6 (S.D.N.Y. Nov. 17, 2005) (holding time spent on "aggressive, and ultimately successful fight" against frivolous lawsuit seeking to obviate previous settlement was reasonable given client

8

interest in "zealously protect[ing] the earlier settlement"); *see also Laba*, 2023 WL 4985290, at *15 ("spending 128.7 hours to brief and prepare for an evidentiary hearing/oral argument on a motion for sanctions is not an unreasonable amount of time"); *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14 Civ. 1254, 2020 WL 4750600, at *3 (S.D.N.Y. Aug. 17, 2020) (finding that 190 hours was a reasonable number of hours to spend on a sanctions motion); *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 2 Civ. 6441, 2003 WL 21976400, at *8 (S.D.N.Y. Aug. 19, 2003) (awarding $69,484 in connection with motion for sanctions).

*     *     *

In sum, the Court finds that the Struck Motions were entirely meritless and filed with the intent to harass Defendants and drive up their litigation costs. The Court also concludes that the hours spent opposing the frivolous motions and the rates charged for those hours were reasonable. An award of attorneys' fees would also "to deter unnecessary delays in litigation" and "limit[] the abuse of court processes." *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 478 (S.D.N.Y. Mar. 30, 2018); *see also United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("The purpose of [§ 1927] is to deter unnecessary delays in litigation."). Accordingly, the Court awards $85,056 fees under § 1927 and the court's inherent power.

**CONCLUSION**

For the reasons given above, Defendants Motion for Sanctions is **GRANTED IN FULL**. The Court **ORDERS** LiveVideo and Constants to pay $85,056 in attorneys' fees and costs to Defendants within 21 days of this order. Constants is again referred to the Grievance Committee of this District for such action as it deems appropriate.

The Clerk of Court is respectfully directed to terminate ECF No. 198.

SO ORDERED.

Dated: June 9, 2026

New York, New York

_____
DALE E. HO
United States District Judge